**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| OCADO INNOVATION LTD., and<br>OCADO SOLUTIONS LTD.,<br><br>Plaintiffs,<br>v.<br><br>AUTOSTORE AS, and<br>AUTOSTORE SYSTEM, INC.,<br><br>Defendants. | Case No.: 1:21-cv-00041-JL<br><br><br>**Hon. Joseph N. Laplante** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY**

Plaintiffs Ocado Innovation Ltd. and Ocado Solutions Ltd. (together, "Ocado") hereby move for leave to conduct jurisdictional discovery before responding to Defendant AutoStore AS's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 28) ("Mot.").

## I. INTRODUCTION

Ocado's complaint (ECF No. 1) and amended complaint (ECF No. 11) allege that AutoStore AS and AutoStore System, Inc. have infringed and continue to infringe several of Ocado's U.S. Patents through the importation, sale, and offer of sale of automated storage and retrieval systems ("AS/RS"). Defendants admit that (i) AutoStore System, Inc. ("AutoStore System") "***markets*** the AutoStore AS/RS system to customers and partners in the United States" from its U.S. headquarters in New Hampshire, (ii) AutoStore System provides other "support" services from New Hampshire, and (iii) AutoStore AS "***markets and sells***" its infringing systems to the same U.S. partners and customers. (Defs.' Memo. at 2)[1] (emphasis added.) AutoStore AS and AutoStore System, Inc. act as a duo: AutoStore System markets and supports while AutoStore AS makes infringing sales in the United States. AutoStore System performs its role as the agent of its parent company, AutoStore AS. AutoStore System also receives infringing systems from AutoStore AS, which ships those systems from abroad to U.S. headquarters in New Hampshire. Each company has committed and continues to commit acts of U.S. patent infringement, pursuant to 35 U.S.C. § 271, and each company does so while having significant contacts with New Hampshire.

Ocado's complaint makes out far more than a colorable case for this Court to exercise personal jurisdiction over AutoStore AS. Although Ocado's complaint already pleads sufficient facts to withstand a Rule 12(b)(2) motion, Ocado believes that jurisdictional discovery

[1] Defendants' Memorandum of Law in Support of Motion to Dismiss (ECF No. 28-1) ("Memo.")

would more fully establish the record and make plain that this Court can properly exercise personal jurisdiction over AutoStore AS under Fed. R. Civ. P. 4(k)(1).[2]

Ocado therefore respectfully requests leave to seek the following limited jurisdictional discovery: (i) a limited number of document requests and interrogatories relating to AutoStore AS's direct contacts with New Hampshire, including documents showing AutoStore AS's shipments of infringing systems or components to New Hampshire and storage of those systems in New Hampshire; (ii) a limited number of document requests and interrogatories relating to the relationship between AutoStore AS and AutoStore System, including agency agreements and other contracts between the two entities; and (iii) two limited depositions of the two witnesses who submitted declarations in support of AutoStore AS's motion to dismiss for lack of personal jurisdiction. The limited number of interrogatories that Ocado proposes to serve in the first instance are attached as Exhibit A. The limited number of requests for production of documents that Ocado proposes to serve in the first instance are attached as Exhibit B. The two deposition notices that Ocado proposes to serve are attached as Exhibits C and D.

It is worth noting at the outset that limited jurisdictional discovery would impose little to no additional burden on the parties. AutoStore AS and AutoStore System filed a complaint against Ocado before the U.S. International Trade Commission ("ITC") and the parties already

[2] Even if the Court were to decline to exercise jurisdiction under Rule 4(k)(1), the Court still has jurisdiction under Rule 4(k)(2) due to AutoStore AS's extensive U.S. sales. Notably, AutoStore AS's motion to dismiss does not address Rule 4(k)(2), nor does AutoStore AS identify another jurisdiction where it is subject to personal jurisdiction, as required by Rule 4(k)(2). Ocado will address that issue in more detail when Ocado responds to AutoStore AS's motion to dismiss on the merits.

have conducted extensive document discovery in the ITC investigation.[3] Should the Court grant leave for Ocado to request preliminary jurisdictional discovery, Ocado believes that many of its jurisdictional discovery requests can be satisfied with documents that were or will be produced in the ITC investigation. Ocado respectfully submits that this is a compelling efficiency reason to allow jurisdictional discovery, which can be completed with relatively little time and cost.

