**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

OCADO INNOVATION LTD. and
OCADO SOLUTIONS LTD.,

*Plaintiffs*,

v.

AUTOSTORE AS and
AUTOSTORE SYSTEM INC.,

*Defendants*.

Case No.: 1:21-cv-00041-JL

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY**

# TABLE OF CONTENTS

**Page**

**I. INTRODUCTION........................................................................................................1**

**II. LEGAL STANDARD ..................................................................................................2**

**III. ARGUMENT................................................................................................................2**

A. Ocado Does Not Have a Colorable Claim for the Exercise of Jurisdiction over AutoStore AS ........................................................................................... 2

1. AutoStore AS Does Not Maintain Sufficient Contacts with New Hampshire to Exercise Jurisdiction ........................................................ 4

2. Any Agency Relationship Between AutoStore AS and AutoStore System Inc. Does Not Give Rise to Jurisdiction....................................... 6

B. Any Jurisdictional Discovery Should Proceed on a Standard, Non-Expedited Schedule.................................................................................. 7

**IV. CONCLUSION ..........................................................................................................10**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*,
466 F.3d 1000 (Fed. Cir. 2006)....................3

*Akro Corp. v. Luker*
45 F.3d 1541 (Fed. Cir. 1995)....................6

*Allstate Prop. & Cas. Ins. Co. v. Grohe Canada, Inc.*,
No. 17-CV-50-SM, 2018 WL 851351 (D.N.H. Feb. 13, 2018)....................4

*Augogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
566 F.3d 1012 (Fed. Cir. 2009)....................2

*Braley v. Sportec Prod. Co.*,
No. CIV. 01-333-JD, 2002 WL 1676293 (D.N.H. July 16, 2002) ....................4

*Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*,
295 F.3d 59 (1st Cir. 2002) ....................5

*Celgard, LLC v. SK Innovation Co.*,
792 F.3d 1373 (Fed. Cir. 2015)....................6

*Clearview Software Int'l, Inc. v. Ware*,
No. 07-CV-0405-JL, 2008 WL 4449381 (D.N.H. Sept. 30, 2008) (Laplante, J.)....................8, 9

*Crocker v. Hilton Int'l Barb., Ltd.*
976 F.2d 797 (1st Cir. 1992) ....................2

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)....................6

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*
290 F.3d 42 (1st Cir. 2002) ....................6

*Giguere v. Kleenline Corp.*,
No. 13-CV-327-JL, 2014 WL 12795560 (D.N.H. Jan. 24, 2014) (Laplante, J.) ....................2, 6

*K.B. v. Inter-Cont'l Hotels Corp.*,
No. 19-CV-1213-AJ, 2020 WL 8674188 (D.N.H. Sept. 28, 2020) ....................3, 7

*Merial Ltd. v. Cipla Ltd.*,
681 F.3d 1283 (Fed. Cir. 2012)....................5

*New England Coll. v. Drew Univ.*,
No. CIV. 08-CV-424-JL, 2009 WL 395753 (D.N.H. Feb. 17, 2009) (Laplante, J.) ........ 8, 9

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
626 F.3d 1222 (Fed. Cir. 2010) ........ 5

*O'Neil v. Somatics, LLC*,
No. 20-CV-175-PB, 2020 WL 7043559 (D.N.H. Dec. 1, 2020) ........ 2, 8, 9

*Ponsa-Rabell v. Santander Sec.*,
LLC, Civil No. 17-2243, 2020 WL 5413620 (D.P.R. June 5, 2020) ........ 3

*Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*
116 F. 962 (1st Cir. 1997) ........ 2

*United States v. Swiss Am. Bank, Ltd.*,
274 F.3d 610 (1st Cir. 2001) ........ 2

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
848 F.3d 1346 (Fed. Cir. 2017) ........ 5

