# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| OCADO INNOVATION LTD. and OCADO SOLUTIONS LTD., | ) ) ) ) | Case No. 1:21-cv-00041-JL |
|  | ) | **Hon. Joseph N. Laplante** |
| Plaintiffs, | ) |  |
| v. | ) |  |
|  | ) |  |
| AUTOSTORE AS and AUTOSTORE SYSTEM INC., | ) ) |  |
|  | ) )  |  |
| Defendants. | ) ) |  |

## PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSE OF INEQUITABLE CONDUCT

**TABLE OF CONTENTS**

**Page**

ARGUMENT ......................................................................................................................... 2

I.    AutoStore Fails to Identify a Particularized Pleading of the "What," "Where," or "How" of Inequitable Conduct ...................................................................................... 2

II.   AutoStore Fails to Identify Sufficient Pleading of Specific Intent to Deceive ........................ 6

III.  AutoStore's Proposed Amendment Is Futile ........................................................................ 9

IV.  AutoStore's Inequitable Conduct Defense Should Be Dismissed With Prejudice ................. 10

CONCLUSION ...................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

*Artskills, Inc.* v. *Royal Consumer Prods., LLC*,
No. 3:17-cv-1552, 2018 WL 6304348 (D. Conn. Dec. 3, 2018) ...............................................9

*Audionics Sys., Inc.* v. *AAMP of Fla., Inc.*,
No. CV1210763, 2015 WL 12712288 (C.D. Cal. July 10, 2015) ...........................................10

*Capella Photonics, Inc.* v. *Cisco Sys., Inc.*,
77 F. Supp. 3d 850 (N.D. Cal. 2014) ......................................................................................10

*Escobar* v. *Hazzard*,
No. 12-cv-167, 2012 WL 6725819 (D.N.H. Nov. 30, 2012)....................................................10

*Exergen Corp.* v. *Wal-Mart Stores, Inc.*,
575 F.3d 1312 (Fed. Cir. 2009)...................................................................................... *passim*

*HTC Corp.* v. *IPCom GmbH & Co., KG*,
671 F. Supp. 2d 146 (D.D.C. 2009) ..........................................................................................7

*Illumina Inc.* v. *BGI Genomics Co.*,
No. 20-cv-01465, 2021 WL 428632 (N.D. Cal. Feb. 8, 2021) ..................................................5

*Impact Engine, Inc.* v. *Google LLC*,
No. 3:19-cv-01301, 2020 WL 3414627 (S.D. Cal. June 22, 2020) .........................................10

*PetEdge, Inc.* v. *Yahee Techs. Corp.*,
No. 1:15-cv-13171, 2017 WL 1702276 (D. Mass. May 2, 2017)............................................10

*SKF Condition Monitoring, Inc.* v. *Invensys Sys., Inc.*,
No. 07CV1116, 2010 WL 3463686 (S.D. Cal. Aug. 31, 2010)..................................................5

*Synventive Molding Sols., Inc.* v. *Husky Injection Molding Sys., Inc.*,
No. 2:08-CV-136, 2009 WL 3172740 (D. Vt. Oct. 1, 2009).....................................................6

*Terves LLC* v. *Yueyang Aerospace New Materials Co.*,
No. 1:19-cv-1611, 2021 WL 949711 (N.D. Ohio Mar. 12, 2021).............................................4

*United Food & Com. Workers Unions & Emps. Midwest Health Benefits Fund*
v. *Novartis Pharms. Corp.*,
No. 15-CV-12732, 2017 WL 2837002 (D. Mass. June 30, 2017).............................................4

*Zadro Prods., Inc.* v. *SDI Techs., Inc.*,
Case No. 17-1406 (WCB), 2019 WL 1100470 (D. Del. Mar. 8, 2019)....................................6

AutoStore's Opposition and proposed amended pleading confirm that AutoStore has no basis to plead inequitable conduct. Although repeatedly asserting that the "routing functionality" of the "Red Line system" somehow constitutes material prior art (*e.g.*, Opp'n at 1), AutoStore's pleading and Opposition never actually say what exactly was fraudulently withheld from the PTO, much less how the unspecified information is material to patentability of the '404 Patent's claims. Under well-settled law, that pleading failure constitutes grounds for striking the defense. Simply asserting, as AutoStore does, that the Red Line system had some unspecified "functionality" similar to the recently released 2020 "Router software" (Opp'n at 3) does not cure the deficiency. Rather, the applicable heightened pleading standard requires that AutoStore tell Ocado and the Court *what* specifically was withheld—*e.g.*, a document—*where* specifically material information can be found in that reference, and specifically *how* that information was but-for material to patentability. None of that information requires discovery: If AutoStore had an inequitable conduct defense to assert, it was required to meet the pleading standards.

