UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Ocado Innovation Ltd., et al
    v.                            Civil No. 21-cv-41-JL

AutoStore AS, et al.

# ORDER AFTER PRELIMINARY PRETRIAL CONFERENCE

The Preliminary Pretrial Conference was held via video-conference on **October 29, 2021.**

This case shall be consolidated with related case number 21-cv-806-JL, with this case serving as the main case. The court will issue a separate consolidation order.

The stipulated or agreed-upon portions of the parties' Rule 26(f) Conference Report and Proposed Discovery Plan (document no. 67) are approved as submitted. Furthermore, the court adopts the following schedule:

| Event | Deadline |
|---|---|
| Fed. R. Civ. P. 26(a)(1) Disclosures | 11/12/21 |
| Defendants' response to '770 Patent complaint | 12/10/21 |
| LPR 5.1(a) – Preliminary Infringement Contentions | 1/24/22 |
| Disclosure of claims against unnamed parties | 12/30/21 |
| Motions to dismiss | 12/30/21 |
| Joinder of additional parties | 12/30/21 |
| Third party complaints | 12/30/21 |
| LPR 5.1(c) – Preliminary Invalidity Contentions | 3/10/22 |
| LPR 6.1(a) – Exchange of Proposed Terms for Construction | 3/24/22 |
| LPR 6.1(b)(1) – Exchange of Preliminary Claim Constructions and Extrinsic Evidence | 4/7/22 |
| LPR 6.1(b)(2) – Identification of References in the specification or prosecution history that supports any proposed construction and designation of any supporting extrinsic evidence | 4/7/22 |
| LPR 6.1(b)(3) – Meet and Confer for the purpose of limiting terms in dispute | 4/21/22 |

| | |
|---|---|
| LPR 6.1(c) – Joint Claim Construction and Prehearing Statement | 5/5/22 |
| LPR 6.1(d) – Completion of Claim Construction Discovery | 5/26/22 |
| Amendment of pleadings | 6/2/22 |
| LPR 6.1(e)(1) – Claim Construction Briefs | 6/16/22 |
| LPR 6.1(e)(2) – Responsive Claim Construction Briefs | 6/30/22 |
| LPR 6.1(f) – Claim Construction Hearing (subject to convenience of the Court's calendar) | Approx. 8/29/22 |
| Order on Claims Construction Hearing ("CC Order") | TBD |
| LPR 7.1(a)(1) – Final Infringement Contentions | CC Order + 21 days |
| LPR 7.1(a)(2) – Motion to Exclude amendments to Preliminary Infringement Contentions | CC Order + 35 days |
| LPR 7.1(b)(1) – Final Invalidity Contentions | CC Order + 42 days |
| LPR 7.1(b)(2) – Motion to Exclude amendments to Final Invalidity Contentions | CC Order + 56 days |
| Mediation to be completed | CC Order + 60 days |
| Close of Fact Discovery[1] | CC Order + 85 days |
| LPR 8.1(a)(1) – Non-Claim Construction Opening Expert Reports | CC Order + 87 days |
| LPR 8.1(a)(2) – Non-Claim Construction Rebuttal Expert Reports | CC Order + 132 days |
| LPR 8.1(b) – Completion of Non-Claim Expert Depositions | CC Order + 177 days |
| Challenges to expert testimony | CC Order + 207 days |
| Motions for summary judgment[2] | CC Order + 252 days |
| | |
| Trial | Two-week period beginning 12/5/23 |

---

[1] The parties are advised that the court considers the deadlines for the completion of any type of discovery to be a deadline by which discovery is to be completed–-not a deadline by which discovery is to be served. Propounding parties shall ensure that enough time remains in the discovery period for the recipient to provide its responses by that deadline. Where Federal Rule 33(b)(2), 34(b)(2), or 36(a)(3) would call for a response after the deadline, the recipient need not provide a response.

[2] The parties may move for summary judgment on any issue at any time prior to this deadline. They are advised, however, that any motions for summary judgment that are directed at discrete issues and filed well before the close of discovery are unlikely to receive expeditious treatment.

**Mid-Litigation Status Conference**.  The court will hold a mid-litigation status conference 14 days before the close of fact discovery.  Counsel shall be prepared to discuss the status of discovery, upcoming dispositive motions (or other significant motions such as those seeking the exclusion of expert testimony), settlement prospects, and any other issues the parties' counsel or the court wish to address.  Counsel may, but are not required, to jointly file a status report summarizing those issues (and any other appropriate topics) no later than 48 hours before the conference.

**Summary Judgment.**  The parties and counsel are advised that compliance with Rule 56(e) and Local Rule 7.2(b), regarding evidentiary support for factual assertions, and specification and delineation of material issues of disputed fact, will be required.

**Oral argument on dispositive motions**.  Counsel and the parties should anticipate that oral argument will be held on all dispositive motions.  Any party preferring that such a motion be decided on the written filings alone should so notify the clerk.

**Discovery disputes**.  Discovery disputes will be handled by the undersigned judge, as opposed to the Magistrate Judge, in the normal course.  No motion to compel is necessary.  The party or counsel seeking discovery-related relief should confer with adverse counsel to choose mutually available dates, and then contact the Deputy Clerk to schedule a conference call with the court.  The court will inform counsel and parties what written materials, if any, should be submitted in advance of the conference call.

Customary motions to compel discovery, while disfavored by the undersigned judge, are nonetheless permissible.  If counsel prefer traditional discovery litigation to the conference call procedure set forth above, any such motion to compel should expressly request, in the title of the

motion, a referral to the United States Magistrate Judge. Such referral requests will normally be granted. If the Magistrate Judge is recused, alternate arrangements will be made.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: November 30, 2021

cc:    Alexander N. Gross, Esq.
       Dustin Guzior, Esq.
       Garrard Russ Beeney, Esq.
       Helen Andrews, Esq.
       Marc De Leeuw, Esq.
       Morgan Schusterman, Esq.
       Henry Clay Quillen, Esq.
       Robert R. Lucic, Esq.
       Ali-Reza Boloori, Esq.
       Bryanna Kleber Devonshire, Esq.
       Emily Scott, Esq.
       Gregg Locascio, Esq.
       Joseph Loy, Esq.
       Joshua Popik Glucoft, Esq.