UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Ocado Innovation Ltd., et al.

    v.                                                     Civil No. 1:21-cv-00041-JL
                                                         Opinion No. 2021 DNH 190

AutoStore AS, et al.

## **MEMORANDUM ORDER**

Known as the "atomic bomb of patent law" because, if proven, it renders entire patents unenforceable, the inequitable conduct defense has become a potent tool in a patent litigator's toolbox. Therasense, Inc. v. Becton, Dickinson and Co., 649 F.3d 1276, 1285 (Fed. Cir. 2011). As such, the Federal Circuit Court of Appeals "tightened the inequitable conduct standard to ensure that the defense is sustained only in egregious circumstances and to discourage parties from using it as a mere litigation tactic in garden-variety cases." Lexington Luminance LLC v. Osram Sylvania Inc., 972 F. Supp. 2d 88, 91 (D. Mass. 2013) (citing Therasense, 649 F.3d at 1288-91). Plaintiff Ocado argues that this is precisely such a garden-variety case and moves to strike Defendant AutoStore's[1] inequitable conduct defense. This court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patents).

After consideration of the parties' written submissions, the court grants the motion and strikes the defense without prejudice. While AutoStore's allegations supporting the defense appear to be quite detailed, the substance of the relevant allegations are simply too vague or conclusory to meet the heightened pleading standard applicable to inequitable conduct defenses.

---

[1] As in prior orders, the court refers to both plaintiffs as "Ocado" and both defendants as "AutoStore."

I.  **Applicable legal standard**

Federal Rule of Civil Procedure 12(f) authorizes the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike under Rule 12(f) are generally disfavored [and] . . . should be granted only when it is beyond cavil that the defendant[ ] could prevail on them.'" United States Securities and Exchange Comm'n v. Nothern, 400 F. Supp. 2d 362, 364 (D. Mass. 2005) (quoting Honeywell Consumer Prods. Inc. v. Windmere Corp., 993 F. Supp. 22, 24 (D. Mass. 1998)). "A plaintiff may prevail on a Rule 12(f) motion 'where it clearly appears that the plaintiff would succeed despite any state of facts which could be proved in support of defense.'" Nothern, 400 F. Supp. 2d at 364 (quoting FDIC v. Gladstone, 44 F. Supp. 2d 81, 85 (D. Mass. 1999)).

II.  **Background**

The court recited the relevant background in this patent dispute between commercial competitors in its order[2] denying AutoStore's motion to dismiss and will not repeat that background here. Broadly speaking, this is a patent infringement suit by one designer and manufacturer of an automated storage and retrieval system against its global competitor in the same industry. Ocado asserts that AutoStore infringes five[3] of its United States patents for its cubic automated storage and retrieval system called "the Hive" that forms a part of the Ocado "Smart Platform." Following the court's order on the motion to dismiss, AutoStore answered

---

[2] See doc. no. 47.

[3] The court recently consolidated this case with a related patent infringement action by Ocado against AutoStore for an additional patent in the same patent "family" (see docket no. 21-cv-806-JL), bringing the total patents-in-suit to five. See Consolidation Order (doc. no. 83).

Ocado's Second Amended Complaint and filed counterclaims for non-infringement and invalidity of each of Ocado's asserted patents.[4] AutoStore also asserted an inequitable conduct defense regarding the '404 Patent, one of the patents-in-suit.[5]

In support of its inequitable conduct defense, AutoStore alleges that during the prosecution of patent application number 16575906, three representatives of Ocado (Messrs. Robert Stadie, Sean M. Douglass, and Patrick C. Keane), with specific intent to deceive the USPTO, failed to disclose material information to the PTO, which led to the issuance of the '404 Patent.[6] Ocado moves to strike the inequitable conduct defense, arguing that AutoStore's allegations are too vague, conclusory, or non-specific to satisfy the heightened pleading standard applicable to these defenses.[7] AutoStore objects to Ocado's motion and seeks to amend its answer to include additional factual allegations supporting the inequitable conduct defense, or, in the alternative, asks the court to strike the defense without prejudice to its ability to raise it at a later time after the benefit of discovery.[8] The court offered the parties the opportunity to hold oral argument on the motion and they declined.

---

[4] See doc. no. 49.

