**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| OCADO INNOVATION LTD. and OCADO SOLUTIONS LTD., Plaintiffs, v. AUTOSTORE AS and AUTOSTORE SYSTEM INC., Defendants. | Case No. 1:21-cv-00041-JL |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the Plaintiffs, Ocado Innovation Ltd. and Ocado Solutions Ltd. (collectively, "Ocado") and the Defendants, AutoStore AS and AutoStore System Inc. (collectively "AutoStore") in the above-captioned matter ("Action"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, the Parties hereby stipulate to the following order ("Order" or "Protective Order); and the Court hereby adopts the Parties' stipulated Protective Order as its order:

**1.** Confidential business information is information that concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other

organization, or other information of commercial value, the disclosure of which is likely to have the effect of either: (i) impairing the Court's ability to obtain such information as is necessary to perform its functions; or (ii) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Court orders the disclosure of such information.

**2.** (a) Any information submitted, in discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this case, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or a comparable notice. Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order.

(b) The Court may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the matter. If such a determination is made by the Court, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

**3.** In the absence of written permission from the supplier or an order by the Court, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) counsel with outside law firms of record for the Parties (which, for the sake of clarity, excludes attorneys with Powell Gilbert LLP and Kirkland & Ellis International LLP), including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents

or information and necessary stenographic and clerical personnel thereof; (iii) technical experts, outside consultants, and their staff who are employed for the purposes of this litigation; (iv) and the Court and its personnel.

**4.** Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

**5.** If the Court orders, or if the supplier and the Parties agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Court finds that the information is not confidential business information as defined in paragraph 1 hereof.

**6.** Any confidential business information submitted to the Court in connection with a motion or other proceeding within the purview of this case shall be submitted under seal pursuant to paragraph 2 above. Before a court reporter or translator receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof by signing the agreement included as Attachment A hereto. Copies of each such signed agreement shall be provided to the supplier of such confidential business information.

**7.** The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Court rules, after

an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

**8.** If while the case is pending before the Court, a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If prior to, or at the time of such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the case, such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the Court. If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Court.

**9.** No less than 10 days prior to the initial disclosure to a proposed expert or outside consultant of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and detailed employment history to the supplier. If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefore prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the supplier shall submit immediately each objection to the Court for a ruling by filing a motion for a protective order.

**10.** If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the Court and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

**11.** Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of confidential business information.

**12.** Within thirty (30) days of final termination of this Action, including any appeals, all material designated "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION" ("DESIGNATED MATERIAL"), including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

**13.** If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this investigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

**14.** Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

**15.** Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

**16.** Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

**17.** Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

**18.** This Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

**19.** A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

**20.** The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a

motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

**21.** Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

**22.** Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

**23.** Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

**24.** Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**25.** **<u>Source Code</u>.** A producing party may designate documents, information, or things that contain non-public Source Code of the producing party or of any non-party whose

documents or information a producing party is permitted to produce in this Action as "CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION."

**26. Definitions.**

A. "Source Code" shall mean source code, object code (*i.e.*, computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

**27. Source Code Qualified Persons.** Unless otherwise ordered by the Court or permitted in writing by a producing party, materials designated as "CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION" shall not be disclosed to anyone except the following persons ("SOURCE CODE QUALIFIED PERSONS"):

A. Outside Counsel of Record, and staff assisting such counsel who are necessarily incident to the litigation of this Action;

B. The Court and its personnel;

C. Court reporters, stenographers, and videographers transcribing or recording testimony at depositions, hearings, or trial in this Action, who have signed an acknowledgment to be bound by the Order;

D. Qualified experts or consultants retained by a party for purposes of this Action under paragraph 9 of this Protective Order (hereinafter, "Qualified Experts") and who have signed the subscription to be bound by the Protective Order in this Action;

E. Any third parties who are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that the Source Code or portion of the Source Code was authored or received by the witness without any violation of any confidentiality obligation owed to any party in this Action;

F. Anyone else to whom the producing party consents.

G. Nothing in this paragraph shall prevent a producing party from disclosing its Source Code to the producing party's own employees or consultants.

