# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| OCADO INNOVATION LTD. and OCADO SOLUTIONS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> AUTOSTORE AS and AUTOSTORE SYSTEM INC., <br><br><br><br> Defendants. | Case No. 1:21-cv-00041-JL <br><br> **Hon. Joseph N. Laplante** <br><br> **Expedited Treatment Requested Pursuant to LR 7.1(f)** |

## OCADO'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE AUTOSTORE'S UNTIMELY PROPOSED CLAIM CONSTRUCTIONS

Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, Supplemental Patent Rules ("SPR") 5.1 and 6.1, and the Court's November 30, 2021 scheduling order, as amended (Dkt. Nos. 80, 95, 95-1, 96, and 96-1, the "Scheduling Order"), Plaintiffs Ocado Innovation Ltd. and Ocado Solutions Ltd. ("Ocado") respectfully request that the Court enforce its Scheduling Order and strike untimely claim constructions proposed by Defendants AutoStore AS and AutoStore System Inc. ("AutoStore").

## PRELIMINARY STATEMENT

The Court's Scheduling Order and this District's Supplemental Patent Rules required AutoStore to identify any claim term that it contends should be construed by the Court in its March 24, 2022 list of proposed terms for construction (SPR 6.1(a)), as well as its April 21, 2022 preliminary claim constructions (SPR 6.1(b)). The Supplemental Patent Rules required AutoStore to identify any claim term that it contends is governed by 35 U.S.C. § 112(f) in these disclosures, as well as in its March 10, 2022 preliminary invalidity contentions (SPR 5.1(c)(3)).

This motion asks the Court to strike new proposed constructions that AutoStore did not present in any of these disclosures.

In its disclosures in March and April, AutoStore did not propose that the term "control unit" or "one or more processors configured to" should be construed by the Court or provide a construction for either term. Similarly, AutoStore did not propose any constructions under § 112(f) for the terms: (i) "wherein the clearance unit is configured as a passive collision avoidance system, wherein each transporting device is operated in a manner without impacting system performance" as used in Claim 7 of U.S. Patent No. 10,901,404 (the "'404 Patent"), (ii) "wherein at least one of the clearance unit, and the movement optimisation unit is configured to dynamically re-plan a route" as used in Claim 9 of the '404 Patent, or (iii) "clearance unit" as used in Claim 8 of the '404 Patent. It was only on May 20 and 24, 2022, two months into the claim construction process and days away from the parties exchanging expert declarations to support their proposed constructions, that AutoStore identified proposed constructions for these terms, including proposed constructions under § 112(f).[1]

These eleventh-hour disclosures violate the Court-ordered deadlines. Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Local Rule ("LR") 16.4 ("Deadlines established by the court shall not be changed by agreement without court approval."). AutoStore did not ask for modification of the Scheduling Order and in any event cannot come close to a showing of good cause: AutoStore chose to forgo multiple opportunities to identify these terms for construction or propose constructions for these

---

[1] AutoStore proposed constructions for the first four terms for the first time on May 20, 2022. (*See* Ex. E at 169-71, 173-76 (Excerpts from AutoStore's May 20, 2022 Updated Preliminary Claim Constructions).) AutoStore proposed a construction for "clearance unit" as used in Claim 8 of the '404 Patent for the first time on May 24, 2022. (*See* Ex. A at 156-57 (Excerpts from AutoStore's May 24, 2022 Updated Preliminary Claim Constructions).)

terms under § 112(f). At this stage of the claim construction process, having focused its resources and discussions with experts (who submitted declarations on May 27) on the claim construction arguments reflected in AutoStore's timely submissions, Ocado would be severely prejudiced if AutoStore is allowed to flout the deadlines set out in the Scheduling Order and advance its newly proposed constructions. The Court should strike AutoStore's untimely proposed claim constructions.

**ARGUMENT**

"Local patent rules are essentially a series of case management orders that fall within a district court's broad power to control its docket and enforce its order." *Keranos, LLC* v. *Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015). The purpose of the rules is "to allow the defendant to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense." *O2 Micro Int'l Ltd.* v. *Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006); *Collaborative Agreements, LLC* v. *Adobe Sys. Inc.*, No. 15-CV-3853, 2016 WL 1461487, at *3 (N.D. Cal. Apr. 14, 2016) ("The main purpose of the discovery-related Patent Local Rules is to get the parties to commit to positions early on in the litigation and stick to them absent good cause.").

