**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

OCADO INNOVATION LTD. and
OCADO SOLUTIONS LTD.,

    *Plaintiffs*,

    v.

AUTOSTORE AS and
AUTOSTORE SYSTEM INC.,

    *Defendants*.

Case No.: 1:21-cv-00041-JL

Honorable Joseph LaPlante

**<u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
PARTIALLY STRIKE PLAINTIFFS' FIRST SUPPLEMENTAL PRELIMINARY
INFRINGEMENT CONTENTIONS</u>**

## TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................. 1

II.   BACKGROUND ................................................................................................... 2

III.  ARGUMENT........................................................................................................ 5

    A.    Ocado's Newly Added Infringement Contentions for the '404 and '707 Claims Should Be Dismissed.................................................................. 5

    B.    In the Alternative, AutoStore Respectfully Requests Leave to Brief More Than 10 Terms for Construction and to Use Additional Claim Construction Briefing Pages ................................................................... 9

IV.   CONCLUSION ................................................................................................... 11

## I.     INTRODUCTION

Nearly a year and a half since this case began, Ocado seeks to *expand* rather than narrow its already unwieldy patent infringement allegations. In this single consolidated case, Ocado asserts five patents, spanning three patent families. On January 24, 2022, over a year after filing its original complaint, Ocado served initial infringement contentions, alleging infringement of a total of **81** claims across the five patents-in-suit. As if 81 claims were not already enough for the Parties to sift through—let alone the Court and jury—just last week, on May 16, 2022, Ocado supplemented its contentions to *add* 18 newly asserted claims for the '404 and '770 patents, raising the total number of claims for those two patents alone to 44; with **99** total asserted claims in total. This is an excessive number of claims that Ocado cannot even begin to hope to present at trial.

Ocado's tactic appears designed to inundate AutoStore and the Court with issues to address, while causing needless waste of significant resources. Tellingly, when Ocado negotiated the amended claim construction schedule with AutoStore, it gave no indication that it was planning to assert 18 new patent claims, only doing so well after the Court adopted the parties' jointly agreed schedule. Compounding matters, Ocado boldly seeks to foreclose AutoStore from even challenging its newly raised claims at claim construction. It is Ocado's position that it can add claims belated but not allow AutoStore to propose claim constructions or indefiniteness challenges to those new claims. Indeed, just last week, on May 23, 2022, Ocado informed AutoStore that it intended to move to strike AutoStore's responses to Ocado's late claim assertions because AutoStore had not identified them in its prior invalidity contentions or claim construction submissions. But that makes no sense. AutoStore had no reason to identify those claims in its prior submissions because Ocado had not yet asserted them. If Ocado were to get its way, it could amend its contentions and pleadings at any stage of the case without AutoStore being afforded a chance to challenge those belated allegations—and irrespective of the Federal Rules of Civil

Procedure, the Local Rules of this Court or the Scheduling Orders governing the orderly sequencing of pretrial matters. No such exceptions exits.

For these reasons, AutoStore respectfully requests that the Court strike the newly raised claims because they are excessive and now require AutoStore to develop claim construction arguments and invalidity defenses for previously unasserted claims on an expedited schedule.

## II.    BACKGROUND

This is a five-patent case that Ocado commenced in January 2021 with four patents (U.S. Patent Nos. 10,913,602, 10,961,051, 10,901,404, and 9,796,080). Dkt. 1. In October 2021, Ocado filed a separate complaint asserting a fifth patent (U.S. Patent No. 11,079,770). Case No. 1:2021-cv-00806-JL, Dkt. 1. That case has since been consolidated with the original action (Dkt. 82).[1] The '404 and '770 patents belong to the same family, covering the same technology, and share a common specification.

The Court set the case schedule on November 30, 2021 in its Order After Preliminary Pretrial Conference (the "original schedule"). Dkt. 80. The Court scheduled the dates for Plaintiffs to serve their Preliminary Infringement Contentions to January 24, 2022, and for AutoStore to serve their Preliminary Invalidity Contentions, 45 days later, to March 10, 22. Dkt. 80 at 1. The Court's Supplemental Patent Rules ("SPR") require that the Preliminary Infringement Contentions include "an infringement claim chart for each accused product or process," and further specify that the claim chart include the following contentions: "(C) [a] specific identification of where each limitation of the claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s),

---

[1] Unless noted otherwise, the patents will be referenced according to the last three digits in their number (*e.g.*, the '404 patent).

or material(s) in the Accused Instrumentality that performs the claimed function." SPR 5.1(a)(10(C). Thus, Ocado was required to identify both its asserted claims and the evidence supporting alleged infringement.

