# EXHIBIT 2

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022
United States

Nathaniel Louis DeLucia
To Call Writer Directly:
+1 212 909 3173
nathaniel.delucia@kirkland.com

+1 212 446 4800

Facsimile:
+1 212 446 4900

www.kirkland.com

February 17, 2022

**By Email**

Alexander N. Gross
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Re:    *Ocado Innovation Ltd., et al., v. AutoStore AS, et al.,*
No. 1:21-cv-00041-JL (D.N.H.)

Dear Alex:

We write in response to Ocado's January 18, 2022 letter from Morgan Schusterman asserting that AutoStore's Initial Disclosures are "deficient."

As an initial matter, in order for AutoStore to identify which individuals are likely to have discoverable information that AutoStore may use to support its claims or defenses (other than solely for impeachment), Ocado first must sufficiently lay out its infringement theory.  AutoStore recently received Ocado's Preliminary Infringement Contentions, but unfortunately, Ocado's Preliminary Infringement Contentions are woefully inadequate and do not provide sufficient notice to AutoStore regarding Ocado's infringement theories.   Below is a non-exhaustive list of deficiencies in Ocado's Preliminary Infringement Contentions:

## General Deficiencies

- Ocado's Preliminary Infringement Contentions regarding Ocado's allegedly embodying products are insufficient.  To the extent Ocado "wishe[d] to preserve the right to rely, for any purpose, on the assertion that it practices (or practiced) the claimed invention," Supplemental Rule for Patent Cases (SPR) 5.1(a)(2)(D) required that Ocado "identify, *separately for each asserted claim*, each such apparatus, product, device, process, method, act, or other instrumentality that practices (or practiced) that particular claim."  Ocado's generic references to "proprietary robots," "control software," and "machinery for placing delivery totes into and removing them from storage totes" without claim-by-claim detail as required by the SPR is deficient.

## KIRKLAND & ELLIS LLP

Alexander N. Gross
February 17, 2022
Page 2

- Ocado's indirect infringement allegations are deficient.  SPR 5.1(a)(2)(A) requires "[f]or each claim which is alleged to have been indirectly infringed, an identification of any direct infringement, the identity of the known direct infringer(s), and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement."  Ocado has failed to comply with this requirement, including specifically with respect to its failure to identify any specific alleged direct infringer (other than AutoStore).  At most, Ocado identifies certain unspecific "others (including its integration partners)," but Ocado does not identify any specific integration partner as an alleged directly infringer, nor does Ocado identify any "others" that are allegedly directly infringing.

- Ocado's Doctrine of Equivalents ("DOE") contentions are deficient.  To the extent Ocado intends to rely on DOE, it must explain the basis for its contention and identify evidence that any differences between the asserted claim limitations and the Accused Products are insubstantial, including that the Accused Products perform substantially the same function, in substantially the same way, to achieve substantially the same result as the claimed inventions. *See* SPR 5.1(a)(1)(D).  Ocado's contentions do not provide any substantive explanation in this regard, and it does not do so on an element-by-element basis as required.

### '051 Patent

- Ocado's contentions with respect to the '051 patent are insufficiently vague, ambiguous, and internally contradictory.  On one hand, Ocado contends that AutoStore infringes by offering "AS/RS systems *that utilize both B1 and R5 Robots*."  On the other hand, Ocado accuses the "Black Line *and* Red Line systems" of infringement individually because "*[e]ach of* the Black Line and Red Line systems may comprise two different kinds of load handling devices, the R5 Robot, based on a cantilever design, and the B1 Robot, based on a cavity design."   In other places "Ocado contends that each element of every Asserted Claim of the '051 Patent is literally present in AutoStore's Black Line System/B1 Robot" without any reference to the R5 robots at all.  Please identify what specific systems Ocado contends are accused of infringement. *See* SPR 5.1(a)(1).

- Claim 1 of the '051 patent requires "a first housing."  Ocado's contentions state that the "R5 Robot is comprised of, in part, a first housing. Pictured below are the four sides and top of the R5 Robot's housing."  However, the pictures do not identify Ocado's contentions about what constitutes the "housing."   Please specify what exactly Ocado contends comprises the claimed "first housing." *See* SPR 5.1(a)(1)(C).

- Claim 1 of the '051 patent requires a "first container" and "a second container … the second container being of the same size as the first container."  Ocado's contentions do not identify

## KIRKLAND & ELLIS LLP

Alexander N. Gross
February 17, 2022
Page 3

any alleged "first container" or "second container" at all, nor describe their alleged relationship to each other.  Please clarify.  *See* SPR 5.1(a)(1)(C).

