# EXHIBIT 3

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Ali-Reza Boloori
To Call Writer Directly:
+1 213 680 8127
ali-reza.boloori@kirkland.com

2049 Century Park East
Los Angeles, CA 90067
United States

+1 310 552 4200

www.kirkland.com

Facsimile:
+1 310 552 5900

March 25, 2022

**By E-mail**

Mark C. Bennett
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004-2498
bennettmar@sullcrom.com

Re:    *Ocado Innovation Ltd., et al., v. AutoStore AS, et al.*, Case No. 1:21-cv-
00041-JL (D.N.H.)

Dear Mark:

I write in reply to your March 7 letter, which responded to my March 4 letter regarding Ocado's deficient infringement contentions, including with respect to the '404 and '770 patents. Although AutoStore provided its preliminary invalidity contentions on March 10 as required by Supplemental Patent Rule ("SPR") 5.1(c), AutoStore retains the right to amend and/or supplement those contentions—including by way of presenting additional invalidity theories, grounds, and/or references—in view of any amendments or supplementation by Ocado of its infringement contentions. Indeed, AutoStore requests that Ocado supplement its infringement contentions forthwith with references to the accused AutoStore source code to permit AutoStore to narrow and streamline its non-infringement defenses, which in turn would narrow the scope of claim terms that AutoStore would propose for construction. As the parties must exchange proposed claim constructions by April 7 (Dkt. 80), AutoStore requests that Ocado supplement its infringement contentions by April 1. Should Ocado fail to do so, AutoStore reserves the right to move to preclude Ocado to supplement its contentions later, including by moving to strike any such late contentions.

The lack of citation to the accused AutoStore source code renders Ocado's Preliminary Infringement Contentions ("Prelim. Contentions"), served on January 24, facially inadequate

Austin  Bay Area  Beijing  Boston  Brussels  Chicago  Dallas  Hong Kong  Houston  London  Munich  New York  Paris  Salt Lake City  Shanghai  Washington, D.C.

KE 85090778.4

## KIRKLAND & ELLIS LLP

Mark C. Bennett
March 25, 2022
Page 2

because they fail to articulate and provide notice of Ocado's theories of infringement.[1, 2]   For example, Ocado's contentions for the '404 patent include the following deficiencies:

- Ocado contends that the terms "reservation unit" and "clearance unit" in claim 1 are governed by 35 U.S.C. § 112(f) and states what it contends to be their functions. (Prelim. Contentions at 153, 155.)  SPR 5.1(a)(1)(C) requires Ocado to identify "the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function."   Although Ocado generally identifies the "Controller" as a "computing device" that performs these functions, this is inadequate because Ocado fails to identify any algorithm (*e.g.*, by citing source code) in the accused Router that would perform the claimed functions.  *See, e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1340 (Fed. Cir. 2009) (proving that a means-plus-function limitation requiring an algorithm as corresponding structure is met needs more than showing that the accused product performs the same function as the limitation and instead requires identification of an algorithm in the accused product that allegedly meets the limitation); *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d

---

[1]  The legal authority cited in your letter to contend that Ocado's contentions are "adequate" is inapt.  In *Palomar Techs., Inc. v. MRSI Sys., LLC*, No. CV 18-10236-FDS, 2018 WL 10247593 (D. Mass. Aug. 15, 2018), the Court clearly assessed the sufficiency of plaintiff's infringement contentions under a local rule that ***did not*** "require any particular level of detail required for infringement contentions." *Id.* at *1.  The applicable local rule in this case, SPR 5.15.1(a)(1)(C), ***does*** require a level of specificity lacking in Ocado's contentions.  Likewise, *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 9023166 (N.D. Cal. Dec. 16, 2015) does not support your position—although the court stated that "pinpoint citations to source code are not a per se requirement in patent cases involving software," *id.* at *3, it still required that the infringement contentions specifically identify where each limitation of each asserted claim is found within each accused instrumentality, which is the fundamental deficiency in Ocado's contentions that AutoStore has flagged.  For the same reason, *Stratasys, Inc. v. Microboards Tech. LLC*, No. 13-CV-3228 DWF/TNL, 2015 WL 3869672 (D. Minn. June 23, 2015) is inapposite.  As that court recognized, "[c]laim charts are 'designed specifically to require parties to crystallize their theories of the case early in the litigation so as to prevent the shifting sands approach to claim construction.'"  *Id.* at *2 (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006)).  But as explained in this letter, Ocado has failed to crystallize its theories of infringement.

