# EXHIBIT 4

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

April 1, 2022

<u>Via E-mail</u>

Ali-Reza Boloori,
    Kirkland & Ellis LLP,
        555 South Flower Street, Suite 3700,
            Los Angeles, CA  90071.

        Re:   *Ocado Innovation Ltd., et al.* v. *AutoStore AS, et al.*,
                <u>Case No. 1:21-cv-00041-JL (D.N.H.)</u>

Dear Ali:

        I write in response to your March 25 letter regarding Ocado's preliminary infringement contentions for the '404, '602, '051, '770, and '080 Patents (the "Asserted Patents") and your request that "Ocado supplement is infringement contentions forthwith with references to the accused AutoStore source code to permit AutoStore to narrow and streamline its non-infringement defenses."  On a related subject, I also address deficiencies in AutoStore's invalidity contentions.

        (i)    <u>Ocado's Infringement Contentions</u>

        Your assertion that the "lack of citation to the accused AutoStore source code renders Ocado's Preliminary Infringement Contentions . . . facially inadequate because they fail to articulate and provide notice of Ocado's theories of infringement" is disingenuous.  As we stated in our March 7 letter, Ocado's preliminary infringement contentions provide AutoStore fulsome notice of Ocado's infringement theories, as required by the Local Rules.  Ocado is under no obligation to have included citations to source code supporting those theories at this early stage of the case, before Ocado has even had the opportunity to review all of the relevant code and before Ocado has deposed any of AutoStore's witnesses knowledgeable about the code.  You have not identified any authority to the contrary.[1]  Therefore, your continued insistence that Ocado should have

---

[1]    You cite *Lucent Techs., Inc. v. Gateway, Inc.*, in which the Federal Circuit considered an appeal of a denial of a motion for summary judgment.  580 F.3d 1301, 1308 (Fed. Cir. 2009).  That *Lucent* may have ruled that a "grant of summary judgment was not erroneous" where a patentee "did not provide any analysis of the source code of the accused

Ali-Reza Boloori                                                                                -2-

cited the accused AutoStore source code in its preliminary infringement contentions is meritless.

In its preliminary infringement contentions, Ocado explained that "[d]iscovery of Ocado's source code is expected to reveal," among other things, further information regarding "the specific calculations, techniques, and parameters employed" and "details on the timing of execution of clearance instructions provided" by AutoStore Systems (*see* Ocado's Preliminary Infringement Contentions at 153, 157 ('404 Patent)) and "further details regarding the conditions under which a Controller running Router software determines the potential for collision" (*see id.* at 301, 306-08 ('770 Patent)).  Accordingly, Ocado anticipates supplementing its preliminary infringement contentions and is willing to identify lines of AutoStore's source code supportings its contentions on May 15.  That is at least five months before the deadline for final infringement contentions and at least seven months before the close of fact discovery.

In this regard, it is notable that *AutoStore* insisted on a lengthy discovery period and overall case timeline.  *See* Dkt. 67 at 14-16.  Any insistence that Ocado now complete its review of AutoStore's voluminous source code and cite all lines relevant to its infringement theories by April 1 is objectively unreasonable in light of AutoStore's request for the schedule the Court adopted.  As you note in your letter, Ocado's source code reviewers had spent only 16 (now 17)  days reviewing AutoStore's source code, including 53 pages of printed source code, which were provided February 24.[2]  However,

---

programs," *id.* at 1340, is irrelevant to the adequacy of *preliminary* infringement contentions *at the beginning of fact discovery*.  Likewise, *Net MoneyIN, Inc.* v. *VeriSign, Inc.* involved an appeal of two summary judgment motions on infringement and invalidity. 545 F.3d 1351, 1357 (Fed. Cir. 2008).  There, the Federal Circuit held, in a discussion of whether the district court properly deemed a claim invalid under 35 U.S.C. § 112, *id.* at 1365, that "a means-plus-function claim element for which the only disclosed structure is a general purpose computer is invalid if the specification fails to disclose an algorithm for performing the claimed function," *id.* at 1367.  *Net MoneyIN* concerned claim construction and offers no support for your suggestion that Ocado must identify the specific algorithm in the Router source code that performs the claimed functions in Ocado's preliminary infringement contentions.

[2]      You also suggest that Ocado's review of AutoStore's source code was not "timely." Ocado's requested on January 13 "that the source code review take place virtually in light of the ongoing pandemic."  AutoStore rejected that request on January 20 and indicated that AutoStore's source code would be available for in-person review on January 21. (*See* Email from N. DeLucia to M. Schusterman dated January 20 re "Ocado v. AutoStore (DNH) – Correspondence re Source Code Review").)  It is not unreasonable that our source code reviewers began their review on February 7.  To the extent AutoStore objects to the

Ali-Reza Boloori                                                                        -3-

you fail to mention that AutoStore has produced over *14 million* lines of source code, spread across several different versions of the accused software.  Moreover, to date, AutoStore has yet to produce all responsive documents to Ocado's request for production for source code documentation, and several other requests for printed source code remain outstanding, hindering Ocado's review.  Even without the abundant source code remaining and the pace of AutoStore's production, any diligent analysis would require longer than just 17 days.[3]

(ii)    <u>Deficiencies in AutoStore's Invalidity Contentions</u>

AutoStore's allegations of alleged deficiencies in Ocado's preliminary infringement contentions are particularly glaring in light of AutoStore's deficient preliminary invalidity contentions.  I include a high-level overview of those deficiencies below.

