# EXHIBIT A

**PROPOSED CONSTRUCTIONS OF DISPUTED CLAIM TERMS[1, 2]**

### A.  U.S. Pat. No. 9,796,080

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| "mechanism"<br><br>(Claims 9, 10, 11, 12, 21) | No construction necessary / plain and ordinary meaning<br><br>Ocado disagrees with AutoStore's proposed construction because it unnecessarily replaces one commonly understood word ("mechanism") with three different words ("piece of machinery"). There is no basis to restrict the plain and ordinary meaning of "mechanism" to a "piece of machinery," | Intrinsic Evidence<br>'080 Pat., Claims 9-12, 21; 10:25-30, 11:60-65, 13:31-36.<br><br>Prosecution History, 3/22/17 Notice of Allowability/Examiner's Amendment; 9/22/2016 Non-final Rejection at 3; 12/17/2015 Amendment.<br><br>Extrinsic Evidence<br>Def'n of "mechanism," The American Heritage Dictionary 5th Ed. (2012) at 521 (*n.*, 1a. A | Plain and ordinary meaning: a piece of machinery | Intrinsic Evidence<br>'080 Patent at 10:25-30; 10:47-11:13; 11:17-56; 11:60-65; 12:17-32; 12:38-50; 13:25-36; Claims 9-12; 21, 22. |

---

[1]  For each claim term, each party incorporates by reference any material identified by the other party for that term, whether in support of or in opposition to a proposed construction, subject to the other party's objections, and provided the Court permits the parties to use such materials.

[2]   AutoStore objects to, and reserves the right to move to strike, Ocado's belatedly disclosed evidence and proposed construction(s) (including newly proposed structure(s) and/or functions(s) for terms a party contends must be construed under 35 U.S.C. § 112(f)), including (but not limited to) with respect to the disputed "clearance unit" term.

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | when widely-used definitions of the word "mechanism" at or near the time of the invention are broader. | machine or mechanical appliance. 1b. The arrangement of connected parts in a machine. 2. A system of parts that operate or interact like those of a machine. 3. A means or process by which something is done or comes into being.)<br><br>Def'n of "mechanism," The Oxford English Dictionary 7th Ed. (2012) at 449 (*n.*, 1. A piece of machinery. 2. The way in which something works or is brought about.) | | |
| "nest" / "nestable"<br><br>(Claims 8, 17, 23) | No construction necessary / plain and ordinary meaning<br><br>In the alternative:<br><br>"place within" / "capable of being placed within" | Intrinsic Evidence<br>'080 Pat., Claims 8, 17, 23; 2:47-53, 3:31-33, 8:55-59, 9:7-10, 9:14-16, 9:26-38, 9:49-52, 9:53-57, 11:3-6, 11:9-19, 12:17-24, 13:3-7; Figs. 6, 14. | Plain and ordinary meaning: "designed to fit snugly" / "fitting snugly as designed" | Intrinsic Evidence<br>'080 Patent at 8:67-9:13; 9:26-38; 10:12-24; 11:6-8; 11:31-56; 13:3-9; Claims 8, 17, 23; Figs. 6, 8, 9-20<br><br>Prosecution History, 2017-03-22 Amend. (OC-DNH-00004555 at |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | Prosecution History, 3/22/17 Amendment at 9.<br><br><br>Extrinsic Evidence<br>Def'n of "nest," The American Heritage Dictionary 5th Ed. (2012) at 565 (*v.*, 2. To fit or stack snugly together.)<br><br>Def'n of "nest," The Oxford English Dictionary 7th Ed. (2012) at 483 (*v.*, 2. fit (an object or objects) inside a larger one.) | | 4589-4600); 2017-06-19 Notice of Allow. (OC-DNH-00004555 at 4568-4577); 2016-09-22 Non-final Rejection (OC-DNH_000004609-4625).<br><br>Extrinsic Evidence<br>Expert Testimony Declaration and/or testimony of Matthew Spenko, Ph.D.: Description of the system and methods disclosed in the patent; usage and meaning of "nestable" / "nested" in the patent; technical background and explanation. |
| "delivery container"<br><br>(Claims 1-6, 8-11, 13-16, 18-23) | "container for delivery to customers that is configured to contain at least one picked item" | Intrinsic Evidence<br>'080 Pat., Claims 1, 15; 1:34-38, 2:24-27, 2:35-39, 3:28-30, 3:34-38, 4:65-67, 5:4-5, 5:9-10, 5:13-16, 5:22-26, 5:53-66, 6:3-12, 7:2-4, 7:13- | Container suitable for engagement by the robotic load handlers for dispatch | '080 Patent at 3:31-33; 3:66-67; 4:1-2; 6:3-12; 7:5-12; 7:13-24; 7:37-59; 7:63-8:5; 8:10-16; 8:22-31; 8:33-41; 9:14-25; 10:25-35; 11:31-56; 13:37-43; Claims 1-6, |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | 17, 7:37-49, 9:61-66, 13:14-18; *see also id.* at 7:60-62.<br><br>Prosecution History, 9/22/16 Non-final Rejection at 11-12; 3/22/17 Amendment at 2-3, 9, 11; IPR 2021-00798, PTAB Denial of Institution at 4, 18. | | 8-11, 13-16, 18-23; Figs. 6, 8 , 15, 17, 18<br><br>Prosecution History, 2017-03-22 Amend. (OC-DNH-00004555 at 4589-4600); 2017-06-19 Notice of Allow. (OC-DNH-00004555 at 4568-4577); 2016-09-22 Non-final Rejection (OC-DNH_000004609-4625). |
| "delivery container containing at least one picked item"<br><br>(Claims 1, 15) | No additional construction necessary / plain and ordinary meaning of "containing at least one picked item"<br><br>Ocado has proposed a construction for the term "delivery container." There is no basis to construe the simple phrase "containing at least one picked item," which already consists of | Intrinsic Evidence<br>'080 Pat., Claims 1, 15; 1:34-38, 2:24-27, 2:35-39, 3:28-30, 3:34-38, 4:65-67, 5:4-5, 5:9-10, 5:13-16, 5:53-66, 6:3-12, 7:2-4, 7:13-17, 7:37-49, 9:61-66, 13:14-18; *see also id.* at 7:60-62.<br><br>Prosecution History, 9/22/16 Non-final Rejection at 11-12; 3/22/17 Amendment at 2-3, 9, 11; IPR 2021- | Plain and ordinary meaning: a delivery container containing at least one picked item from a retrieved storage container | Intrinsic Evidence<br>'080 Patent at 7:37-43; 9:61-65, Claim 1<br><br>Prosecution History, 2017-03-22 Amend. (OC-DNH-00004555 at 4589-4600); 2017-06-19 Notice of Allow. (OC-DNH-00004555 at 4568-4577); 2016-09-22 Non-final Rejection (OC-DNH_000004609-4625). |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | simple and widely understood words. | 00798, PTAB Denial of Institution at 4, 18. | | |
| "at least one of a lip, a handle, and an aperture"<br><br>(Claim 11) | No construction necessary / plain and ordinary meaning<br><br>Ocado disagrees with AutoStore's proposed construction because it improperly rewrites the claim language by requiring that *all three* of a lip, handle, and aperture be *simultaneously* present on a delivery container, when the claim language states instead that the delivery container has "at least one of" those three features. | Intrinsic Evidence<br>'080 Pat., Claim 11; 2:65-3:2, 10:12-17, 10:25-35; Fig. 8.<br><br>Extrinsic Evidence<br>Def'n of "lip," The American Heritage Dictionary 5th Ed. (2012) at 490 (*n.*, 2a. A structure or part that encircles an orifice. 3b. A rim.)<br><br>Def'n of "aperture," The American Heritage Dictionary 5th Ed. (2012) at 38 (*n.*, 1. An opening, such as a hole or slit.)<br><br>Def'n of "aperture," The Oxford English Dictionary 7th Ed. (2012) at 28 (*n.*, 1. An opening, hole, or gap.) | Plain and ordinary meaning: at least one lip, at least one handle, and at least one aperture | Intrinsic Evidence<br>'080 Patent at 2:62-3:2; 10:12-35; 11:6-8; 11:31-56; Figs. 6, 8, 15, 17, 18 |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | Def'n of "handle," The Oxford English Dictionary 7th Ed. (2012) at 328 (*n.*, 1. The part by which a thing is held, carried, or controlled.)<br><br>Def'n of "lip," The Oxford English Dictionary 7th Ed. (2012) at 422 (*n.*, 2. The edge of a hollow container or an opening.) | | |
| "the plurality of adjacent stacks"<br><br>(Claims 13, 15, 19) | No construction necessary / plain and ordinary meaning<br><br>AutoStore appears to contend that this claim term is indefinite. Ocado disagrees and will provide evidence that a person of ordinary skill in the art would have understood this term with reasonable | Intrinsic Evidence<br>'080 Pa., Claims 7, 13, 15, 19; 4:57-60, 6:35-38, 7:17-24, 7:31-33, 7:45-48, 7:55-59, 8:22-25, 8:60-63; Figs. 3, 5.<br><br>Extrinsic Evidence<br>Def'n of "adjacent," The American Heritage Dictionary 5th Ed. (2012) at 11 (*adj.*, 1. Close to; lying near.  2. Next to; adjoining.) | Indefinite | Intrinsic Evidence<br>'080 Patent at 3:39-53; Claims 13, 15, 19. |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | certainty.[3]  Ocado reserves the right to further supplement or amend its proposed construction once AutoStore provides the complete basis for its indefiniteness argument. | Def'n of "stack," The American Heritage Dictionary 5th Ed. (2012) at 799 (*n.*, 2. An orderly pile, esp. one arranged in layers.) | | |
| "a structural framework defining a grid of storage locations"<br><br>(Claims 1, 23) | "a structural framework in which crossed structural elements define a two-dimensional array of storage locations" | Intrinsic Evidence<br>'080 Pat., Claim 1; 6:35-42; Figs. 3, 5, 16.<br><br>Prosecution History, IPR2021-00798, PTAB Denial of Institution at 9-11, 15-16; 3/22/17 Amendment at 9; IPR 2021-00798, Ex. 2009, Pfeifer Decl. ¶¶ 32-37.<br><br>Extrinsic Evidence<br>Def'n of "grid," Random House | Plain and ordinary meaning: a structural framework defining a grid of storage locations | Intrinsic Evidence<br>'080 Patent at 2:31-39; 3:56-60; 4:57–62; 6:32-49; 6:54–60; 9:14–25; 13:56-62; Claim 7<br><br>U.S. Patent Publication No. 2013/0015675 ("'675 Pub.") (cited by '080 Patent) at ¶¶ [0033]; [0034]; [0036]; [0052]; Fig. 1. |

---

[3] To the extent AutoStore's argument is based on the claim term's use of "the" instead of "a," Ocado intends to demonstrate that a person of ordinary skill in the art would still understand the scope of the claim with reasonable certainty.  Moreover, to the extent this clerical error is the basis for AutoStore's argument, Ocado reserves the right to request that the Court or the U.S. PTO correct the clerical error.

