## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| OCADO INNOVATION LTD. and OCADO SOLUTIONS LTD., | Case No.: 1:21-cv-00041-JL |
| *Plaintiffs*, | Honorable Joseph LaPlante |
| v. |  |
| AUTOSTORE AS and AUTOSTORE SYSTEM INC., |  |
| *Defendants*. |  |

## <u>AUTOSTORE'S OPPOSITION TO OCADO'S MOTION TO STRIKE</u>

## TABLE OF CONTENTS

I.      INTRODUCTION..................................................................................................... 1

II.     ARGUMENT............................................................................................................ 1

        A.      AutoStore Timely Provided Its Indefiniteness Positions ....................................... 1

                1.      *"Control unit" ('404 patent claim 14)*........................................................ 2

                2.      *'404 patent claims 7-9* ................................................................. 4

                3.      *"One or more processors configured to" ('770 patent claim 1)* ................ 7

        B.      AutoStore Had "Good Cause" To Supplement Its Proposed Constructions........... 9

                1.      *"Control unit" in '404 patent claim 14* ..................................................... 10

                2.      *Dependent claims 7-9 of the '404 patent and "one or more processors" in claim 1 of the '770 patent.*................................................. 10

                3.      *Ocado's arguments that AutoStore had no "good cause" are wrong.* ..................................................................................... 11

        C.      Ocado Is Not Prejudiced By AutoStore's Claim Construction Disclosures ......... 13

III.    CONCLUSION ........................................................................................................ 15

## I.    INTRODUCTION

Ocado's motion to strike five of AutoStore's proposed constructions should be denied because it rests on flawed grounds.  Despite labeling AutoStore's constructions as "eleventh-hour disclosures," Ocado received them as soon as it *belatedly* gave AutoStore the information it should have provided four months earlier.  Ocado's January 24, 2022, preliminary infringement contentions relied solely on marketing documents and were devoid of any technical detail showing how the operation of AutoStore's accused Router allegedly infringes the '404 and '770 patents. This prevented AutoStore from, *inter alia,* understanding Ocado's infringement theory, hindering its ability to determine whether claim construction was necessary.  Once Ocado supplemented its infringement contentions on May 16—citing technical documentation and source code for the first time—AutoStore promptly identified and proposed certain claim constructions.  For one of the terms Ocado moves to strike ("control unit"), Ocado did not even assert the claim in which it exists until May 16.  For three others ('404 patent claim 7-9), AutoStore's proposed construction for the term "control unit" relies upon Ocado's *own* proposed construction for that term.

Ocado argues that AutoStore lacked "good cause" to modify the case schedule; but no such good cause was needed.  AutoStore's proposed constructions were timely and in response to Ocado's supplemental infringement contentions, which for the first time provided detail about Ocado's application of claim scope.  If good cause were even necessary, such diligence is enough. Ocado's alleged "prejudice" is likewise unavailing.  Indeed, Ocado's expert already opined on two terms that Ocado claims its expert could not consider, thoroughly discrediting Ocado's argument.

## II.    ARGUMENT

### A.    AutoStore Timely Provided Its Indefiniteness Positions

Ocado moves to strike five AutoStore proposed constructions: (i) the term "control unit" in claim 14 of the '404 patent; (ii)-(iv) claim terms incorporating the term "the clearance unit" in

dependent claims 7-9 of the '404 patent; and (v) or "one or more processors configured to" in claim 1 of the '770 patent.  Ocado's Memorandum of Law in Support of Its Motion to Strike AutoStore's Untimely Proposed Claim Constructions (Dkt. 99-1) ("Ocado Br.") at 2.  For each, AutoStore appropriately disclosed its proposed constructions in a timely manner:

1.    *"Control unit" ('404 patent claim 14)*

Ocado's argument for striking the term "control unit" from the Court's claim construction consideration is facially flawed.  Contrary to Ocado's representations, AutoStore only challenges this term as it appears in claim 14 of the '404 patent, a claim Ocado asserted for the first time in its May 16 supplemental infringement contentions.[1]   AutoStore therefore had no reason to challenge this term (as it appears in claim 14) before May 16.

