**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| OCADO INNOVATION LTD. and OCADO SOLUTIONS LTD., Plaintiffs, v. AUTOSTORE AS and AUTOSTORE SYSTEM INC., Defendants. | Case No. 1:21-cv-00041-JL<br>**Hon. Joseph N. Laplante** |

**OCADO'S OPPOSITION TO AUTOSTORE'S MOTION TO PARTIALLY STRIKE OCADO'S FIRST SUPPLEMENTAL PRELIMINARY INFRINGEMENT CONTENTIONS**

Plaintiffs Ocado Innovation Ltd. and Ocado Solutions Ltd. ("Ocado") respectfully submit this opposition to Defendants AutoStore AS's and AutoStore System Inc.'s ("AutoStore") motion to partially strike Ocado's First Supplemental Preliminary Infringement Contentions (Dkt. Nos. 101, 101-1) (the "Motion" or "Mot.").

**PRELIMINARY STATEMENT**

In its Preliminary Infringement Contentions—without the benefit of substantial discovery or any source code review—Ocado asserted that AutoStore infringed claims 1, 6-9, 15, and 20 of U.S. Patent No. 10,901,404 (the "'404 Patent") and claims 1, 2, 5, 7-8, 12-15, 17-22, and 27 of U.S. Patent No. 11,079,770 (the "'770 Patent"). As is common in patent litigation, following substantial discovery—including more than 370 hours of expert review of AutoStore's source code for the accused software product—Ocado updated its Preliminary Infringement Contentions to include assertions that AutoStore infringed claims 2, 3, 11-14, and 17-19 of the '404 Patent and claims 3, 4, 6, 9-10, 25-26, and 29-30 of the '770 Patent (the "Additional Claims").

There was no way for Ocado to have asserted infringement of those additional claims before source code review, and Ocado's assertion of them following source code review is entirely appropriate and common. Ocado's assertion of the Additional Claims also has not remotely prejudiced AutoStore, who successfully advocated for this case filed at the beginning of 2021 to proceed to a jury trial only in December 2023 with ample time for discovery in the schedule. (Dkt. No. 67.)

Hoping to evade the Additional Claims quickly, AutoStore asks the Court to preclude Ocado from even asserting them in the earliest stages of discovery. AutoStore requests that extreme relief without citation to a Local Rule, Court order, or case law. Lacking legal support, AutoStore effectively argues equities, suggesting that Ocado should be punished because Ocado's more than 370 hours of expert review of source code should have—according to AutoStore—occurred more quickly. (Mot. at 1, 8-9.) But this ill-founded request for punishment ignores the actual facts. Ocado requested that AutoStore produce its source code as soon as discovery opened and repeatedly followed up on that request, but AutoStore did not make its source code available for review until ***one business day*** before Ocado's Preliminary Infringement Contentions were due (the preliminary contentions were due on January 24, 2022, and AutoStore made the source code available on January 21, 2022).[1] AutoStore never explains how Ocado could have completed more than 370 hours of expert source code review in one business day, such that Ocado's Preliminary Infringement Contentions would incorporate all of that information. Moreover, contrary to AutoStore's contention that Ocado somehow hid its intention to assert new claims based on the source code review, Ocado plainly stated in its Preliminary Infringement Contentions that "Ocado reserves the right to amend its infringement contentions to reflect [discovery of AutoStore's source code], ***including to assert infringement of additional claims as***

[1] Ex. A (Emails between M. Schusterman and N. DeLucia dated January 12, 13, 14, and 20, 2022).

***permitted by the Court's scheduling order***,"[2] and then Ocado timely amended its contentions on the precise date to which the parties agreed (May 16, 2022).[3] (Dkt. No. 96-1.) In short, Ocado asserted the Additional Claims in good faith following substantial source code review, and the assertion of those claims was entirely proper and consistent with the agreed-upon schedule for amendment of the preliminary contentions.

