**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| OCADO INNOVATION LTD. and<br>OCADO SOLUTIONS LTD.,<br><br>*Plaintiffs*,<br><br>v.<br><br>AUTOSTORE AS and<br>AUTOSTORE SYSTEM INC.,<br><br>*Defendants*. | Case No.: 1:21-cv-00041-JL<br><br>Honorable Joseph LaPlante |

**AUTOSTORE'S REPLY IN SUPPORT OF MOTION TO PARTIALLY STRIKE PLAINTIFFS' FIRST SUPPLEMENTAL PRELIMINARY INFRINGEMENT CONTENTIONS**

Pursuant to Dkt No. 97 and the Court's June 3, 2022 order, AutoStore submits this reply memorandum in support of its motion to strike newly asserted claims ("New Claims") from Ocado's First Supplemental Preliminary Infringement Contentions (Dkt. No. 101).

## I. OCADO CANNOT SHOW ENTITLEMENT TO ASSERT THE NEW CLAIMS

The Court should strike Ocado's New Claims from its Supplemental Preliminary Infringement Contentions. ***First,*** Ocado cannot seriously dispute that the New Claims unfairly prejudice AutoStore and are unnecessary. It does not dispute that assertion of the New Claims risks wasting the Court's and parties' resources (Dkt. No. 101-1 ("Br.") at 9[1]). Likewise, it cannot credibly dispute the prejudice to AutoStore. Ocado does not even acknowledge that AutoStore must prepare its claim construction positions for the New Claims in the existing tight timeframe, facing significant term and page limits (which Ocado will not agree to increase). *See* Dkt. No. 109 ("Opp.") at 8-9. Ocado only states that, following AutoStore's motion, the Court extended the deadline for AutoStore to supplement its invalidity contentions per the parties' stipulation. Opp. at 9. But that says nothing about AutoStore's need to develop claim construction positions for the New Claims on a compressed schedule. Ocado's opposition to AutoStore's alternative request further underscores the prejudice to AutoStore; that request is ***only due to*** Ocado's newly asserted claims (Br. at 9-10)—which Ocado does not dispute. Indeed Ocado improperly seeks to preclude AutoStore from even challenging as indefinite one of the New Claims (claim 14 of the '404 patent). *See* Dkt. No. 108 at 2-4, 10. Finally, Ocado does not dispute that the New Claims are redundant both within and across the '404 and '770 patents (*see* Br. at 8).

***Second,*** Ocado does not even try to show that it could not have asserted the New Claims in its Preliminary Infringement Contentions because it needed AutoStore's code to identify alleged

[1] All citations to documents filed on the Court's PACER system are to the numbered ECF page.

infringement of those claims. *See Synopsys, Inc. v. Atoptech, Inc.*, No. 13CV02965MMCDMR, 2016 WL 4945489, at *4-5 (N.D. Cal. Sept. 16, 2016) (denying motion to amend infringement contentions because the plaintiff did not show how its proposed amendments were tied to newly discovered information from a source-code review).

Ocado merely contends that the purpose of preliminary infringement contentions is to "provide a framework for discovery." Opp. at 7. But that is not a license for Ocado to expand the case as it pleases. Ocado relies on *Palomar Techs., Inc. v. MRSI Sys., Inc.*, No. CV-18-10236, 2018 WL 10247593 (D. Mass. Aug. 15, 2018), but that case proceeded under different rules: As the *Palomar* court observed, "[t]he scheduling order allows the preliminary infringement disclosures to be '***amended or supplemented up to 30 days before the date of the Markman Hearing***' as discovery is received." *Id.* at *1 (emphasis added). Not so here. The Supplemental Patent Rules are silent on whether Preliminary Infringement Contentions may be supplemented or amended to add new patent claims.[2] But even if the Court were to rule that this District's patent rules can accommodate Ocado's unilateral assertion of New Claims, AutoStore submits that the Court should prevent Ocado from doing so for the reasons explained above.

