**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| OCADO INNOVATION LTD. and<br>OCADO SOLUTIONS LTD.,<br><br>Plaintiffs,<br>v.<br><br>AUTOSTORE AS and<br>AUTOSTORE SYSTEM INC.,<br><br>Defendants. | Case No. 1:21-cv-00041-JL<br><br>**Hon. Joseph N. Laplante**<br><br>**Expedited Treatment Requested Pursuant to LR 7.1(f)** |

# OCADO'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO STRIKE AUTOSTORE'S UNTIMELY PROPOSED CLAIM CONSTRUCTIONS

In its opposition, AutoStore concedes a central premise of Ocado's motion—that a claim term ordinarily has the same meaning across different claims in the same patent. (Dkt. No. 108 ("Opp'n") at 8, 10-11.) This concession exposes the true nature of AutoStore's untimely arguments: AutoStore failed to propose timely constructions for "one or more processors configured to," "control unit," and "clearance unit," even though they appear in claims that Ocado has asserted since at least January 24, 2022. AutoStore is trying to use the fact that the terms appear in other claims as an excuse to offer new positions that AutoStore should have disclosed months ago. For example, Claim 1 of the '770 Patent, which Ocado asserted in its January 24, 2022 Preliminary Infringement Contentions, recites the term "one or more processors configured to." (Dkt. No. 105-4 at 290-303; *see also* D.N.H. No. 21-cv-806, Dkt. No. 1 ¶ 66 (asserting Claim 1 of the '770 Patent on October 6, 2021).) AutoStore was required to disclose any contention that the term is governed by § 112(f) (and any associated construction) in its March 10 preliminary invalidity contentions, March 24 list of proposed terms for construction, and April 21 preliminary claim constructions. (Dkt. No. 99-1 ("Opening Mem.") at 4-5.) The use of the term in other claims

of the '770 Patent does not change the fact that AutoStore's new position, disclosed for the first time on May 20, 2022, is untimely and should be stricken for that reason.

AutoStore's fallback position—that Ocado somehow changed its infringement theories when it cited AutoStore's source code to support its already-disclosed theories—does not justify AutoStore's delayed positions, especially when AutoStore does not identify ***any*** change in Ocado's infringement theories (because there were none), let alone a change that could justify its untimely proposed constructions. Ocado thus respectfully requests that the Court strike AutoStore's untimely proposed constructions.

## ARGUMENT

### I. AutoStore Offers No Viable Explanation for Withholding Its New Proposed Constructions Until After the Court-Ordered Deadlines.

**"one or more processors configured to."** AutoStore concedes, as it must, that this term appears in the patent claims that Ocado asserted in its original Preliminary Infringement Contentions. AutoStore argues that its prejudicial tardiness should be excused because Ocado purportedly did not provide "sufficient information . . . to discern the full scope of claim terms sought by Ocado" in its Preliminary Infringement Contentions. (Opp'n at 9.) This argument is factually wrong and does not justify AutoStore's late disclosures for several reasons.

First, AutoStore says that Ocado's Preliminary Infringement Contentions were somehow insufficient to disclose its infringement theories, but that is wrong. Ocado's original contentions fulfilled Ocado's obligations by providing detailed explanations of its infringement theories (*see* Dkt. No. 105-4 at 290-315). Despite AutoStore's vague reference to a "material change" (Opp'n at 15 n.7), Ocado did not change ***any*** of those infringement theories in its supplemental contentions (*see* Dkt. No. 110-1 at 354-404).

Second, the tardy claim construction AutoStore seeks to advance—that the "one or more processors configured to" term is subject to § 112(f)—has nothing to do with the details of

Ocado's infringement theory or whether the theory "changed." Rather, the question of whether the term is governed by § 112(f) is based purely on the intrinsic evidence. *Williamson* v. *Citrix Online, LLC*, 792 F.3d 1339, 1348-49 (Fed. Cir. 2015) (*en banc*).

Alternatively, AutoStore argues, "Ocado does not seek to strike AutoStore's indefiniteness challenge to claim 29." (Opp'n at 11.) That is incorrect. Ocado stated in its motion that "AutoStore failed to identify the terms 'control unit' and 'one or more processors configured to' . . . [and t]hese untimely constructions should therefore be stricken." (Dkt. No. 99-1 at 5; *see also* Dkt. No. 99-8 at 2 (proposed order striking proposed construction of the term "one or more processors configured to," including in "Claim 29 and all dependent claims").)

**"control unit."** AutoStore argues that it could not have identified the term "control unit" for construction or as a § 112(f) term previously because "claim 14 refers to a ***different*** 'control unit'" from the "control unit" recited in claim 1. (Opp'n at 4.) As an initial matter, AutoStore's argument is entirely contrived. AutoStore identified "control unit" as the same term in ***both*** claims 1 and 14 of the '404 Patent for construction and as a § 112(f) term in its May 20, 2022 Updated Preliminary Claim Constructions and proposed the same construction for each instance of the term. (Dkt. No. 105-3 at 173.) Originally, AutoStore did not dispute the obvious: "control unit" is the same term, and should have the same meaning, in claims 1 and 14. Only after Ocado objected to these proposed constructions as untimely did AutoStore withdraw its proposed construction for the term "control unit" in claim 1.

