**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

OCADO INNOVATION LTD. and
OCADO SOLUTIONS LTD.,

*Plaintiffs*,

v.

AUTOSTORE AS and
AUTOSTORE SYSTEM INC.,

*Defendants*.

Case No.: 1:21-cv-00041-JL

Honorable Joseph LaPlante

**AUTOSTORE'S SUR-REPLY IN OPPOSITION TO OCADO'S MOTION TO STRIKE**

**TABLE OF CONTENTS**

**I. AUTOSTORE PROPERLY DISCLOSED ITS PROPOSED CONSTRUCTIONS ........ 1**

A. "Control Unit" (Claim 14) ........ 1

B. "Clearance Unit" ('404 Patent Claims 7-9) ........ 2

C. "One Or More Processors Configured To" ('770 Patent Claim 1) ........ 3

**II. OCADO IS NOT PREJUDICED ........ 4**

AutoStore submits this sur-reply brief pursuant to Local Rule 7.1(e)(3), Dkt. No. 97, and the Court's June 3, 2022 Order, in further opposition to Ocado's Motion to Strike a number of AutoStore's proposed claim constructions and indefiniteness defenses (Dkt. No. 99).

## I. AUTOSTORE PROPERLY DISCLOSED ITS PROPOSED CONSTRUCTIONS

### A. "Control Unit" (Claim 14)

Ocado contends that both general claim construction law and the claim language indicate that the "control unit" terms in claims 1 and 14 have the same meaning. Ocado has identified nothing but the general proposition that the same term in different claims carries the same meaning, ***unless there is a compelling reason to hold otherwise.*** Here there is such a reason: dependent claim 14 makes clear that its claimed "control unit" ***is different*** from the "control unit" in claim 1. Ocado argues otherwise, asserting that the "control unit" in both claims 1 and 14 "executes clearance instructions provided by the clearance unit." Reply at 4. This misreads claim 14. Although claim 14's "control unit" may receive "the clearance instructions required to traverse a path," there is no requirement that this "control unit" is the same as the "control unit" in claim 1 that "executes" the clearance instruction "at a future time." Indeed, claim 14 covers embodiments in which the "control unit" does not even receive the clearance instructions—the claim expressly states that the "clearance unit is configured to provide to the control unit ***at least one of***: the clearance instructions … [as well several other pieces of information]." Thus, the clearance unit may provide to the "control unit" of claim 14 something other than the clearance instruction.

Ocado's reliance on AutoStore's May 20, 2022 Updated Preliminary Claim Construction is unavailing. As an initial matter, both Parties' initial claim positions were—as the name suggests—***preliminary***. Moreover, Ocado only asserted claim 14 for the first time just four days

earlier,[1] and thus it is not remarkable that AutoStore's understanding of the claim evolved. Indeed, AutoStore revised its position within four days (on May 24) once it became clear that the "control unit" in claims 1 and 14 are different. Dkt. No. 99, Ex. A (filed under seal) at 164-166 (providing contentions for "control unit" for claim 14). Not surprisingly, Ocado cites no case or rule holding waiver of claim construction positions on these facts. Indeed, the law requires only that the jury be instructed on the correct construction of the term in any event. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1359–60 (Fed. Cir. 2008) (finding no waiver of additional claim construction arguments where the arguments changed to "incorporate an understanding of the parties' dispute that has developed through the course of litigation" and noting that claim construction is a matter of law).

### B. "Clearance Unit" ('404 Patent Claims 7-9)

AutoStore agrees with Ocado that "clearance unit" should be construed under § 112(f) and—***as used in claim 1***—has the "function" specified in the Joint Pre-Hearing Statement. *See* Dkt. 107 at 1-2. This does not mean that AutoStore agreed that the term must have the same function across all claims. AutoStore has made its position clear, by specifying the ***additional*** functions taken on by the "clearance unit" in the dependent claims (Dkt. No. 99, Ex. A (filed under seal) at 155-164; Dkt. No. 107-1 at 40-60). *See, e.g.*, *M2M Sols., LLC v. Sierra Wireless Am., Inc.*, No. 14-CV-01102-RGA, 2019 WL 6328119, at *5 (D. Del. Nov. 26, 2019) (a term was not subject to § 112(f) in one claim but was subject to it in other dependent claims due to additional functions in the dependent claims, and those claims were indefinite for lack of sufficient structure in the

---

[1] Under a normal schedule, proposed terms for construction are exchanged pursuant to SPR 6.1(a) 59 days after Preliminary Infringement Contentions (Preliminary Invalidity Contentions served 45 days after Preliminary Infringement Contentions and proposed terms exchanged within 14 days after Preliminary Invalidity Contentions). *See* SPR 5.1(c), 6.1(a). Then, after an additional 14 days, the parties exchange proposed constructions. *See* SPR 6.1(b).