## II. LEGAL STANDARD – JURISDICTIONAL DISCOVERY

Courts in the First Circuit have "long held that 'a diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of *in personam* jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense.'" *United States* v. *Swiss Am. Bank, Ltd.*, 274 F.3d 610, 625 (1st Cir. 2001) (quoting *Sunview Condominium Ass'n* v. *Flexel Int'l, Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997) (emphasis omitted)). If a "diligent" plaintiff successfully "makes out a colorable case" for personal jurisdiction, such "a timely and properly supported request for jurisdictional discovery merits solicitous attention." *Id.* (quotation and alteration omitted). A "court may find a party's motion for jurisdictional discovery diligent where the motion is filed simultaneously with its objection to a motion to dismiss or as part of the objection." *Ticked Off, Inc.* v. *TickCheck, LLC*, 2019 WL 5295148, at *2 (D.N.H. Oct. 17, 2019); *Nordica USA Corp.* v. *Ole Sorensen*, 475 F. Supp. 2d 128, 134-35 (D.N.H. 2007) (holding that a request for jurisdictional discovery raised in

[3] Ocado is surprised by AutoStore AS's motion to dismiss due to purported lack of personal jurisdiction in New Hampshire. To sustain a claim before the U.S. ITC, AutoStore AS must establish a "domestic industry" in the United States. In an attempt to do so, AutoStore AS and its co-complainants have repeatedly emphasized their contact with New Hampshire. (*See* Complaint at 46-48, *Certain Automated Storage and Retrieval Systems, Robots, and Components Thereof*, Inv. No. 337-TA-1228 (Oct. 1, 2020) (Exhibit E).) AutoStore AS now seeks to distance itself from and disavow even the bare minimum contacts with New Hampshire necessary for personal jurisdiction.

objection was timely)); *see also, e.g.*, *K.B.* v. *Inter-Cont'l Hotels Corp.*, 2020 WL 8674188, at *8 (D.N.H. Sep. 28, 2020) (same).

Courts in this district regularly grant requests for jurisdictional discovery. For example, courts have permitted jurisdictional discovery where a plaintiff alleged "that the conduct of the [franchisees] named in the complaint, as imputed to [the franchisor], would satisfy the requirements of specific personal jurisdiction," and where the plaintiff "suggests that she will pursue jurisdictional discovery related to the [jurisdictional] agency issue." *Inter-Cont'l Hotels Corp.*, 2020 WL 8674188, at *8. In other cases, courts have allowed discovery where a plaintiff "posits that jurisdictional discovery will allow it to gather evidence of [defendant's] sales in New Hampshire." *Ticked Off, Inc.*, 2019 WL 5295148, at *3. Although the Court has "broad discretion to decide whether discovery is required," *Swiss Am. Bank*, 274 F.3d at 625-26, the Court has historically been permissive in granting motions for jurisdictional discovery, *see, e.g.*, *In re Atrium Med. Corp. C-Qur Mesh Prods. Liab. Litig. (MDL No. 2753)*, 299 F. Supp. 3d 324, 335 (D.N.H. 2017); *New England Coll.* v. *Drew Univ.*, 2009 WL 395753, at *4 (D.N.H. Feb. 17, 2009) (granting motion for jurisdictional discovery even though "the court is inclined to grant Drew's motion to dismiss").

## III. ARGUMENT

In its complaint, Ocado alleged, *inter alia*, that (i) AutoStore System's "headquarters and principal place of business are located in Derry, New Hampshire," (ii) "AutoStore System, Inc. has, at all relevant times, acted as an agent for, and at the direction of, AutoStore AS," (iii) "AutoStore AS has its U.S. principal place of business in New Hampshire," and (iv) both on its own and acting through its agent, AutoStore System, AutoStore AS "has committed acts of infringement" and "advertises, markets, offers for sale, imports, distributes, or

sells infringing products" in New Hampshire. (Compl. ¶¶ 28-29.) AutoStore AS's motion to dismiss both confirms and clarifies the relationship between the two companies: (i) "AutoStore System, Inc. markets the AutoStore AS/RS system to customers and partners in the United States" and provides other "support" services, while (ii) AutoStore AS "markets and sells" the same systems to the same U.S. customers and partners. (Memo. at 2.)

The facts and allegations already before the Court are sufficient to withstand a Rule 12(b)(2) motion, but if the Court grants leave for Ocado to pursue jurisdictional discovery, Ocado will seek evidence related to the following topics, which will confirm that the Court's exercise of personal jurisdiction over AutoStore AS is entirely appropriate.

***AutoStore AS's own contacts with New Hampshire***. AutoStore System was formed under Delaware law in 2017,[4] but AutoStore AS did business in the United States before that date.[5] If allowed to conduct jurisdictional discovery, Ocado will seek evidence regarding AutoStore AS's direct contacts with New Hampshire before the formation of AutoStore System.

More importantly, Ocado also will seek discovery related to AutoStore AS's contacts (including ongoing contacts) with New Hampshire even after the formation of AutoStore System. Ocado's requests will focus on (i) AutoStore AS's shipment of infringing systems or components of infringing systems to New Hampshire, (ii) AutoStore AS's storage of infringing systems or components of infringing systems in New Hampshire, and (iii) the degree to which representatives of AutoStore AS conduct business out of AutoStore's headquarters in New

[4] *See* Delaware Division of Corporations, "Entity Details AutoStore System Inc." (Exhibit F).

[5] *See* Puma's Storage Configuration Leads to Order Fulfillment Upsurge, Modern Materials Handling (Nov. 18, 2019), https://www.mmh.com/article/pumas_storage_configuration_leads_to_order_fulfillment_upsurge (Exhibit G) ("Now in service since July 2016, the robot technology company's installation in Torrance, Calif., features 171,000 bins, 170 robots and 23 carousel ports.").