**Statutes**

35 U.S.C. § 154(a)(2) ........ 5

**Rules**

Fed. R. Civ. P. 33(b)(2) ........ 7

Fed. R. Civ. P. 34(b)(2)(A) ........ 7

# I. INTRODUCTION

Following Defendants AutoStore AS and AutoStore System Inc.'s (collectively, "Defendants") motion to dismiss (Dkt. 28), Plaintiffs Ocado Innovation Ltd. and Ocado Solutions Ltd. (collectively, "Ocado") now seek to set forth on a jurisdictional fishing expedition to plug the many holes in its allegations. But this discovery will not save Ocado's insufficient jurisdictional claims. As explained in the motion to dismiss, AutoStore AS does not maintain a place of business, or have other contacts, in this district, and it does not control the day-to-day activities of its U.S.-headquartered subsidiary, AutoStore System Inc. No amount of discovery will change these facts. Accordingly, Ocado cannot make out a colorable claim for jurisdiction under Federal Rules of Civil Procedure 4(k)(1) or 4(k)(2) for any of the theories set forth in its complaint or its motion. For these reasons and for the reasons set forth below, Defendants respectfully request that Ocado's motion for jurisdictional discovery be denied.

In the alternative, if the Court grants Ocado's motion, Defendants request that the Court set a jurisdictional discovery schedule that comports with the Federal Rules of Civil Procedure and the general practice of this district, allowing at least 60 days for the completion of jurisdictional discovery. There is no reason to proceed with the expedited schedule Ocado requests, as there are limited efficiencies to be gained in view of the unique issues presented by Ocado's proposed discovery, and the lack of overlap between the issues here and the issues presented in the ongoing ITC investigation between Defendants and different Ocado entities.[1] Ocado only seeks to accelerate consideration of its claims here, while dragging its feet in the cases brought against it by Defendants. Such gamesmanship should not be rewarded.

---

[1] One of the unique issues in the ITC investigation is proof of a domestic industry in the United States. Contrary to Ocado's representations (*see* Dkt. 30-1 at 3 n.3), domestic industry exists through the activities of AutoStore System Inc. and its third-party distribution partners in the United States.

## II. LEGAL STANDARD

Jurisdictional discovery is not an issue unique to patent law, and therefore is governed by the law of the First Circuit. *See Augogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1021 (Fed. Cir. 2009). In the First Circuit, entitlement to jurisdictional discovery "is not absolute." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 625 (1st Cir. 2001) (quoting *Sunview Condo. Ass'n v. Flexel Int'l*, Ltd., 116 F.3d 962, 964 (1st Cir. 1997)). Rather, a request for jurisdictional discovery "must be 'timely and properly supported,' must proffer a 'colorable claim' for jurisdiction, and must 'present facts to the court which show why jurisdiction would be found if discovery were permitted.'" *O'Neil v. Somatics, LLC*, No. 20-CV-175-PB, 2020 WL 7043559, at *2 (D.N.H. Dec. 1, 2020) (quoting *Swiss Am. Bank*, 274 F.3d at 625–26). Additionally, "[t]he plaintiff must specify the type of evidence [it] expects to find and provide detailed descriptions of any 'additional pertinent avenues of inquiry' that [it] hope[s] to pursue.'" *Id.* (citing *Swiss Am. Bank*, 274 F.3d at 626).

"Moreover, even when the plaintiff has been diligent and has made a colorable claim for personal jurisdiction, the district court still has 'broad discretion to decide whether discovery is required.'" *Swiss Am. Bank*, 274 F.3d at 625–26 (quoting *Crocker v. Hilton Int'l Barb.*, Ltd., 976 F.2d 797, 801 (1st Cir. 1992)).

## III. ARGUMENT

### A. Ocado Does Not Have a Colorable Claim for the Exercise of Jurisdiction over AutoStore AS

In view of the allegations in Ocado's complaint, Ocado does not have a colorable, non-speculative claim for this district to exercise jurisdiction over AutoStore AS, such that jurisdiction would not be found if discovery were permitted. *See, e.g.*, *Giguere v. Kleenline Corp.*, No. 13-CV-327-JL, 2014 WL 12795560, at *2 (D.N.H. Jan. 24, 2014) (Laplante, J.)