Indeed, AutoStore's pleading leaves Ocado and the Court to guess at the answers to critical inequitable conduct questions—most notably, what specifically "routing functionality" consists of, in what source that "functionality" was embodied and should have been disclosed, and why it is material to patentability. In sum, AutoStore's pleading falls far short of the heightened pleading standard that applies to inequitable conduct, a serious allegation that sounds in fraud.

Implicitly recognizing the inadequacy of its pleading, AutoStore seeks leave to file an amended answer and asks the Court to dismiss its baseless fraud defense "without prejudice." These requests should be denied. The proposed amendment is threadbare and merely lists four U.S. patent numbers as the previously identified "other prior art." But the amended pleading provides no further allegations (i) curing the numerous other deficiencies identified in Ocado's

motion to strike or (ii) identifying *where* in the four "other prior art" patents allegedly material information can be found and *how* it is but-for material to patentability in combination with the unspecified "routing functionality" information. AutoStore's proposed amendment is futile, and the inequitable conduct defense should be struck with prejudice.

## ARGUMENT

Unlike the pleading requirements for many claims and defenses in patent law, such as infringement and invalidity, allegations of inequitable conduct sound in fraud and must meet a heightened pleading standard. (*See* Opening Mem. at 2-4, 8.) AutoStore does not dispute that the heightened pleading standard applies, nor that numerous courts have struck or dismissed inequitable conduct allegations with prejudice when pleadings fail to meet that standard.

Although not disputing those legal principles, AutoStore would have this Court find that simply enumerating uninformative, conclusory allegations of "who," "what," "where," "when," "why," and "how" meets the heightened requirements of Rule 9(b), but it does not. *See*, *e.g.*, *Exergen Corp.* v. *Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329-30 (Fed. Cir. 2009). AutoStore's inequitable conduct allegations, even as amended and taken as true to the extent plausible, do not sufficiently allege inequitable conduct because (i) AutoStore has not pled the what, where, and how elements with any substance, much less particularity, and (ii) AutoStore has not alleged any facts from which the Court could reasonably infer specific intent to deceive.

## I.   AutoStore Fails to Identify a Particularized Pleading of the "What," "Where," or "How" of Inequitable Conduct.

*What.*   In its Answer, AutoStore alleged that the "what" of its inequitable conduct allegations is "AutoStore's prior art Red Line system." (Dkt. 49 ¶ 150.) In its Opposition (but not in its pleading), AutoStore states that it actually meant the "'route-planning functionality that helps determine, optimize, and reserve the pathways for robots' movement around the facility' used in

the Red Line system." (Opp'n at 4.) Cryptically, although AutoStore filed a proposed amended pleading, it did not amend its allegation to reflect that change and offers no explanation for why its pleading continues to identify the "what" as the entire "prior art Red Line system" (Dkt. 64-3 ¶ 150) when it claims to have meant the "route-planning functionality" (whatever that might be).

In any event, AutoStore's generic reference to "routing functionality" provides no further clarity about the particular document or other information source that is allegedly material to the '404 Patent claims and that was allegedly withheld from the PTO.[1] AutoStore goes so far as to allege that the accused individuals knew of "*certain* route-planning functionality" (Dkt. 49 ¶ 143) (emphasis added)), but never says what that "certain" information is or where it can be found.

This lack of specificity should not be excused. If AutoStore actually had an inequitable conduct defense to plead, AutoStore could have, for example, identified particular references (*e.g.*, documents or other sources of information) that disclosed features of the Red Line system—as Ocado did in its Complaint for the accused Router product (Dkt. 35 ¶ 106)—and then alleged specifically where in those references material information could be found and how that information was but-for material to patentability. AutoStore did not do so, despite having full knowledge of its own Red Line system and the materials that it allegedly provided to Ocado, and despite proposing an amended pleading after Ocado identified deficiencies in the original.