[5] See id., at ¶¶ 130-150.

[6] Id. at ¶ 150.

[7] See doc. nos. 56 (motion) and 66 (reply).

[8] See doc. nos. 64-1 (opposition); 64-3 (redline version of proposed amended answer).

3

**III.    Analysis**

Inequitable conduct is a defense to patent infringement, "that, if proved, bars enforcement of a patent." Therasense, 649 F.3d at 1285.[9] "To prove inequitable conduct, the challenger must show by clear and convincing evidence that the patent applicant[10] (1) misrepresented or omitted information material to patentability, and (2) did so with specific intent to mislead or deceive the PTO." In re Rosuvastatin Calcium Patent Litig., 703 F.3d 511, 519 (Fed. Cir. 2012) (citing Therasense, 649 F.3d at 1287).

AutoStore must separately "plead [both intent and materiality] with particularity under Rule 9(b)" of the Federal Rules of Civil Procedure. Exergen, 575 F.3d at 1326-27 (internal quotations and citation omitted). "A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." Id. Instead, AutoStore "must identify the specific who, what, when, where, and how[/why] of the material misrepresentation or omission committed before the PTO." Id. at 1328. And while a party may allege "knowledge" and "intent" generally, a pleading of inequitable conduct "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." Id. at 1328-29. "A

---

[9] The court applies the law of the Federal Circuit Court of Appeals in determining whether inequitable conduct has been pleaded with particularity under Rule 9(b). Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326 (Fed. Cir. 2009).

[10] The applicant includes anyone "associated with" or "substantively involved" in the filing and prosecution of a patent application, including inventors and attorneys. Exergen Corp. v. Brooklands Inc., 290 F. Supp. 3d 113, 123 (D. Mass. 2018); 37 C.F.R. § 1.56(a).

4

reasonable inference is one that is plausible and that flows logically from the facts alleged." Id. at 1329 n.5.

Ocado argues that AutoStore has not alleged sufficient facts to support the what, where, how, why, and specific intent elements of its inequitable conduct defense, and asks the court to strike the defense with prejudice. As part of its objection to Ocado's motion, AutoStore requested leave to amend its answer and submitted a proposed amended answer. Notwithstanding that the court's local rules prohibit parties from combining affirmative requests for relief in objections to pending motions, the court will consider the proposed amended answer in assessing Ocado's motion.[11] Even accepting the allegations in AutoStore's proposed amended answer as true, as explained below, AutoStore cannot satisfy the heightened pleading standard for inequitable conduct defenses. The court strikes the defense, albeit without prejudice.

### A.   Materiality

"[T]he materiality required to establish inequitable conduct is but-for materiality." Therasense, 649 F.3d at 1291. Using the PTO's evidentiary standards during claims examination—namely, applying a preponderance of the evidence standard and giving claims their broadest reasonable construction—the court "must determine whether the PTO would have allowed the claim if it had been aware of the undisclosed reference." Id.; see also Manual of Patent Examining Procedure §§ 706 (preponderance standard), 2111 (broadest reasonable construction). Where, as alleged here, an "applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art." Therasense, 649 F.3d at 1291.

---

[11] See L.R. 7.1(a)(1).

"**What.**"  The first question is exactly what prior art AutoStore is alleging Ocado failed to disclose.  AutoStore states in its proposed amended answer that the "what" is "AutoStore's prior art Red Line system."[12]  AutoStore clarified in its objection that the "what" is in fact the "route-planning functionality" of the Red Line system,[13] and argues that "each limitation of at least claims 1 and 9 of the '404 Patent" is anticipated by this undisclosed route-planning functionality.  This is minimally sufficient to satisfy the "what" element of an inequitable conduct defense.  See Exergen, 575 F.3d at 1329 (to satisfy the "what" element, the pleading must "identify which claims, and which limitations in those claims . . . the withheld references are relevant to.").