**28. <u>Production and use of "CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION"</u>.** "CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION" shall be provided with the following additional protections:

A. Nothing in this Protective Order shall obligate the Parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

B. Except as provided in paragraph 27(G), access to Source Code of the producing party will be given only to Source Code Qualified Persons.

C. Access to Source Code shall be provided on two stand-alone computers ("Source Code Computer"). The Source Code Computer shall be kept in a secure location within the Contiguous United States at the offices of the producing party's Outside Counsel of Record, or at such other location as the producing party and receiving party mutually agree, except that in the event that government-imposed restrictions preclude travel to such location in view of the COVID-19 pandemic, the parties shall negotiate a mutually agreeable protocol for Source Code Qualified Persons to conduct a remote review of the Source Code Computer. The Source Code Computer may be password protected and shall have the Source Code stored on a hard drive contained inside

the computer. At the option of the producing party, the Source Code Computer may be non-networked. The producing party shall make the Source Code viewable in computer searchable format on the Source Code Computer. The Source Code Computer shall, at the receiving party's request, include or have access to reasonable analysis tools appropriate for the type of Source Code. The Source Code Computer shall include dual monitors and have reasonable processing power.

D. The receiving party shall make reasonable efforts to restrict its requests for access to the Source Code Computer to the hours of 9:00 a.m. through 5:00 p.m. local time at the reviewing location. Upon reasonable notice from the receiving party, which shall not be less than one (1) business day in advance, the producing party shall make reasonable efforts to accommodate the receiving party's request for access to the computers outside of the above stated hours. Such an expanded review period shall be limited to business days and shall not begin earlier than 8:00 a.m. and shall not end later than 9:00 p.m. local time at the reviewing location. The parties agree to cooperate in good faith such that access to the Source Code at the offices of the producing party's Outside Counsel of Record, or at such other location as the producing party and receiving party mutually agree, shall not unreasonably hinder the receiving party's ability to efficiently conduct the prosecution or defense in this Action. Proper identification of all Source Code Qualified Persons shall be provided prior to any access to the Source Code Computers.

E. All Source Code Qualified Persons who will review Source Code on behalf of a receiving party shall be identified in writing to the producing party at least one (1) day in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any disclosure required under paragraph 9 of this Protective Order. The producing party shall provide these individuals with information explaining how to start, log on to, and operate the

Source Code Computer in order to access the produced Source Code on the Source Code Computer. Advance notice for a subsequent review shall be sufficient when provided by 1:00 p.m. (local time at the location of the Source Code Computer) during the course of a review session, for such review to continue the next subsequent business day.

F. No person other than the producing party may alter, dismantle, disassemble or modify the Source Code Computer any way, or attempt to circumvent any security feature of the computers.

G. No copies shall be made of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the Source Code Computer, except for: (1) printouts of reasonable portions of the Source Code in accordance with the provisions of this Protective Order; and (2) such other uses to which the parties may agree or that the Court may order. Reasonable portions of the Source Code shall be limited to the portions that are necessary to understand a relevant feature of a relevant product in this Action. No Source Code Qualified Person may bring outside electronic devices, including but not limited to laptop computers (except for taking notes, as provided herein), mobile phones, USB flash drives, zip drives, or devices with camera functionalities into the room containing the Source Code Computer. Notes by a Source Code Qualified Person may only be taken in (1) a single bound spiral notebook ("Source Code Notebook"), which will be marked on its face and treated as CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION, and (2) a word processing program on a password-protected, non-networked laptop to be approved by the producing party ("Source Code Notes Laptop"), provided the electronic version of such notes are marked CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION. Such notes are presumptively attorney work product that need not be shared with or returned to

the producing party at the conclusion of the Action but must be destroyed in accordance with the provisions of the Protective Order at the conclusion of this matter. A Source Code Qualified Person may not copy more than ten consecutive lines of Source Code into the Source Code Notebook or Source Code Note Laptop or otherwise use notes to evade the requirements of the Protective Order.

H. Except for remote review, the producing party may exercise personal supervision from outside the review room over the Source Code Qualified Person when they are in the Source Code review room. Such supervision, however, shall not entail review of any work product generated by the Source Code Qualified Person. There will be no video supervision of the Source Code Qualified Person.