This District's Supplemental Patent Rules ("SPR") set out a precise sequence of events to facilitate the parties' exchange of positions. Among other disclosures, each party must identify terms for construction in its list of proposed terms for construction (SPR 6.1(a)), as well as in its proposed constructions for the terms identified by either party (SPR 6.1(b)). Further, each party must identify proposed claim constructions under 35 U.S.C. § 112(f), which governs the

construction of means-plus-function claim limitations, in those disclosures, as well as in their preliminary contentions (SPR 5.1(a)(1), (c)(3)).[2]

There is no dispute that AutoStore served new proposed claim constructions weeks after all of these Court-ordered deadlines. Those new proposed constructions should therefore be stricken. Had AutoStore wished to identify new terms for construction or new § 112(f) constructions, it should have requested a modification of the Court's Scheduling Order. It did not do so, and, in any event, such a request would not have been justified because the terms appear in claims that Ocado has asserted since at least January 24, 2022.

## I.  AutoStore's Proposal of New Terms for Construction and New § 112(f) Constructions Violate the Court's Scheduling Order and This District's Supplemental Patent Rules.

Supplemental Patent Rule 6.1 requires that each party identify the claim terms that it contends should be construed by the Court in its list of proposed terms for construction. The rules further specify that each of the preliminary contentions, list of proposed terms for construction, and preliminary claim constructions must identify "each term which [a] party contends should be governed by 35 U.S.C. § 112(f)."[3] AutoStore's preliminary invalidity contentions under SPR 5.1(c) were due on March 10, 2022, its list of proposed terms for

---

[2] A means-plus-function claim limitation is a limitation that "recit[es] a function to be performed," as opposed to a "structure for performing that function." *Williamson* v. *Citrix Online, LLC*, 792 F.3d 1339, 1347 (Fed. Cir. 2015) (*en banc*).

[3] SPR 5.1(c) states that preliminary invalidity contentions must identify "for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function," as well as "[a]ny other asserted grounds of invalidity . . . including contentions based on . . . 35 U.S.C. § 112."

SPR 6.1(a) requires that each party "identify any claim term which that party contends should be governed by 35 U.S.C. § 112(f)" in their list of proposed terms for construction, and SPR 6.1(b)(1) requires that "for each term which any party contends is governed by 35 U.S.C. § 112(f)," the preliminary constructions "identify the function of that term and the structure(s), act(s), or material(s) corresponding to that term's function."

construction under SPR 6.1(a) was due on March 24, 2022, and its preliminary claim constructions under SPR 6.1(b) were due on April 21, 2022. (Dkt. Nos. 80, 95-1.)

AutoStore failed to identify the terms "control unit" and "one or more processors configured to," or any of the disputed § 112(f) constructions, in any of those required disclosures, the latest of which was due on April 21, 2022.[4] Instead, the first time that AutoStore proposed any of these new claim constructions was in its Updated Disclosures of Proposed Terms for Construction, served on May 20 and 24, 2022.[5] These untimely constructions should therefore be stricken.

## II.    AutoStore Has Not Requested a Modification of the Court's Scheduling Order and Cannot in Any Event Show Good Cause as Would Be Required for Such a Modification.

Had it wanted to propose new claim constructions after the Court-ordered deadlines, AutoStore should have requested a modification of the Scheduling Order. But AutoStore never did so, and instead simply proposed new claim constructions and insisted that Ocado address them in claim construction and expert proceedings, even though the parties were over two months into the claim construction process and days away from exchanging expert declarations. That alone is sufficient to strike AutoStore's new contentions. *Nw. Bypass Grp.* v. *U.S. Army Corps of Eng'rs*, No. CIV 06-CV-258, 2007 WL 1514146, at *3 n.4 (D.N.H. May 18, 2007) ("[I]f the Plaintiffs wished to alter the deadlines in the Pretrial Scheduling Order, they should have moved to do so.").

In any event, AutoStore had no basis for obtaining a modification of the Scheduling Order. To alter the deadlines set forth in the Scheduling Order and Supplemental Patent Rules,

---

[4] *See* Ex. B (Excerpts from AutoStore's March 10, 2022 Preliminary Invalidity Contentions); Ex. C (AutoStore's March 24, 2022 List of Proposed Terms for Construction); Ex. D (Excerpts from AutoStore's April 21, 2022 Preliminary Claim Constructions).

[5] *See* Ex. A; Ex. E.