Ocado failed to submit adequate Preliminary Infringement Contentions. Its contentions, served on January 24, 2022, asserted seven claims from the '404 patent and 16 claims from the '770 patent against the AutoStore Router, the control system responsible for directing the movements of robots on top of AutoStore's cubic grid.[2] Ex. 1 (Ocado's Preliminary Infringement Contentions)[3] at 2-7. Contrary to SPR 5.1(a), Ocado did not identify in its contentions specific evidence of where the limitations of the asserted claims are allegedly found within each Accused Instrumentality. And although Ocado contended that certain terms in claim 1 of the '404 patent were governed by means-plus-function limitations, it failed under SPR 5.1(a) to specify the identity of the structure(s) that it contended meet those limitations.

AutoStore promptly notified Ocado that its infringement contentions were deficient for missing detail about the specific functions that Ocado contends meet each asserted claim. Ex. 2 (2/17/2022 DeLucia Ltr. to Gross). Ocado initially refused to supplement its Preliminary Infringement Contentions **at all**, arguing that its contentions were wholly proper. Only after AutoStore told Ocado it would raise the deficiencies with the Court and move to foreclose Ocado from subsequently amending its contentions did Ocado agree to supplement its contentions with

---

[2] In its Preliminary Infringement Contentions, Ocado asserted claims 1, 6-9, 15, and 20 of the '404 patent, and claims 1, 2, 5, 7-8, 12-15, 17-22, and 27 of the '770 patent. Ex. 1 at 2-7.

[3] Unless noted otherwise, "Ex." refers to exhibits to the Defendants' Motion to Partially Strike Plaintiffs' First Supplemental Preliminary Infringement Contentions.

references to the source code of AutoStore's accused product.[4]  *See* Ex. 3 (3/25/2022 Boloori Ltr. to Bennett); Ex. 4 (4/1/2022 Bennett Ltr. to Boloori) at 1-3, 5.

The parties then negotiated an extension to the case schedule whereby Ocado would serve supplemental preliminary infringement contentions by May 16, 2022, after which AutoStore would serve its supplemental invalidity contentions for the '404 and '770 patents by June 10, 2022; under this agreement, claim construction dates were pushed back to fall after the supplemental contention dates.  Dkt. 96 at ¶¶ 2-4; Dkt. 96-1.  The Court entered the proposed agreement on May 2 ("the amended case schedule").  *See* 5/2/2022 Minute Order.

During the parties' negotiations, AutoStore understood and expected that the supplementation would cite to the missing required evidence (*i.e.*, source code) but would not expand the scope of the asserted claims.  Consistent with that impression, Ocado never informed AutoStore that it planned to assert new claims in its First Supplemental Preliminary Infringement Contentions.   On May 16, Ocado served its First Supplemental Preliminary Infringement Contentions, wherein it kept all originally asserted claims for the '404 and '770 patents but added 18 new claims (nine from the '404 patent and nine from the '770 patent) ("New Claims"), raising the total number of asserted claims for the '404 and '770 patents from 26 to 44.[5]

Ocado's assertion of 18 new claims significantly impacts the case schedule.  For instance, AutoStore must serve its Supplemental Preliminary Invalidity Contentions in response to these newly asserted claim terms.  This requires analyzing current prior art and potentially searching for additional references.  The Supplemental Patent Rules ordinarily provide 45 days for a defendant

---

[4]  Ocado's reviewers have been analyzing AutoStore's source code since January 21, 2022.

[5]   In its First Supplemental Preliminary Infringement Contentions, Ocado added claims 2-3, 11-14, and 17-19 from the '404 patent, and claims 3-4, 6, 9-10, 25-26, and 29-30 from the '770 patent. *See* Ex. 9 (Plaintiffs' First Supplemental Preliminary Infringement Contentions) at 2-7.

to serve its Preliminary Invalidity Contentions in response to a plaintiff's Supplemental Infringement Contentions. SPR 5.1(c). Under the amended schedule, AutoStore gets significantly less—25 days (from May 16 to June 10). Likewise, Ocado's assertion of the new claims requires AutoStore to analyze whether any new claim terms need to be construed and to identify supporting evidence for its construction. Under the original case schedule, AutoStore had 43 days to do so after Ocado identified its asserted claims in its Preliminary Infringement Contentions (from March 10, 2022 to April 21, 2022). For Ocado's newly asserted claims, AutoStore has less than 2 weeks to do so (from Ocado's assertion of new claims on May 16, 2022 to the exchange of expert declarations on May 27, 2022).