### '602 Patent

- Claims 3 and 14 require a "lifting mechanism configured to raise and lower the gripper device relative to the container-receiving space."  Ocado's contentions do not identify any "lifting mechanism."  Please identify the structure that Ocado alleges meets this limitation in the Accused Products, or confirm that Ocado will withdraw its allegations with respect to claims 3 and 14.

- Claims 4, 8, and 15 require "an upper part housing components which include at least one of power components, control components, drive components or lifting components."  Ocado's contentions only identify a so-called "battery pack."  To the extent Ocado contends that any other components are present, please identify them.  *See* SPR 5.1(a)(1).  Moreover, Ocado does not explain what it contends differentiates the upper part of the housing from the lower part.  Please explain.

### '404 And '770 Patents

- Ocado's contentions with respect to the '404 and '770 patents are deficient for failing to provide any citations to AutoStore's Router source code.  Ocado is required to provide a "specific identification of where each limitation of the claim is found within each Accused Instrumentality," including for each limitation that Ocado "alleges is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function."  *See* SPR 5.1(a)(1)(C).  AutoStore's source code has been available for review in Kirkland's San Francisco office since before Ocado served its Preliminary Infringement Contentions.  Yet Ocado claims that "[d]iscovery of AutoStore's source code has not yet begun" and Ocado cites to no source code in its contentions.  Thus, Ocado's infringement theory for the limitations of the '404 and '770 patents, such the clearance instruction, is unclear.

### '080 Patent

- Claims 1–6, 8, 13–16, 18–20, and 23 are deficient as to their allegations of direct infringement.  Ocado has failed to identify evidence showing AutoStore itself practices all limitations in these claims, including failing to show that AutoStore itself stores and/or retrieves filled delivery containers in the storage and retrieval system.  For example, claim limitation 1.8 requires in part that the processor instructs "robotic load handlers to store at least one delivery container in the storage and retrieval system, the at least one delivery

# KIRKLAND & ELLIS LLP

Alexander N. Gross
February 17, 2022
Page 4

container containing at least one picked item from the retrieved at least one storage container"; however, Ocado provides no evidence of any AutoStore system wherein a delivery container containing a picked item is stored within the AutoStore system. Instead, Ocado merely states that "[o]n information and belief, the B1 and R5 Robots store Order Bins and Order Bins containing Shipping Cartons." Please identify any materials showing alleged direct infringement of these claims, or confirm that Ocado will withdraw its allegations of direct infringement with respect to claims 1–6, 8, 13–16, 18–20, and 23.

- Claims 9, 10, 11, 21, and 22 require variations of a "mechanism for removing a delivery container from a storage container." Ocado's contentions do not identify any mechanism for separating containers from one another, and simply state that "[o]n information and belief" AutoStore's systems include at least one mechanism that meets these limitations. Please identify the mechanism that Ocado alleges meet these limitations in the accused products, or confirm that Ocado will withdraw its allegations with respect to claims 9, 10, 11, 12, 21, and 22.

- Claim 12 requires a "lifter mechanism [that] includes a suction device." Ocado's contentions do not identify any "lifter mechanism[s]" that include "a suction device," and simply state that such a device exists "on information and belief." Please identify the mechanism that Ocado alleges meet these limitations in the accused products, or confirm that Ocado will withdraw its allegations with respect to claim 12.

- Claims 9 and 21 are deficient as to their allegations of direct infringement because Ocado has failed to identify any AutoStore materials showing direct infringement. Instead, Ocado relies exclusively on Swisslog materials for the alleged infringement, and Ocado has not alleged joint direct infringement or explained at all any contention that AutoStore and Swisslog jointly directly infringe. Please identify any materials showing alleged direct infringement of these claims, or confirm that Ocado will withdraw its allegations of direct infringement with respect to claims 9 and 21.

Please provide a date certain by when Ocado will rectify the deficiencies in its Preliminary Infringement Contentions, or provide dates when you are available to meet and confer regarding this issue by February 25. As long as such deficiencies persist, it is difficult for AutoStore to know all individuals who are likely to have discoverable information that AutoStore may use to support its claims or defenses.

Ocado is also incorrect that AutoStore is not permitted to supplement its initial disclosures and identify additional AutoStore employees beyond those that AutoStore was able to identify at the outset of this case. To the contrary, AutoStore is permitted (indeed, required) to supplement its disclosures in accordance with Rule 26. In accordance with Rule 26, AutoStore reserves the

## KIRKLAND & ELLIS LLP

Alexander N. Gross
February 17, 2022
Page 5

right to further supplement in initial disclosures as discovery develops, including as a result of AutoStore's current investigation into the invalidity of Ocado's patents and/or as a result of Ocado's supplementation of its deficient Preliminary Infringement Contentions.

Sincerely,

*/s/ Nathaniel Louis DeLucia*

Nathaniel Louis DeLucia

cc: All counsel of record (via email)