[2]  That AutoStore could identify the ***accused functionality*** in the Router well enough to represent what source code modules are relevant to this case has no bearing on whether Ocado has provided sufficient notice of its ***theory of infringement*** (which it has not).

# KIRKLAND & ELLIS LLP

Mark C. Bennett
March 25, 2022
Page 3

> 1359, 1367 (Fed. Cir. 2008) (in a means-plus-function claim in which the disclosed structure is a computer, or microprocessor, programmed to carry out an algorithm, the disclosed structure is not the general purpose computer, but rather the special purpose computer programmed to perform the disclosed algorithm.").

- Ocado contends that the "clearance instruction" is "the 'order[]' delivered by the Controller [to a robot]." (Prelim. Contentions at 156.) Yet Ocado provides no explanation or evidence (*e.g.*, source code) as to what the "clearance instruction" in the accused AutoStore Router consists of, or what specific instruction it provides to a robot.

- With respect to the claim 6, Ocado does not explain how "orders" by the Controller (the alleged "clearance instructions") are granted or withheld based on status reports from robots.

As for the '770 patent, for instance, Ocado does not explain how the AutoStore Router "determine[s] there is a potential for collision."

Similar problems infect Ocado's infringement contentions for the '080 patent. For example, claim 1 of the '080 patent recites a "processor configured to: generate signals for" performing various actions, but Ocado does not cite to any code showing that any AutoStore processors are actually configured in such a manner. As a further example, Ocado has not explained how AutoStore directly infringes any claim (either alone, in directing or controlling another entity, or in joint enterprise with any other entity), including because Ocado appears to rely exclusively on actions by third parties for key portions of its infringement contentions but without any explanation as to AutoStore's purported responsibility for those actions. Ocado has also failed to remedy any of the deficiencies identified in our letter dated February 17, 2022.

Separately, the reasons in your March 7 letter as to why "AutoStore's request for source code citations in Ocado's preliminary infringement contentions is premature" are meritless. ***First,*** it was incumbent on Ocado to request access to AutoStore's source code, but it did not do so on a timely basis. The excuses in your letter for this failure are unavailing: (i) Ocado did not even disclose its source code reviewers to AutoStore until January 25, 2022 under the protective order; (ii) Ocado did not request AutoStore to waive the ten-day wait period provided in the protective order, despite our express inquiry as to whether Ocado requests AutoStore to do so (2022.01.20 DeLucia Email to Schusterman); and (iii|) Ocado's counsel indicated on January 20, 2022 that its reviewers were not even available until February 7, 2022 to review AutoStore's code (2022.01.20 Gross Email to Delucia). ***Second,*** Ocado cannot seriously dispute that it has not had an adequate opportunity to review AutoStore's source code. Ocado's reviewers have been granted access to the AutoStore code for each day they have requested access. Thus far, they have reviewed AutoStore's source for 16 full days and have requested and received 53 pages of printed source

## KIRKLAND & ELLIS LLP

Mark C. Bennett
March 25, 2022
Page 4

code.  **Third,** insofar as your letter implies that AutoStore has not produced sufficient information from which the operation of the accused Router may be ascertained, it is wrong.  AutoStore produced the relevant source code for the accused Router as of January 21, 2022.  The "source code-related documents that Ocado requested" were produced as of March 10, 2022, but do not add relevant information beyond what has been available in the AutoStore source code itself.

Further, your contention that "AutoStore's selective request for an extension of the deadline for its invalidity contentions regarding the '404 and '770 Patents also belies any notion that AutoStore requires such an extension because of "deficiencies" in Ocado's preliminary infringement contentions" borders on the frivolous.  Whether Ocado's infringement contentions were sufficient to allow AutoStore to fully form its invalidity theories is a patent-by-patent question.  Even assuming *arguendo* that Ocado's contentions for the '602, '051, and '080 patents were adequate (which they were not), you fail to explain how that would cure the deficiencies with Ocado's contentions for two separate, unrelated patents.

*        *        *

In light of the foregoing, AutoStore again requests that Ocado supplement its Preliminary Infringement Contentions with citations to the source code of the accused AutoStore Router, this time by April 1, to allow AutoStore a meaningfully opportunity to fully assess its defenses, which informs which terms it should propose for construction.  We stand ready to meet and confer about this issue if Ocado wishes to do so.

Sincerely,

*/s/ Ali-Reza Boloori*

Ali-Reza Boloori

cc:    All counsel of record (via e-mail)