First, with respect to 35 U.S.C. § 102, AutoStore's contentions are deficient for several reasons.  For example:

- You fail to identify the "structure(s), act(s), or material(s) that perform the claimed functions in each piece of asserted prior art" with respect to two limitations you contend are governed by 35 U.S.C. § 112(f), namely '602 Patent Claim Nos. 11 and 18.  *See* S.P.R. 5.1(c)(3).

- You state that each claim limitation is met "at least under Plaintiffs' apparent infringement theory" but do not specify any other basis for the asserted references meeting the limitations of the asserted claims.  Please confirm that you do not have any other positions on whether each claim limitation is met absent Ocado's infringement theory.  Alternatively, if AutoStore intends to assert invalidity theories that are independent of

---

pace at which discovery is proceeding, we remind you that AutoStore sought a fact discovery deadline four months later than that which Ocado proposed.  (*See* Dkt. 67 at 14-15.)

[3]      *See*, *e.g.*, *Radware, Ltd* v. *A10 Networks, Inc.*, 2014 WL 1350230, at *1, 3 (N.D. Cal. Apr. 4, 2014) (finding a period of three months between defendant's source code production and patentee's service of amended infringement contentions reasonable in view of "the massive amounts of code produced, the limitations imposed by the stipulated protective order, and [d]efendants' own failure to promptly produce hard copies of source code upon request").

Ali-Reza Boloori                                                                                              -4-

Ocado's infringement theory, please supplement your contentions to identify and explain such additional theories.

- Charts A-1 through A-6 use the language from Claim 6 for Claim 7. Please provide your contentions, if any, that the asserted references disclose the limitations of Claim 7.

- Chart A-5 does not explain what you contend constitutes a "storage container" and what constitutes a "delivery container."

- Chart B-2 does not explain what you contend constitutes the "upper housing" and "lower housing."

- Chart C-2 does not identify a "lifting device" with sufficient specificity, and—for Claim 6—does not identify what you contend is the "mechanical connection."

- With respect to Charts C-1 through C-4, if you contend that the limitation "wherein the top side of the second housing . . . is taller than the top side of the first housing" is met, please provide the R5's and CBR's measurements so we can understand the basis for that contention.

Second, with respect to 35 U.S.C. § 103, AutoStore's contentions are deficient for several reasons. AutoStore's contentions include no discussion of the scope and content of prior art, differences between the claimed inventions and the prior art, or level of ordinary skill in the art. In addition, AutoStore has not explained why a person of ordinary skill in the art would be motived to combine the references cited in AutoStore's invalidity contentions to arrive at the claimed inventions. Although AutoStore discusses reasons for combining the asserted references' teachings at a high level, for the actual claim limitations for which AutoStore relies on an obviousness combination, AutoStore includes no analysis of how the asserted references would be combined to arrive at the particular invention recited in the claims, why a POSITA would be motivated to combine the references to arrive at the particular invention, or why a POSITA would have a reasonable expectation of success in arriving at the particular invention.

Third, with respect to 35 U.S.C. § 112, AutoStore fails to explain the bases for its contentions that the claims are invalid for lack of written description, lack of enablement, and indefiniteness. Instead, AutoStore merely recites the barebones elements of the defenses without providing *any* specificity or analysis and then declares the asserted patents invalid for insufficient description or lack of enablement in an entirely conclusory fashion. Similarly, AutoStore argues that multiple claim terms render asserted claims indefinite without any explanation. Moreover, in several instances, it is unclear whether AutoStore is asserting indefiniteness with respect to certain terms. Please confirm whether

Ali-Reza Boloori                                                                                    -5-

AutoStore is asserting that the following terms render any asserted claims invalid for indefiniteness: "a load handling device . . . will not obstruct a load handling device of the multiplicity of load handling devices occupying or traversing an adjacent grid space in the X-direction and will not obstruct a load handling device of the multiplicity of load handling devices occupying or traversing an adjacent grid space in the Y direction" (AutoStore's Invalidity Contentions at 69 ('602 Patent, Claim 1)); "the load handling device will not obstruct a load handling device occupying or traversing an adjacent grid space in the X-direction and will not obstruct a load handling device occupying or traversing an adjacent grid space in the Y-direction" (*id.* ('602 Patent, Claim 12)); "wherein at least one of the first or second set of wheels on each load handling device is configured to be raised and lowered with respect to the other of the first or second set of wheels" (*id.* at 73 ('602 Patent, Claims 7, 11)); and "wherein at least one of the first or second set of wheels is configured to be raised and lowered with respect to the other of the first or second set of wheels" (*id.* ('602 Pat., Claim 18)).

*        *        *

Ocado proposes that both parties supplement their preliminary contentions by May 15:  Ocado would then address the concerns raised in your March 4 and March 25 letters (reserving the right to supplement its infringement contentions further as discovery progresses) and AutoStore would supplement its preliminary invalidity contentions to correct the deficiencies identified above.  Please let us know if AutoStore agrees.

Sincerely,

*/s/ Mark C. Bennett*

Mark C. Bennett

cc:      *All Counsel of Record* (via e-mail)