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | Webster's College Dictionary, 2000 at 577 (*n.*, 1. A grating of crossed bars.)<br><br>Expert testimony in further support of Ocado's proposed construction, as described in IPR 2021-00798, Ex. 2009, Pfeifer Decl. ¶¶ 32-37. | | |
| "exclusively within the storage and retrieval system"<br><br>(Claims 1, 13) | No construction necessary / plain and ordinary meaning<br><br>In the alternative: "not for delivery"<br><br>AutoStore appears to contend that this claim term is indefinite, but AutoStore has not provided the basis for its indefiniteness argument.  Ocado disagrees that the term is indefinite and will provide evidence that a | <u>Intrinsic Evidence</u><br>'080 Pat., Claims 1, 13; 2:19-24, 3:13-26, 3:42-46, 4:18-26, 4:31-37, 6:13-21; 7:25-36, 8:6-16, 10:53-66, 12:42-50; *cf.* 1:33-34, 5:7-20, 6:3-12, 6:21-23, 7:40-43, 7:50-54, 10:2-5, 13:25-27, 13:37-40, 13:43-51.<br><br>Prosecution History, 3/22/17 Amendment at 3, 5, 9. | Indefinite | <u>Intrinsic Evidence</u><br>'080 Patent at 3:39-53; 4:18-22; 4:53-57; 5:27-31; 6:32-39; 7:13-24; 7:31-36; Claims 1, 13; Figs. 1, 2, 7<br><br>Prosecution History, 2017-03-22 Amend. (OC-DNH-00004555 at 4589-4600); 2017-06-19 Notice of Allow. (OC-DNH-00004555 at 4568-4577); 2016-09-22 Non-final Rejection (OC-DNH_000004609-4625). |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | person of ordinary skill in the art would have understood this term with reasonable certainty.  Ocado reserves the right to further supplement or amend its proposed construction once AutoStore provides the basis for its indefiniteness argument. | | | |
| "storing . . . in at least one of a plurality of storage locations . . . a plurality of storage containers"<br><br>"retrieving . . . from at least one of a plurality of storage locations a plurality of storage containers"<br><br>(Claims 13, 20, 23) | No construction necessary / plain and ordinary meaning<br><br>AutoStore appears to contend that this claim term is indefinite, but AutoStore has not provided the basis for its indefiniteness argument.  Ocado disagrees that the term is indefinite and will provide evidence that a person of ordinary skill in the art would have understood this term with reasonable | <u>Intrinsic Evidence</u><br>'080 Pat., Claims 1, 7, 13, 18, 23; 3:10-25, 3:42-46, 6:35-42, 7:31-33, 8:45-48; Figs. 3, 5. | Indefinite | <u>Intrinsic Evidence</u><br>'080 Patent at 6:54-60; 8:60-67; 9:16-25; Claims 1,7; Figs. 5, 16 |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | certainty.  Ocado reserves the right to further supplement or amend its proposed construction once AutoStore provides the basis for its indefiniteness argument. | | | |

**B.  U.S. Pat. No. 10,913,602**

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| "a load handling device of the multiplicity of load handling devices will occupy a grid space" (Claim 1) "load handling device is located above the stack and occupying a grid space" (Claim 12) | No construction necessary / plain and ordinary meaning AutoStore appears to make a disavowal/disclaimer of claim scope argument in contending that the claims are limited to load handling devices that occupy "only a single" grid space. Ocado disagrees that there was a disavowal/disclaimer of claim scope and disagrees that an additional narrowing limitation should be read into the claims. Apart from that issue, Ocado does not understand there to be an additional dispute between the parties, and Ocado does not believe there is any reason to depart from the plain | Intrinsic Evidence '602 Pat., Abstract; Claims 1, 5, 9, 12, 16; 5:5-6, 5:11-21, 5:38-42, 7:6-8, 7:14-24, 7:33-36, 9:34-48; Fig. 7. Patent Owner's Preliminary Response, IPR2022-00443, at 26-29, 54-55; *id.* Ex. 2020, Pfeifer Decl., ¶¶ 78-81. *Cf.* U.S. Pat. No. 10,829,302, Claims 1, 5; 10,000,337, Claim 1. Extrinsic Evidence Def'n of "occupy," The American Heritage Dictionary 5th Ed. (2012) at 581 (*v.*, 1. To fill up (time or space).) Expert testimony that a POSITA would understand, from reading the patent claims and | The load handling device will occupy only a single grid space in the storage system | Intrinsic Evidence '602 Patent at Abstract; claim 1; 5:7–21; 5:37–47; 7:6–8; 7:61–8:3; 9:34–41; Fig. 7 Extrinsic Evidence (U.S. Patent No. 10,000,337 ("'337 Patent") File history, 2018-02-07 Resp. to Non-final Office Action, at pages 11-13) (AS-NH_00219783) *See also*, '337 Patent; '337 Patent File history (AS-NH_00218905; AS-NH_00219783) (U.S. Patent No. 10,829,302 ("'302 Patent") File history, 2020-07-09 Notice of Allowance at page 2) (AS-NH_00220380) *See also*, '302 Patent; '302 Patent File history |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | and ordinary meaning of the claim language. | specification, as well as from knowledge of the art, the meaning and scope of this term, that no construction is necessary, and that the term should be accorded its ordinary meaning. | | (AS-NH_00222519; AS-NH_00220380)<br><br>(European Patent No. 3030504 ("EP3030504") File history, 2019-03-29 Response to Opposition at page 4) (AS-NH_00222546)<br><br>*See also*, EP3030504; EP3030504 File history (AS-NH_00222546)<br><br>(EP3030504 File history, 2022-02-04 Reply to Appeal at page 7) (AS-NH_00218937)<br><br>(EP3030504 File history, 2022-02-04 Reply to Appeal at page 10) (AS-NH_00218937)<br><br>(European Patent No. 3293129 ("EP3293129") File history, 2021-04-26 Response to Opposition |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | at page 6) (AS-NH_00218963)<br><br>*See also* EP3293129; EP3293129 File history (AS-NH_00226355; AS-NH_00226417)<br><br>(European Patent No. 3299316 ("EP3299316") File history, 2020-10-09 Reply to Notice of Opposition at page 7) (AS-NH_00218983)<br><br>*See also* European Patent No. 3299316; EP3299316 File History (AS-NH_00226385; AS-NH_00220591)<br><br>(Ocado Group PLC's Petition for Inter Partes Review, IPR2021-00311 ("IPR2021-00311"), 202-12-11 Petition at page 28) (AS-NH_00228748) |

14

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | (Ocado Group PLC's Petition for Inter Partes Review, IPR2021-00311 ("IPR2021-00311"), 202-12-11 Petition at page 9, 25–26)<br><br>(ITC Inv. No. 337-TA-1228 2021-7-14 Resp. Pre-Hearing Br. at page 589-90) (AS-NH_00217610)<br><br>(ITC Inv. No. 337-TA-1228 2021-7-14 Resp. Pre-Hearing Br. at pages 590-91) (AS-NH_00217610)<br><br>(ITC Inv. No. 337-TA-1228 2021-8-20 Resp. Post-Hearing Br. at page 238-40) (AS-NH_00218372)<br><br>(ITC Inv. No. 337-TA-1228 2021-8-20 Resp. Post-Hearing Br. at page 241) (AS-NH_00218372) |

15

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | (ITC Inv. No. 337-TA-1228 2021-12-13 Initial Determination at pages 124-25) (AS-NH_00218696)<br><br>(ITC Inv. No. 337-TA-1228 2021-12-13 Initial Determination at page 125-26) (AS-NH_00218696)<br><br>(ITC Inv. No. 337-TA-1228 2021-12-13 Commission Op. at page 18) (AS-NH_00218878)<br><br>(ITC Inv. No. 337-TA-1228 2021-12-13 Commission Op. at page 21) (AS-NH_00218878)<br><br>ITC Inv. No. 337-TA-1228 2021-12-13 Commission Op. at page 22) (AS-NH_00218878)<br><br>*a*, Merriam-Webster's Collegiate Dictionary (11th. Ed). (2012) (AS-NH_00218932) |

16

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | *a*, Concise Oxford English Dictionary (11th Ed.) (2008) (AS-NH_00219703) |
| "load handling devices . . . will not obstruct a load handling device of the multiplicity of load handling devices occupying or traversing an adjacent grid space in the X-direction and will not obstruct a load handling device of the multiplicity of load handling devices occupying or traversing an adjacent grid space in the Y-direction"<br><br>(Claim 1)<br><br>"the load handling device will not obstruct a load handling device occupying or traversing an adjacent grid space in the X-direction and will | No construction necessary / plain and ordinary meaning<br><br>Ocado disagrees with AutoStore's proposed construction because it introduces a narrowing limitation that is not part of the claims—*i.e.*, a requirement that there is no obstruction in "any of the four" adjacent spaces. AutoStore appears to be making another disavowal/disclaimer of claim scope argument and Ocado disagrees that there was a disavowal/disclaimer of claim scope. Ocado does not understand there to be any other | Intrinsic Evidence<br>'602 Pat., Claims 1, 5, 9, 12, 16; 5:42-47, 7:25-47, 9:36-45; Fig. 7.<br><br>Patent Owner's Preliminary Response, IPR2022-00443, at 54-55.<br><br>Extrinsic Evidence<br>Def'n of "obstruct," The American Heritage Dictionary 5th Ed. (2012) at 580 (*v.*, 1. To block (a passage) with obstacles.  2. To impede; retard.  3. To get in the way of; hide from sight.) | Plain and ordinary meaning: the load handling device will not obstruct a load handling device occupying or traversing any of the four adjacent grid spaces | Intrinsic Evidence<br>'602 Patent at Abstract; 5:7–21;  5:37–47; 7:6–8; 7:61–8:3; 9:34–41; Fig. 7<br><br>Extrinsic Evidence<br>(Ocado Group PLC's Petition for Inter Partes Review, IPR2021-00274, (IPR2021-00274") 2019-05-21 Petitioner Reply at page 18) (AS-NH_00217425)<br><br>(EP3030504 File history, 2022-02-04 Reply to Appeal at page 7) (AS-NH_00218937)<br><br>*See also*, EP3030504; EP3030504 File history (AS-NH_00222546) |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| not obstruct a load handling device occupying or traversing an adjacent grid space in the Y-direction"<br><br>(Claim 12) | dispute between the parties, and Ocado does not believe there is any reason to depart from the plain and ordinary meaning of the claim language. | | | *Obstruct*, Merriam-Webster's Collegiate Dictionary (11th. Ed). (2012) (AS-NH_00218932) |
| "wheel hub motor"<br><br>(Claims 6, 10, 17) | No construction necessary / plain and ordinary meaning<br><br>In the alternative:<br><br>"a motor that is integrated within a hub of a wheel" | <u>Intrinsic Evidence</u><br>'602 Pat., 6:1-6, 11:45-47, 11:52-57; Fig. 17.<br><br>Patent Owner's Preliminary Response, IPR 2022-0043, at 29-30; *id.* Ex. 2020, Pfeifer Decl. ¶¶ 82-85.<br><br><u>Extrinsic Evidence</u><br>Def'n of "hub," The American Heritage Dictionary 5th Ed. (2012) at 411 (*n.*, 1. The center part of a wheel, fan, or propeller.)<br><br>Def'n of "motor," The American Heritage Dictionary 5th Ed. (2012) at 549 (*n.*, 1. Something that produces or imparts | Plain and ordinary meaning: an electric motor situated at or at least partly within the wheels of the vehicle | <u>Intrinsic Evidence</u><br>'602 Patent at 6:1–2; 11:45–47<br><br><u>Extrinsic Evidence</u><br>(IPR2021-00311 2020-11-12 Petition at 21) (AS-NH_00228748)<br><br>U.S. Patent No. 8,758,178 ("'178 Patent") (AS-NH_00220507)<br>'178 Patent at 1:28–36 |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | motion.  2. A device that converts any form of energy into mechanical energy, esp. an internal-combustible engine or a device that converts electric current into mechanical power.)<br><br>Def'n of "motor," The Oxford English Dictionary 7th Ed. (2012) at 470 (*n.*, 1. A machine that supplies the power to drive a vehicle or other device.)<br><br>Expert testimony that a POSITA would understand, from reading the patent claims and specification, as well as from knowledge of the art, the meaning and scope of this term, that no construction is necessary and the term should be accorded its ordinary meaning, and that, alternatively, a | | |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | wheel hub motor is integrated within the hub of the wheel. | | |