Ocado seeks to read "control unit" in claim 14 to be the same as "control unit" in claim 1. *See* Ocado Br. at 6 (arguing AutoStore could assert indefiniteness against "control unit" as of when Ocado asserted claim 1 in its preliminary infringement contentions), 7-8 (contending that "control unit" in claim 14 is the same as "control unit" in claim 1).   But Ocado is wrong as a matter of law—under well-known claim construction principles, claim 14 refers to a ***different*** "control unit."

Claims 1 and claim 14 of the '404 patent in relevant part read as follows:

> 1. A system for controlling movement of transporting devices arranged to transport containers, […], the system comprising: [ …]
>
> a clearance unit configured to provide a clearance instruction for each transporting device to traverse a portion of the reserved path,
>
> wherein the clearance instruction is provided for execution by a ***control unit*** on each transporting device at a future time.

---

[1]  Per the Court's scheduling order (*see* Dkt. No. 80), Ocado served its Preliminary Infringement Contentions on January 24, 2022, identifying the claims it was asserting for the '404 and '770 patent.  Under the same order: (i) on March 10 AutoStore served its Preliminary Invalidity Contentions focusing on the asserted claims; and (ii) on March 24 the parties exchanged their list of proposed claim terms.  Since Ocado did not assert claim 14 of the '404 patent until May 16 (in its supplemental infringement contentions), AutoStore did not have notice of it before May 16.

> 14. The system *according to claim 1*, comprising:
>
> *a control unit* configured to control movement of the transporting devices,
>
> wherein the clearance unit is configured to provide to the *control unit* at least one of: the clearance instructions required to traverse a reserved path, …, and problems with a transporting device,
>
> wherein the *control unit* is configured to control movements of the transporting devices based on the information received from the clearance unit.

Dkt. No. 35-21 ('404 patent) at claims 1, 14 (emphasis added). Each claim uses the indefinite article "a" to introduce "control unit." Use of the indefinite article before "control unit" in claim 14 signifies that "a control unit" is different from "a control unit" in claim 1. Were it otherwise, claim 14 would have referred to "*the* control unit" in its first limitation rather than "*a* control unit configured to control movement of the transporting devices." *See In re Jublia*, No. 318CV13635BRMLHG, 2021 WL 100267, at *8 (D.N.J. Jan. 11, 2021) (ruling that "a tip portion" in a dependent claim did not refer to "tip portion" in earlier claims, because the indefinite article "a" in the dependent claim indicated a different "tip portion" from the "tip portion" in earlier claims). Ocado failed to address this point in its motion, even though AutoStore made it clear to Ocado a full week before Ocado filed its motion. *See* Ex.[2] 6 at 1.

Moreover, AutoStore identified "control unit" (for claim 14) as indefinite under 35 U.S.C. § 112(f) in its Updated Disclosures of Proposed Terms for Construction. *See id.* at AutoStore's SPR 6.1(b) Updated Disclosure of Preliminary Claim Constructions and Evidence, at 170-172. Ocado should not be permitted to strike AutoStore's indefiniteness defense related to the "control unit" of claim 14 *because the term did not appear in a previously asserted claim.* Ocado's entire argument was premised on "control unit" in claim 14 being the same as "control unit" in claim 1,

---

[2] Unless noted otherwise, citations to "Ex." refer to exhibits attached to the instant brief.

*see* Ocado Br. at 6-8, which is wrong as a matter of law.  There is no reason why AutoStore cannot assert an indefiniteness argument against a newly raised claim.

> 2.        *'404 patent claims 7-9*

Ocado seeks to strike AutoStore's proposed constructions for claims 7-9, but it hides a crucial fact:  AutoStore's proposed constructions are based on ***Ocado's own*** proposed construction for the term "clearance unit," which appears in claim 1 as well many dependent claims, including claims 7-9.  Ocado cannot preclude AutoStore from arguing indefiniteness based on Ocado's own proposed construction.