Finally, AutoStore's "alternative" relief sought in its motion makes plain what this motion is all about: AutoStore wants to exceed the Supplemental Patent Rules' ("SPR") limits of 10 terms per patent and 30-page briefs (SPR 6.1(c), (e)), but wants to make that request appear reasonable by comparison to the extreme primary relief sought by the motion (*i.e.*, striking meritorious infringement claims entirely). But there are at least three problems with this "alternative" relief. First, AutoStore has already asked the Court to construe ***36 claim terms*** across all asserted patents—including 18 terms that amount to requests for premature summary judgment of invalidity on every asserted claim in the '404 and '770 Patents (an issue on which AutoStore bears a clear and convincing burden of proof). Allowing AutoStore to pile on additional claim terms in additional briefing pages would exacerbate an already unmanageable claim construction process.

Second, AutoStore's relief bears no logical relationship to the alleged "wrong" here (*i.e.*, the incorrect argument that Ocado was not permitted to update its preliminary contentions to assert the Additional Claims). The new claim terms that AutoStore seeks to add—above the limit in the local rules—do not uniquely appear in the Additional Claims, but rather appear in claims that Ocado originally asserted in its preliminary contentions. In other words, Ocado's assertion of

---

[2] Ex. B at 4, 6 (Excerpts from Ocado's Preliminary Infringement Contentions) (emphasis added).

[3] AutoStore's motion frankly is frivolous, which is an issue that Ocado will address post-trial in motions filed pursuant to 35 U.S.C. §§ 284 and 285.

the Additional Claims provides no new justification for AutoStore's raising new claim terms (above the limit in the local rules), and there is a complete mismatch between the alleged "wrong" and the requested alternative relief.

Third, granting AutoStore's requested alternative relief would create significant confusion. As explained below, the new claim terms that AutoStore seeks to add (above the limit in the local rules) are terms that appear in many of the asserted claims, yet AutoStore seeks to give those identical terms different meanings across several claims in the same patent. That is contrary to well-established Federal Circuit law and it would only create significant confusion.

For these reasons, Ocado respectfully requests that the Court deny the motion to strike and the "alternative" relief, which has little connection to the underlying reason for the motion.

**BACKGROUND**

AutoStore's motion is directed to Ocado's assertion of claims in the '404 and'770 Patents. The claims of both patents are directed to computer software and hardware used to control and route robots on a stacked-bin storage grid system. Ocado has alleged that AutoStore infringes both the '404 and '770 Patents through its Router controller product. (Dkt. No. 35; D.N.H. No. 21-cv-806, Dkt. No. 1.) The Additional Claims that AutoStore challenges are claims 2, 3, 11-14, and 17-19 of the '404 Patent and claims 3, 4, 6, 9-10, 25-26, and 29-30 of the '770 Patent.

Although AutoStore disclosed some general features of the accused Router software in product marketing materials, exactly how that product operates (and thus how and the extent to which it infringes the '404 and '770 Patents) can only be discerned by reviewing the confidential computer source code for the product. Accordingly, Ocado requested review of AutoStore's source code in its very first document requests, served on October 22, 2021, shortly

after discovery commenced.[4] A month later, on November 22, 2021, AutoStore agreed to produce "relevant, responsive source code" for Router, but did not indicate when it would produce the code.[5] Ocado confirmed this agreement in a letter to AutoStore on December 13, 2021 and followed up again on December 29, 2021.[6] After another week had passed, Ocado wrote on January 7, 2022 to AutoStore, asking that AutoStore begin the agreed-upon production, and notifying AutoStore that if it did not honor its agreement, Ocado would—consistent with the Court's procedures—notify the Court "that there is a discovery dispute that needs to be resolved."[7]

On January 13, 2022, Ocado wrote again to AutoStore to confirm that AutoStore intended to produce the source code.[8] AutoStore responded that it would be making its source code available, but only in southern California.[9] After Ocado follow-up emails on January 14 and January 20, AutoStore finally agreed to make the code available on Friday, January 21 in northern California.[10] On that date, AutoStore produced approximately a million lines of source code for review. At that time, Ocado's Preliminary Infringement Contentions were due only one business day later—the following Monday (*i.e.*, January 24, 2022).