## II. OCADO CANNOT SHOW DILIGENCE IN ASSERTING THE NEW CLAIMS

Ocado's arguments in trying to show diligence are wrong both factually and logically. Factually, Ocado contends AutoStore unreasonably delayed providing its source code. Not so. Ocado itself acknowledges that AutoStore never refused, and indeed agreed, to produce source code in response to Ocado's discovery requests. *See* Opp. at 5. The December 13, 2021 letter

---

[2] *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558 (E.D. Tex. 2005) is also not apt. It ruled the preliminary infringement contentions were adequate under the operative patent rules (which required preliminary contentions ***before start of discovery***, *id.* at 560). Ocado conducted discovery before preliminary contentions and could have tried to extend the case schedule (but did not). *Am. Video* also did not address adding new claims.

from Ocado's counsel (Dkt. No. 109-5 (Opp., Ex. E)) further confirms AutoStore was not withholding any code that Ocado sought, and that Ocado ***agreed*** that AutoStore did not need to produce irrelevant source code. *See* Dkt. No. 109-5 at 2 (§ ii). The first time that Ocado provided a date by which it needed to review code was on January 7, when ***Ocado*** asked AutoStore to "make available the source code [AutoStore] ha[s] agreed to provide by January 21." Dkt. No. 109-6 at 1. AutoStore complied. Ocado was free to review AutoStore's source code on January 21 (Dkt. No. 101-7 at 1), as it had requested, despite flouting basic requirements of the protective order for gaining access to the code (*see* Dkt. No. 101-1 at 10 n.7).[3] Even then, Ocado did not review the source code for another two weeks.[4] *Id.*

Ocado's argument is logically flawed too. It assumes Ocado could not have tried to extend the deadline for its preliminary infringement contentions to accommodate code review, which it should have done. It further assumes Ocado ***needed*** any code review, let alone "370 hours of expert review" of code, to identify New Claims to assert; and could not have done so before May 16 (when it served its supplemental infringement contentions). But neither is supported with facts. More likely, Ocado decided to assert the New Claims much earlier, but never informed AutoStore of its tactical plan, even while the parties negotiated a schedule to supplement contentions and complete claim construction.[5]

---

[3] Ocado also fails to say that the "follow-up" Jan. 14 and 20 emails were precipitated by an unexpected request from Ocado to review code remotely—a deviation from the stipulated source code review protocol. Due to information security concerns, and because the protocol did not permit remote review under the circumstances, AutoStore declined. Dkt. No. 109-1 at 1-3. And after ***Ocado*** asked—for the first time on Jan. 14—that AutoStore produce the code in Northern California, AutoStore granted that belated request too, even though it was not required to.

[4] Ocado states the reviewers had "prior commitments" preventing them from starting on January 21, but notably does ***not*** say whether these commitments arose before it asked for the code by January 21.

[5] Ocado relies on boilerplate language in its Preliminary Infringement Contentions stating it may "assert infringement of additional claims." Opp. at 8. That does not help, because the contentions were served before Ocado's reviewers even set eyes on the code.

## III. OCADO'S OPPOSITION TO THE ALTERNATIVE RELIEF IS BASELESS

Although it cites cases highlighting the use of the local rules in focusing the dispute for the Court, Ocado violates the spirit of the rules by asserting an excessive number of claims—99 claims across five patents, including 18 raised for the first time three weeks ago across the '404 and '770 patents. This highlights that any "serious claim construction problem" (Opp. at 9) is solely of Ocado's own making. Without the New Claims, there is no need for the alternative relief.

Ocado's substantive positions against AutoStore's alternative requests are also baseless. ***First,*** Ocado argues that AutoStore's 18 indefiniteness challenges to the '404 and '770 patent claims amounts to an improper "summary judgment." Opp. at 10. But the law is clear that a court may rule on indefiniteness at claim construction. *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008) ("Indefiniteness is a matter of claim construction, and the same principles that generally govern claim construction are applicable to determining whether allegedly indefinite claim language is subject to construction.") This also serves judicial efficiency by eliminating invalid claims before additional resources are expended.