AutoStore contends that the use of "a" before the instance of "control unit" in each claim mandates that the term be given different constructions in each claim. (Opp'n at 5.) But that ignores a key tenet of claim construction and the claim language itself. It is well established that the same claim term should be given the same meaning across claims in a patent—and most of the cases that AutoStore cites support that conclusion. (*Id.* at 8, 10-11.) Construing "control

unit" to have a different meaning in claim 1 than in claim 14 especially makes no sense because the surrounding claim language reflects an intent that the term have the same meaning. In both cases, the claim recites that the "control unit" executes clearance instructions provided by the clearance unit. ('404 Pat., Claims 1, 14.) It is thus legally wrong to construe "control unit" to have different meanings in these two claims, and doing so would confuse the jury when the Court provides instructions on claim construction.

**"clearance unit."** AutoStore states that it "agrees with Ocado's proposed construction of 'clearance unit' . . . and its proposed 'function' for the term." (Opp'n at 7.) But if that is the case, then AutoStore's new and untimely proposed additional functions—as recited in the parties' Joint Claim Construction and Prehearing Statement (Dkt. No. 107-1 at 43-48)—should be deemed withdrawn. If AutoStore's additions are not deemed withdrawn, then they should be stricken. If AutoStore believed that "clearance unit," as recited in claims 7-9 of the '404 Patent, performed additional functions, it should have proposed those functions and § 112(f) constructions by the Court-ordered deadlines, not in untimely additions.[1]

## II. Ocado Did Not Change Its Infringement Theories.

Ocado's ***infringement*** theories had no impact on AutoStore's ability to identify terms from already-asserted claims as requiring ***construction*** under § 112(f). Even setting that aside, Ocado did not change its infringement theories. Instead, in its Supplemental Preliminary Infringement Contentions, Ocado did something entirely common in patent cases: it cited specific

[1] AutoStore argues that it made these § 112(f) arguments in its Preliminary Invalidity Contentions. (Opp'n at 9 (citing Dkt. No. 105-2 at 163-66).) That is wrong. Although it disclosed reliance on expert testimony about a purported "lack of disclosure of any algorithms," AutoStore did not identify the terms for construction under § 112(f) or propose its newly identified functions. Moreover, in its Preliminary Invalidity Contentions, AutoStore contended that claims 7 and 9 were invalid under only § 112(a) and (b), not § 112(f). (Dkt. No. 105-1 at 92.)

lines of AutoStore's source code to ***support*** its existing infringement theories, which could not have happened before Ocado's source code review.[2] AutoStore points to Ocado's infringement contentions for claim 9 of the '404 Patent, contending that Ocado's January 24, 2022 contentions did not specify the actions that met the claim limitations. (Opp'n at 13.) That is inaccurate. Ocado explained how AutoStore's Router software uses algorithms to adjust its robots in real time and identify optimal routes based on traffic. (Dkt. No. 105-4 at 160-61.) Ocado's source code citations in its supplemental contentions only provided further support for that theory. (Dkt. No. 110-1 at 205-06.)

## III. Ocado Would Be Prejudiced by AutoStore's Untimely Proposed Constructions.

Ocado would be prejudiced by AutoStore's untimely proposed constructions because "Ocado and its experts have relied on AutoStore's claim charts for almost three months to understand AutoStore's invalidity arguments." (Opening Mem. at 9.) AutoStore argues that Ocado's claim construction expert, Dr. Raffaello D'Andrea, already opined on the disputed proposed constructions and "d[id] not aver in his declaration that his opinions are incomplete on any issue." (Opp'n at 16.) That is not correct. Dr. D'Andrea did not opine on the disputed proposed constructions and explicitly "reserv[ed] the right" to address them "if AutoStore is permitted to make the[m]." (Dkt. No. 108-7, ¶ 8.)

## CONCLUSION

Ocado respectfully requests that the Court strike AutoStore's untimely proposed claim constructions.

[2] As explained in Ocado's Opposition to AutoStore's Motion to Strike (Dkt. No. 109 at 4-5), AutoStore did not make the source code available for review until one business day before the Preliminary Infringement Contentions were due.

Date: June 10, 2022

Respectfully submitted,

*/s/ Henry C. Quillen*

Henry C. Quillen
New Hampshire Bar No. 265420
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, New Hampshire
Tel: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com

Garrard R. Beeney (admitted *pro hac vice*)
Marc De Leeuw (admitted *pro hac vice*)
Dustin F. Guzior (admitted *pro hac vice*)
Stephen J. Elliott (admitted *pro hac vice*)
Laurie N. Stempler (admitted *pro hac vice*)
Alexander N. Gross (admitted *pro hac vice*)
Mark C. Bennett (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
Fax: (212) 558-3588
Email: Ocado_DNH@sullcrom.com

Laura Kabler Oswell (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Tel: (650) 461-5600
Fax: (650) 461-5700
Email: Ocado_DNH@sullcrom.com

*Counsel for Plaintiffs Ocado Innovation Ltd.
and Ocado Solutions Ltd.*