specification). Ocado faults AutoStore for not specifically "contend[ing]" that "clearance unit" must be construed under § 112(f) to have the additional functions recited in claims 7-9. Reply at 4 n.1. But AutoStore did not need to so "contend" after Ocado proposed that "clearance unit" is subject to § 112(f). Finally, Ocado does not dispute that it received notice of AutoStore's invalidity position with respect to these claims—that the claims are indefinite for lack of supporting algorithms in the specification. *See id.*

### C. "One Or More Processors Configured To" ('770 Patent Claim 1)

Ocado avoids a substantive response to AutoStore's argument—that Ocado provided clarity about its infringement theories for the first time in its supplemental infringement contentions on May 17. Although Ocado argues that it did not "change" its infringement theory, its Preliminary Infringement Contentions were conclusory, rested exclusively on high-level marketing documents and "information and belief," and lacked detail about the technical operation of the accused AutoStore product. Ocado's Supplemental Preliminary Infringement Contentions provided detail for the first time. This constitutes a material change in Ocado's infringement positions.

Ocado also incorrectly contends that the clarity about claim scope provided by its supplemental infringement contentions does not impact how the same terms should be construed for validity, and that the question of whether a term is governed by § 112(f) is based solely on intrinsic evidence.[2] Reply at 3. To the contrary, the scope of a means-plus-function claim term ***is*** impacted by how broadly (or narrowly) Ocado applies the term in litigation. ***First,*** the function of

---

[2] Ocado's reliance on *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1348-49 (Fed. Cir. 2015) is inapposite. That case addressed the presumption that § 112(6) does not apply if the word "means" is not used in a claim. It did ***not*** address whether the scope of the claim as read by the plaintiff for infringement affects indefiniteness due to lack of sufficient structure.

a means-plus-function term is construed to reflect the function as specified in the claim. *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 296 F.3d 1106, 1113 (Fed. Cir. 2002) ("The court must construe the function of a means-plus-function limitation to include the limitations contained in the claim language, and only those limitations."). ***Second***, in determining the function of a means-plus-function element, courts apply the ordinary rules of claim construction. *Lockheed Martin Corp. v. Space Systems/Loral, Inc.*, 324 F.3d 1308, 1319 (Fed. Cir. 2003) (stating "we … construe the meaning of the words used to describe the claimed function [of a § 112(6) term], using ordinary principles of claim construction").

Finally, AutoStore had not understood Ocado to be seeking to preclude AutoStore from challenging claim 29 as indefinite. Ocado's attempt to do so further underscores the non-tenability of its position. Ocado did not even assert claim 29 of the '770 patent on January 24 (when it was supposed to), waiting until May 16 to do so. AutoStore should not be barred from challenging the newly asserted claim 29 as indefinite due to the term "one or more processors," even if AutoStore is somehow deemed to have not challenged claim 1 on the same ground (which it did).

## II. OCADO IS NOT PREJUDICED

Ocado does not substantively dispute most of AutoStore's arguments regarding lack of prejudice. It only disputes that its expert did not aver in his declaration that his opinions are incomplete on any issue or that he lacked the time to address any issue. Reply at 5. But even here Ocado is wrong: Its expert reserved the right to address certain disputed proposed constructions if AutoStore "is permitted to make them." He did not say that he was providing an incomplete opinion, or no opinion at all, due to a lack of time (*i.e.*, due to prejudice). Indeed, Ocado does not even dispute that Dr. D'Andrea did, for example, provide opinions regarding dependent claims 7 and 9, which are at issue in Ocado's motion.

* * *

AutoStore respectfully requests that the Court deny Ocado's motion to strike.

Dated: June 14, 2022

Respectfully submitted,

AUTOSTORE SYSTEM INC. and
AUTOSTORE AS,

By their attorneys,

*/s/ Robert R. Lucic*

Robert R. Lucic (NH Bar #9062)
Bryanna K. Devonshire (NH Bar #269462)
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street, PO Box 3701
Manchester, NH 03105
Telephone: (603) 627-8188
rlucic@sheehan.com
bdevonshire@sheehan.com

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
Emily M. Scott (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
glocascio@kirkland.com
emily.scott@kirkland.com

Joseph A. Loy, P.C. (admitted *pro hac vice*)
Nathaniel DeLucia (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jloy@kirkland.com
nathaniel.delucia@kirkland.com

Ali-Reza Boloori (admitted *pro hac vice*)
Josh Glucoft (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700

Los Angeles, CA 90067
Telephone: (310) 552-4200
ali-reza.boloori@kirkland.com
josh.glucoft@kirkland.com

Kristina R. Cary (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 385-7500
kristina.cary@kirkland.com

*Attorneys for Defendants AutoStore AS and AutoStore System Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 14th day of June 2022.

*/s/ Robert R. Lucic*
Robert R. Lucic