Hampshire. The categories of evidence identified above will establish that AutoStore AS has purposefully directed its business activities to New Hampshire, including acts of infringement that are the basis of Ocado's complaint, which is more than sufficient for this Court to exercise personal jurisdiction over AutoStore AS. *Nuance Commc'ns, Inc.* v. *Abbyy Software House*, 626 F.3d 1222, 1234–36 (Fed. Cir. 2010) (reversing dismissal of foreign defendant, an alleged holding company, and denial of jurisdictional discovery where plaintiff "contend[ed] that Abbyy Software purposefully directs its activities at residents of [the forum state] through the importation and sale of infringing products via distribution channels it controls"); *see also Xilinx, Inc.* v. *Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1354 (Fed. Cir. 2017) (reversing dismissal of foreign defendant in declaratory non-infringement action based on jurisdictional contacts).[6]

***The Principal-Agent Relationship between AutoStore AS and AutoStore System.*** In the complaint, Ocado alleged that AutoStore System has acted and continues to act as an agent of AutoStore AS, which is sufficient to establish personal jurisdiction over AutoStore AS based on AutoStore System's contacts with New Hampshire. *Daynard* v. *Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 55 (1st Cir. 2002) ("For purposes of personal jurisdiction, the actions of an agent may be attributed to the principal."); *accord Celgard, LLC* v. *SK Innovation Co.*, 792 F.3d 1373, 1379 (Fed. Cir. 2015) ("For purposes of specific personal jurisdiction, the contacts of a third-party may be imputed to the defendant under either an agency or alter ego theory."); *Akro Corp*, 45 F.3d at 1546 n.6 (quoting 3 Am. Jur. 2d Agency § 2 at 510 (1986))

[6] When resolving AutoStore AS's motion on the merits, Federal Circuit case law regarding personal jurisdiction will apply. *Nordica USA Corp.*, 475 F. Supp. 2d at 133; *Akro Corp.* v. *Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995). As relevant to the instant motion, there is no difference between personal jurisdiction law in the First Circuit and the Federal Circuit.

(reversing grant of motion to dismiss patent infringement suit for lack of personal jurisdiction because of principal-agent relationship).

Notably, AutoStore AS's motion to dismiss argues only that AutoStore System is not an ***alter ego*** for AutoStore AS (Memo. at 10-13), and the motion completely disregards the actual jurisdictional allegations in Ocado's complaint—*i.e.*, that AutoStore System acts as an agent for AutoStore AS (Compl. ¶¶ 28-29), which is a separate and independently sufficient basis for specific personal jurisdiction. *See Daimler AG* v. *Bauman*, 571 U.S. 117, 135 n.13 (2014) ("Agency relationships, we have recognized, may be relevant to the existence of specific jurisdiction. . . . [A] corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there.") There is not one word about the agency allegations in AutoStore AS's motion. AutoStore AS cannot truthfully argue that AutoStore System does not act as its agent in the United States, so AutoStore AS seeks to change the topic of conversation.

If the Court grants leave for Ocado to conduct preliminary jurisdictional discovery, Ocado's requests also will focus on the relationship between AutoStore AS and AutoStore System, including (i) contracts between the two entities, (ii) interactions between the two entities, including training programs, directions, and approvals provided to AutoStore System by AutoStore AS, (iii) the nature of AutoStore System's business activities, including whether it has any business activities other than supporting AutoStore AS's sales of infringing systems to U.S. customers and partners, and (iv) compensation paid to AutoStore System by AutoStore AS and the basis for that compensation. That discovery is highly relevant to establishing personal jurisdiction over AutoStore AS. As one example, if AutoStore AS and AutoStore System have entered into an agency agreement related to the sale or marketing of the infringing products, that would be dispositive—*i.e.*, the Court would have personal jurisdiction over AutoStore AS because of its

agent's contacts with New Hampshire.[7] In similar circumstances, courts have allowed preliminary jurisdiction discovery because the proponent would "pursue jurisdictional discovery related to [ ] agency issue[s]," *Inter-Cont'l Hotels Corp.*, 2020 WL 8674188, at *8, and respectfully the Court should allow the same here.

## IV. CONCLUSION

For the foregoing reasons, Ocado respectfully requests leave to seek preliminary jurisdictional discovery as set forth above and in Ocado's proposed order submitted herewith.

[7] Defendants do not argue that the Court lacks personal jurisdiction over AutoStore System. Nor could they. AutoStore System is based in Derry, New Hampshire, and performs all of its business activities as the agent of AutoStore AS out of New Hampshire.

Date: April 1, 2021

Respectfully submitted,

*/s/ Henry C. Quillen*
Henry C. Quillen
New Hampshire Bar No. 265420
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, New Hampshire
Tel: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com

Garrard R. Beeney
Dustin F. Guzior
Morgan N. Schusterman
Admitted p*ro hac vice*
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
Fax: (212) 558-3588
Email: SC-Ocado@sullcrom.com

*Counsel for Plaintiffs Ocado Innovation Ltd. and Ocado Solutions Ltd.*