(holding that plaintiff had not made a colorable claim where his jurisdictional allegations were conclusory and speculative); *Ponsa-Rabell v. Santander Sec.*, LLC, Civil No. 17-2243 (CCC/BJM), 2020 WL 5413620 at *5 (D.P.R. June 5, 2020) (determining that plaintiffs had not made a colorable claim for the exercise of personal jurisdiction in view of conclusory allegations in plaintiffs' complaint); *accord K.B. v. Inter-Cont'l Hotels Corp.*, No. 19-CV-1213-AJ, 2020 WL 8674188, at *8 (D.N.H. Sept. 28, 2020) (finding that plaintiff had stated a colorable claim for exercising jurisdiction over corporate parent defendant based on the allegations in her complaint).

As explained in Defendants' motion to dismiss, AutoStore AS—a Norwegian corporation with its headquarters and principal place of business in Nedre Vats, Norway—does not maintain sufficient contacts with New Hampshire for this Court to exercise jurisdiction. *See* Dkt. 28-1 at 8–13. AutoStore AS does not maintain a principal place of business in New Hampshire (contrary to Ocado's conclusory allegations), and any contacts with this district are through AutoStore System Inc., an independent subsidiary that AutoStore AS does not directly control. *See id.* at 10–13. The discovery sought by Defendants will not overcome these facts to make out a colorable claim for the exercise of jurisdiction, and therefore should not be granted.[2]

---

[2] Nor will jurisdictional discovery change the fact that AutoStore System Inc. does not contest the Court's jurisdiction, an issue Ocado acknowledges in its jurisdictional discovery motion. *See* Dkt. 30-1 at 8 n.7. That Ocado insists on including AutoStore AS in the case seems to ignore the fact that Ocado can pursue its claims in full against AutoStore System Inc. As explained in the motion to dismiss, AutoStore System Inc. is an independently capitalized entity that has the financial ability to satisfy any judgment of this Court—it is not merely a shell to insulate AutoStore AS from liability. *See* Dkt. 28-1 at 11–12. Ocado's infringement allegations also cover the same alleged activity with respect to both entities (*see* Am. Compl. ¶¶ 73–96), such that if only AutoStore System Inc. is adjudged to infringe Ocado would obtain complete recovery. *See Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1017 (Fed. Cir. 2006) ("[D]ouble recovery for the same injury is inappropriate.").

### 1. AutoStore AS Does Not Maintain Sufficient Contacts with New Hampshire to Exercise Jurisdiction

Ocado has not made a colorable claim to exercise jurisdiction over AutoStore AS in this district based on AutoStore AS's own contacts in this forum because, as explained in Defendants' motion to dismiss, "AutoStore AS's only contacts with New Hampshire are through its subsidiary AutoStore System Inc." Dkt. 28-1 at 9. Jurisdictional discovery into this issue therefore is futile. With respect to two of the categories of discovery identified in Ocado's motion that are directed at AutoStore AS (*see* Dkt. 30-1 at 5), Defendants' motion to dismiss shows that AutoStore AS does not store systems or components in the United States because it does not maintain any facilities in the United States, and AutoStore AS's employees do not "conduct business out of AutoStore's headquarters in New Hampshire" (Dkt. 30-1 at 5–6) because they are all located in Norway and conduct business from Norway—only AutoStore System Inc. employees conduct business out of the New Hampshire facilities. *See* Dkt. 28-1 at 11–12.

Discovery into whether AutoStore AS ships infringing components or systems into this district (the third category of discovery directed at AutoStore AS in Ocado's motion, *see* Dkt. 30-1 at 5) does not save Ocado's jurisdictional claim. Shipping products is not sufficient to confer jurisdiction, and AutoStore AS's lack of contacts in this district indicates that it has not done more to direct its activities to this forum (such as, for example, advertising the AutoStore system, creating marketing channels, or designing the product specifically for the New Hampshire market)—any such activities would be performed by AutoStore System Inc., not AutoStore AS. *See Allstate Prop. & Cas. Ins. Co. v. Grohe Canada, Inc.*, No. 17-CV-50-SM, 2018 WL 851351, at *3–4 (D.N.H. Feb. 13, 2018) (finding no personal jurisdiction where the record evidence did not show that the out-of-state defendant had specifically directed its

activities towards the forum, even where products shipped to U.S. were made available in the forum); *see also Braley v. Sportec Prod. Co.*, No. CIV. 01-333-JD, 2002 WL 1676293, at *3–4 (D.N.H. July 16, 2002) (finding personal jurisdiction where defendant had expressly directed sales, marketing, and distribution activities towards the forum).[3]