***Where.*** AutoStore contends that the "where" inquiry of inequitable conduct only requires identification of the adjudicating body before which the inequitable conduct allegedly occurred. (Opp'n at 5.) But controlling precedent from the Federal Circuit and other precedent from this

---

[1] AutoStore argues that Ocado does not identify "any other piece of prior art" that provides the same information as Red Line (Opp'n at 8), but it is AutoStore's burden to identify the allegedly material non-cumulative information. *Exergen*, 575 F.3d at 1329-30. In its motion, Ocado identified materials it provided to the PTO about the Red Line system—as AutoStore acknowledged in its pleading—noting that AutoStore had not alleged why the (unspecified) allegedly withheld information was not cumulative of materials provided to the PTO (including information about the routing of robots in the Red Line system). (Opening Mem. at 12; Exs. A-C.) AutoStore did not respond to this point.

Circuit require identification of *where in the reference* the allegedly material information is found. *Exergen*, 575 F.3d at 1329 ("[T]he pleading fails to identify . . . where in those references the material information is found—i.e., the . . . 'where' of the material omissions."); *United Food & Com. Workers Unions* v. *Novartis Pharms. Corp.*, No. 15-CV-12732, 2017 WL 2837002, at \*15 (D. Mass. June 30, 2017) (explaining the "'where' of the material omissions" concerns "where in th[e] references the material information is found"), *aff'd*, 902 F.3d 1 (1st Cir. 2018). This pleading standard makes sense; otherwise, the "where" inquiry would be superfluous because inequitable conduct by definition occurs before "the PTO." AutoStore's citation to two authorities from Ohio and Texas—in which the court stated in passing that the "where" was the PTO—does not set a legal standard different from the controlling standard articulated by the Federal Circuit.[2]

AutoStore argues in the alternative that it satisfied the correct "where" inquiry by identifying where in the references material information can be found. (Opp'n at 6.) But AutoStore never supports that conclusory assertion with citations to the pleadings, because no such allegations were made. (*See* Dkt. 49 ¶¶ 130-37.) AutoStore does not even plead whether the unspecified "routing information" appears in a document, video, presentation, or other material, let alone "where" in the references the allegedly material information appears. Instead, AutoStore claims that, by alleging that the "functionality" of the 2020 Router (the current AutoStore software Ocado accuses of infringement) is "materially the same" as that of the prior Red Line, AutoStore has satisfied the "where" requirement. (Opp'n at 6.) But nothing in that allegation identifies where

---

[2] *Terves* cites cases that contradict its own interpretation of the "where" requirement. *Terves LLC* v. *Yueyang Aerospace New Materials Co.*, No. 1:19-cv-1611, 2021 WL 949711, at \*3 (N.D. Ohio Mar. 12, 2021) (citing *Exergen Corp.*, 575 F.3d at 1329; *Front Row Techs., LLC* v. *NBA Media Ventures, LLC*, 163 F. Supp. 3d 938, 965 (D.N.M. 2016) ("Where: the specific location within the withheld prior art the material information is found."); *Oracle Corp.* v. *DrugLogic, Inc.*, 807 F. Supp. 2d 885, 897 (N.D. Cal. 2011) (finding party "failed to plead the . . . 'where' of material information allegedly withheld from the PTO" because it did not identify "where in th[e] references material information could be found")).

-4-

the material unspecified Red Line "routing information" appears in a reference, as is required. *Exergen*, 575 F.3d at 1329.  AutoStore also omits the "where" when addressing the "other prior art" in its amended pleading, merely enumerating four U.S. patent numbers without elaboration. (Dkt. 64-3 ¶ 148.)  This kind of pleading routinely is rejected.  (*See* Opening Mem. at 2 n.2.)

*How.*  AutoStore's pleadings also contain no explanation of how or why the examiner would consider the unspecified Red Line "routing information"—alone or in combination with the "other prior art"—as the basis for rejecting the '404 Patent's claims.  (*See* Opening Mem. at 10-12.) AutoStore's only response is that, because Ocado asserts the '404 Patent against the 2020 Router, "the examiner would have used the information about the Red Line route-planning functionality to find the pending claims anticipated."  (Opp'n at 7.)  But beyond that conclusory assertion, AutoStore provides no explanation of how and on what grounds the examiner would have used the unspecified "routing information" to reject Ocado's patent claims or why that information was not cumulative of the Red Line information that Ocado disclosed to the PTO in November 2019.[3]

The Opposition also has no response to Ocado's argument that AutoStore's materiality allegation relied on a mischaracterization of Ocado's Complaint.  Ocado has *not* accused the prior Red Line routing functionality of infringement.  Rather, Ocado accused only the 2020 Router of infringement, which AutoStore admits is a software suite launched in 2020.  (Dkt. 49 ¶ 73.)  In an attempt to circumvent this obstacle, AutoStore argues that the unidentified "relevant functionality . . . has not changed in material respects from the version that was known to and used by Ocado."