"**Where.**"  In this context, "where" means "where in those [prior art] references the material information is found."  Exergen, 575 F.3d at 1329; see also Com. Workers Unions v. Novartis Pharms. Corp., No. 15-cv-12732, 2017 WL 2837002, at *15 (D. Mass. June 30, 2017) (explaining the "where of the material omissions" concerns "where in the references the material information is found"), aff'd, 902 F.3d 1 (1st Cir. 2018); Corning Inc. v. Wilson Wolf Mfg. Corp., No. CV 20-700 (DWF/TNL), 2021 WL 5013613, at *4 (D. Minn. Oct. 28, 2021) ("To sufficiently plead the . . . 'where' of the material misrepresentation or omission, a pleading must 'identify . . . where in those references the material information is found.'" (quoting Exergen, 575 F.3d at 1329)).[14]

---

[12] Doc. no. 64-3 at ¶ 150.  It is difficult to conceptualize the idea of an entire technology system as an undisclosed prior art reference.

[13] Doc. no. 64-1 at 8.

[14] AutoStore is mistaken that "where" refers to the PTO.  Otherwise, that requirement would be satisfied in nearly every case since the alleged misrepresentation almost always occurs before the PTO.  The two cases AutoStore cites in support of this interpretation of the "where" element are inapposite and conflict with binding Federal Circuit precedent.  See Exergen, 575 F.3d at 1329.

Accepted as true, AutoStore's allegations fail to satisfy the "where" requirement in part because AutoStore does not identify an actual undisclosed "reference" or document. Instead, AutoStore characterizes the undisclosed information as "route-planning functionality." Such a broad characterization prevents the court from identifying where in the route-planning functionality the material information is located. AutoStore alleges, over several paragraphs, the numerous documents, technical manuals, presentations, simulations, and other information that AutoStore gave to Ocado about the Red Line system (which AutoStore still has access to), yet AutoStore does not point to a specific reference where the allegedly material route-planning functionality is located. The court cannot accept AutoStore's vague and conclusory suggestion that the "route-planning functionality" – as a whole – is the material information. This type of generality necessarily dooms AutoStore's inequitable conduct defense under Rule 9(b)'s heightened pleading standard. See, e.g., Seaboard Int'l, Inc. v. Cameron Int'l Corp., No. 1:13-cv-00281, 2013 WL 3936889, at *6 (E.D. Cal. July 30, 2013) (vague allegations fell "well short of satisfying Rule 9(b)'s heightened pleading standard" because they did not identify "'what' specific prior art or litigation information was not disclosed to the PTO [or] 'where' the material information can be found within the references"); Mobile Med. Int'l Corp. v. Advanced Mobile Hosp. Sys., Inc., No. 2:07-cv-231, 2015 WL 6554887, at *3 (D. Vt. Oct. 29, 2015) (vague references to alleged material information as "lithotripsy and catheterization units," similar to "route-planning functionality" alleged here, failed to meet Rule 9(b) specificity requirements to support inequitable conduct defense).

**"How" and "why"**. AutoStore's insufficient allegations of "where" also render its allegations of "how" deficient. Identifying where in the particular undisclosed prior art references the material information is found is "necessary to explain both 'why' the withheld

7

information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." Exergen, 575 F.3d at 1329-30. AutoStore relies on part of paragraph 146 of its answer to meet the "how" element, but that allegation is simply a legal conclusion. See doc. no. 64-3 at ¶ 146 ("AutoStore's Red Line products do contain functionality that satisfy each limitation of at least claims 1 and 9 of the '404 Patent, and have also contained such functionality since well before the priority date of the '404 Patent."); see also id. at ¶ 148 ("The Examiner overseeing the '404 Patent application would not have issued the '404 Patent had the Examiner known all relevant details of AutoStore's prior art Red Line system (i.e., the routing functionality) and considered such prior art in combination with the references listed above.").

These allegations do not explain why the examiner would have found the pending claims anticipated by the undisclosed "route-planning functionality" of the Red Line system or how – under the more-forgiving evidentiary standards used by the PTO during examination – the claims are anticipated by the undisclosed information.[15] Such conclusory allegations are insufficient to plead an inequitable conduct defense. Compare Analog Devices, Inc. v. Xilinx, Inc., No. 19-2225, 2021 WL 466859, at *3 (D. Del. Feb. 9, 2021) (conclusory allegation of "but for" materiality insufficient to satisfy pleading standard for inequitable conduct defense), and Corning Inc., 2021 WL 5013613, at *6 ("the allegations fail to demonstrate why any of the allegedly withheld data would have rendered the claims unpatentable as they are merely conclusory in that regard . . . . Nor does Corning put forth sufficient grounds for how the information rendered the