I. Nothing may be removed from the Source Code Computers, either by the receiving party or at the request of the receiving party, except for (1) printouts of reasonable portions of the Source Code in accordance with the provisions of this Protective Order; and (2) such other uses to which the parties may agree or that the Court may order.

J. At the request of the receiving party, the producing party shall within five (5) business days provide one (1) hard copy printout and one (1) password-protected, encrypted searchable PDF file of the specific lines, pages, or files of the Source Code that the receiving party believes in good faith are necessary to understand a relevant feature of the Source Code. The producing party will provide means for the receiving party to identify the printouts requested during the review. The receiving party may not request printouts of entire files identified as of interest in the first instance (*i.e.*, as an alternative to reviewing the Source Code on the Source Code Computer). During the review of Source Code, if a receiving party believes in good faith that contemporaneous access to printouts of particular pages of the Source Code are necessary to further the review, the receiving party may request and the producing party shall promptly provide

one (1) hard copy printout of such pages. The receiving party shall limit its requests for contemporaneous access to printouts to those pages actually necessary to continue the review. If the producing party objects in any manner to the production of the requested Source Code (*e.g.*, the request is too voluminous), it shall state its objection within the allotted five (5) business days pursuant to this paragraph. In the event of a dispute, the parties will meet and confer within two (2) business days of the objection being raised and if they cannot resolve it, the producing party must raise it with the Court.

K. Hard copy printouts of Source Code shall be provided on white, Bates-numbered and watermarked paper clearly labeled CONFIDENTIAL SOURCE CODE— ATTORNEY'S EYES ONLY INFORMATION on each page and shall be maintained by the receiving party's Outside Counsel of Record or other Source Code Qualified Persons in a secured locked area. The receiving party may also temporarily keep the hard copy printouts at: (a) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (b) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (c) any reasonably secure intermediate location reasonably necessary to transport the hard copy printouts (*e.g.*, a locked hotel room prior to a deposition, Court hearing or other proceeding, or a secure carrier such as FedEx). The receiving party shall exercise due care in maintaining the security of the hard copy printouts at these temporary locations. No further hard copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media except that:

1. The receiving party is permitted to make up to five (5) additional hard copies for use at a deposition, after which any copies not provided to other parties during the deposition will be destroyed. In the case of remote depositions, one copy will be

provided to the witness and one copy to the defending attorney in advance of the deposition, in sealed envelopes stamped CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION; the envelopes shall not be opened until the deposition commences; the court reporter will not retain any hard copies of Source Code, but will note the Bates number of the pages of Source Code used on the transcript. Any transcript in which Source Code is discussed will be marked CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION, and the transcript will be subject to the requirements of this paragraph, unless the Parties reach agreement otherwise, which the Parties will do in good faith to address portions of the transcript that do not discuss the Source Code.

2. The receiving party is permitted to make up to five (5) additional hard copies of Source Code in connection with a Court filing, hearing, or trial, but only of the specific pages that are directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered. To the extent portions of Source Code are quoted or reproduced in a Court filing, either (1) the entire document will be stamped and treated as CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION; or (2) those pages containing quoted or reproduced Source Code will be separately stamped and treated as CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION. If Source Code is discussed on the record in a hearing, the portion of the hearing transcript will be marked CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION, and that portion of the transcript will be subject to the other requirements of this Protective Order.

3. The receiving party is permitted to make up to four (4) additional hard copies which shall be maintained by the receiving party's Outside Counsel of Record or other Source Code Qualified Persons in a secured locked area. The receiving party shall disclose to the producing party within one (1) business day the pages of Source Code copied and how many copies were made. The Outside Counsel of Record or other Source Code Qualified Persons maintaining the Source Code shall also abide by the provisions of Paragraph 28(N).

4. The receiving party is permitted to provide the password-protected, encrypted searchable PDF of the source code to up to four (4) Source Code Qualified Persons. The receiving party shall disclose to the producing party within one (1) business day the Source Code Qualified Persons to whom the PDF has been provided. No further copies of the PDF will be made.

5. Except as provided in the previous paragraph, electronic copies of Source Code may only be made to be included in documents which, pursuant to the Court's rules, procedures and order(s), cannot be filed or served in hard copy form and must be filed or served electronically. Only the necessary amount of electronic copies to effectuate such filing may be temporarily stored on any receiving party server, hard drive, thumb drive, or other electronic storage device at any given time. After any such electronic filing or service, the receiving party shall delete all electronic copies from all receiving party electronic storage devices.