AutoStore would have been required to show "good cause." Fed. R. Civ. P. 16(b)(4); LR 16.4; *see Forrester Env't Servs., Inc.* v. *Wheelabrator Techs., Inc.*, No. 10-CV-154, 2012 WL 928080, at *2 (D.N.H. Mar. 19, 2012) (Laplante, J.). "The 'good cause' standard focuses on the diligence (or lack thereof) of the moving party." *Flores-Silva* v. *McClintock-Hernández*, 710 F.3d 1, 3 (1st Cir. 2013); *see Cruz* v. *Bristol-Myers Squibb Co.*, 699 F.3d 563, 570 (1st Cir. 2012) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (quoting *Johnson* v. *Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992))).

AutoStore's new proposed claim constructions—raised for the first time several months after they were required to be disclosed under the Court's Scheduling Order and Supplemental Patent Rules—simply come too late. AutoStore had numerous opportunities to propose the terms "control unit" and "one or more processors configured to" for construction, but it failed to do so. For example, in its January 24, 2022 infringement contentions, Ocado asserted Claim 1 of the '770 Patent, which recites the "one or more processors configured to" limitation.[6] Despite at least *three* opportunities to propose its new § 112(f) construction—in its preliminary invalidity contentions, its list of proposed constructions, and its preliminary claim constructions—AutoStore did not make any such argument until May 20, 2022. The same is true with respect to the term "control unit": Ocado asserted Claim 1 of the '404 Patent, which recites the term "control unit," in its January 24 infringement contentions,[7] as well as in its February 26, 2021 Amended Complaint (Dkt. No. 11 ¶ 84); yet AutoStore did not identify its new proposed construction until May 20, 2022.

---

[6] *See* Ex. F at 292-93 (Excerpts from Ocado's January 24, 2022 Preliminary Infringement Contentions).

[7] *See* Ex. F at 156-57.

AutoStore had the same opportunities to assert its new § 112(f) constructions for "wherein the clearance unit is configured as a passive collision avoidance system, wherein each transporting device is operated in a manner without impacting system performance" as used in Claim 7 of the '404 Patent, "clearance unit" as used in Claim 8 of the '404 Patent, and "wherein at least one of the clearance unit, and the movement optimisation unit is configured to dynamically re-plan a route" as used in Claim 9 of the '404 Patent—Ocado asserted Claims 7, 8, and 9 of the '404 Patent in its January 24, 2022 preliminary infringement contentions;[8] yet AutoStore did not identify its new proposed constructions until May 20 and 24, 2022.

During the parties' meet and confer, AutoStore blamed its lack of diligence on Ocado's supplemental infringement contentions, which AutoStore had requested from Ocado based on discovery that AutoStore had produced. In particular, under the terms of the parties' agreed-upon schedule, Ocado supplemented its preliminary infringement contentions on May 16, 2022 to cite lines of AutoStore's confidential source code based on Ocado's review of the source code. When Ocado's review uncovered new evidence that AutoStore's systems infringe additional claims of the '404 and '770 Patents, Ocado added those claims to its supplemental contentions.[9] AutoStore now argues that the newly asserted claims necessitate its new proposed claim constructions, but that argument does not make sense: All of the terms in dispute that AutoStore now seeks to construe already appeared in claims that Ocado has asserted since its January 24

---

[8] *See* Ex. F at 158-161.

[9] Ocado served its January 24 infringement contentions before it had begun discovery of AutoStore's source code. Accordingly, Ocado "reserve[d] the right to amend its infringement contentions as necessary to reflect such discovery, including to assert infringement of additional claims as permitted by the Court's scheduling order." On April 28, 2022, the parties agreed that Ocado would supplement its infringement contentions to reflect the source code that AutoStore had made available by May 16, 2022—which Ocado did. Based on its review of AutoStore's confidential source code, Ocado identified new claims that AutoStore infringes and included those new claims in its supplemental contentions.