## III.     ARGUMENT

### A.     Ocado's Newly Added Infringement Contentions for the '404 and '707 Claims Should Be Dismissed

Ocado's assertion of 18 new claim terms for the '404 and '770 patents well into the claim construction phase of this proceeding should be struck. ***First,*** Ocado cannot realistically expect to assert at trial the original 81 claims across five patents, let alone the ***99*** claims that it asserts now. Rather, Ocado appears intent on inundating AutoStore and the Court with claims that Ocado knows it cannot possibly pursue at trial and thus will ultimately drop. To combat this abuse, the Court has broad discretion to limit the number of asserted claims so as to effectively manage the case and its docket. *See, e.g.*, *In re Katz Interactive Call Processing Pat. Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011) (approving the district court's narrowing of asserted claims because, in complex cases, a district court "needs to have broad discretion to administer the proceedings"); *Elec. Power Grp., LLC v. Alstom, S.A.*, No. 12CV06365JGBRZX, 2014 WL 12770399, at *1 (C.D. Cal. Aug. 28, 2014) (recognizing that "[d]istrict courts possess the authority to limit patent claimants to a set of representative claims," and that they "look to the number of patents and claims at issue and the

feasibility of trying the claims to the jury") (citing cases *Katz*, 639 F.3d at 1313-1314; *Stamps.com Inc. v. Endicia, Inc.*, 437 Fed. Appx. 897, 902 (Fed. Cir. 2011)); *Joao Control & Monitoring Sys., LLC v. Ford Motor Co.*, No. 13-CV-13615, 2014 WL 106926, at *4 (E.D. Mich. Jan. 10, 2014) (narrowing the number of asserted claims to aid efficiency); *3D Sys., Inc. v. Envisiontec, Inc.*, No. 05-74891, 2011 WL 4691937, at *6 (E.D. Mich. Oct. 6, 2011) (requiring plaintiff to drop patents and designate "paradigm claims" based on the inherent authority of the court to manage its cases); *Oasis Rsch., LLC v. Adrive, LLC*, No. 4:10-CV-00435, 2011 WL 7272473, at *2 (E.D. Tex. Sept. 13, 2011) (to aid efficiency, ordering plaintiff to limit the number of asserted claims before claim construction).

Here, Ocado's newly asserted claims are redundant both within and across the two asserted '404 and '770 patents. Ocado asserts both patents against a single accused product—the AutoStore Router as used in the AutoStore automated storage and retrieval system. The two patents also claim essentially the same invention: they share a common specification and have significantly overlapping claims.[6] They claim priority to a common parent, the '141 patent, and at least the '770 patent was issued only after Ocado overcame a nonstatutory double patenting rejection by filing a Terminal Disclaimer of patent term over that parent. The '404 patent also claims nearly identical subject matter to the same parent: as the USPTO examiner who examined the '404 patent application recognized, the '404 patent has "nearly identical claims" to those of "the parent case," which was the '141 patent examined earlier by the USPTO. Ex. 5 (Summary of 8/6/2020 telephonic interview between Ocado's patent counsel and USPTO examiner) at 2.

---

[6] For example, newly asserted claims 17-19 of the '404 patent address a particular situation where a "clearance instruction" is provided to a robot in an untimely manner.

Ocado has not explained (and indeed cannot explain) why it needs 18 newly asserted claims across two nearly identical patents, let alone a combined total of 44 claims across the two patents. *See Katz*, 639 F.3d at 1309 (limiting patent claims but allowing plaintiff to add claims if it could show that such claims "raise[d] issues of infringement/validity that [were] not duplicative of previously selected claims") (internal quotations omitted). Here, Ocado should be prepared to assert exemplary claims rather than almost every claim under the sun.

Left unchecked, Ocado's tactic will waste both the Court's resources—in having to entertain and adjudicate disputes over claims that Ocado will ultimately abandon—and AutoStore's, in having to prepare defenses against all these claims. *See, e.g.*, *Norgren Automation Sols., LLC v. PHD, Inc.*, No. 14-CV-13400, 2015 WL 10735173, at *2 (E.D. Mich. June 22, 2015) (recommending that both the number of asserted claims and the number of terms to be construed to be limited to avoid unnecessary burdens and expense, and explaining there is "ample judicial authority" for imposing such limits), *report and recommendation adopted*, No. 14-CV-13400, 2015 WL 5693038 (E.D. Mich. Sept. 28, 2015), *on reconsideration in part*, No. 14-CV-13400, 2015 WL 6437190 (E.D. Mich. Oct. 21, 2015).