20

## C.  U.S. Pat. No. 10,961,051

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| "a housing footprint" <br><br> (Claims 1, 13) | No construction necessary / plain and ordinary meaning <br><br> Ocado disagrees with AutoStore's proposed construction because it adds substantial additional language that is not part of the claims—*i.e.*, "and not extensions from the housing."  Apart from the addition of this language, Ocado does not understand there to be a dispute between the parties, and Ocado does not see any reason to depart from the plain and ordinary meaning of the actual claim language. <br><br> Moreover, the actual dispute between the parties is a question of what features of a load handling device should | Intrinsic Evidence <br> '051 Pat., Abstract, 5:19-21, 5:32-38, 7:22-24, 9:34-48; Fig. 7. <br><br> U.S. Pat. No. 10,474,141, 11:51-56; US 2020/0216263 ¶ 11; US 2020/0290804 ¶ 24 <br><br> Extrinsic Evidence <br> Def'n of "housing," The American Heritage Dictionary 5th Ed. (2012) at 410 (*n.*, A cover or protective case, esp. for a mechanical part.) <br><br> Def'n of "housing," The Oxford English Dictionary 7th Ed. (2012) at 350 (*n.*, 2. A casing for a piece of equipment.) | Plain and ordinary meaning: The footprint of the load handling device's housing and not extensions from the housing | Intrinsic Evidence <br> '051 Patent at Claim 1; 3:37–39; 4:3–5;  5:32–47; 9:45–48; 7:65–8:3; 9:34–41; Fig. 7 <br><br> Extrinsic Evidence <br> *footprint*, Merriam-Webster's Collegiate Dictionary (11th. Ed). (2012) (AS-NH_00218932) |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | be included in the "housing footprint," which is a question of infringement, not claim construction.  The claim construction dispute that AutoStore presents is irrelevant because improperly adding verbiage to the claim will not resolve the actual dispute between the parties. | | | |
| "the second housing has a housing footprint that occupies less than twice the area of the grid space"<br><br>(Claim 1)<br><br>"the second load handling device has a housing footprint that occupies less than twice the area of the grid space"<br><br>(Claim 13) | No construction necessary / plain and ordinary meaning<br><br>Ocado disagrees with AutoStore's proposed construction because it limits claim scope to a second housing that occupies "only a single" grid space.<br><br>AutoStore appears to make a disavowal/disclaimer of claim scope argument in contending that the claims are limited to a | <u>Intrinsic Evidence</u><br>'051 Pat., Abstract, 5:5-6, 5:19-21, 5:32-47, 7:6-8, 7:22-24, 7:33-36, 7:61-8:3, 9:34-48; Fig. 7.<br><br><u>Extrinsic Evidence</u><br>Def'n of "housing," The American Heritage Dictionary 5th Ed. (2012) at 410 (*n.*, A cover or protective case, esp. for a mechanical part.)<br><br>Def'n of "housing," The Oxford English | The second housing will occupy only a single grid space in the storage system | <u>Intrinsic Evidence</u><br>'051 Patent at Abstract; 5:7–21; 5:37–47; 7:6–8; 7:61–8:3; 9:34–41; Fig. 7<br><br>'602 Patent at claim 1<br><br><u>Extrinsic Evidence</u><br>(U.S. Patent No. 10,000,337 ("'337 Patent") File History 2018-02-07 Resp. to Non-final Office Action at pages 11-13) (AS-NH_00219783) |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | second housing that occupies "only a single" grid space.  Ocado disagrees that there was a disavowal/disclaimer of claim scope and disagrees that an additional narrowing limitation should be read into the claims.  Apart from that issue, Ocado does not understand there to be an additional dispute between the parties, and Ocado does not believe there is any reason to depart from the plain and ordinary meaning of the claim language. | Dictionary 7th Ed. (2012) at 350 (*n.*, 2. A casing for a piece of equipment.) | | *See also*, '337 Patent; '337 Patent File history (AS-NH_00218905; AS-NH_00219783)<br><br>(U.S. Patent No. 10,829,302 ("'302 Patent") File History, 2020-07-09 Notice of Allowance at page 2) (AS-NH_00220380)<br><br>*See also*, '302 Patent; '302 Patent File history (AS-NH_00220380; AS-NH_00222519)<br><br>(European Patent No. 3030504 ("EP3030504") File history, 2019-03-29 Resp. to Opposition at page 4) (AS-NH_00222546)<br><br>*See also*, EP3030504; EP3030504 File history (AS-NH_00222546)<br><br> (European Patent No. 3030504 |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | ("EP3030504") File history, 2022-02-04 Reply to Appeal at page 7) (AS-NH_00218937)<br><br>(EP3030504 File history, 2022-02-04 Reply to Appeal at page 10) (AS-NH_00218937)<br><br>(European Patent No. EP3293129 ("EP3293129") File history, 2021-04-26 Resp. to Opposition at page 6) (AS-NH_00218963)<br><br>*See also*, EP3293129; EP3293129 File history (AS-NH_00226417; AS-NH_00226355)<br><br>(European Patent No. 3299316 ("EP3299316") File history, 2020-10-09 Reply to Notice of Opposition at page 7) (AS-NH_00218983) |

24

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | *See also*, EP3299316; EP3299316 File history (AS-NH_00220591; AS-NH_00226385)<br><br>(Ocado Group PLC's Petition for Inter Partes Review, IPR2021-00311, ("IPR2021-00311"), 2020-12-11 at page 28) (AS-NH_00228748)<br><br>(ITC Inv. No. 337-TA-1228 2021-7-14 Resp. Pre-Hearing Br. at page 589) (AS-NH_00217610)<br><br>(ITC Inv. No. 337-TA-1228 2021-7-14 Resp. Pre-Hearing Br. at pages 589-90) (AS-NH_00217610)<br><br>(ITC Inv. No. 337-TA-1228 2021-7-14 Resp. Pre-Hearing Br. at page 590) (AS-NH_00217610) |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | (ITC Inv. No. 337-TA-1228 2021-7-14 Resp. Pre-Hearing Br. at pages 590-91) (AS-NH_00217610) |
| | | | | (ITC Inv. No. 337-TA-1228 2021-8-20 Resp. Post-Hearing Br. at pages 238-39) (AS-NH_00218372) |
| | | | | (ITC Inv. No. 337-TA-1228 2021-8-20 Resp. Post-Hearing Br. at page 239) (AS-NH_00218372) |
| | | | | (ITC Inv. No. 337-TA-1228 2021-8-20 Resp. Post-Hearing Br. at page 240) (AS-NH_00218372) (ITC Inv. No. 337-TA-1228 2021-8-20 Resp. Post-Hearing Br. at page 241) (AS-NH_00218372) |
| | | | | (ITC Inv. No. 337-TA-1228 2021-12-13 Initial |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | Determination at pages 124-125) (AS-NH_00218696)<br><br>(ITC Inv. No. 337-TA-1228 2021-12-13 Initial Determination at page 125) (AS-NH_00218696)<br><br>(ITC Inv. No. 337-TA-1228 2021-12-13 Commission Op. at page 18) (AS-NH_00218878)<br><br>(ITC Inv. No. 337-TA-1228 2021-12-13 Commission Op. at page 21) (AS-NH_00218878)<br><br>(ITC Inv. No. 337-TA-1228 2021-12-13 Commission Op. at page 22) (AS-NH_00218878) |
| "the first set of rails is part of a first set of tracks, and the second set of rails is part of a second set of tracks"<br><br>(Claims 9, 18) | No construction necessary / plain and ordinary meaning<br><br>AutoStore appears to contend that this claim term is indefinite, but | <u>Intrinsic Evidence</u><br>'051 Pat., Claims 1, 3, 5, 6, 13-15; *see also id.* at Abstract, 5:7-19, 7:9-22.<br><br><u>Extrinsic Evidence</u> | Indefinite | <u>Intrinsic Evidence</u><br>'051 Patent at 2:59–3:5; 7:9– 24; 6:60–65; 9:7–15<br><br><u>Extrinsic Evidence</u> |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | AutoStore has not provided the complete basis for its indefiniteness argument. Ocado disagrees that the term is indefinite and will provide evidence that a person of ordinary skill in the art would have understood this term with reasonable certainty.  Ocado reserves the right to further supplement or amend its proposed construction once AutoStore provides the basis for its indefiniteness argument. | Def'n of "rail," The American Heritage Dictionary 5th Ed. (2012) at 686 (*n.*, 1. A bar extending horizontally between supports, as in a fence. 2. A steel bar used as a track for railroad cars or other vehicles.)<br><br>Expert testimony that a POSITA would understand, from reading the patent claims and specification, as well as from knowledge of the art, the meaning and scope of this term, that no construction is necessary, and that the term should be accorded its ordinary meaning. | | *See also*, EP3030504; EP3030504 File history (AS-NH_00222546)<br><br>(Response by Patentee to Opposition of EP3299316B1 ("OP1162EP00") 2020-12-09 Reply to Opposition at page 3) (AS-NH_00218983)<br><br>European Patent No. 3299316 ("EP3299316") File history at claim 1 (AS-NH_00220591)<br><br>*See also*, EP3299316; EP3299316 File history (AS-NH_00220591; AS-NH_00226385)<br><br>(European Patent No. 3293129 ("EP3293129") File history, 2021-04-26 Resp. to Opposition at page 6) (AS-NH_00218963) |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | *See also*, EP3293129; EP3293129 File history (AS-NH_00226417; AS-NH_00226355)<br><br>(European Patent No. 3556689 ("EP3556689") 2021-11-03 Resp. to Opposition at page 2) (AS-NH_00217398)<br><br>*See also*, EP3556689; EP3556689 File history (AS-NH_00230377; AS-NH_00228840)<br><br>*track*, Concise Oxford English Dictionary (11th Ed.) (2008)<br><br>WIPO Publication No. WO2014090684 ("WO684") (AS-NH_00107914)<br><br>2022-1-24 Plaintiff's Preliminary Infringement Contentions, Case No. |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
|  |  |  |  | 1:21-cv-00041-JL, '051 Patent claims 9, 18 |