Dependent claims 7-9 all use the term "clearance unit," which appears in independent claim 1.  Independent claim 1 recites, in relevant part:

> 1. A system for controlling movement of transporting devices arranged to transport containers, the containers being stored in stacks arranged in a facility, the facility having pathways arranged in a grid-like structure above the stacks, the transporting devices being configured to operate on the grid-like structure, the system comprising: [ …]
>
> a ***clearance unit*** configured to provide a clearance instruction for each transporting device to traverse a portion of the reserved path, …

'404 patent at claim 1 (emphasis added).   Beginning with its Preliminary Infringement Contentions, ***Ocado*** contended that "clearance unit" is a "means plus function" term under 35 U.S.C. § 112(f).  Dkt. No. 101, Ex. 1 (filed under seal) at 154-155.  Ocado continued to make that assertion in its SPR 6.1(a) proposed terms for construction (Ex. 9), and then again in its SPR 6.1(b) preliminary claim constructions (Ex. 10 (Ocado's SPR 6.1(b) Proposed Claim Constructions and Supporting Evidence), Ex. A, at 19-20 (identifying "clearance unit" for claims "1, 7, 8, and 9")).  In its §112(f) contentions, Ocado also provided its contentions about the "function" of the "clearance unit" and the "structure" supporting that function.  *Id.* at Ex. A at 19-20.

AutoStore *agrees* with Ocado's proposed construction of "clearance unit" as a § 112(f) means-plus-function term; and its proposed "function" for the term.  But AutoStore also contends that the term is indefinite under such a construction due to a lack of disclosure in the specification of any algorithm or method to implement the function that Ocado attributes to the term.  *See, e.g.*, *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1367 (Fed. Cir. 2008) (means-plus-function claim term ruled to be indefinite because the specification failed to disclose any algorithm by which a general-purpose computer could implement the stated function).  AutoStore made this assertion ever since its Preliminary Invalidity Contentions, (Ex. 11 at 91 ("clearance unit")), and Ocado does not contend otherwise in its brief.

Claims 7-9 depend from claim 1 and add more limitations to the same "clearance unit" recited in claim 1.  These claims all refer to "***the*** clearance unit":

> 7. The system ***according to claim 1***, wherein ***the clearance unit*** is configured as a passive collision avoidance system, wherein each transporting device is operated in a manner without impacting system performance.
>
> 8. The system ***according to claim 1***, wherein ***the clearance unit*** is configured to grant or withhold providing the clearance instruction for a transporting device to traverse a portion of the reserved path based on at least one of:  dimensions of the grid-like structure, …, and the clearance instructions provided to the transporting device.
>
> 9. The system ***according to claim 1***, wherein at least one of ***the clearance unit***, and the movement optimisation unit is configured to dynamically re-plan a route of at least one transporting device.

'404 patent at claims 7-9.  Use of the definite article "the" before "clearance unit" in these claims confirms that the term "clearance unit" refers back to the "clearance unit" in claim 1.  *See, e.g.*, *Jublia*, 2021 WL 100267, at *8 ("The definitive article 'the' is used to refer to an element which has been established earlier in a claim. … If that element is not established earlier in the same claim, the definitive article may refer to an element established in an earlier claim.") (internal

5

quotation omitted).  Because claims 7-9 all recite the same "clearance unit" in claim 1, and Ocado itself contends that the term, in claim 1, must be construed under § 112(f), "clearance unit" in claims 7-9 must construed under § 112(f) as well.  *See Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Int'l, Inc.*, 389 F.3d 1370, 1376 (Fed. Cir. 2004) (giving the same means-plus-function term the same meaning across different claims); *see also Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1334 (Fed. Cir. 2003) ("[W]e presume, unless otherwise compelled, that the same claim term in the same patent or related patents carries the same construed meaning"); *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1342 (Fed. Cir. 2001).