---

[4] *See* Ex. C at 9 (Ocado's First Set of Requests for Production).

[5] *See* Ex. D at 11 (Excerpts from AutoStore's Responses and Objections to Ocado's First Set of Requests for Production).

[6] *See* Ex. E (December 13, 2021 Letter from M. Schusterman to N. DeLucia); Ex. F (Emails between M. Schusterman and N. DeLucia dated December 13, 20, and 29, 2021, and January 7, 2022).

[7] *See* Ex. F.

[8] *See* Ex. A.

[9] *See id.*

[10] *See id.* Because of the short notice provided by AutoStore and the reviewers' prior commitments, the reviewers were not able to begin the review immediately.

Given the timing, Ocado stated unambiguously in its Preliminary Infringement Contentions that it reserved the right to update the contentions—as is extremely common—in light of source code review:

> Discovery of AutoStore's source code has not yet begun, but is expected to reveal further details on the specific equipment, methods, and techniques employed by Controllers using Router software . . . .
>
> Ocado reserves the right to amend its infringement contentions as necessary to reflect such discovery, ***including to assert infringement of additional claims as permitted by the Court's scheduling order***.[11]

Thereafter, the parties negotiated and agreed to a schedule for Ocado to supplement its Preliminary Infringement Contentions by May 16, 2022, which the Court endorsed in a May 2, 2022 order. Nothing in the parties' discussions leading to the schedule, the agreed-to schedule itself, or the Court's order prohibited Ocado from asserting the Additional Claims in its Supplemental Preliminary Infringement Contentions based on its source code review, which was necessary for Ocado to determine if there was a basis to assert infringement.

Ocado timely served its First Supplemental Preliminary Infringement Contentions on May 16, 2022.[12] In that supplement, Ocado asserted infringement of the Additional Claims based on its source code review.[13] The parties subsequently agreed to a revised schedule that gave AutoStore 45 days (the time allowed under the SPR) to provide its Preliminary Invalidity Contentions. (Dkt. No. 98-1.)

---

[11] Ex. B at 4, 6 (emphasis added).

[12] Ex. G (Excerpts from Ocado's First Supplemental Preliminary Infringement Contentions).

[13] *See id.*

## ARGUMENT

### I. There Is No Legal or Common Sense Basis for the Extreme Relief AutoStore Requests.

AutoStore's motion is directly contrary to purpose of ***preliminary*** infringement contentions—*i.e.*, to provide a framework for further discovery. *See Palomar Techs., Inc.* v. *MRSI Sys., Inc.*, No. CV-18-10236, 2018 WL 10247593, at *1 (D. Mass. Aug. 15, 2018) ("At this stage in the proceedings, prior to any significant discovery, the preliminary infringement contentions need only provide a framework for discovery and show that [plaintiff] has a good-faith, factual basis to allege infringement."). Courts frequently recognize that the preliminary contentions will change as a result of discovery (*e.g.*, source code review). *See, e.g., Am. Video Graphics, L.P.* v. *Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) ("Although defendants vigorously and rightly guard their source code, until plaintiffs have access to it, plaintiffs are typically unable to give highly specified infringement contentions.").

Instead of citing anything that might justify the relief it seeks, AutoStore cites several cases holding that a court, at some point in the litigation, may require a plaintiff to limit the claims at issue by selecting the claims it will assert at trial. (*See* Mot. at 5-6.) But these cases have nothing to do with the Motion, which does not request that Ocado select from among the claims it has asserted in the run-up to a jury trial. Rather, in the early stages of this case, AutoStore seeks to *prevent* Ocado from asserting certain claims at all. In its Motion, AutoStore does not cite a single case in which a court has granted the relief it seeks, and it cannot do so for the first time in reply.[14]

[14] In a later stage of this case, the parties undoubtedly will reach agreement on a schedule for Ocado to identify a narrower set of claims to be pursued at trial. But it is premature to require such a narrowing now when the parties are at the outset of discovery (*i.e.*, document production has not been completed, and no depositions or expert discovery has been conducted). *See In re Katz Interactive Call Processing Pat. Litig.*, 639 F.3d 1303, 1313 n.9 (Fed. Cir. 2011) (cited in

## II. AutoStore's Incorrect Recitation of the Facts Regarding the Timing of Ocado's Source Code Review Is Irrelevant.

AutoStore has no legal support for its Motion, so it incorrectly argues that Ocado should be punished for delaying its source code review. (Mot. at 8.) That is wrong.