***Second,*** Ocado contends that "the 'new' claim terms are not terms that appear uniquely in the Additional Claims that Ocado added in its supplemental contentions." Opp. at 10. Ocado either misunderstands the law or grossly misrepresents AutoStore's positions: Regarding the "control unit" term for new claim 14, AutoStore explained that this term is different from the "control unit" term in claim 1 of the '404 patent and therefore ***is*** unique to claim 14. *See* Dkt. No. 108 at 4-5 (§ II.A.1). The term "clearance unit" appears in independent claim 1 and in several dependent claims of the '404 patent. The parties agree that it must be construed under 35 U.S.C. § 112(f). Dkt. No. 107 at 1-2. Crucially, however, in each of the dependent claims, the "clearance unit" ***has an additional function*** not in claim 1 (*see* Dkt. No. 107-1 at 40-41, 43-48, 51-52, 54, 57-58), and each such function must be supported by sufficient structure (algorithms) in the

specification. *See, e.g.*, *Intelligent Agency, LLC v. 7-Eleven, Inc.*, No. 4:20-CV-0185-ALM, 2022 WL 760203, at *26 (E.D. Tex. Mar. 11, 2022) (ruling that a term in a dependent claim was governed by pre-AIA § 112(6) and further limited the means-plus-function term in earlier independent claim). Thus, each dependent claim presents a unique invalidity position inapplicable to other claims.[6] Finally, Ocado's argument about "one or more processors" in the '770 patent claims misses the mark because AutoStore requests additional terms for ***the '440 patent***.

***Third,*** Ocado contends that "AutoStore seeks to construe the same claim terms multiple different ways within the same patent." Opp. at 10. Not so. AutoStore contends that each dependent claim may add additional function for a means-plus-function appearing in the independent claims, and that certain dependent claims are indefinite for failure to do so. For the '404 patent, the term "clearance unit" appears in independent claim 1 and several asserted dependent claims (*e.g.*, claims 3, 6-9, and 11-14). Likewise, for the '770 patent, the term "one or more processors" appears in independent claims 1 and 29 and several asserted dependent claims: 3, 7-10, 12-13, 15, 17-19, 21-22, and 27. As courts clearly recognize, each dependent claim must be supported by sufficient structure (algorithms) in the specification; without it the dependent claim is independently indefinite. *See M2M Sols., LLC v. Sierra Wireless Am., Inc.*, No. 14-CV-01102-RGA, 2019 WL 6328119, at *5 (D. Del. Nov. 26, 2019) (ruling a term was not subject to § 112(f) in one claim but was subject to it in other dependent claims, and those claims were indefinite for lack of sufficient structure in the specification).

---

[6] AutoStore made this amply clear in its proposed constructions. *See* Dkt. No. 107-1 at 43-58 (specifying additional functions for "clearance unit" in dependent claims).

Dated: June 10, 2022

Respectfully submitted,

AUTOSTORE SYSTEM INC. and
AUTOSTORE AS,

By their attorneys,

*/s/ Robert R. Lucic*

Robert R. Lucic (NH Bar #9062)
Bryanna K. Devonshire (NH Bar #269462)
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street, PO Box 3701
Manchester, NH 03105
Telephone: (603) 627-8188
rlucic@sheehan.com
bdevonshire@sheehan.com

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
Emily M. Scott (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
glocascio@kirkland.com
emily.scott@kirkland.com

Joseph A. Loy, P.C. (admitted *pro hac vice*)
Nathaniel DeLucia (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jloy@kirkland.com
nathaniel.delucia@kirkland.com

Ali-Reza Boloori (admitted *pro hac vice*)
Josh Glucoft (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4200
ali-reza.boloori@kirkland.com
josh.glucoft@kirkland.com

Kristina R. Cary (admitted *pro hac vice*)

KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 385-7500
kristina.cary@kirkland.com

*Attorneys for Defendants AutoStore AS and AutoStore System Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 10th day of June 2022.

*/s/ Robert R. Lucic*
Robert R. Lucic