Moreover, with respect to AutoStore AS's business in the United States before the formation of AutoStore System Inc. in 2017, Ocado merely cites to an article describing an AutoStore facility in Torrance, California. Dkt. 30-1 at 5 & n.5. But the existence of this facility in ***California*** sheds no light on whether AutoStore AS had any contacts in ***New Hampshire*** at that time or at any time thereafter. Additionally, all three of the Asserted Patents issued after the incorporation of AutoStore System Inc. *Compare* Am. Compl. ¶¶ 37, 42, 47 (explaining that the '602 patent issued on February 9, 2021; the '404 patent issued on January 26, 2021; and the '080 patent issued on October 24, 2017) *with* Dkt. 30-7 (Ocado Ex. F) (noting incorporation date of AutoStore System Inc. as July 25, 2017). AutoStore AS's alleged pre-2017 contacts with this forum therefore are not relevant to assessing jurisdiction because jurisdictional contacts are measured at the time the claim accrues—and a patent infringement claim cannot accrue until the patent issues. *See Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*, 295 F.3d 59, 66 (1st Cir. 2002) ("[F]or purposes of specific jurisdiction, contacts should be judged when the cause of action arose[.]"); 35 U.S.C. § 154(a)(2); *see also Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012) (assessing defendant's forum contacts as of the date of the complaint). As a result, Ocado's basis for exercising jurisdiction over AutoStore AS

[3] This case is unlike the cases cited by Ocado in support of this discovery because in both of those cases, the foreign defendant was responsible for the relevant activities directed at the forum, while here those activities are controlled by AutoStore System Inc., the independent American subsidiary, and not AutoStore AS, the Norwegian parent. *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1235 (Fed. Cir. 2010); *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1354 (Fed. Cir. 2017).

in New Hampshire with respect to pre-2017 conduct is irrelevant and purely speculative, and its jurisdictional discovery fishing expedition into this issue should not be permitted. *See Giguere*, 2014 WL 12795560, at *2.

### 2. Any Agency Relationship Between AutoStore AS and AutoStore System Inc. Does Not Give Rise to Jurisdiction

Further, Ocado cannot make out a colorable claim for jurisdiction under its agency theory. While the Supreme Court has recognized that "[a]gency relationships…***may*** be relevant to the existence of specific jurisdiction," *Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) (emphasis added), any such relationship between AutoStore AS and AutoStore System Inc. does not create specific jurisdiction over AutoStore AS in this district. "In order to establish jurisdiction under the agency theory, the plaintiff must show that the defendant exercises control over the activities of the third-party." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1379 (Fed. Cir. 2015). As explained in Defendants' motion to dismiss, AutoStore AS does not directly control the day-to-day activities of AutoStore System Inc., including (but not limited to) its sales and operational activities. *See* Dkt. 28-1 at 12-13. Since AutoStore System Inc.'s sales and operational activities are Ocado's only alleged basis for exercising specific jurisdiction over AutoStore AS under its agency theory (*see* Am. Compl. ¶ 29), AutoStore AS's lack of control over these activities indicates that the exercise of specific jurisdiction over the company in this district is not appropriate.[4]

---

4 The other cases Ocado cites are irrelevant to this inquiry. In *Akro Corp. v. Luker*, the court determined that the patentee had purposefully availed himself of the forum when he sent warning letters to the accused infringer's patent attorney—there was no dispute over the agency relationship between the infringer and its attorney, or over whether the infringer exercised control over its attorney with respect to these letters. 45 F.3d 1541, 1546 & n.6 (Fed. Cir. 1995). Additionally, in *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, the parties held themselves out as a joint venture and the principal assented to the agent's relevant conduct in a post-hoc exercise of control. *See* 290 F.3d 42, 55-60 (1st Cir. 2002). In contrast here, AutoStore AS and AutoStore System Inc. are held out to the public as separate entities and AutoStore AS