---

[3] AutoStore contends that it pled sufficient facts to allege non-cumulativeness, citing *Illumina Inc.* v. *BGI Genomics Co.*, No. 20-cv-01465, 2021 WL 428632 (N.D. Cal. Feb. 8, 2021), and *SKF Condition Monitoring, Inc.* v. *Invensys Sys., Inc.*, No. 07CV1116, 2010 WL 3463686 (S.D. Cal. Aug. 31, 2010).  But, unlike here, in *Illumina*, the defendant alleged that a specific withheld reference disclosed specifically identified information that was "something more and different" from the other references before the PTO, and the plaintiff "d[id] not dispute that the references [we]re different."  2021 WL 428632, at *5.  Similarly, in *SKF Condition Monitoring*, the defendant pleaded that the specific withheld information had "additional features not found the 'primary reference . . . discussed during the . . . prosecution."  2010 WL 3463686, at *7.  Here, AutoStore has not even identified the allegedly withheld reference, let alone explained how it was material.

(Opp'n at 7.)  That statement, which AutoStore uses to justify its deficient allegations, is surprising given AutoStore's public statements about Router.  (Dkt. 35 ¶¶ 16-18 (citing AutoStore 2020 press release that called Router the "the biggest development in AutoStore history in years").)  But even if AutoStore's allegation were plausible, AutoStore does not allege the relevant similarities between the two systems or, critically, what information about Red Line's routing functionality was known to Ocado and withheld from the PTO.  Furthermore, even if AutoStore's 2020 Router really is a re-branding of decade-old technology, AutoStore's pleading is devoid of allegations that the three accused individuals knew that to be the case or even had a basis to know during prosecution of the '404 Patent (as discussed further below).

## II.   AutoStore Fails to Identify Sufficient Pleading of Specific Intent to Deceive.

Although intent to deceive may be pled under the general pleading standard, even that lower standard is not met here because AutoStore has not pled any allegations that would permit a reasonable inference of specific intent to deceive the PTO.[4]  AutoStore never alleges that the three accused individuals knew of the "route-planning functionality" that, according to AutoStore's Opposition (but not pleadings), is the essential "what of inequitable conduct."  (Opp'n at 4.)  Additionally, AutoStore never alleges that, in the 2019-2020 patent prosecution period, those

---

[4] AutoStore contends that it need only allege a failure to disclose information "known to be material." (Opp'n at 12.) This is incorrect.  In *Zadro Products, Inc.* v. *SDI Technologies, Inc.*, Case No. 17-1406 (WCB), 2019 WL 1100470, at *4-*5 (D. Del. Mar. 8, 2019), the court specifically acknowledged that intent "cannot be inferred solely based upon the failure to disclose known information, even if it is highly material." *Zadro,* 2019 WL 1100470, at *5 (quoting *iLife Tech. Inc. v. AliphCom*, No. 14-cv-03345-WHO, 2015 WL 890347, at *8 (N.D. Cal. Feb. 19, 2015) (quotation marks omitted)).  In addition, as described above, AutoStore has not pled sufficient facts to support a reasonable inference that Stadie, Douglass, or Keane knew the unspecified "routing information" to be material.  Finally, AutoStore's allegations are distinct from the cases it cites. For example, unlike here, the defendant in *Zadro* identified the specific information that was withheld and "unquestionably known." *Zadro*, 2019 WL 1100470, at *3. Similarly, unlike in *Synventive*, AutoStore did not "identif[y] where the material information withheld from the PTO may be found." *Synventive Molding Sols., Inc.* v. *Husky Injection Molding Sys., Inc*., No. 2:08-CV-136, 2009 WL 3172740, at *3 (D. Vt. Oct. 1, 2009).  Further, in *Synventive*, the court relied heavily on the fact that the defendant "submitted a drawing to the PTO that omitted the features that allegedly rendered the pending claims unpatentable." *Id*. AutoStore can identify no similar conduct here.

individuals formed a view that AutoStore's systems or functionalities infringed the '404 Patent, which is the purported linchpin of AutoStore's materiality allegation.[5]  Other deficiencies in the intent pleadings concerning each accused individual are described below.