---

[15] AutoStore argues that because Ocado accuses its "Router" software – when used with the Red Line system – of infringing the '404 Patent, the route-planning functionality of the Red Line system necessarily anticipates at least two claims in the '404 Patent. Doc. no. 64-3 at ¶¶ 145-46. This theory is still missing the explanation of "why" or "how" required to support an inequitable conduct defense.

invention unpatentable if the alleged data had been disclosed to the Examiner."), with Sig Sauer, Inc. v. Freed Designs, Inc., No. 14-CV-461-SM, 2017 WL 4119046, at *6 (D.N.H. Mar. 17, 2017) (after identifying the prior art with specificity, the defendant alleged specific facts about why or how the examiner would have rejected the patent based on undisclosed prior art (i.e. examiners had rejected other patents as anticipated by the same prior art).

AutoStore also fails to explain in its answer why the undisclosed route-planning functionality is not cumulative of already disclosed information about the Red Line system.[16] Nor does it allege any facts from which the court can infer that the undisclosed information was not cumulative. Without more detail about what route-planning functionality information Ocado allegedly withheld, the court cannot determine whether or not it would be cumulative of the previously disclosed information about the Red Line system. This, too, renders AutoStore's inequitable conduct defense insufficiently pleaded. See, e.g., Analog Devices, 2021 WL 466859, at *2 (party alleging inequitable conduct defense "must [plead] facts that demonstrate 'why' the withheld information is material and not cumulative" (quoting Exergen, 575 F.3d at 1330)); Rothman v. Target Corp., 556 F.3d 1310, 1326 (Fed. Cir. 2009) ("A piece of prior art is not material to patent prosecution when it is cumulative of information already before the examiner.").

---

[16] This previously disclosed information included a YouTube video showing the Red Line system at work and explaining how it works, as well as an article from a trade publication reviewing the Red Line system. See doc. nos. 56-2 – 56-4. While both disclosures are fairly general, each describes some of the route-planning functionality of the system. See Swisslog Article (doc. no. 56-3) at 3-4.

### B. Intent to deceive or mislead

Ocado further argues that AutoStore fails to plead specific intent to deceive with the required specificity. The court agrees. In a case like this one involving nondisclosure of information, "clear and convincing evidence must show that the applicant <u>made a deliberate decision</u> to withhold a <u>known</u> material reference." Therasense, 649 F.3d at 1290 (quoting Molins PLC v. Textron, Inc., 48 F.3d 1172, 1181 (Fed. Cir. 1995)) (emphases in original). In other words, the accused infringer must prove "that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." Id. "Proving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive." Id.

The court "may infer intent from indirect and circumstantial evidence." Id. (citing Larson Mfg. Co. of S.D., Inc. v. Aluminart Prods. Ltd., 559 F.3d 1317, 1340 (Fed. Cir. 2009)). The specific intent, however, "must be the single most reasonable inference able to be drawn from the evidence," and "when there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." Therasense, 649 F.3d at 1290-91 (citations omitted). Pleading intent "on information and belief" is allowed "under Rule 9(b) when essential information lies uniquely within another party's control, but only if the pleading sets forth the specific facts upon which the belief is reasonably based." Exergen, 575 F.3d at 1330.

Even if the court assumes from AutoStore's allegations that the three individuals knew of a reference and knew of its materiality – both dubious inferences based on the facts as alleged – AutoStore's answer does not set forth specific facts from which the court can infer that these individuals withheld the information with the specific intent to deceive the patent office. Instead, AutoStore merely concludes that these individuals "committed inequitable conduct on the USPTO by intentionally failing to disclose material . . . in order to secure the issuance of the

10

'404 Patent."[17] The court, however, cannot "infer intent to deceive from non-disclosure of a reference solely because that reference was known and material." 1st Media, LLC v. Elec. Arts, Inc., 694 F.3d 1367, 1372-1373 (Fed. Cir. 2012).