6. The producing party shall, on request, provide access to a Source Code Computer during depositions of witnesses who would otherwise be permitted access to such Source Code. If a Source Code Computer is requested for a deposition, the

receiving party shall make such request at the later of the time of the notice for deposition or five (5) business days prior to the time of the deposition.

L. Nothing in this Protective Order shall be construed to limit how a producing party may maintain material designated as CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION.

M. Outside Counsel of Record for the receiving party with custody of CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION shall maintain an access log containing the following information: (1) the identification of each person granted access to the CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION; (2) the date on which such access was granted; and (3) the Source Code to which access was granted. Outside Counsel of Record for the receiving party will produce, upon request, such access log to the producing party within twenty (20) days of the final termination of this Action (including all appeals).

N. At the conclusion of this Action (including all appeals), the receiving party shall certify that all copies of any CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION in the possession of all Source Code Qualified Persons affiliated with receiving party have been destroyed.

**29.** Absent the written consent of the producing party, any person who views a producing party's Source Code shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the producing party's Source Code disclosed to that person. This prohibition on patent prosecution shall begin when an individual views a producing party's Source Code in this Action and shall end one (1) year after the final resolution of this Action, including all appeals. This prosecution bar is personal to the person viewing the Source

Code in this Action and shall not be imputed to any other person or entity. For the avoidance of doubt, nothing in this provision shall preclude any person who views a producing party's Source Code from participating in any post-grant proceeding (including *inter partes* review) for any patent. For patents other than the patents-in-suit, any person who views a producing party's Source Code may not directly or indirectly assist in drafting, amending or proposing for substitution patent claims in any post-grant proceeding (including, for example, *inter partes* review or EPO opposition proceedings) relating to the subject matter of the producing party's Source Code disclosed to that person.

**SO ORDERED.**

Dated: January 20, 2022

Honorable Joseph N. Laplante
United States District Judge

Dated: October 22, 2021

OCADO INNOVATION LTD. AND
OCADO SOLUTIONS LTD.

By Their Attorneys,

*/s/ Henry C. Quillen*

Henry C. Quillen (NH Bar #26540)
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, New Hampshire
Telephone: (603) 294-1591
Facsimile: (800) 922-4851
hquillen@whatleykallas.com

Garrard R. Beeney (admitted *pro hac vice*)
Dustin F. Guzior (admitted *pro hac vice*)
Morgan N. Schusterman (admitted *pro hac*

Respectfully Submitted,

AUTOSTORE AS AND
AUTOSTORE SYSTEM INC.,

By Their Attorneys,

*/s/ Robert R. Lucic*

Robert R. Lucic (NH Bar #9062)
Bryanna K. Devonshire (NH Bar #269462)
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street, PO Box 3701
Manchester, NH 03105
(603) 627-8188
rlucic@sheehan.com
bdevonshire@sheehan.com

*vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Ocado_DNH@sullcrom.com

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
Emily M. Scott (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
glocascio@kirkland.com
emily.scott@kirkland.com

Joseph A. Loy, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
jloy@kirkland.com

Ali-Reza Boloori (admitted *pro hac vice*)
Joshua Glucoft (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
ali-reza.boloori@kirkland.com
josh.glucoft@kirkland.com

**APPENDIX A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| OCADO INNOVATION LTD. and OCADO SOLUTIONS LTD., Plaintiffs, v. AUTOSTORE AS and AUTOSTORE SYSTEM INC., Defendants. | ) | Case No. 1:21-cv-00041-JL |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS**
**REGARDING PROTECTIVE ORDER**

I, ________________________________________, declare that:

1. My address is _______________________________________________.

My current employer is _________________________________________________.

My current occupation is ________________________________________________.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as “CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER” or “CONFIDENTIAL SOURCE CODE—ATTORNEY’S EYES ONLY INFORMATION” that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as “CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER” or “CONFIDENTIAL SOURCE CODE—ATTORNEY’S EYES ONLY INFORMATION” that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature ________________________________________

Date ____________________________________________