infringement contentions.  For the '404 Patent, the term "control unit" appears in Claim 1, which was asserted in Ocado's January 24 infringement contentions; and the terms "wherein the clearance unit is configured as a passive collision avoidance system, wherein each transporting device is operated in a manner without impacting system performance," "clearance unit," and "wherein at least one of the clearance unit, and the movement optimisation unit is configured to dynamically re-plan a route" appear in Claims 7, 8, and 9, respectively, which also were asserted in Ocado's January 24 infringement contentions.  And for the '770 Patent, the term "one or more processors configured to" appears in Claim 1, which also was asserted in Ocado's January 24 infringement contentions.  If AutoStore believed that these terms required construction, it was required to identify them by the deadlines set out in the Scheduling Order.  *See Nautilus Neurosciences, Inc.* v. *Wockhardt USA LLC*, No. CIV.A. 11-1997, 2013 WL 7901901, at \*7 (D.N.J. Jan. 23, 2013) ("Diligence does not exist where Defendants uncover the basis of an invalidity defense during the claim construction process if they could have done so prior to filing their invalidity contentions.").  AutoStore has not provided, nor could it provide, a reason to treat any of the terms that are used in the already asserted claims differently from the terms used in the newly asserted claims of the very same patent.  *Omega Eng'g, Inc.* v. *Raytek Corp.*, 334 F.3d 1314, 1334 (Fed. Cir. 2003) (holding that a court must "presume, unless otherwise compelled, that the same claim term in the same patent or related patents carries the same construed meaning"); *Marine Polymer Techs., Inc.* v. *HemCon, Inc.*, No. CIV. 06-CV-100, 2009 WL 2046041, at \*8 (D.N.H. July 9, 2009).  There is "no legitimate reason [AutoStore] could not have met the agreed-upon deadline in the scheduling order" to identify these terms or assert that the terms must be construed under § 112(f).  *Forrester*, 2012 WL 928080, at \*2.  Its failure to do so "is not diligence; it is neglect," *id*., and "[a]ny prejudice that may result from [its] inability to [make these arguments] was occasioned by [its] own inaction," *Forrester Env't Servs., Inc.* v. *Wheelabrator Techs., Inc.*,

No. 10-CV-154, 2012 WL 209182, at *1-2 (D.N.H. Jan. 24, 2012) (involving a delay of "one and a half months" leaving "just two weeks . . . before [another] agreed-upon deadline").

Although "Rule 16's 'good cause' standard is less concerned with prejudice to the opposing party than it is with the diligence of the moving party," *Forrester*, 2012 WL 928080, at *2, the prejudice to Ocado from AutoStore's untimely arguments is significant and also supports striking AutoStore's new proposed claim constructions. The claim construction process is well underway, with the parties having exchanged expert declarations on May 27 and scheduled to submit the Joint Claim Construction and Prehearing Statement in just three days. Ocado would be prejudiced if AutoStore were permitted to include its new proposed claim constructions at this late stage of the claim construction process. Ocado and its experts would have to develop positions in response to AutoStore's new arguments, make additional submissions, and delay proceedings; at this stage of the claim construction process, the parties should be evaluating their respective positions so that they can narrow the disputes for the Court to resolve. In addition, AutoStore served its preliminary invalidity contentions on March 10, 2022, along with 526 pages of claim charts for the '404 Patent and 778 pages of claim charts for the '770 Patent. If AutoStore believed that any of these terms were governed by § 112(f), it should have disclosed "the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function" in those 1,304 pages of claim charts. But it did not. *See Iovate Health Scis., Inc.* v. *Bio-Engineered Supplements & Nutrition, Inc.*, No. 07-CV-46, 2008 WL 11344730, at *4 (E.D. Tex. June 9, 2008) (finding no good cause where the defendant "ha[d] not explained where specifically in each alleged item of prior art each element of each asserted claim is found"). Ocado and its experts have relied on AutoStore's claim charts for almost three months to understand AutoStore's invalidity arguments and would be further prejudiced if AutoStore were allowed to make new invalidity arguments months after the original deadline for its preliminary invalidity contentions.

**CONCLUSION**

For the foregoing reasons, the Court should strike AutoStore's untimely proposed

claim constructions.

Date: May 31, 2022

Respectfully submitted,

*/s/ Henry C. Quillen*
Henry C. Quillen
New Hampshire Bar No. 265420
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, New Hampshire
Tel: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com


Garrard R. Beeney (admitted *pro hac vice*)
Marc De Leeuw (admitted *pro hac vice*)
Dustin F. Guzior (admitted *pro hac vice*)
Stephen J. Elliott (admitted *pro hac vice*)
Laurie N. Stempler (admitted *pro hac vice*)
Alexander N. Gross (admitted *pro hac vice*)
Mark C. Bennett (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
Fax: (212) 558-3588
Email: Ocado_DNH@sullcrom.com

Laura Kabler Oswell (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Tel: (650) 461-5600
Fax: (650) 461-5700
Email: Ocado_DNH@sullcrom.com

*Counsel for Plaintiffs Ocado Innovation Ltd.*
*and Ocado Solutions Ltd.*