***Second,*** the new claims require AutoStore to brief several additional claim terms in the existing tight time frame. The present timeline for submitting expert declaration (a mere ***11 days*** after Ocado served its supplemental infringement contentions) was set by the Court based on the parties' agreement that was negotiated before AutoStore knew that Ocado would add 18 newly asserted claims. This timeline hamstrings AutoStore's expert to provide opinions for claim terms in the new claims that AutoStore contends are indefinite. By contrast, the Supplemental Patent Rules provide for a significantly longer time for the parties to fully prepare expert declarations (from March 10, 2022, when Ocado served its Preliminary Infringement Contentions to May 27,

2022).  AutoStore should not be prejudiced with a compressed timeframe due to *Ocado's* tactical decision to conceal its plan to add new claims until just last week.

Ocado presumably contends it could not have asserted the New Claims before reviewing AutoStore's source code.  Even if that were true, which it is not, at a minimum, Ocado should not have concealed its intention to assert up to 18 new claims when the parties were negotiating a joint schedule that would impact claim construction, invalidity contentions, and other scheduling issues.  Further, its purported excuse does not justify assertion of the 18 new claims at this stage.  Ocado should have asserted these claims earlier,[7] and any delay preventing Ocado from doing so (*e.g.*, in source code review) is entirely of Ocado's own making.  It was incumbent on Ocado, as plaintiff, to ensure it had access to AutoStore source code well before the January 24, 2022 due date of its Preliminary Infringement Contentions.  It failed to do so.  The parties agreed to the protective order supplement covering the conditions for source code review in October 2021 (*see* Dkt. 68).  And Ocado knew about the January 24, 2022 deadline for its Preliminary Infringement Contentions since at least November 30, 2021.[8]  Dkt. 80.  On January 7, 2022, Ocado asked that AutoStore make available its source code available by January 21, 2022—a mere three days before the due date for its Preliminary Infringement Contentions.  Ex. 6 (1/7/2022 Schusterman e-mail to DeLucia).  Although AutoStore did make its code available for review as of January 21, Ex. 7 (1/20/2022 DeLucia E-mail), Ocado did not even begin to review the AutoStore source code until

---

[7]  Indeed, when Ocado requested to review source code starting January 21, 2022, it failed to even identify its source code reviewers sufficiently in advance as required by the terms of the agreed protective order.  AutoStore was willing to waive this requirement so that Ocado could commence its review, but Ocado did not make the request and instead stated that its reviewers would begin two weeks later.

[8]  Indeed, the Court may remember that Ocado proposed to the Court that it could complete its Preliminary Infringement Contentions much earlier—by *November 5, 2021*.  *See* Dkt. 67 at 14.

8

February 8, 2022, this time due to unavailability of its own reviewers to start by the date that Ocado had requested itself.  Ex. 8 (2/7/2022 Bennet E-mail).  Since January 21, 2022, AutoStore made its code available for review on each of the 30 days that Ocado requested access for its reviewers.

Having failed to review AutoStore's source code in time for its Preliminary Infringement Contentions, when given the chance to address *those* deficiencies, Ocado took the opportunity to game the system and slip in 18 new claims that it should have asserted earlier.  On these facts, Ocado's contentions for the New '404 and '770 Claims should be struck.

> **B.     In the Alternative, AutoStore Respectfully Requests Leave to Brief More Than 10 Terms for Construction and to Use Additional Claim Construction Briefing Pages**

Should the Court decide to let Ocado's newly raised claims stand, AutoStore respectfully requests certain accommodations to be able to fully and adequately address Ocado's contentions.