**D. U.S. Pat. No. 10,901,404**

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| "clearance unit" (Claims 1, 3, 6-9, 11-14) | Construe under 35 U.S.C. § 112(f)<br><br>**Function**: provide a clearance instruction for each transporting device to traverse a portion of the reserved path<br><br>**Structure**: a computer device for local or distributed computing, including servers, processors, and computer-readable media, and also including associated networks, devices, software (including applications stored as instructions to be performed by one or more processors), and firmware, that, upon providing a robot with a new instruction, checks that it will not be possible for that robot to collide with another robot based on grid dimensions, grid positions, move | Intrinsic Evidence<br>'404 Pat., 18:31-19:29, 19:51-54, 20:58-62, 21:1-3; Claims 1, 3, 6-9, 11-14; *see also id.* at 10:39-43, 10:58-64, 11:4-9, 12:65-13:4, 13:11-23, 13:36-40, 16:1-8, 21:15-22:7, 22:65-23:4; Figs. 1-3.<br><br>Extrinsic Evidence<br>Expert testimony that a POSITA would understand, from reading the patent claims and specification, as well as from knowledge of the art, the function and structure associated with this term. | Indefinite under 35 U.S.C. § 112(f) as contended by Ocado.<br><br>(Means plus function terms without corresponding structure/algorithm in the specification.)<br><br>**Function (as contended by Ocado):** provide a clearance instruction for each transporting device to traverse a portion of the reserved path.<br><br>**Structure:** Indefinite (insufficient structure/algorithm(s) disclosed in the specification). | Intrinsic Evidence<br><br>'404 Patent at Claims 3-4, 6-9, 11-14, Abstract, 2:46-48, 2:65-3:10, 3:41-44, 16:1-9, 18:31-37, 18:38-63, 18:64-19:12, 19:13-29, 3:3-10, 4:6-9, 10:43-45, 10:53-58, 19:58-20:11, 9:6-15, 10:39-43, 10:63-64, 12:50-13:4, 13:11-23, 19:1-5, 19:30-20:15, 21:15-24:48, Figs. 1–4.<br><br>Extrinsic Evidence<br><br>U.S. Patent No. 10,474,141 ("'141 Patent") (parent) File History, 2018-12-03 Response to Office Action at page 3 (AS-NH_00207203)<br><br>European Patent No. 3376450 ("EP3376450") File History, 2018-01-08 Response to Office |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | commands generated by planning, cancellation of move commands (generated on events such as a controlled stop), the current positions and speeds of robots, braking ability of robots, and/or where the robots have been cleared to visit, as described at '404 Pat., col. 18 ll.38-45; as well as, or in addition to, a set of tolerances, including missed messages, processing time, clock sync and robot discrepancies with a physics model, as described at '404 Pat., col. 18 ll.64-66; or robot speed, position updates, and/or clearances given/withheld, as described at '404 Pat. col. 19 ll.2-3.  The computer device may also provide a clearance instruction for a predetermined period of time, or a period of time that is sufficient for the | | | Action at pages 1-3 (AS-NH_00209330).

EP3376450 File History, 2019-03-15 Response to Office Action at page 1-8 (AS-NH_00209330)

EP3376450 File History, 2019-03-15 Response from Applicant at page 2 (AS-NH_00209330)

EP3376450 File History, 2022-02-28 Response from Applicant at page 5 (AS-NH_00209330)

*Clearance*, Webster's New World College Dictionary (5th Ed.) (2014) (AS-NH_00217322).

*Clearance*, "The New Shorter Oxford English Dictionary on Historical Principles (4th Ed.) (1993) (AS-NH_00217325).