With this backdrop, AutoStore asserts that under the means-plus-function construction proposed by Ocado, claims 7-9 are indefinite due to a lack of disclosure in the specification of any algorithm or method to implement the functions of those terms.  Ocado attempts to escape this vulnerability by accusing AutoStore of failing to "contend" under Supplemental Patent Rule ("SPR") 6.1(a) and SPR 6.1(b)(1) that claims 7-9 should be construed according to § 112(f). Ocado Br. at 4-5.  But Ocado cannot disregard its own proposed construction, to which the parties have agreed as late as June 3.  *See* Dkt. Nos. 107 at 1-2 (parties agreeing that "clearance unit" is governed by 35 U.S.C. § 112(f)), 107-1 at 31 (AutoStore agreeing that "clearance unit" is governed by 35 U.S.C. § 112(f) and has the "function" "as contended by Ocado").[3]  As Ocado itself contended that "clearance unit" is governed by § 112(f), AutoStore submits the local patent rules do not also require AutoStore to contend the same for the same term in dependent claims 7-9.  *Cf.*

---

[3]  Ocado entered this stipulation after filing its motion to strike and gives no indication that it intends to abandon it. Thus, Ocado should be governed the stipulation and its proposed construction of "clearance unit" therein.  A stipulated construction, once adopted by the court, is binding on the parties.  *See, e.g.*, *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 805 F.3d 1368, 1376 (Fed. Cir. 2015) (holding defendant was bound to claim construction stipulation).

*Omega Eng'g*, 334 F.3d at 1334 (a court must "presume, unless otherwise compelled, that the same claim term in the same patent or related patents carries the same construed meaning").

Ocado states that AutoStore did not identify its proposed constructions for claims 7-9 until May 20, 2022. Ocado Br. at 7. That is incorrect. AutoStore gave fair and adequate notice to Ocado regarding indefiniteness: To begin, AutoStore asserted in its Preliminary Invalidity Contentions on March 10 that the claims are indefinite. *See* Ex. 11 at 91-92 ("Claim 7"; "Claim 9"). Then, consistent with this prior notice, AutoStore served its initial SPR 6.1(b) disclosure on Ocado on April 21, 2022, contending that these claims are indefinite due to lack of sufficient structure/algorithms in the specification for the stated function. *See* Dkt. No. 99, Ex. D (filed under seal) at 163-166 (contending claim 7 is indefinite and disclosing reliance on expert testimony with respect to "lack of description, in the specification, of the meaning of 'passive avoidance system' and 'without impacting system performance' and lack of disclosure of any algorithms for implementing same"), 170 (contending claim 9 is indefinite), 172 (for claim 9 disclosing reliance on expert testimony to show "lack of description, in the specification, of the meaning of 'clearance unit … configured to dynamically re-plan a route' and *lack of disclosure of any algorithms for implementing same*.") (emphasis added). Ocado cannot now contend they had no notice.

      3.     *"One or more processors configured to" ('770 patent claim 1)*

Ocado's proposed basis to strike "one or more processors configured to" is also meritless for at least two reasons. ***First,*** until three weeks ago, Ocado had not provided sufficient information to permit AutoStore to discern the full scope of claim terms sought by Ocado and determine which terms it needs to raise for construction. When AutoStore finally received that information, it promptly supplemented its proposed constructions. When Ocado served its preliminary infringement contentions on January 24, AutoStore raised numerous deficiencies with the contentions on February 17, asking Ocado to supplement its contentions. *See* Ex. 12 at 1-2, 3.

7

When Ocado refused to timely supplement (*see* Ex. 1), AutoStore followed up on March 4, 2022 (*see* Ex. 2).   Ocado again refused.   *See* Ex. 3.   AutoStore again emphasized that Ocado's infringement contentions failed to articulate its theories of infringement.  Ex. 4 at 2, n.2.  Indeed, AutoStore explicitly told Ocado that its infringement contentions ***were insufficient "to allow AutoStore a meaningful[] opportunity to fully assess its defenses, which informs which terms it should propose for construction."***  *Id.* at 4 (emphasis added).  Ocado never disputed this point. The parties subsequently agreed that Ocado would supplement its infringement contentions by May 16 and that AutoStore would supplement its invalidity contentions for the '404 and '770 patents by June 10.  Dkt. Nos. 96, 96-1 (entered May 2, 2022).