As a preliminary matter, AutoStore makes the startling assertion that "[i]t was incumbent on Ocado, as plaintiff, to ensure it had access to AutoStore's source code well before the January 24, 2022 due date of its Preliminary Infringement Contentions." (Mot. at 8-9.) But, it was ***AutoStore's*** responsibility to timely produce its source code as requested in Ocado's timely discovery requests. As shown above (*supra* pp. 4-5), AutoStore did not make its source code available—amounting to millions of lines of code—until one business day before Ocado's Preliminary Infringement Contentions were due. The contention that blame for that delay should be laid at Ocado's feet respectfully should be rejected out of hand.

AutoStore's newly found argument is particularly strange because AutoStore and Ocado agreed that Ocado would have until May 16, 2022 to supplement its Preliminary Infringement Contentions with evidence from its source code review. (Dkt. No. 96-1.) And that agreement was consistent with what Ocado said in its Preliminary Infringement Contentions: Ocado reserved the right to "amend its infringement contentions as necessary to reflect" its review of the source code, "***including to assert infringement of additional claims*** . . . ."[15]

---

Mot. at 5) ("[A] claim selection order could come too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses."); *Carl Zeiss AG* v. *Nikon Corp.*, No. 217CV03221, 2018 WL 1858183, at *1 (C.D. Cal. Mar. 1, 2018) ("The Court is not persuaded that limiting claims is appropriate at this time [because] the parties still have time to exchange significant information that may assist Plaintiffs in deciding how to limit the claims in this action.").

[15] Ex. B at 4, 6 (emphasis added).

Finally, AutoStore argues that it would be prejudiced if its motion was not granted because "[u]nder the amended schedule, AutoStore gets . . . [only] 25 days" to respond to the newly asserted claims. (Mot. at 4-5.) Putting aside that AutoStore agreed to the schedule (*see* Dkt. No. 96-1), there is no basis for AutoStore's claim of prejudice. The parties already have agreed to extend the deadline for AutoStore to respond to Ocado's supplemental contentions from June 10 to June 30, 2022. (Dkt. No. 98-1.) Thus, AutoStore has ***45 days*** to respond, the same amount it would have had under the SPRs had there been no supplement to the Preliminary Infringement Contentions.

**III. AutoStore's Alternative Requests for Relief Should Be Denied.**

AutoStore alternatively requests that it be allowed to exceed the SPR's limits on the number of claim terms that a party can propose for claim construction and the page limits on claim construction briefs. (Mot. at 9-10.) The SPRs provide that the parties' Joint Claim Construction and Prehearing Statement "shall address no more than ten (10) disputed terms per patent in suit," and that "[e]ach party's opening [claim construction] brief may not exceed thirty (30) pages absent prior leave of court." SPR 6.1(c), (e). Limitations on the number of terms for construction exist "to preserve the ability of the Court to respond thoughtfully to the request for interpretation of terms." *Interval Licensing LLC* v. *AOL, Inc.*, No. C10-1385, 2011 WL 13101279, at *1 (W.D. Wash. Mar. 15, 2011). These constraints apply to both parties equally and help focus the parties on the terms that are "likely to lead to a dispositive outcome." *Eon CorpIP Holdings LLC* v. *Aruba Networks Inc.*, 62 F. Supp. 3d 942, 953 (N.D. Cal. 2014).