The discovery sought by Ocado regarding whether an agency relationship exists between AutoStore AS and AutoStore System Inc. will not overcome the deficiencies in its jurisdictional allegations. As explained above, the existence of such a relationship is not relevant because Defendants have already established that AutoStore AS does not exercise control over AutoStore System Inc., which precludes this Court from exercising jurisdiction over AutoStore AS under either an agency or alter-ego theory. This case stands in contrast to *Inter-Cont'l Hotels*, where the plaintiff had alleged sufficient facts in her complaint to set forth a colorable claim of agency jurisdiction by alleging that a franchisor hotel company exercised control over the relevant day-to-day activities and policies of individual franchisee hotels. *See* 2020 WL 8674188, at *6–8. Ocado alleges no such facts in its complaint regarding AutoStore AS's control over AutoStore System Inc.'s activities, and its requested jurisdictional discovery will not adduce any such facts. As a result, because Ocado cannot make out a colorable claim for exercising personal jurisdiction over AutoStore AS under this theory or any other theory, Ocado's motion for jurisdictional discovery should be denied.

### B. Any Jurisdictional Discovery Should Proceed on a Standard, Non-Expedited Schedule

Alternatively, even if the Court grants Ocado's motion and permits jurisdictional discovery, it should not proceed on the expedited schedule requested by Ocado. The proposed order submitted by Ocado with its motion for jurisdictional discovery contemplates the completion of such discovery on an extremely accelerated schedule that would require Defendants to respond to Ocado's discovery requests within five days and for the parties to complete all jurisdictional discovery within 21 days. *See* Dkt. 30-10. But Federal Rules of Civil

---

does not control and has not assented to the activities giving rise to Ocado's claims here. *See* Dkt. 28-1 at 12-13.

Procedure 33 and 34 provide 30 days for a party to respond to written discovery absent agreement between the parties or a court order. *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). And it is the general practice of this Court to provide ***at least*** 60 days for the completion of jurisdictional discovery. *See New England Coll. v. Drew Univ.*, No. CIV. 08-CV-424-JL, 2009 WL 395753, at *4 (D.N.H. Feb. 17, 2009) (Laplante, J.) (providing 60 days for completion of jurisdictional discovery); *Clearview Software Int'l, Inc. v. Ware*, No. 07-CV-0405-JL, 2008 WL 4449381, at *3 (D.N.H. Sept. 30, 2008) (Laplante, J.) (same); *see also O'Neil*, 2020 WL 7043559, at *3 (providing 90 days for completion of jurisdictional discovery).

There is no justification for why the schedule for jurisdictional discovery in this case should deviate from the Federal Rules of Civil Procedure and the general practice of this Court. Indeed, Ocado has not even attempted to justify its requested expedited schedule, instead merely stating offhand that "limited jurisdictional discovery would impose little to no additional burden on the parties" in view of the discovery that has already been conducted between Defendants and different Ocado entities at the ITC.[5] Dkt. 30-1 at 2-3. But Ocado's statement is inconsequential, as the parties have not entered a cross-use stipulation between the ITC investigation and this case. As Defendants have already told Ocado, such a stipulation would be inappropriate because there are substantial differences between the parties and issues presented in each case, including the issues raised by Ocado's jurisdictional discovery requests. *See* Ex. 2 (Scott email to Counsel, 3/31/21). And Defendants disagree that documents produced in the ITC investigation would even be responsive to Ocado's requests here. Thousands of documents have been produced in the ITC investigation pursuant to document requests bearing on dozens of issues—but personal

---

[5] To the extent that Ocado has used any of the discovery produced by Defendants in the ITC investigation to bolster its jurisdictional allegations here, this is inappropriate. The protective order in the ITC investigation provides that confidential business information shall only be used for purposes of that case. *See* Ex. 1 (Order No. 1: Protective Order) ¶ 4.

jurisdiction over AutoStore AS is not at issue in that case. Defendants would be investigating and responding to Ocado's jurisdictional discovery requests for the first time here, and would need an adequate amount of time to do so.