**Rob Stadie.**  AutoStore makes two meritless attempts to save its pleadings concerning inventor Rob Stadie's alleged intent to deceive the PTO.  *First*, AutoStore's Opposition misrepresents the pleadings, stating that AutoStore alleged that Stadie received information about the Red Line routing functionality at an April 2012 meeting.  (Opp'n at 10.)  But neither the original nor the proposed amended pleading contain such an allegation.  Instead, AutoStore alleges that "Stadie attended at least one meeting with AutoStore in April 2012, at which Ocado received information about the Red Line system."  (Dkt. 49 ¶ 142.)  If AutoStore could specifically and truthfully allege that Stadie received the unspecified "routing functionality" information at the meeting, it would have done so in its pleadings, as required.  That would also require AutoStore to identify specifically the withheld "routing functionality"—something they have not done.

*Second*, AutoStore tries to defend its "on information and belief" allegations regarding documents and simulations it gave to **other people**, not Stadie.  (Opp'n at 9.)  But, as AutoStore acknowledges, pleading "on information and belief" is permitted "only if the pleading sets forth the specific facts upon which the belief is reasonably based."  *Exergen*, 575 F.3d at 1330.  AutoStore did not identify any facts to support its allegations made "on information and belief"; thus, these allegations are legally insufficient to support a fraud claim under the pleading standards of Rule 9(b).  *See id.* at 1330-31.[6]  And even if the "on information and belief" allegations were

---

[5] The inference AutoStore asks this Court to draw about the accused individuals' knowledge of unspecified "routing information" is particularly unreasonable given that, as AutoStore acknowledges, confidential details about its systems, including its source code, have yet to be disclosed.  (Opp'n at 6.)

[6] AutoStore argues that it is reasonable to infer that Stadie knew of the unspecified "routing information" because he attended a meeting with AutoStore in 2012, citing *HTC Corp.* v. *IPCom GmbH & Co., KG*, 671 F. Supp. 2d 146

credited, AutoStore has never alleged that the materials it provided to other people (not Stadie) contained the unspecified "routing information" or otherwise contained material information that was deliberately and fraudulently withheld.

AutoStore must also allege facts supporting an inference that Stadie knew the unspecified "routing information" was material to patentability. *Exergen*, 575 F.3d at 1330. AutoStore has not met that requirement for at least two reasons. First, AutoStore alleges the unspecified "routing information" is only material (i) if the non-accused prior Red Line infringes the '404 patent, or (ii) in combination with "other prior art." But AutoStore does not allege that Stadie ever formed a belief that the prior Red Line system infringed the '404 Patent (or that he was aware of the alleged equivalence of the prior Red Line routing functionality and the 2020 Router). Ocado identified that problem in its opening brief (Opening Mem. at 16), but AutoStore had no response. Second, with regard to the combination of Red Line with "other prior art," AutoStore does not allege that Stadie was aware that the ***combination*** of "other prior art" and the unspecified "routing information" was material. (Dkt. 64-3 ¶ 148.) AutoStore only alleges—"on information and belief," without any supporting information—that Stadie was aware of the four newly identified patents. (*Id.*) AutoStore's deficient "on information and belief" allegation should not be credited.

***Douglass and Keane.*** AutoStore does not allege that Douglass and Keane had actual knowledge of the unspecified "routing information"—not even on information and belief. Instead, AutoStore contends that Douglass and Keane might have known about the unspecified "routing information" because (i) "they disclosed more general information about the Red Line" during prosecution, and (ii) "specific technical information about the Red Line routing functionality was known to their client." (Opp'n at 10.) But knowing general information based on public materials

---

(D.D.C. 2009). (Opp'n at 10.) But unlike in *HTC*, AutoStore has not alleged that the unspecified "routing information" was disclosed at the April 2012 meeting.

does not demonstrate knowledge of more detailed information, and AutoStore's allegation that other people at Ocado may have shared information with Douglass and Keane is entirely speculative. Moreover, AutoStore does not allege who at Ocado might have shared the information with Keane and Douglass, let alone what that information was.[7]

Furthermore, as with Stadie, AutoStore never alleges that Douglass and Keane (i) formed a view that the prior Red Line system infringes the '404 Patent, or (ii) knew of the allegedly material information contained somewhere in the four patents now identified as the "other prior art." As it did with Stadie, AutoStore misrepresents its pleading, claiming that it alleged that Douglass and Keane disclosed only some information about the Red Line system, which AutoStore contends "is strong circumstantial evidence" that they knew other information was material. (Opp'n at 5 (citing Dkt. 49 ¶¶ 140-41).) But AutoStore never made such an allegation, either in the paragraphs it cites or elsewhere. And even if it had, it is no answer to the fact that AutoStore does not plead Douglass and Keane's knowledge of the unspecified "routing functionality."