Nor is intent to deceive the "single most reasonable inference" that can be drawn from these allegations. Cf. Sig Sauer, Inc., 2017 WL 4119046, at *6 (finding that the most reasonable inference drawn from detailed factual allegations about the applicant's knowledge of undisclosed prior art was that "Mr. Freed and Mr. Davison were attempting to deceive the PTO by withholding this information."). Having already disclosed information about the Red Line system and its route-planning functionality, the court cannot infer that Ocado's representatives specifically intended to deceive the examiner by withholding other, unidentified information about the system's route-planning functionality. AutoStore therefore has not alleged facts, if accepted as true, sufficient to show that Ocado withheld material information with specific intent to mislead or deceive the PTO.

## IV. Conclusion

Given the relatively early procedural posture of this case, the court elects to strike AutoStore's inequitable conduct defense without prejudice to its ability to attempt to raise it at a later stage. This is not only the court's practice when striking affirmative defenses in civil cases, but is also consistent with how other courts have handled similar requests. See Petedge, Inc. v. Fortress Secure Solutions, LLC, No. 15-11988-FDS, 2016 WL 407065, at *4 (D. Mass. Feb. 2, 2016) (striking inequitable conduct defense "without prejudice to [its] renewal upon amendment of the pleadings"); Zep Solar Inc. v. Westinghouse Solar Inc., No. C 11-06493-JSW, 2012 WL

---

[17] Doc. no. 64-3 at ¶ 149.

11

12920832, at *2 (N.D. Cal. April 17, 2012) (striking inequitable conduct defense, but granting leave to amend "to allege facts that could satisfy the heightened pleading standard"); Audionics System, Inc. v. AAMP of Florida, Inc., No. CV 12-10763 MMM, 2014 WL 12580235, at *10 (C.D. Cal. Mar. 24, 2013) (striking inequitable conduct defense, but granting leave to amend to give defendant a "final opportunity to plead these portions of its inequitable conduct defense sufficiently").[18]

While, as currently plead, AutoStore's inequitable conduct defense does not satisfy Rule 9(b)'s heightened pleading standard, the court is not convinced that there are no set "of facts which could be proved in support of" the defense.  PetEdge, Inc., 2017 WL 1702276, at *2.  Counsel, however, are cautioned:  this ruling is not a license to conduct discovery on the specific issue of Ocado's conduct before the PTO in prosecuting the '404 Patent.  If, however, during discovery or fact investigation on other, live issues, AutoStore locates information that would cure the pleading deficiencies identified above, it may seek leave to amend its answer and the court will consider (but not necessarily grant) that request at the appropriate time.

---

[18] The court understands Ocado's preference for striking the defense with prejudice, but the cases it cites in support of that remedy are distinguishable from this one and do not support its position. See, e.g., Audionics System, Inc. v. AAMP of Florida, Inc., No. CV 12-10763 MMM, 2015 WL 12712288 (C.D. Cal. July 10, 2015) (after considerable discovery and claim construction, dismissing inequitable conduct defense on summary judgment); Capella Photonics, Inc. v. Cisco Systems, Inc., 77 F. Supp. 3d 850 (N.D. Cal. 2014) (motion to strike granted in part, but opportunity to amend provided); PetEdge, Inc. v. Yahee Techs. Corp., No. 1:15-cv-13171-ADB, 2017 WL 1702276 (D. Mass. May 2, 2017) (motion to strike granted, but no indication whether it was with or without prejudice); Impact Engine, Inc. v. Google LLC, No. 3:19-cv-01301, 2020 WL 3414627 (S.D. Cal. June 22, 2020) (after amending once to add lengthy new allegations, motion to strike inequitable conduct defense granted without leave to amend again).

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: December 30, 2021

cc: Alexander N. Gross, Esq.
     Dustin Guzio, Esq.
     Garrard Russ Beeney, Esq.
     Helen Andrews, Esq.
     Laurie Stempler, Esq.
     Marc De Leeuw, Esq.
     Morgan Schusterman, Esq.
     Stephen J. Elliott, Esq.
     Henry Clay Quillen, Esq.
     Robert R. Lucic, Esq.
     Ali-Reza Boloori, Esq.
     Bryanna Kleber Devonshire, Esq.
     Emily Scott, Esq.
     Gregg Locascio, Esq.
     Joseph Loy, Esq.
     Joshua Popik Glucoft, Esq.
     Nathanial Louis DeLucia, Esq.