***First,*** AutoStore seeks leave from SPR 6.1(c) to brief 13 claim terms for the '404 patent. This is necessary to allow AutoStore to challenge the myriad indefiniteness issues raised by the nine new claims of the '404 patent asserted by Ocado.  AutoStore contends that five of those nine claims are indefinite under 35 U.S.C. § 112(f),[9] and it is important that AutoStore retain the ability to brief them all so as to not potentially waive any indefiniteness defenses.  But for the New Claims, AutoStore would not need to brief more than 10 terms for the '404 patent.  Ocado opposes this request. Ocado's opposition only confirms that its motivation for raising an inordinately large number of claim terms at this stage has been to overwhelm the proceedings and to trap AutoStore into relinquishing defenses (*e.g.*, whereas the Supplemental Patent Rules impose a 10-terms-per-

---

[9]  The five are claims 3 and 11-14.  Separate from its indefiniteness arguments against independent claim 1 (which carry over to the dependent claims as a matter of law), AutoStore contends that the five claims are additionally indefinite due to the terms "clearance unit" (claims 3 and 11-14) and "control unit" (claim 14).  This raises six new indefiniteness arguments that AutoStore needs to address only because of Ocado's new assertions.

patent limit, they do not limit the number of asserted claims).  The 10-term-per-patent limit should not apply here, especially for claim terms over whose scope there is a dispute between the parties. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008).

**Second,** AutoStore seeks leave to enlarge the 30-page limit for the opening claim construction briefs as imposed by SPR 6.1(e)(1).  Ocado opposes this request.[10]  At this time, AutoStore expects to brief up to 36 claim terms in total for all asserted patents in the opening round.[11]  With this many claim terms, AutoStore requests that the page limit for the opening claim construction briefs be enlarged by 20 pages to 50 pages total.  This amounts to approximately 1.5 pages per term, a reasonable request considering the large number of claims asserted by Ocado, the need to describe the patent specification and technologies for three patent families, and the complex claim construction issues at play.  The enlargement also serves judicial efficiency, as the Court's claim construction ruling on a full record could potentially streamline the case significantly.  For instance AutoStore challenges each asserted independent claim of the '404 and '770 patents as indefinite.  A ruling of indefiniteness—a legal question to be decided at claim construction—as to any of those terms would also render indefinite all claims depending from it. *See Ibormeith IP, LLC v. Mercedes-Benz USA, LLC*, 732 F.3d 1376, 1378 (Fed. Cir. 2013) (noting that if independent claim were found to be indefinite, then claims depending from them would also be invalid).

---

[10]  Ocado stated that it would be amenable to an increase to 35 pages, but AutoStore believes that is not sufficient to accommodate all of the terms that were newly raised by Ocado.

[11]  AutoStore expects to brief: nine terms for the '080 patent; seven remaining terms for the '602 and the '051 patents; and 20 terms for the '404 and '770 patents.

## IV.    CONCLUSION

For the foregoing reasons, the Court should strike Plaintiffs' First Supplemental Infringement Contentions to the extent that they raise new patent claims for the '404 and '770 patents not previously identified.  If the Court exercises its discretion to let Ocado's supplemental infringement contentions stand, Defendants respectfully request that the Court: (i) permit AutoStore to brief up to 13 claim terms for the '404 patent; and (ii) increase the page limit for opening claim construction briefs to 50.


Dated: May 31, 2022

Respectfully submitted,

AUTOSTORE SYSTEM INC. and
AUTOSTORE AS,

By their attorneys,

*/s/  Robert R. Lucic*

Robert R. Lucic (NH Bar #9062)
Bryanna K. Devonshire (NH Bar #269462)
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street, PO Box 3701
Manchester, NH 03105
Telephone:  (603) 627-8188
rlucic@sheehan.com
bdevonshire@sheehan.com

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
Emily M. Scott (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5000
glocascio@kirkland.com
emily.scott@kirkland.com

Joseph A. Loy, P.C. (admitted *pro hac vice*)
Nathaniel DeLucia (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue

11

New York, NY 10022
Telephone:  (212) 446-4800
jloy@kirkland.com
nathaniel.delucia@kirkland.com

Ali-Reza Boloori (admitted *pro hac vice*)
Josh Glucoft (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone:  (310) 552-4200
ali-reza.boloori@kirkland.com
josh.glucoft@kirkland.com

Kristina R. Cary (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Telephone:  (617) 385-7500
kristina.cary@kirkland.com

*Attorneys for Defendants AutoStore AS and
AutoStore System Inc.*

12

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 31st day of May 2022.

/s/ Robert R. Lucic
Robert R. Lucic (NH Bar #9062)
Bryanna K. Devonshire (NH Bar #269462)
SHEEHAN PHINNEY BASS & GREEN
PA
1000 Elm Street, PO Box 3701
Manchester, NH 03105
Telephone:  (603) 627-8188
rlucic@sheehan.com
bdevonshire@sheehan.com