*Clearance*, The Am. Heritage Dictionary (2d |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | robot to come to rest without risking a collision, as described at '404 Pat. col. 19 ll. 6-8; as well as, or in addition to, based on whether the last command issued was acknowledged by the robot, as described at '404 Pat. col. 20 ll. 58-62.  The computer device may participate in dynamic route re-planning, as described at '404 Pat. col. 18 ll. 55-63; col. 19 ll. 26-29, 51-54 and Fig. 3, and may provide clearances for a path, notification of when a clearance is issued or withheld, and/or notification of a potential problem with a robot, as described at '404 Pat. col. 18 ll. 55-63.<br><br>Ocado reserves the right to supplement or amend its proposed construction once AutoStore provides the complete basis for its indefiniteness argument. | | | Ed.) (1983) (AS-NH_00217319).<br><br>*Clearance*, Webster's Third New International Dictionary (1986) (AS-NH_00217302).<br><br>*Clearance*, Webster's II New College Dictionary (3d Ed.) (2005) (AS-NH_00217328).<br><br>*Clearance,* McGraw Hill Dictionary of Sci. & Tech. Terms (6th Ed.) (2002) (AS-NH_00217310).<br><br>*Clearance,* IEEE 100 Authoritative Dictionary, (7th Ed.) (2000) (AS-NH_00217315).<br><br>Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; description of "clearance" algorithms in the prior art; lack of |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | disclosure of any clearance algorithm in the '404 patent specification. |
| "wherein the clearance instruction is provided for execution by a control unit on each transporting device at a future time"<br><br>(Claim 1)<br><br>"wherein the clearance instruction is provided for execution by each transporting device at a future time"<br><br>(Claim 20) | No construction necessary / ordinary meaning<br><br>AutoStore appears to contend that this claim term is indefinite, but AutoStore has not provided the complete basis for its indefiniteness argument.<br><br>Ocado disagrees that the term is indefinite and will provide evidence that a person of ordinary skill in the art would have understood this term with reasonable certainty. Ocado reserves the right to further supplement or amend its proposed construction once AutoStore provides the complete basis for its indefiniteness argument. | Intrinsic Evidence<br>'404 Pat., Claims 1, 2, 20; 4:6-10, 9:17-18, 9:34-35, 10:53-62, 16:28-33, 20:43-46; *see also id.* at 12:32-35, 13:24-36, 20:10-15, 20:21-23, 20:50-55; *cf. id.*, Claims 17, 18; 10:43-47, 13:41-44, 19:58-66.<br>Appl. No. 16/575,906, Non-Final Rejection dated June 15, 2020, at 2-3.<br>Appl. No. 16/575,906, Amendment and Reply dated Sept. 16, 2020, at 7-8.<br><br>Extrinsic Evidence<br>Def'n of "future," The Oxford English Dictionary 7th Ed. (2012) at 294 (*n.*, 1. Time that is still to come.)<br>Expert testimony that a POSITA would understand, from reading the patent claims and | Indefinite | Intrinsic Evidence<br><br>'404 patent at Claim 2, 10:43-47, 10:53-58, 18:46-48, 19:63-66, 20:11-23, 20:43-46.<br><br>'404 Patent File History, 2020-06-19 Rejection at pages 2-3 (AS-NH_00215115).<br><br>'404 Patent File History, 2020-09-16 Amendment at page 1-8 (AS-NH_00215115).<br><br>Extrinsic Evidence<br><br>Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; lack of disclosure of the meaning of "for execution … at a |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | specification, as well as from knowledge of the art, the meaning and scope of this term, that no construction is necessary, and that the term should be accorded its ordinary meaning. | | future time" in the specification. |
| "clearance instruction"<br><br>(Claims 1-3, 6, 8, 11-14, 17-20) | No construction necessary / ordinary meaning<br><br>In the alternative:<br><br>"an instruction for a robot to traverse a portion of a reserved path, issued when the clearance module checks that the robot will not collide with another robot" | Intrinsic Evidence<br>'404 Pat., Claims 1-3, 6, 8, 11-14, 17-20; 3:8-10, 5:37-40, 18:31-34, 18:38-54; 21:1-3; *see also id.* at 16:1-8, 19:58-63, 20:10-14.<br>US 7,912,574 at 40:26-28; US 9,002,506 at 7:5-10.<br><br>Extrinsic Evidence<br>Def'n of "instruction," Oxford – A Dictionary of Computing, 6th Ed. (2008), *available at* Dictionary of Computing - Oxford Reference (The description of an operation that is to be performed by a computer.) | Permission instruction issued when the clearance unit checks that the robot will not collide with another robot. | Intrinsic Evidence<br><br>'404 patent claims 3, 6, 8, 14; '770 patent claims 23-24.<br><br>Citations for "clearance unit" *supra*.<br><br>'404 patent at 18:32-34, 2:65-3:10, 4:6-9, 5:49-54, 10:43-45, 10:53-58, 11:11-20, 12:50-56, 13:27-40, 8:39-48, 19:58-20:11.<br><br>Extrinsic Evidence<br><br>U.S. Patent No. 10,474,141 ("'141 Patent") (parent) File History, 2018-12-03 Response to Office |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | Action at 3 (AS-NH_00207203).<br><br>European Patent No. 3376450 ("EP3376450") File History, 2018-01-08 Response to Office Action at pages 1-3 (AS-NH_00209330).<br><br>EP3376450 File History, 2019-03-15 Response to Office Action at pages 1-8 (AS-NH_00209330).<br><br>EP3376450 File History, 2019-03-15 Response from Applicant at 2 (AS-NH_00209330).<br><br>EP3376450 File History, 2022-03-15 Response from Applicant at 4 (AS-NH_00209330).<br><br>EP3376450 File History, 2022-03-15 Response from Applicant at 5 (emphases in original) (AS-NH_00209330).<br><br>EP3376450 File History, 2022-02-28 Response |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | from Applicant at 3 (AS-NH_00209330).<br><br>EP3376450 File History, 2022-02-28 Response from Applicant at 5 (AS-NH_00209330).<br><br>EP3376450 File History, 2022-02-28 Response from Applicant at 5  (AS-NH_00209330).<br><br>EP3376450 File History, 2022-02-28 Response from Applicant at 5-6 (AS-NH_00209330).<br><br>EP3376450 File History, 2022-02-28 Response from Applicant at 6-7 (AS-NH_00209330).<br><br>*Clearance,* Webster's New World College Dictionary (5th Ed.) (2014) (AS-NH_00217322).<br><br>*Clearance,* The New Shorter Oxford English Dictionary (4th Ed.) |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | (1993) (AS-NH_00217325).<br><br>*Clearance,* The American Heritage Dictionary (2d Ed.) (1989) (AS-NH_00217319).<br><br>*Clearance,* Webster's Third International Dictionary (1986) (AS-NH_00217302).<br><br>Webster's II New College Dictionary (3d Edition) (2005) (AS-NH_00217328).<br><br>*Clearance,* IEEE 100 Authoritative Dictionary (7th Ed.) (2000) (AS-NH_00217315).<br><br>*Instruction,* McGraw Hill Dictionary of Sci. & Tech. Terms (6th Ed.) (2002) (AS-NH_00217310). |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | *Instruction,* IEEE 100 Authoritative Dictionary (7th Ed.) (2000) (AS-NH_00217315).<br><br>ITC Inv. No. 337-TA-1228 2021-4-26 Stadie Dep. Tr. at 215:4-217:13.<br><br>Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; interpretation of the claim term by a person of ordinary skill in the art based on intrinsic and extrinsic evidence. |
| "a route of a transporting device from one location on the grid-like structure to another location on the grid-like structure"<br><br>(Claim 1) | No construction necessary / ordinary meaning<br><br>AutoStore appears to contend that this claim term is indefinite, but | <u>Intrinsic Evidence</u><br>'404 Pat., Claims 1, 10, 20; Abstract, 2:37-40, 2:55-57, 6:10-19; Figs. 4, 7; *see also* Fig. 5. | Indefinite | <u>Intrinsic Evidence</u><br><br>'404 patent at 2:55-57, 22:12-24:48.<br><br><u>Extrinsic Evidence</u><br><br>EP3376450 File History, 2018-01-08 Response to |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| "a route from one location on the grid-like structure to another location on the grid-like structure for each transporting device<br><br>(Claim 20) | AutoStore has not provided the basis for its indefiniteness argument.<br><br>Ocado disagrees that the term is indefinite and will provide evidence that a person of ordinary skill in the art would have understood this term with reasonable certainty. Ocado reserves the right to further supplement or amend its proposed construction once AutoStore provides the basis for its indefiniteness argument. | | | Office Action at pages 1-3 (AS-NH_00209330).<br><br>Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; usage and meaning of "route" in the specification; meaning of the "route" in the art. |
| "clearance unit"<br><br>(Claim 3) | Construe under 35 U.S.C. § 112(f).  This term should be given the same construction as "clearance unit" from Claim 1.<br><br>**Function**: provide a clearance instruction for each transporting device to traverse a portion of the reserved path | <u>Intrinsic Evidence</u><br>'404 Pat., 18:31-19:29, 19:51-54, 20:58-62, 21:1-3; Claims 1, 3, 6-9, 11-14; *see also id.* at 10:39-43, 10:58-64, 11:4-9, 12:65-13:4, 13:11-23, 13:36-40, 16:1-8, 21:15-22:7, 22:65-23:4; Figs. 1-3.<br><br><u>Extrinsic Evidence</u><br>Expert testimony that a POSITA would | Construe under 35 U.S.C. § 112(f) / Indefinite<br><br>(Means plus function term without corresponding structure/algorithm in the specification.)<br><br>**Function(s):**  (i) function from claim 1; (ii) not providing the clearance instruction until a last | *See* "clearance unit" *supra*.<br><br><u>Intrinsic Evidence</u><br><br>'404 patent at 20:56-67.<br><br><u>Extrinsic Evidence</u><br><br>Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | **Structure**: a computer device for local or distributed computing, including servers, processors, and computer-readable media, and also including associated networks, devices, software (including applications stored as instructions to be performed by one or more processors), and firmware, that, upon providing a robot with a new instruction, checks that it will not be possible for that robot to collide with another robot based on grid dimensions, grid positions, move commands generated by planning, cancellation of move commands (generated on events such as a controlled stop), the current positions and speeds of robots, braking ability of robots, and/or where the robots have been cleared to visit, as described at | understand, from reading the patent claims and specification, as well as from knowledge of the art, the function and structure associated with this term. | issued clearance instruction is acknowledged by a transporting device.<br><br>**Structure:** Indefinite (insufficient structure/algorithm(s) disclosed in the specification). | disclosed in the specification; description of "clearance" algorithms in the prior art; lack of disclosure in the '404 patent specification of specific algorithms for implementing the function of the clearance unit not providing the clearance instruction until a last issued clearance instruction is acknowledged by a transporting device. |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | '404 Pat., col. 18 ll.38-45; as well as, or in addition to, a set of tolerances, including missed messages, processing time, clock sync and robot discrepancies with a physics model, as described at '404 Pat., col. 18 ll.64-66; or robot speed, position updates, and/or clearances given/withheld, as described at '404 Pat. col. 19 ll.2-3.  The computer device may also provide a clearance instruction for a predetermined period of time, or a period of time that is sufficient for the robot to come to rest without risking a collision, as described at '404 Pat. col. 19 ll. 6-8; as well as, or in addition to, based on whether the last command issued was acknowledged by the robot, as described at '404 Pat. col. 20 ll. 58-62.  The computer device | | | |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | may participate in dynamic route re-planning, as described at '404 Pat. col. 18 ll. 55-63; col. 19 ll. 26-29, 51-54 and Fig. 3, and may provide clearances for a path, notification of when a clearance is issued or withheld, and/or notification of a potential problem with a robot, as described at '404 Pat. col. 18 ll.55-63.<br><br>Ocado reserves the right to supplement or amend its proposed construction once AutoStore provides the complete basis for its indefiniteness argument. | | | |
| "wherein the clearance unit is configured as a passive collision avoidance system, wherein each transporting device is operated in a manner without impacting system performance"<br><br>(Claim 7) | As set forth in its Motion to Strike AutoStore's Untimely Proposed Claim Constructions (Dkt. 99), Ocado objects to AutoStore's untimely invalidity arguments. To the extent that AutoStore contends that this term is governed by 35 U.S.C. § 112(f) or is indefinite because the specification | <u>Intrinsic Evidence</u><br>'404 Pat., Claim 7; 16:34-40, 18:31-37, 19:6-11.<br><br>*See also* US 7,912,574 at 1:18-24; US 9,188,982 at 3:48-50; US 9,886,036 at 1:55-60.<br><br>Appl. No. 15/992,899, Remarks/Amendment | Construe under 35 U.S.C. § 112(f) / Indefinite<br><br>(Means plus function terms without corresponding structure/algorithm in the specification.)<br><br>**Function ("clearance unit"):** (i) function from | <u>Intrinsic Evidence</u><br><br>'404 patent at 18:31-37.<br><br><u>Extrinsic Evidence</u><br><br>EP3376450 File History, 2018-01-08 Response to Office Action at pages 1-3 (AS-NH_00209330). |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | fails to disclose sufficient structure, AutoStore has waived those arguments by failing to raise them in a timely fashion as required by SPR 5.1 and 6.1.  Ocado reserves the right to supplement its proposed constructions and supporting evidence, if necessary, after the Court makes a determination on Ocado's motion.

No construction necessary / ordinary meaning

AutoStore appears to contend that this claim term is otherwise indefinite, but AutoStore has not provided the complete basis for its indefiniteness argument. Ocado disagrees that the term is indefinite and will provide evidence that a person of ordinary skill in the art would have understood this term with reasonable | dated June 3, 2019, at 8-9.

Extrinsic Evidence
Def'n of "passive," The Oxford English Dictionary 7th Ed. (2012) at 524 (*adj.*, 1. Accepting or allowing what happens or what other people do, without resistance.) Expert testimony that a POSITA would understand, from reading the patent claims and specification, as well as from knowledge of the art, the meaning and scope of this term, that no construction is necessary, and that the term should be accorded its ordinary meaning. | claim 1; (ii) act as a passive collision avoidance system and operate each transporting device in a manner that does not impact system performance.