These events only highlight the lack of information that AutoStore was working with when it had to serve its proposed constructions:  The scheduling order, following the Supplemental Patent Rules of this Court, contemplates that the patentee provides its infringement contentions first, followed by the defendant's invalidity contentions, and later the exchange of proposed claim constructions.  *See* SPR 5.1(c) (basing the deadline to serve preliminary invalidity contentions from "service of the Preliminary Infringement Contentions"), SPR 6.1 (triggering deadlines to exchange proposed constructions from the service of the Preliminary Invalidity Contentions).  This order allows the defendant to determine the scope of claim terms being sought by patentee, in order to discern which need to be construed.  Ocado's delay in providing timely infringement contentions hampered the intended order of events, and undermined AutoStore's ability to propose all terms that require claim construction.

**Second,** AutoStore timely disclosed its indefiniteness contention for the same term in asserted claim 29, which Ocado does not challenge.  While the Court resolves AutoStore's indefiniteness challenge to that claim, there is no reason why it cannot address the same term—

8

which must be construed the same way for all claims—in claim 1. *Rexnord*, 274 F.3d at 1342 ("[a] single claim term should be construed consistently with its appearance in other places in the same claim or in the other claims of the same patent.").

Besides claim 1, "one or more processors" also appears in independent claim 29. And Ocado does ***not*** seek to strike AutoStore's indefiniteness challenge to claim 29, which Ocado asserted for the first time on May 16. Shortly thereafter, AutoStore contended that the term "one or more processors" in that claim must be construed pursuant to § 112(f). Ex. 6 at AutoStore's SPR 6.1(b) Updated Disclosure of Preliminary Claim Constructions and Evidence, at 167-168. Although the Court will reach the merits of AutoStore's indefiniteness defense against "one or more processors" for claim 29, Ocado would have the Court not do the same for claim 1. This makes no sense—the Court should resolve the same issue for all claim terms once, for at least two reasons. ***First,*** the same claim terms appearing in different terms should generally be given the same construction. *Omega Eng'g*, 334 F.3d at 1334. ***Second,*** this would avoid a piecemeal approach to claim construction / validity and would thereby promote judicial efficiency.

### B.    AutoStore Had "Good Cause" To Supplement Its Proposed Constructions

AutoStore's assertions were timely and appropriate. Thus, there is no need for the Court to even reach the question of whether AutoStore had "good cause" to proceed with its claim construction positions.[4] But even if AutoStore's disclosures were deemed untimely (they are not), there is nonetheless "good cause" for raising them as they did. The "good cause" standard considers diligence. *Forrester Env't Servs., Inc. v. Wheelabrator Techs., Inc.*, No. 10-CV-154, 2012 WL 928080, at *2 (D.N.H. Mar. 19, 2012) (LaPlante, J.). Here, AutoStore diligently asserted

---

[4] AutoStore is not aware of (nor has Ocado cited) any case law from the District of New Hampshire requiring, under analogous facts, a "good cause" requirement to assert indefiniteness at *Markman*.

indefiniteness against the challenged claims shortly after Ocado supplemented its infringement contentions four months late—revealing for the first time its infringement theories.

### 1.    *"Control unit" in '404 patent claim 14*

Again, Ocado did not assert claim 14 of the '404 patent until May 16—well after the parties exchanged initial claim construction positions on March 24. AutoStore therefore had no reason to analyze invalidity against claim 14 prior to May 16th. Ocado contends that "control unit" appears in other, previously asserted claims, to argue why AutoStore should have identified it for construction sooner. But, as discussed above, basic canons of claim interpretation counsel that the "control unit" of claim 14 is not the same as the "control unit" in claim 1 of the '404 patent. For these reasons, Ocado's argument that AutoStore could have (and should have) asserted an indefiniteness defense against the "control unit" of claim 14 is incorrect and should be rejected.