Granting AutoStore's alternative request, however, would exacerbate an already serious claim construction problem. Namely, AutoStore has raised 36 claim terms for construction, many of which are terms with ordinary English meanings, such as the terms "mechanism" and "nested," for which Ocado believes that no construction is necessary. AutoStore

also makes a staggering number of indefiniteness arguments, arguing that 18 terms across the ’404 and ’770 Patents are indefinite, and thus arguing that the Court should effectively grant summary judgment of invalidity of every asserted claim in those patents, despite the fact that invalidity is an issue on which AutoStore bears a clear and convincing evidence burden. *See Impax Lab’ys Inc.* v. *Lannett Holdings Inc.*, 893 F.3d 1372, 1378 (Fed. Cir. 2018); *Centricut, LLC* v. *Esab Grp., Inc.*, No. 99-039-M, 2002 WL 220057, at *4 (D.N.H. Feb. 7, 2002); *see also Procter & Gamble Co.* v. *Teva Pharms. USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009) (“Patents are presumed to be valid.”).

AutoStore’s request is particularly unjustified because many of the purportedly “new” claim terms that AutoStore has identified are claim terms that appeared in claims that Ocado had asserted in its original Preliminary Infringement Contentions. In other words, the “new” claim terms are not terms that appear uniquely in the Additional Claims that Ocado added in its supplemental contentions. For example, AutoStore has proposed the term “one or more processors” as used in Claim 1 of the ’770 Patent for construction even though Ocado has asserted Claim 1 of the ’770 Patent since at least January 24, 2022.[16] AutoStore also has proposed the terms “control unit” as used in Claim 14 of the ’404 Patent and “clearance unit” as used in Claims 7-9 of the ’404 Patent for construction even though Ocado has asserted Claim 1 of the ’404 Patent—which contains these terms—since at least January 24, 2022.[17]

Exacerbating the problem further, AutoStore seeks to construe the same claim terms multiple different ways within the same patent. For example, it proposes *ten* different constructions of the term “clearance unit” as used in the dependent claims of the ’404 Patent, and *three* different constructions of the term “one or more processors” as used in the dependent claims of the ’770 Patent. *See Omega Eng’g, Inc.* v. *Raytek Corp.*, 334 F.3d 1314, 1334 (Fed. Cir. 2003)

---

[16] *See* Ex. B.

[17] *See id.*

(a court must "presume, unless otherwise compelled, that the same claim term in the same patent or related patents carries the same construed meaning"); *Marine Polymer Techs., Inc.* v. *HemCon, Inc.*, No. CIV. 06-CV-100, 2009 WL 2046041, at *8 (D.N.H. July 9, 2009) (same). AutoStore's requested "alternative" relief would further muddy claim construction, and AutoStore simply provides no justification for such a departure from the SPRs.

**CONCLUSION**

For the foregoing reasons, the Court should deny the Motion. Ocado's assertion of the Additional Claims was timely and proper—and has not remotely prejudiced AutoStore. Additionally, AutoStore's request to further complicate claim construction—by adding more claim terms in excess of the SPRs and enlarging claim construction briefs—cannot be justified by Ocado's assertion of the Additional Claims and would serve only to unnecessarily complicate the claim construction process.

Date: June 7, 2022

Respectfully submitted,

*/s/ Henry C. Quillen*
Henry C. Quillen
New Hampshire Bar No. 265420
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, New Hampshire
Tel: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com

Garrard R. Beeney (admitted *pro hac vice*)
Marc De Leeuw (admitted *pro hac vice*)
Dustin F. Guzior (admitted *pro hac vice*)
Stephen J. Elliott (admitted *pro hac vice*)
Laurie N. Stempler (admitted *pro hac vice*)
Alexander N. Gross (admitted *pro hac vice*)
Mark C. Bennett (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
Fax: (212) 558-3588
Email: Ocado_DNH@sullcrom.com

Laura Kabler Oswell (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Tel: (650) 461-5600
Fax: (650) 461-5700
Email: Ocado_DNH@sullcrom.com

*Counsel for Plaintiffs Ocado Innovation Ltd. and Ocado Solutions Ltd.*