Moreover, the limited scope and quantity of discovery that Ocado seeks, consisting of nine interrogatories, eight requests for production, and two half-day depositions, does not justify an accelerated schedule. Discovery has been similarly limited in other cases before this Court where at least sixty days were allocated for the completion of jurisdictional discovery. *See New England Coll.*, 2009 WL 395753, at *4 (providing 60 days for jurisdictional discovery "confined to 15 written interrogatories, 5 document requests, and 2 depositions per side" and supplemental motion to dismiss briefing); *Clearview Software*, 2008 WL 4449381, at *3 (providing "60 days to conduct *limited* discovery, restricted to specific facts that bear on the issue of personal jurisdiction [and] limited to 20 written interrogatories, and 15 document requests") (emphasis in original); *O'Neil*, 2020 WL 7043559, at *3 (providing 90 days for "limited jurisdictional discovery, which must be focused on the specific jurisdictional issues relevant in this case…confined to 15 written interrogatories, 5 document requests, and a video deposition…not to exceed one hour").

Ocado's request for an abbreviated schedule is a ploy to accelerate consideration of its retaliatory claims against Defendants. In contrast, Ocado has taken every opportunity to delay or stay Defendants' cases against Ocado. In the Eastern District of Virginia case filed by AutoStore Technology AS (a Norwegian corporation that is a sister company of AutoStore AS), Ocado successfully sought to stay the case pending completion of the ITC investigation. *See AutoStore Tech. AS v. Ocado Group PLC et al.*, No. 2:20-cv-00494-RAJ-LRL, Dkt. 18 (Nov. 9, 2020) (Ocado's motion for stay); *id.*, Dkt. 20 (Nov. 20, 2020) (granting same). In the ITC, Ocado

moved for a stay in view of its pending IPR petitions (which was denied), and last week filed a motion to extend the schedule by over a month. *See* Ex. 3 (Respondents' Motion to Stay Investigation Pending Resolution of PTAB Proceedings); Ex. 4 (Order No. 6: Denying Respondents' Motion for a Stay); Ex. 5 (Respondents' Motion to Extend the Procedural Schedule and Target Date). Meanwhile, even though discovery has been ongoing since November 2020 at the ITC, Ocado has refused to offer a single fact witness for deposition, whereas Complainants (AutoStore AS, AutoStore System Inc., and AutoStore Technology AS) have offered dates for nearly all of its witnesses noticed for deposition (which Ocado has refused to accept).

Ocado's gamesmanship with the schedules in all of these matters prejudices Defendants' ability to enforce their patent rights and defend against Ocado's retaliatory claims. A standard schedule for jurisdictional discovery would alleviate that prejudice here. Therefore, if the Court grants Ocado's motion, Defendants request that the schedule provide at least 60 days for the completion of jurisdictional discovery in accordance with the Federal Rules of Civil Procedure and the general practices of this Court.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court deny Plaintiffs' motion for jurisdictional discovery.

Dated: April 8, 2021

Respectfully Submitted,

AUTOSTORE AS,

By Its Attorneys,

*/s/ Robert R. Lucic*

Robert R. Lucic (NH Bar #9062)
Bryanna K. Devonshire (NH Bar #269462)
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street, PO Box 3701
Manchester, NH 03105
(603) 627-8188
rlucic@sheehan.com
bdevonshire@sheehan.com

**-and-**

AUTOSTORE SYSTEM INC.,

By Its Attorneys,

*/s/ Robert R. Lucic*

Robert R. Lucic (NH Bar #9062)
Bryanna K. Devonshire (NH Bar #269462)
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street, PO Box 3701
Manchester, NH 03105
(603) 627-8188
rlucic@sheehan.com
bdevonshire@sheehan.com

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
Emily M. Scott (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
glocascio@kirkland.com
emily.scott@kirkland.com

Joseph A. Loy, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

(212) 446-4800
jloy@kirkland.com

Ali-Reza Boloori (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
ali-reza.boloori@kirkland.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 8th day of April 2021.

/s/ *Robert R. Lucic*
Robert R. Lucic