## III. AutoStore's Proposed Amendment Is Futile.

The only substantive difference between AutoStore's original and proposed amended pleading is the identification of "other prior art" by patent number, without elaboration. (Dkt. 64-3 ¶ 148.) But identifying four patents by number does not cure the multiple, independent deficiencies in the materiality and intent allegations. Moreover, even as to the "other prior art," AutoStore's bald recitation of four U.S. patent numbers still does not allege "where" in those patents material information can be found or *how* that information—combined with unspecified "routing information"—would have led a PTO examiner to reject the '404 Patent's claims.

---

[7] AutoStore cites *Artskills, Inc.* v. *Royal Consumer Prods., LLC*, No. 3:17-cv-1552, 2018 WL 6304348 (D. Conn. Dec. 3, 2018), to support its argument that it is reasonable to infer Douglass and Keane obtained knowledge from their client. (Opp'n at 10.) But unlike in *Artskills*, AutoStore has not alleged that any of the individuals that allegedly had access to the Red Line system informed Douglass or Keane of what they saw.

Because AutoStore's proposed amended answer does not remedy the deficiencies in its inequitable conduct defense, it is futile, and Ocado respectfully asks that the Court exercise its discretion to deny AutoStore's request to amend. *See*, *e.g.*, *Escobar* v. *Hazzard*, No. 12-cv-167, 2012 WL 6725819, at \*1 (D.N.H. Nov. 30, 2012) (court may deny amendment "for any adequate reason apparent from the record, including futility of the amendment") (citations and quotation marks omitted)), *R & R approved*, No. 12-CV-167-JL, 2012 WL 6725817 (D.N.H. Dec. 27, 2012).

## IV.     AutoStore's Inequitable Conduct Defense Should Be Dismissed With Prejudice.

AutoStore chose to accuse three individuals of fraud on the PTO without facts to support such a serious allegation, and then gratuitously invoked the names of 14 additional individuals, even though AutoStore does not accuse them of fraud. Even after Ocado identified multiple deficiencies in AutoStore's fraud allegations, AutoStore proposed an amended pleading that does nothing to cure any of the most serious deficiencies. The fact that AutoStore proposed an amended pleading—a second bite at the apple—but still did not plead inequitable conduct consistent with the Federal Rules confirms that AutoStore has no good faith basis to raise the defense. The defense should be struck with prejudice, as many courts have done in similar circumstances. *See*, *e.g.*, *Audionics Sys., Inc.* v. *AAMP of Fla., Inc.*, No. CV1210763, 2015 WL 12712288, at \*27-31, \*54 (C.D. Cal. July 10, 2015); *Capella Photonics, Inc.* v. *Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 859-60 (N.D. Cal. 2014); *see also PetEdge, Inc.* v. *Yahee Techs. Corp.*, No. 1:15-cv-13171, 2017 WL 1702276, at \*3-4 (D. Mass. May 2, 2017); *Impact Engine, Inc.* v. *Google LLC*, No. 3:19-cv-01301, 2020 WL 3414627, at \*2 (S.D. Cal. June 22, 2020).

## CONCLUSION

Ocado respectfully requests that the Court strike AutoStore's inequitable conduct defense with prejudice and deny AutoStore's request for leave to amend because the amendment is futile.

Date:  October 22, 2021

Respectfully submitted,

*/s/ Henry C. Quillen*
Henry C. Quillen
New Hampshire Bar No. 265420
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, New Hampshire  03801
Tel:  (603) 294-1591
Fax:  (800) 922-4851
Email:  hquillen@whatleykallas.com

Garrard R. Beeney
Marc De Leeuw
Dustin F. Guzior
Morgan Schusterman
Helen Andrews
*Admitted pro hac vice*
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Tel:  (212) 558-4000
Fax:  (212) 558-3588
Email:  SC-Ocado@sullcrom.com