**Structure:**  Indefinite (insufficient structure/algorithm(s) disclosed in the specification). | Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; lack of description, in the specification, of the meaning of "passive avoidance system" and "without impacting system performance" and lack of disclosure of any algorithms for implementing same. |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | certainty. Ocado reserves the right to further supplement or amend its proposed construction once AutoStore provides the complete basis for its indefiniteness argument. | | | |
| "clearance unit" (Claim 8) | As set forth in its Motion to Strike AutoStore's Untimely Proposed Claim Constructions (Dkt. 99), Ocado objects to AutoStore's untimely invalidity arguments. To the extent that AutoStore contends that this term is governed by 35 U.S.C. § 112(f) or is indefinite because the specification fails to disclose sufficient structure, AutoStore has waived those arguments by failing to raise them in a timely fashion as required by SPR 5.1 and 6.1. Ocado reserves the right to supplement its proposed constructions and supporting evidence, if necessary, after the Court makes a | | Construe under 35 U.S.C. § 112(f) / Indefinite (Means plus function term without corresponding structure/algorithm in the specification.) **Function(s):** (i) function from claim 1; (ii) granting or withholding providing the clearance instruction for a transporting device to traverse a portion of the reserved path based on at least one of: dimensions of the grid-like structure, positions on the grid-like structure, commands to move the transporting device, cancellation of commands to move the | *See* "clearance unit" *supra*. Extrinsic Evidence Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; description of "clearance" algorithms in the prior art; lack of disclosure in the '404 patent specification of specific algorithms for implementing the function of the clearance unit granting or withholding providing the clearance instruction for a transporting device to traverse a portion of the reserved path based |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | determination on Ocado's motion. | | transporting device, a current position of the transporting device, a speed of the transporting device, a braking ability of the transporting device, and the clearance instructions provided to the transporting device.<br><br>**Structure:** Indefinite (insufficient structure/algorithm(s) disclosed in the specification). | on at least one of: dimensions of the grid-like structure, positions on the grid-like structure, commands to move the transporting device, cancellation of commands to move the transporting device, a current position of the transporting device, a speed of the transporting device, a braking ability of the transporting device, and the clearance instructions provided to the transporting device. |
| "wherein at least one of the clearance unit, and movement optimisation unit is configured to dynamically re-plan a route"<br><br>(Claim 9) | As set forth in its Motion to Strike AutoStore's Untimely Proposed Claim Constructions (Dkt. 99), Ocado objects to AutoStore's untimely invalidity arguments. To the extent that AutoStore contends that this term is governed by 35 U.S.C. § 112(f) or is indefinite because the specification fails to disclose sufficient structure, AutoStore has waived those arguments | <u>Intrinsic Evidence</u><br>'404 Pat., Claim 9; 15:20-24; 15:43-49, 16:1-8, 18:46-67; 21:15-18, 22:12-25; 22:65-23:4; *see also id.* at 12:53-56; 19:4-5.<br><br><u>Extrinsic Evidence</u><br>Expert testimony that a POSITA would understand, from reading the patent claims and specification, as well as from knowledge of the | Construe under 35 U.S.C. § 112(f) / Indefinite<br><br>(Means plus function terms without corresponding structure/algorithm in the specification.)<br><br>**Function ("clearance unit"):** (i) function from claim 1 as contended by | <u>Intrinsic Evidence</u><br><br>'404 patent at 15:20-24, 18:46-63, 19:1-5.<br><br><u>Extrinsic Evidence</u><br><br>U.S. Patent No. 10,474,141 ("'141 Patent") File History, 2019-06-03 Response to Office Action and Amendments at pages 1-2 (AS-NH_00207203). |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | by failing to raise them in a timely fashion as required by SPR 5.1 and 6.1. Ocado reserves the right to supplement its proposed constructions and supporting evidence, if necessary, after the Court makes a determination on Ocado's motion.<br><br>No construction necessary / ordinary meaning<br><br>AutoStore appears to contend that this claim term is otherwise indefinite, but AutoStore has not provided the complete basis for its indefiniteness argument. Ocado disagrees that the term is indefinite and will provide evidence that a person of ordinary skill in the art would have understood this term with reasonable certainty. Ocado reserves the right to further supplement or amend its | art, the meaning and scope of this term, that no construction is necessary, and that the term should be accorded its ordinary meaning. | Ocado; (ii) dynamically re-plan a route.<br><br>**Structure:** Indefinite (insufficient structure/algorithm(s) disclosed in the specification). | U.S. Patent No. 10,086,999 ("'999 Patent") File History, 2018-01-17 Non-Final Rejection at page 5 (AS-NH_00211522).<br><br>EP3376450 File History, 2018-01-08 Response to Office Action at pages 1-3 (AS-NH_00207203).<br><br>EP3376450 File History, 2021-07-30 Response to Office Action, at page 3 (AS-NH_00207203).<br><br>Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; lack of description, in the specification, of the meaning of "clearance unit … configured to dynamically re-plan a route" and lack of disclosure of any algorithms for implementing same. |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | proposed construction once AutoStore provides the complete basis for its indefiniteness argument. | | | |
| "clearance unit"<br><br>(Claim 11) | Construe under 35 U.S.C. § 112(f).  This term should be given the same construction as "clearance unit" from Claim 1.<br><br>**Function**: provide a clearance instruction for each transporting device to traverse a portion of the reserved path<br><br>**Structure**: a computer device for local or distributed computing, including servers, processors, and computer-readable media, and also including associated networks, devices, software (including applications stored as instructions to be performed by one or more processors), and firmware, that, upon | Intrinsic Evidence<br>'404 Pat., 18:31-19:29, 19:51-54, 20:58-62, 21:1-3; Claims 1, 3, 6-9, 11-14; *see also id.* at 10:39-43, 10:58-64, 11:4-9, 12:65-13:4, 13:11-23, 13:36-40, 16:1-8, 21:15-22:7, 22:65-23:4; Figs. 1-3.<br><br>Extrinsic Evidence<br>Expert testimony that a POSITA would understand, from reading the patent claims and specification, as well as from knowledge of the art, the function and structure associated with this term. | Construe under 35 U.S.C. § 112(f) / Indefinite<br><br>(Means plus function term without corresponding structure/algorithm in the specification.)<br><br>**Function(s):**  (i) function from claim 1; (ii) providing the clearance instruction based upon a set of tolerances.<br><br>**Structure:**  Indefinite (insufficient structure/algorithm(s) disclosed in the specification). | *See* "clearance unit" *supra.*<br><br>Extrinsic Evidence<br><br>Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; description of "clearance" algorithms in the prior art; lack of disclosure in the '404 patent specification of specific algorithms for implementing the function of the clearance unit providing the clearance instruction based upon a set of tolerances, including at least one of: missed messages, a processing time, a clock sync, and transporting device |

48

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | providing a robot with a new instruction, checks that it will not be possible for that robot to collide with another robot based on grid dimensions, grid positions, move commands generated by planning, cancellation of move commands (generated on events such as a controlled stop), the current positions and speeds of robots, braking ability of robots, and/or where the robots have been cleared to visit, as described at '404 Pat., col. 18 ll.38-45; as well as, or in addition to, a set of tolerances, including missed messages, processing time, clock sync and robot discrepancies with a physics model, as described at '404 Pat., col. 18 ll.64-66; or robot speed, position updates, and/or clearances given/withheld, as | | | discrepancies with a physics model. |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | described at '404 Pat. col. 19 ll.2-3.  The computer device may also provide a clearance instruction for a predetermined period of time, or a period of time that is sufficient for the robot to come to rest without risking a collision, as described at '404 Pat. col. 19 ll. 6-8; as well as, or in addition to, based on whether the last command issued was acknowledged by the robot, as described at '404 Pat. col. 20 ll. 58-62.  The computer device may participate in dynamic route re-planning, as described at '404 Pat. col. 18 ll. 55-63; col. 19 ll. 26-29, 51-54 and Fig. 3, and may provide clearances for a path, notification of when a clearance is issued or withheld, and/or notification of a potential problem with a robot, as described at | | | |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | '404 Pat. col. 18 ll. 55-63.<br><br>Ocado reserves the right to supplement or amend its proposed construction once AutoStore provides the complete basis for its indefiniteness argument. | | | |
| "clearance unit"<br><br>(Claim 12) | Construe under 35 U.S.C. § 112(f). This term should be given the same construction as "clearance unit" from Claim 1.<br><br>**Function**: provide a clearance instruction for each transporting device to traverse a portion of the reserved path<br><br>**Structure**: a computer device for local or distributed computing, including servers, processors, and computer-readable media, and also including associated networks, devices, software (including applications stored as instructions to | <u>Intrinsic Evidence</u><br>'404 Pat., 18:31-19:29, 19:51-54, 20:58-62, 21:1-3; Claims 1, 3, 6-9, 11-14; *see also id.* at 10:39-43, 10:58-64, 11:4-9, 12:65-13:4, 13:11-23, 13:36-40, 16:1-8, 21:15-22:7, 22:65-23:4; Figs. 1-3.<br><br><u>Extrinsic Evidence</u><br>Expert testimony that a POSITA would understand, from reading the patent claims and specification, as well as from knowledge of the art, the function and structure associated with this term. | Construe under 35 U.S.C. § 112(f) / Indefinite<br><br>(Means plus function term without corresponding structure/algorithm in the specification.)<br><br>**Function(s):** (i) function from claim 1; (ii) calculating a set of safe entry times for at least one position on the grid-like structure based upon at least one of transporting device position, speed updates, and the clearance instructions given and withheld. | *See* "clearance unit" *supra*.<br><br><u>Extrinsic Evidence</u><br><br>Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; description of "clearance" algorithms in the prior art; lack of disclosure in the '404 patent specification of specific algorithms for implementing the function of the clearance unit calculating a set of safe entry times for at least one position on the grid-like structure based upon at least one of |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | be performed by one or more processors), and firmware, that, upon providing a robot with a new instruction, checks that it will not be possible for that robot to collide with another robot based on grid dimensions, grid positions, move commands generated by planning, cancellation of move commands (generated on events such as a controlled stop), the current positions and speeds of robots, braking ability of robots, and/or where the robots have been cleared to visit, as described at '404 Pat., col. 18 ll.38-45; as well as, or in addition to, a set of tolerances, including missed messages, processing time, clock sync and robot discrepancies with a physics model, as described at '404 Pat., col. 18 ll.64-66; or robot | | **Structure:** Indefinite (insufficient structure/algorithm(s) disclosed in the specification). | transporting device position, speed updates, and the clearance instructions given and withheld. |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | speed, position updates, and/or clearances given/withheld, as described at '404 Pat. col. 19 ll.2-3.  The computer device may also provide a clearance instruction for a predetermined period of time, or a period of time that is sufficient for the robot to come to rest without risking a collision, as described at '404 Pat. col. 19 ll. 6-8; as well as, or in addition to, based on whether the last command issued was acknowledged by the robot, as described at '404 Pat. col. 20 ll. 58-62.  The computer device may participate in dynamic route re-planning, as described at '404 Pat. col. 18 ll. 55-63; col. 19 ll. 26-29, 51-54 and Fig. 3, and may provide clearances for a path, notification of when a clearance is issued or withheld, and/or notification of a | | | |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | potential problem with a robot, as described at '404 Pat. col. 18 ll.55-63. Ocado reserves the right to supplement or amend its proposed construction once AutoStore provides the complete basis for its indefiniteness argument. | | | |
| "clearance unit"<br><br>(Claim 13) | Construe under 35 U.S.C. § 112(f). This term should be given the same construction as "clearance unit" from Claim 1.<br><br>**Function**: provide a clearance instruction for each transporting device to traverse a portion of the reserved path<br><br>**Structure**: a computer device for local or distributed computing, including servers, processors, and computer-readable media, and also including associated networks, devices, software (including applications stored as instructions to | <u>Intrinsic Evidence</u><br>'404 Pat., 18:31-19:29, 19:51-54, 20:58-62, 21:1-3; Claims 1, 3, 6-9, 11-14; *see also id.* at 10:39-43, 10:58-64, 11:4-9, 12:65-13:4, 13:11-23, 13:36-40, 16:1-8, 21:15-22:7, 22:65-23:4; Figs. 1-3.<br><br><u>Extrinsic Evidence</u><br>Expert testimony that a POSITA would understand, from reading the patent claims and specification, as well as from knowledge of the art, the function and structure associated with this term. | Construe under 35 U.S.C. § 112(f) / Indefinite<br><br>(Means plus function term without corresponding structure/algorithm in the specification.)<br><br>**Function(s):** (i) function from claim 1; (ii) providing the clearance instructions for a predetermined period of time.<br><br>**Structure:** Indefinite (insufficient structure/algorithm(s) disclosed in the specification). | *See* "clearance unit" *supra*.<br><br><u>Extrinsic Evidence</u><br><br>Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; description of "clearance" algorithms in the prior art; lack of disclosure in the '404 patent specification of specific algorithms for implementing the function of the clearance unit providing the clearance instructions for a predetermined period of time. |