### 2.    *Dependent claims 7-9 of the '404 patent and "one or more processors" in claim 1 of the '770 patent.*

Although Ocado did assert '404 patent claims 7-9 and '770 patent claim 1 in its January 24 preliminary infringement contentions, those contentions lacked any meaningful detail about how Ocado contends dependent claims 7-9 map to the specific operations of the accused AutoStore Router. Indeed, both Ocado's Second Amended Complaint and its contentions relied only on marketing materials and lacked any reference to technical documents or source code. *See* Dkt. No. 35 at ¶¶ 103-110; Ex. 12 at 1-2 (General Deficiencies), 3 ('404 And '770 Patents); Dkt. No. 101. Ex. 1 (filed under seal) at 145-174, 289-315. As explained above, Ocado only supplemented its infringement contentions after AutoStore complained about the severe deficiencies in Ocado's preliminary infringement contentions. Ocado's supplemental infringement contentions include extensive citations to source code. It was only at this point that AutoStore could discern how Ocado was applying the claims to the accused products. *Compare, e.g.*, Dkt. No. 101, Ex. 1 (filed

under seal) at 146-174 ('404 patent allegations) *with* Dkt. No. 101, Ex. 9 (filed under seal) at 182-220.  For example, for claim 9 of the '404 patent, Ocado's preliminary infringement contentions rested entirely on "information and belief," Dkt. No. 101, Ex. 1 at 160, giving no explanation about what actions allegedly meet the claim limitations of "a control unit … configured to dynamically re-plan a route …."  Its supplemental infringement contentions provide extensive source code citations that identify operations that allegedly meet the same limitation, hence providing specific detail about the scope of claims sought by Ocado.  *See* Dkt. No. 101, Ex. 9 at 205-206.

With only Ocado's threadbare preliminary infringement allegations, AutoStore could not meaningfully ascertain Ocado's infringement theories.  This undermined AutoStore's ability to develop claim construction positions for, *inter alia*, claims 7-9, because AutoStore could not fully assess the claim scope that Ocado was implicitly seeking and thus could not ascertain whether claims 7-9 require construction.[5]  *See Choon's Design, LLC v. Idea Vill. Prod. Corp.*, 776 F. App'x 691, 695 n.3 (Fed. Cir. 2019) (stating that "the district court did not err in considering the accused product in order to identify the claim terms material to infringement"); *cf. Every Penny Counts, Inc. v. Am. Express Co.*, 563 F.3d 1378, 1383 (Fed. Cir. 2009) (using the accused products to elicit the parties' views about what the claim term at issue means in a concrete context).

      3.      *Ocado's arguments that AutoStore had no "good cause" are wrong.*

Ocado attempts to distract from its own actions by resorting to a strawman argument: that AutoStore supposedly "now argues that the newly asserted claims necessitate its new proposed claim constructions," (Ocado Br. at 7), and that all of the terms being challenged by Ocado were raised previously (*id.* at 8).

---

[5]  Ocado surely will resurrect the strawman that a district court cannot tailor it claim construction to the accused product(s) at the *Markman* stage.  That objection would be irrelevant here.  Simply, AutoStore could not fully assess **which** terms required construction until after Ocado provided its supplemental infringement contentions.

Ocado is simply wrong about "control unit" in '404 patent claim 14, because that claim 14 *is* newly asserted by Ocado.  *See supra* § II.A.3.  AutoStore knows no authority—and Ocado cites none—permitting newly asserted claims under analogous circumstances without allowing the defendant to raise corresponding validity defenses.[6]  *See, e.g.*, *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 416CV00119HSGKAW, 2018 WL 5619743, at *6 (N.D. Cal. Oct. 29, 2018) (permitting accused infringer to supplement invalidity contentions after patentee supplemented infringement contentions to add new claims).