54

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | be performed by one or more processors), and firmware, that, upon providing a robot with a new instruction, checks that it will not be possible for that robot to collide with another robot based on grid dimensions, grid positions, move commands generated by planning, cancellation of move commands (generated on events such as a controlled stop), the current positions and speeds of robots, braking ability of robots, and/or where the robots have been cleared to visit, as described at '404 Pat., col. 18 ll.38-45; as well as, or in addition to, a set of tolerances, including missed messages, processing time, clock sync and robot discrepancies with a physics model, as described at '404 Pat., col. 18 ll.64-66; or robot | | | |

55

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | speed, position updates, and/or clearances given/withheld, as described at '404 Pat. col. 19 ll.2-3.  The computer device may also provide a clearance instruction for a predetermined period of time, or a period of time that is sufficient for the robot to come to rest without risking a collision, as described at '404 Pat. col. 19 ll. 6-8; as well as, or in addition to, based on whether the last command issued was acknowledged by the robot, as described at '404 Pat. col. 20 ll. 58-62.  The computer device may participate in dynamic route re-planning, as described at '404 Pat. col. 18 ll. 55-63; col. 19 ll. 26-29, 51-54 and Fig. 3, and may provide clearances for a path, notification of when a clearance is issued or withheld, and/or notification of a | | | |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | potential problem with a robot, as described at '404 Pat. col. 18 ll.55-63.<br><br>Ocado reserves the right to supplement or amend its proposed construction once AutoStore provides the complete basis for its indefiniteness argument. | | | |
| "clearance unit"<br><br>(Claim 14) | Construe under 35 U.S.C. § 112(f). This term should be given the same construction as "clearance unit" from Claim 1.<br><br>**Function**: provide a clearance instruction for each transporting device to traverse a portion of the reserved path<br><br>**Structure**: a computer device for local or distributed computing, including servers, processors, and computer-readable media, and also including associated networks, devices, software (including applications | Intrinsic Evidence<br>'404 Pat., 18:31-19:29, 19:51-54, 20:58-62, 21:1-3; Claims 1, 3, 6-9, 11-14; *see also id.* at 10:39-43, 10:58-64, 11:4-9, 12:65-13:4, 13:11-23, 13:36-40, 16:1-8, 21:15-22:7, 22:65-23:4; Figs. 1-3.<br><br>Extrinsic Evidence<br>Expert testimony that a POSITA would understand, from reading the patent claims and specification, as well as from knowledge of the art, the function and structure associated with this term. | Construe under 35 U.S.C. § 112(f) / Indefinite<br><br>(Means plus function term without corresponding structure/algorithm in the specification.)<br><br>**Function(s):** (i) function from claim 1; (ii) providing to the control unit at least one of: the clearance instructions required to traverse a reserved path, notification of when the clearance instruction is issued, notification of when the clearance instruction is withheld, | *See* "clearance unit" *supra*.<br><br>Extrinsic Evidence<br><br>Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; description of "clearance" algorithms in the prior art; lack of disclosure in the '404 patent specification of specific algorithms for implementing the function of the clearance unit providing to the control unit at least one of: the clearance instructions required to |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | stored as instructions to be performed by one or more processors), and firmware, that, upon providing a robot with a new instruction, checks that it will not be possible for that robot to collide with another robot based on grid dimensions, grid positions, move commands generated by planning, cancellation of move commands (generated on events such as a controlled stop), the current positions and speeds of robots, braking ability of robots, and/or where the robots have been cleared to visit, as described at '404 Pat., col. 18 ll.38-45; as well as, or in addition to, a set of tolerances, including missed messages, processing time, clock sync and robot discrepancies with a physics model, as described at '404 Pat., | | and problems with a transporting device.<br><br>**Structure:** Indefinite (insufficient structure/algorithm(s) disclosed in the specification). | traverse a reserved path, notification of when the clearance instruction is issued, notification of when the clearance instruction is withheld, and problems with a transporting device. |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | col. 18 ll.64-66; or robot speed, position updates, and/or clearances given/withheld, as described at '404 Pat. col. 19 ll.2-3. The computer device may also provide a clearance instruction for a predetermined period of time, or a period of time that is sufficient for the robot to come to rest without risking a collision, as described at '404 Pat. col. 19 ll. 6-8; as well as, or in addition to, based on whether the last command issued was acknowledged by the robot, as described at '404 Pat. col. 20 ll. 58-62. The computer device may participate in dynamic route re-planning, as described at '404 Pat. col. 18 ll. 55-63; col. 19 ll. 26-29, 51-54 and Fig. 3, and may provide clearances for a path, notification of when a clearance is issued or withheld, | | | |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | and/or notification of a potential problem with a robot, as described at '404 Pat. col. 18 ll.55-63.<br><br>Ocado reserves the right to supplement or amend its proposed construction once AutoStore provides the complete basis for its indefiniteness argument. | | | |
| "control unit"<br><br>(Claim 14) | AutoStore, for the first time on May 20, 2022, proposed this claim term for construction and asserted that this claim term should be construed under 35 U.S.C. § 112(f). As set forth in its Motion to Strike AutoStore's Untimely Proposed Claim Constructions (Dkt. 99), Ocado objects to AutoStore's untimely proposal of this term for construction and untimely invalidity arguments.  Under SPR 6.1(a), AutoStore was required to identify this term in its original list of proposed terms for construction.  Further, to | | Construe under 35 U.S.C. § 112(f) / Indefinite<br><br>(Means plus function terms without corresponding structure/algorithm in the specification.)<br><br>**Function(s):** controlling movement of the transporting devices, wherein the clearance unit is configured to provide to the control unit at least one of: the clearance instructions required to traverse a reserved path, notification of when the clearance instruction is | Intrinsic Evidence<br><br>'404 patent at 18:46-63, 19:1-5.<br><br>Extrinsic Evidence<br><br>Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; description of "control unit" algorithms in the prior art; lack of disclosure in the '404 patent specification of specific algorithms for implementing the function of a control unit |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | the extent that AutoStore contends that this term is governed by 35 U.S.C. § 112(f) or is indefinite because the specification fails to disclose sufficient structure, AutoStore has waived those arguments by failing to raise them in a timely fashion as required by SPR 5.1 and 6.1.  Ocado reserves the right to supplement its proposed constructions and supporting evidence, if necessary, after the Court makes a determination on Ocado's motion. | | issued, notification of when the clearance instruction is withheld, and problems with a transporting device, wherein the control unit is configured to control movements of the transporting devices based on the information received from the clearance unit.<br><br>**Structure:**  Indefinite (insufficient structure/algorithm(s) disclosed in the specification). | controlling movement of the transporting devices, wherein the clearance unit is configured to provide to the control unit at least one of: the clearance instructions required to traverse a reserved path, notification of when the clearance instruction is issued, notification of when the clearance instruction is withheld, and problems with a transporting device, wherein the control unit is configured to control movements of the transporting devices based on the information received from the clearance unit. |