Ocado's argument is also wrong with respect to the other claim terms.  For dependent claims 7-9 of the '404 patent, as explained in § II.A.1, AutoStore's indefiniteness defense is premised on Ocado's own proposed construction for "clearance unit" and not on Ocado's newly asserted claims.  AutoStore clearly communicated this point to Ocado during the parties' SPR 6.1(b)(3) meet-and-confer on May 20 and again in writing on May 24.  *See* Ex. 6 at 1 ("AutoStore maintains its indefiniteness contentions for claims 7-9. On March 24, 2022, Ocado itself began for the first time to contend that the term 'clearance unit' should be construed according to 35 U.S.C. § 112(f). AutoStore is willing to agree to this but, as a result, contends that as used in dependent claims 7-9 it is indefinite on that basis.").  Further, as explained above, AutoStore did explicitly contend that claims 7 and 9 are indefinite as early as its invalidity contentions on March 10. Finally, Ocado's new infringement contentions for the first time explained Ocado's theory for how software algorithms in AutoStore's accused products allegedly read on claim 7-9, permitting AutoStore to ascertain the full scope of the claims that Ocado was applying.  AutoStore was entitled to update its invalidity defenses based on how Ocado is reading its claims for infringement. For example, in *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL

---

[6]  Ocado's newly asserted claims, including claim 14, are subject to AutoStore's motion to strike.  Dkt. No. 100.

1648175, at *2 (N.D. Cal. Apr. 23, 2014), the court recognized that "[i]t is generally permissible for a party to amend its invalidity contentions in response to the patentee amending its infringement contentions" and permitted the accused infringer to add new § 112 defenses when the patentee had amended its infringement contentions to include new doctrine-of-equivalents allegations, thereby "expand[ing] the scope of what it asserts is claimed by the patents." Here, analogously, when Ocado provided clarity about its infringement theory for the first time, it allowed AutoStore to discern the alleged full scope of Ocado's patent claims.[7]

The same point holds for the "one or more processors" term in '770 patent claim 1. As with claims 7-9 of the '404 patent, Ocado significantly supplemented its infringement contentions on May 16, explaining, for the first time, its theory for how software algorithms in AutoStore's accused products allegedly cover the "one or more processors" term. AutoStore is entitled to update its invalidity defenses based on Ocado's belatedly disclosed infringement theories.

## C.    Ocado Is Not Prejudiced By AutoStore's Claim Construction Disclosures

Ocado argues prejudice on two bases, both of which are unavailing. ***First,*** Ocado argues that it and its experts "would have to develop positions in response to AutoStore's new arguments, make additional submissions, and delay proceedings." Ocado Br. at 9. For claims 7-9 of the '404 patent and claim 1 of the '770 patent that were previously disclosed, the facts show otherwise:[8]

---

[7] For the same reasons, Ocado's reliance on *Nautilus Neurosciences, Inc. v. Wockhardt USA LLC*, No. CIV.A. 11-1997, 2013 WL 7901901 (D.N.J. Jan. 23, 2013), is inapposite. *Nautilus* did not involve a material change in the patentee's infringement theory in the middle of the claim construction schedule, and it acknowledged as much by caveating that "[d]iligence does not exist where Defendants uncover the basis of an invalidity defense during the claim construction process ***if they could have done so*** prior to filing their invalidity contentions." *Id.*, 2013 WL 7901901, at *7 (emphasis added). Here, by contrast, AutoStore only learned of the full scope of Ocado's infringement allegations after receiving Ocado's supplemental infringement contentions.

[8] Ocado should not be heard to complain about insufficient time for its experts to develop positions against claim 14 of the '404 patent. Since that claim is newly asserted, and AutoStore's indefiniteness argument relates to a term ("control unit") that ***does not appear*** in previously asserted claims, any prejudice suffered by Ocado for that claim is of its own making. Ocado's "prejudice" argument only highlights the need for the Court to strike Ocado's newly asserted claims, as AutoStore has already requested (Dkt. No. 101).