## E.  U.S. Pat. No. 11,079,770

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| "clearance command"<br><br>(Claims 1-4, 6-7, 13, 23, 25, 29-30) | No construction necessary / ordinary meaning<br><br>In the alternative:<br><br>"a command for a robot to traverse a portion of a reserved path, issued when the clearance module checks that the robot will not collide with another robot" | Intrinsic Evidence<br>'770 Pat., Claims 1-4, 6-7, 13, 23, 25, 29-30; 2:65-67, 3:61-65, 18:12-15, 18:19-35, 20:21-24, 20:46-48; *see also id.* at 5:23-26, 15:52-54, 19:38-43; 19:57-61. US 7,912,574 at 40:26-28; US 9,002,506 at 7:5-10.<br><br>Extrinsic Evidence<br>Expert testimony that a POSITA would understand, from reading the patent claims and specification, as well as from knowledge of the art, the meaning and scope of this term, that no construction is necessary, and that the term should be accorded its ordinary meaning. | Permission issued when the clearance unit checks that the robot will not collide with another robot. | *See supra* '404 patent, "clearance instruction." |
| "one or more processors configured to"<br><br>(Claims 1, 3, 7-13, 15, 17-19, 21-22, and 27) | AutoStore, for the first time on May 20, 2022, proposed this claim term for construction and asserted that this claim term should be construed | | Construe under 35 U.S.C. § 112(f) / Indefinite<br><br>(Means plus function terms without | *See supra* '404 patent, "clearance unit."<br><br>Intrinsic Evidence |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | under 35 U.S.C. § 112(f). As set forth in its Motion to Strike AutoStore's Untimely Proposed Claim Constructions (Dkt. 99), Ocado objects to AutoStore's untimely proposal of this term for construction and untimely invalidity arguments.  Under SPR 6.1(a), AutoStore was required to identify this term in its original list of proposed terms for construction.  Further, to the extent that AutoStore contends that this term is governed by 35 U.S.C. § 112(f) or is indefinite because the specification fails to disclose sufficient structure, AutoStore has waived those arguments by failing to raise them in a timely fashion as required by SPR 5.1 and 6.1.  Ocado reserves the right to supplement its proposed constructions and supporting evidence, if necessary, after the Court makes a | | corresponding structure/algorithm in the specification.)<br><br>**Function(s):**<br><br>(i) determine a plurality of paths for a plurality of transporting devices to travel on pathways of a facility so that no two of the plurality of transporting devices have locations while traveling along the plurality of paths that would cause the plurality of transporting devices to overlap at a same time, the plurality of paths comprising a first path for traveling by a first transporting device of the plurality of transporting devices and a second path for traveling by a second transporting device of the plurality of transporting devices;<br><br>(ii) generate a plurality of clearance commands for the plurality of | '770 patent at Abstract, 10:14-56, 11:27-37, 12:45-13:20, 14:12-15:54, 18:12-19:37, 21:57-24:67, Figs. 2, 3, 5, 7, 8.<br><br>Extrinsic Evidence<br><br>Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; description of control algorithms in the prior art; lack of disclosure of any control algorithm in the '770 patent specification for the specified functions. |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | determination on Ocado's motion. | | transporting devices to cause the plurality of transporting devices to travel on the pathways along portions of the plurality of paths, the plurality of clearance commands comprising a first clearance command for the first transporting device;<br><br>(iii) determine there is a potential for a collision between the first transporting device traveling along the first path and the second transporting device traveling along the second path; and<br><br>(iv) responsive to a determination that there is the potential for the collision;<br><br>withhold a second clearance command for the first transporting device that would cause the first | |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | transporting device to travel on the pathways along a portion of the first path, determine a revised path different from the first path for the first transporting device to travel on the pathways, and generate a third clearance command for the first transporting device to cause the first transporting device to travel on the pathways along a portion of the revised path. **Structure:** Indefinite (insufficient structure/algorithm(s) disclosed in the specification). | |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | |
| "potential for [a/the] collision" (Claims 1, 8-10, 12, 27, 29) | No construction necessary / ordinary meaning AutoStore appears to contend that this claim term is indefinite, but AutoStore has not provided the complete basis for its indefiniteness argument. Ocado disagrees that the term is indefinite and will provide evidence that a person of ordinary skill in the art would have understood this term with reasonable certainty. Ocado reserves the right to further supplement or amend its proposed construction once AutoStore provides the complete basis for its indefiniteness argument. | Intrinsic Evidence '770 Pat., Claims 1, 8-9, 12, 27, 29; 9:25-32, 15:47-54, 18:19-26. Extrinsic Evidence Def'n of "potential," The Oxford English Dictionary at 561 7th Ed. (2012) (*adj.*, Capable of becoming or developing into something.) Def'n of "collision," The Oxford English Dictionary at 135 7th Ed. (2012) (*n.*, An instance of colliding with someone or something.) Def'n of "collide," The Oxford English Dictionary at 135 7th Ed. (2012) (*v.*, 1. Hit by accident when moving. 2. Come into conflict.) | Indefinite | Intrinsic Evidence '770 patent at 9:25-32, 15:47-54. Extrinsic Evidence Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; lack of description in the specification for "potential for collision." |
| "wherein the one or more processors are configured to determine from an attribute of the first transporting device that | AutoStore, for the first time on May 20, 2022, asserted that this claim term should be construed under 35 U.S.C. § 112(f). | | Construe under 35 U.S.C. § 112(f) / Indefinite | *See supra* "one or more processors for '770 patent; *see also supra* "clearance unit" for '440 patent; *see also* |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| there is the potential for the collision"<br><br>(Claim 9) | As set forth in its Motion to Strike AutoStore's Untimely Proposed Claim Constructions (Dkt. 99), Ocado objects to AutoStore's untimely proposal of this term for construction under § 112(f).  Under SPR 6.1(a), AutoStore was required to identify this term in its original list of proposed terms for construction.  Further, to the extent that AutoStore contends that this term is governed by § 112(f) or is indefinite because the specification fails to disclose sufficient structure, AutoStore has waived those arguments by failing to raise them in a timely fashion as required by SPR 5.1 and 6.1.  Ocado reserves the right to supplement its proposed constructions and supporting evidence, if necessary, after the Court makes a determination on Ocado's motion. | | (Means plus function terms without corresponding structure/algorithm in the specification.)<br><br>**Function(s):** (i) function from claim 1; (ii) determining from an attribute of the first transporting device that there is the potential for the collision.<br><br>**Structure:** Indefinite (insufficient structure/algorithm(s) disclosed in the specification). | "potential for collision" *supra*.<br><br><u>Intrinsic Evidence</u><br><br>'770 patent at 12:62-13:3, 18:19-26, 18:49-53.<br><br><u>Extrinsic Evidence</u><br><br>Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; description of "processor" algorithms in the prior art; lack of disclosure in the '770 patent specification of any algorithms to carry out the function of determining from an attribute of the first transporting device that there is the potential for the collision. |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | No construction necessary / ordinary meaning<br><br>AutoStore appears to contend that this claim term is indefinite, but AutoStore has not provided the complete basis for its indefiniteness argument. Ocado disagrees that the term is indefinite and will provide evidence that a person of ordinary skill in the art would have understood this term with reasonable certainty. Ocado reserves the right to further supplement or amend its proposed construction once AutoStore provides the complete basis for its indefiniteness argument. | | | |
| "wherein the predetermined processors are configured to determine from one or | AutoStore, for the first time on May 20, 2022, asserted that this claim term should be construed | | Construe under 35 U.S.C. § 112(f) / Indefinite | *See supra* "one or more processors for '770 patent; *see supra* |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| more of (i) a missed message, (ii) a processing time, (iii) a clock sync, or (iv) a transporting device discrepancy with a physics model, that there is the potential for the collision"<br><br>(Claim 10) | under 35 U.S.C. § 112(f). As set forth in its Motion to Strike AutoStore's Untimely Proposed Claim Constructions (Dkt. 99), Ocado objects to AutoStore's untimely proposal of this term for construction under § 112(f).  Under SPR 6.1(a), AutoStore was required to identify this term in its original list of proposed terms for construction.  Further, to the extent that AutoStore contends that this term is governed by § 112(f) or is indefinite because the specification fails to disclose sufficient structure, AutoStore has waived those arguments by failing to raise them in a timely fashion as required by SPR 5.1 and 6.1.  Ocado reserves the right to supplement its proposed constructions and supporting evidence, if necessary, after the Court makes a | | (Means plus function terms without corresponding structure/algorithm in the specification.)<br><br>**Function(s):** (i) function from claim 1; (ii) determining from one or more of (i) a missed message, (ii) a processing time, (iii) a clock sync, or (iv) a transporting device discrepancy with a physics model, that there is the potential for the collision.<br><br>**Structure:** Indefinite (insufficient structure/algorithm(s) disclosed in the specification). | "clearance unit" for '440 patent.<br><br>Intrinsic Evidence<br><br>'770 patent at 3:29-32, 18:45-48.<br><br>Extrinsic Evidence<br><br>Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; description of "processor" algorithms in the prior art; lack of disclosure in the '770 patent specification of any algorithms to carry out the function of determining from one or more of (i) a missed message, (ii) a processing time, (iii) a clock sync, or (iv) a transporting device discrepancy with a physics model, that there |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | determination on Ocado's motion.<br><br>No construction necessary / ordinary meaning<br><br>AutoStore appears to contend that this claim term is indefinite, but AutoStore has not provided the complete basis for its indefiniteness argument. Ocado disagrees that the term is indefinite and will provide evidence that a person of ordinary skill in the art would have understood this term with reasonable certainty.  Ocado reserves the right to further supplement or amend its proposed construction once AutoStore provides the complete basis for its indefiniteness argument. | | | is the potential for the collision. |
| "wherein the one or more processors are | "wherein the one or more processors are configured | Intrinsic Evidence | Indefinite | Intrinsic Evidence |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| configured to control operations of the plurality of transporting devices in real time" (Claim 21) | to receive data from the plurality of robots, process the data, and issue instructions or commands to the plurality of robots sufficiently quickly to affect their movement" | '770 Pat., Claim 21; 10:14-28, 13:4-7, 19:43-46.<br><br>Extrinsic Evidence<br>James Martin, *Programming Real-Time Computer Systems* 4 (1965).<br>Adrian Gambier, *Real-time Control Systems: A Tutorial*, *in* 3 2004 5th Asian Control Conference 1024 (2004).<br><br>Rudolf F. Graf, *Modern Dictionary of Electronics* 627 (7th ed. 1999).<br><br>*IEEE 100: The Authoritative Dictionary of IEEE Standards Terms* 933 (7th ed. 2000). Expert testimony that a POSITA would understand the meaning and scope of this term, with reasonable certainty, from knowledge of the art. | | '770 patent at 10:43-47, 13:24-27, 13:41-44.<br><br>Extrinsic Evidence<br><br>Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; lack of disclosure in the '770 patent specification of any evidence for a person of ordinary skill in the art to understand the scope of "real time" |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| "generating, by the one or more processors, a plurality of clearance commands for the plurality of transporting devices to cause the plurality of transporting devices to travel on the pathways along portions of the plurality of paths, the plurality of clearance commands comprising a first clearance command for the first transporting device / determining, by the one or more processors, there is a potential for a collision between the first transporting device traveling along the first path and the second transporting device traveling along the second path; / in response to determining that there is the potential for the collision: withholding, by the one or more processors, a second clearance command for the first transporting device that | AutoStore, for the first time on May 20, 2022, proposed this claim term for construction and asserted that this claim term should be construed under 35 U.S.C. § 112(f). AutoStore further stated that the basis for its § 112(f) proposal was the term "one or more processors." (May 24, 2022 email from A. Boloori.)  As set forth in its Motion to Strike AutoStore's Untimely Proposed Claim Constructions (Dkt. 99), Ocado objects to AutoStore's untimely proposal of this term for construction under § 112(f).  Under SPR 6.1(a), AutoStore was required to identify this term in its original list of proposed terms for construction.  Further, to the extent that AutoStore contends that this term is governed by § 112(f) or is indefinite because the specification fails to | | Construe under 35 U.S.C. § 112(f) / Indefinite  (Means plus step terms without corresponding structure/algorithm in the specification.)  **Function(s):**  (i) determine a plurality of paths for a plurality of transporting devices to travel on pathways of a facility so that no two of the plurality of transporting devices have locations while traveling along the plurality of paths that would cause the plurality of transporting devices to overlap at a same time, the plurality of paths comprising a first path for traveling by a first transporting device of the plurality of transporting devices and a second path for traveling by a second transporting | *See supra* '404 patent, "clearance unit."  Intrinsic Evidence  '770 patent at Abstract, 10:14-56, 11:27-37, 12:45-13:20, 14:12-15:54, 18:12-19:37, 21:57-24:67, Figs. 2, 3, 5, 7, 8.  Extrinsic Evidence  Declaration and/or testimony of Petros Ioannou, Ph.D.: Description of the systems and methods disclosed in the specification; description of control algorithms in the prior art; lack of disclosure of any control algorithm in the '770 patent specification for the specified functions. |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| would cause the first transporting device to travel on the pathways along a portion of the first path, determining, by the one or more processors, a revised path different from the first path for the first transporting device to travel on the pathways, and generating, by the one or more processors, a third clearance command for the first transporting device to cause the first transporting device to travel on the pathways along a portion of the revised path;<br><br>(Claims 29 and 30) | disclose sufficient structure, AutoStore has waived those arguments by failing to raise them in a timely fashion as required by SPR 5.1 and 6.1. Ocado reserves the right to supplement its proposed constructions and supporting evidence, if necessary, after the Court makes a determination on Ocado's motion. | | device of the plurality of transporting devices;<br><br>(ii) generate a plurality of clearance commands for the plurality of transporting devices to cause the plurality of transporting devices to travel on the pathways along portions of the plurality of paths, the plurality of clearance commands comprising a first clearance command for the first transporting device;<br><br>(iii) determine there is a potential for a collision between the first transporting device traveling along the first path and the second transporting device traveling along the second path; and<br><br>(iv) responsive to a determination that there is the potential for the collision; | |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | withhold a second clearance command for the first transporting device that would cause the first transporting device to travel on the pathways along a portion of the first path, <br><br> determine a revised path different from the first path for the first transporting device to travel on the pathways, and <br><br> generate a third clearance command for the first transporting device to cause the first transporting device to travel on the pathways along a portion of the revised path. | |

| Claim Term | Ocado's Proposed Construction | Ocado's Intrinsic and Extrinsic Evidence | AutoStore's Proposed Construction | AutoStore's Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
|  |  |  | **Structure:** Indefinite (insufficient structure/algorithm(s) disclosed in the specification). |  |