Ocado's claim construction expert, Dr. Raffaello D'Andrea, *did* opine about claims 7 and 9 of the '404 patent. *See* Ex. 7 at ¶¶ 39-44, 49-51. Dr. D'Andrea does not aver in his declaration that his opinions are incomplete on any issue, let alone claims 7 and 9. As for the "one or more processors" term in claim 1 of the '770 patent, AutoStore's indefiniteness defense for that term pertains to the "determin[ation of] … a potential for collision," (*see* Ex. 8 at ¶¶ 177-180), and Ocado's expert has already opined on that term for claim 27 of '770 patent (*see* Ex. 7 at ¶¶ 55-61).[9] Neither Ocado nor its expert, Dr. D'Andrea, state he could not have opined on claim 1, when he provided a (presumably complete) opinion about claim 27, or that his opinion on claim 27 was incomplete.

*Second,* Ocado contends that it relied on AutoStore's invalidity contentions and that it would be prejudiced if AutoStore were allowed to make "new invalidity arguments" at this time. Ocado Br. at 9. This also misses the mark. Ocado's reliance rationale for "control unit" in '404 patent claim 14 is facially inapplicable, since Ocado never asserted the claim until well after AutoStore served its invalidity contentions. The scheduling order sequences invalidity contentions and proposed claim constructions *after* infringement contentions for a reason: Among other things, this allows the defendant to determine the claim scope sought by patentee and determine which terms to propose for construction. Ocado's assertion of claim 14 falls entirely out of this sequence. To the extent Ocado is permitted to maintain that claim, AutoStore should be permitted to provide the disclosures contemplated by the scheduling order to follow Ocado's infringement contentions. For '404 patent claims 7-9, AutoStore's indefiniteness arguments are grounded in Ocado's own contention that "clearance unit" is a means-plus-function term, and the well-known legal principle—which Ocado also recognizes (Ocado Br. at 8)—that, absent a compelling reason, the same claim terms in the same patent carry the same construction. *Omega Eng'g*, 334 F.3d at

---

[9] Dr. D'Andrea recognizes that "potential for collision" appears in '770 patent claim 1. Ex. 7 at ¶ 55.

14

1334. Ocado cannot legitimately complain about straightforward implications of its own claim construction positions. Finally, Ocado's reliance as to "one or more processors configured to" term is likewise misplaced, because it was Ocado who set forth wholly deficient contentions and then, only after AutoStore chased after more definite statements, Ocado supplemented those previously barebones infringement contentions almost 4 months later. It was only then that AutoStore could appreciate to an intelligible degree Ocado's theory of infringement for these claims. AutoStore should not be prejudiced for supplementing its invalidity positions based on Ocado's supplementation of its infringement contentions. That is precisely how the scheduling order sequences these discovery-related events: infringement contentions followed by invalidity contentions and claim construction disclosures.

## III.   CONCLUSION

For the foregoing reasons, the Court should deny Ocado's motion to strike AutoStore's indefiniteness defenses with respect to the five claim terms identified by Ocado.

Dated: June 7, 2022

Respectfully submitted,

AUTOSTORE SYSTEM INC. and
AUTOSTORE AS,

By their attorneys,

*/s/ Robert R. Lucic*

Robert R. Lucic (NH Bar #9062)
Bryanna K. Devonshire (NH Bar #269462)
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street, PO Box 3701
Manchester, NH 03105
Telephone:  (603) 627-8188
rlucic@sheehan.com

15

bdevonshire@sheehan.com

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
Emily M. Scott (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5000
glocascio@kirkland.com
emily.scott@kirkland.com

Joseph A. Loy, P.C. (admitted *pro hac vice*)
Nathaniel DeLucia (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:  (212) 446-4800
jloy@kirkland.com
nathaniel.delucia@kirkland.com

Ali-Reza Boloori (admitted *pro hac vice*)
Josh Glucoft (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone:  (310) 552-4200
ali-reza.boloori@kirkland.com
josh.glucoft@kirkland.com

Kristina R. Cary (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Telephone:  (617) 385-7500
kristina.cary@kirkland.com

*Attorneys for Defendants AutoStore AS and AutoStore System Inc.*

16

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 7th day of June 2022.

*/s/ Robert R. Lucic*
Robert R. Lucic