# Exhibit 1

Trials@uspto.gov
571-272-7822

Paper 18
Entered: September 14, 2022

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

AUTOSTORE SYSTEM INC.,
Petitioner,

v.

OCADO INNOVATION LIMITED,
Patent Owner.

---

IPR2021-00798
Patent 9,796,080 B2

---

Before BART A. GERSTENBLITH, JON B. TORNQUIST, and RICHARD H. MARSCHALL, *Administrative Patent Judges*.

TORNQUIST, *Administrative Patent Judge*.

DECISION
Denying Petitioner's Request on Rehearing of
Decision Denying Institution of *Inter Partes* Review
*37 C.F.R. § 42.71(d)*

# I. INTRODUCTION

On October 8, 2021, we entered a decision (Paper 14, "Decision" or "Dec.") in this case declining to institute an *inter partes* review of claims 1–23 of U.S. Patent No. 9,796,080 (Ex. 1001, "the '080 patent"). We did so because we determined that AutoStore System Inc. ("Petitioner") had not demonstrated a reasonable likelihood that claims 1–23 of the '080 patent are unpatentable. Dec. 2.

Petitioner timely filed a Request for Rehearing (Paper 15, "Request for Rehearing" or "Req. Reh'g"), as well as a request for Precedential Opinion Panel ("POP") review (Paper 16; Ex. 3001).

The Request for Rehearing was held in abeyance during POP review. *See Standard Operating Procedure 2 (Revision 10)*, 7 ("The Precedential Opinion Panel will maintain authority over all issues in the case while the case is under Precedential Opinion Panel review."). On February 17, 2022, Petitioner's request for POP review was denied. Paper 17. Thus, we now address Petitioner's Request for Rehearing.

For the reasons set forth below, Petitioner's Request for Rehearing is *denied*.

# II. ANALYSIS

The standard for a request for rehearing from a decision on whether to institute a trial is set forth in 37 C.F.R. § 42.71(d), which provides in relevant part:

> The burden of showing a decision should be modified lies with the party challenging the decision. The request must specifically identify all matters the party believes the Board misapprehended or overlooked, and the place where each matter was previously addressed in a motion, an opposition, or a reply.

"When rehearing a decision on petition, a panel will review the decision for an abuse of discretion." 37 C.F.R. § 42.71(c).

A rehearing request is not an opportunity for the requesting party to reargue its case or merely to express disagreement with the Decision. Nor is it an opportunity for the moving party to present new arguments that were not in its original submissions.

*A. Summary of the Institution Decision*

Independent claims 1 and 23 of the '080 patent require, among other things, "a structural framework defining a grid of storage locations." Ex. 1001, 14:5–6, 16:36–37. Petitioner did not address the precise meaning of this claim phrase in the Petition. *See* Paper 1, 20, 23 ("Pet.").

In its Preliminary Response, Ocado Innovation Limited ("Patent Owner") argued the word "grid" means "a grating of crossed bars" and the structure of the claim phrase requires that the "structural framework" itself define the grid of storage locations, as opposed to the grid being defined by the manner in which the containers are arranged after being placed on the structural framework. Paper 10, 5–6, 8 ("Prelim. Resp.").

In its authorized Reply, Petitioner argued that the "core dispute" is what the term "grid" refers to, and because "grid" modifies the phrase "storage locations," the claims require only that the storage locations or containers be arranged in a grid, not that the structural framework define a grid of storage locations. Paper 12, 11 ("Reply").

Upon review of the parties' arguments and supporting evidence, and upon review of the claims, written description, and prosecution history of the '080 patent, we construed "a structural framework defining a grid of storage locations," as recited in independent claims 1 and 23, to require that a structural framework define the grid of storage locations, as opposed to these

locations being defined merely by the orientation or location of stacked containers. Dec. 9–11. We did not address the parties' further arguments about what the structural framework defining the "grid" must look like, e.g., "a grating of crossed bars." *See Nidec Motor Corp. v. Zhongshan Broad Ocean Motor Co.*, 868 F.3d 1013, 1017 (Fed. Cir. 2017) (quoting *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) ("[O]nly those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy.")).

In each of its asserted grounds, Petitioner relied upon Lert as disclosing "a structural framework defining a grid of storage locations." *See* Dec. 15, 21; Pet. 23 (claim 1), 49 (claim 23). In our Decision, we found that the Petition did not sufficiently demonstrate that Lert discloses a grid of storage locations that is defined by a structural framework, as opposed to the storage locations being "defined merely by the orientation or location of stacked containers." Dec. 15–16. For this reason, we denied the Petition with respect to claims 1–8 and 23 of the '080 patent. *Id.*

*B. Petitioner's Arguments and Analysis*

In its Request for Rehearing, Petitioner asserts that: (1) "the Board misapprehended and overlooked its own guidance by failing to provide notice that the Board intended to construe the term 'a structural framework defining a grid of storage locations' differently than either party suggested," and by failing to afford Petitioner the opportunity to respond to the Board's "new" construction, and (2) "the Board misapprehended the scope of its new construction by taking a far too narrow view of what the construction covers." Req. Reh'g 1.

*1. Notice of Claim Construction and Opportunity to Respond*

Petitioner asserts its Request for Rehearing should be granted because the Board adopted a construction of the relevant claim phrase that neither party asserted, the Board improperly "provided its construction on a limited record," and Petitioner was "denied the opportunity to address the merits of the Board's new claim construction," as well as "the opportunity to submit expert testimony and other evidence on Reply." Req. Reh'g 3–4, 7–8 (citing Consolidated Trial Practice Guide (November 2019[1]) ("CTPG"), 18 (indicating that claim construction rulings at the institution phase are "initial" and that the parties will have an opportunity to respond during trial)).

A petition is required to identify "[h]ow the challenged claim is to be construed." 37 C.F.R. § 42.104(b)(3). The Petition did not specifically address how the claim phrase "a structural framework defining a grid of storage locations" was to be construed or explain the ordinary meaning of this claim phrase. Pet. 20 (asserting that "[a]ll terms should be given their ordinary and customary meaning"). Despite its failure to address the meaning of the relevant claim phrase in the Petition, we authorized Petitioner to file a Reply addressing this issue, but instructed Petitioner to limit its response to the intrinsic evidence of record. Reply 11–15; Ex. 1017, 28:21–29:8.[2] In its Reply, Petitioner addressed the intrinsic evidence of record, including the claims, written description, and the prosecution history

---

[1] *Available at* https://www.uspto.gov/TrialPracticeGuideConsolidated.

[2] The transcript filed by Petitioner incorrectly identifies the panel as Judges Grossman, Quinn, and Ippolito. Ex. 1017, 1:17–20. The panel during the entirety of this proceeding has been Judges Tornquist, Marschall, and Gerstenblith.

of the ’080 patent, and specifically addressed whether claims 1 and 23 require that the “structural framework” define the “grid” of storage locations, as asserted by Patent Owner in its Preliminary Response. Reply 11–15; Prelim. Resp. 8 (asserting that “[t]he grid is not defined by the way the containers are arranged after being placed on the structural framework”). Thus, Petitioner was not denied an opportunity to address the proper construction of the claim phrase “a structural framework defining a grid of storage locations,” or the particular portion of this claim phrase that we construed to resolve this case. *See Nidec Motor*, 868 F.3d at 1017 (noting that we need to construe a claim term only to the extent necessary to resolve the dispute between the parties).

Nor did we abuse our discretion in limiting Petitioner’s Reply arguments to the intrinsic evidence of record. First, granting Petitioner authorization to file a reply was within the discretion of the Board, as was determining the scope of any authorized reply. *See* 37 C.F.R. § 42.108(c); CTPG 52 (“The decision concerning whether the petitioner will be afforded a reply and the appropriate scope of such a reply rests with the panel deciding the proceeding to take into account the specific facts of the particular case.”). Second, when construing a claim term or phrase, the intrinsic evidence is the primary source of guidance as to the meaning of claim terms, *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) (“In most situations, an analysis of the intrinsic evidence alone will resolve any ambiguity in a disputed claim term.”), and extrinsic evidence, such as expert testimony, cannot be used to “contradict claim meaning that is unambiguous in light of the intrinsic evidence.” *Phillips v. AWH Corp.*, 415 F.3d 1303, 1324 (Fed. Cir. 2005) (en banc). Accordingly,

we did not abuse our discretion in limiting Petitioner's arguments in Reply to the intrinsic evidence of record.

In view of the foregoing, we determine (1) Petitioner was aware of the specific claim construction dispute that was resolved in the Decision and had an opportunity to address this issue in its Reply, and (2) it was within the panel's discretion to limit Petitioner's claim construction arguments in the Reply to the intrinsic evidence of record.

*2. Requirements of the Administrative Procedures Act*

Petitioner argues that pursuant to the Administrative Procedures Act ("APA") it should have been given notice of the Board's newly-adopted construction and an opportunity to respond. Req. Reh'g 6–7. Petitioner supports its arguments with citation to Board guidance explaining that, "[i]f the Board raises a claim construction issue on its own, both parties will be afforded an opportunity to respond before a final written decision is issued." *Id.* at 6 (quoting CTPG at 45). Petitioner also notes that the U.S. Court of Appeals for the Federal Circuit has found violations of the APA when the Board adopts a new construction in its final written decision "without providing the parties an opportunity to present arguments based on that new claim construction." *Id.* at 7 (citing *SAS Inst. v. ComplementSoft, LLC*, 825 F.3d 1341, 1351 (Fed. Cir. 2016), *reversed on other grounds*, *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1351 (2018)).

The basis for Petitioner's APA argument is that the Board adopted a claim construction that was "materially different than those proposed by the parties." Req. Reh'g 4, 6–7. Contrary to Petitioner's argument, however, we did not provide a complete construction of the term "a structural framework defining a grid of storage locations." Dec. 11. Rather we addressed only the specific question of whether the structural framework

must define the grid of storage locations, as opposed to the grid of storage locations being defined by the orientation or location of stacked containers. *Id.*; *see Nidec*, 868 F.3d at 1017 (noting that the Board need only construe claim terms "to the extent necessary to resolve the controversy"). This question of what structure(s) must define the grid of storage locations was addressed in detail by Petitioner in its authorized Reply. Accordingly, the Board based its conclusion with respect to independent claims 1 and 23 on a construction of the term "a structural framework defining a grid of storage locations" that was expressly advocated for by Patent Owner and directly addressed by both parties in their briefing. Prelim. Resp. 5–9, 34–35; Reply 11–15. As such, the factual underpinning for Petitioner's APA argument is unpersuasive.

*3. Whether the Board Overlooked Lert's Disclosures*

The Petition asserts that "[t]he [Tote-Storage Structure] [of Lert], visible in a birds-eye perspective in Figures 2A–2B, discloses a 'structural framework defining a grid of storage locations.' Moreover, Figures 3c–3g show that the 'structural framework' of the TSS has a 'grid of storage locations.'" Pet. 23. Petitioner argues that, despite these arguments in the Petition, the Decision's analysis of Lert "amounts to a single sentence: 'Petitioner identifies no structural framework in Lert that defines a grid of storage locations.'" Req. Reh'g 9. Petitioner then proceeds to identify several disclosures of Lert, as well as alleged admissions by Patent Owner, that it contends demonstrate that Lert discloses "a structural framework defining a grid of storage locations," as that term was construed in the Decision. *Id.* at 9–14. Petitioner asserts the Board abused its discretion by failing to address its arguments in the Petition and by overlooking the various disclosures and admissions identified in the Reply. *Id.*

To prevail on its grounds addressing claims 1–8 and 23 over Lert, Petitioner was required to show that Lert discloses "a structural framework defining a grid of storage locations." Although the Petition generally points to Figures 2a–2b and 3c–3g of Lert, its analysis of these figures is conclusory, failing to identify any particular part of the *structural framework* in the figures that serves to define a grid of storage locations. We could not misapprehend or misconstrue arguments that were not clearly set forth in the Petition, and it is Petitioner's burden to explain why particular figures of a prior art reference disclose a claim limitation, and not the Board's burden to explain why they do not.

Moreover, the Petition's conclusory assertions were based on a construction of the relevant claim phrase that would allow the grid of storage locations to be defined by the arrangement of storage containers, and not by the structural framework itself. Pet. 23; Reply 11–12 ("The specification is therefore describing the arrangement of the storage locations and containers, and how their arrangement forms a grid."). This injects further ambiguity as to what particular "structural framework" (if any) the Petition identified as defining the grid of storage locations in Lert. Accordingly, we are not persuaded that we misapprehended or misconstrued arguments made in the Petition or abused our discretion in determining that Petitioner had not explained sufficiently for purposes of institution where Figures 2a–2b and 3c–3g of Lert disclose the disputed claim limitations.

Petitioner asserts that we should have conducted an independent analysis of the figures of Lert identified in the Petition and then concluded that "a structural framework defining a grid of storage locations" is expressly disclosed in Lert under our adopted claim construction. Req. Reh'g 9–10. According to Petitioner, nothing in the Board's

construction requires a specific structure, and Lert's use of linear structures (Figures 2a–2b) and vertical supports (Figures 3a–3g) (which Patent Owner concedes would be necessary to support the structure) would provide a structural framework that defines a grid of storage locations. *Id.* at 9–11 (addressing Figures 2a–2b of Lert), 11–13 (addressing Figures 3c–3g of Lert); *but see* Prelim. Resp. 34 (Patent Owner asserts that, despite the fact that vertical supports would be required, "[n]o element of the structural framework [of Lert] defines or sets the boundaries of where the totes are placed along the length of the parallel beams.").

As discussed above, Petitioner's arguments and identification of specific structures depicted in Figures 2a–2b and 3c–3g of Lert were not set forth in the Petition with sufficient clarity, and were not sufficiently tied to the question of whether Lert discloses a "structural framework defining a grid of storage locations." Moreover, we disagree that we were *required* to conduct an independent analysis of Lert's figures using a construction that was not discussed in the Petition and was disavowed in the Reply.[3]

---

[3] As noted by both Petitioner and Patent Owner, Figure 3g of Lert appears to depict a structural framework that at least superficially forms a grid. Req. Reh'g 12–13; Prelim. Resp. 36 ("Figure 3g shows a rectangular prism, highlighted below in yellow in the annotated figure, which superficially shows a grid pattern."). Lert explains, however, that Figures 3a–3g all show the same component structure (Ex. 1005, 2:28–30), and Patent Owner argues that what appear to be vertical supports in Figure 3g, are most likely the edges of storage containers, as best shown in Patent Owner's annotated version of Figure 3c of Lert. *See* Prelim. Resp. 35–38. In any event, even if the vertical supports were placed in the manner allegedly depicted in Figure 3g, Petitioner has not sufficiently demonstrated that the presence of these vertical supports would necessarily demonstrate that the structural framework defines a grid of storage locations. *See* Prelim. Resp. 34.

In summation, our conclusion is not that Lert does not disclose "a structural framework defining a grid of storage locations," but that the Petition did not clearly explain—especially when considered in combination with Petitioner's claim construction positions—why Lert does so in a manner sufficient to satisfy Petitioner's burden to show a reasonable likelihood of prevailing with respect to independent claims 1 and 23.

## III. CONCLUSION

For the reasons set forth above, we determine that we did not misapprehend or misunderstand Petitioner's arguments made in the Petition or the Reply and did not abuse our discretion in declining to institute trial.

## IV. ORDER

In consideration of the foregoing, it is hereby:

ORDERED that the Request for Rehearing is *denied*.

For PETITIONER:

W. Todd Baker
Joseph Loy
Aaron Resetarits
KIRKLAND & ELLIS LLP
Todd.baker@kirkland.com
jloy@kirkland.com
Aaron.resetarits@kirkland.com

For PATENT OWNER:

Stephen Elliott
Raffaele DeMarco
Laurie N. Stempler
Sullivan & Cromwell LLP
elliotts@sullcrom.com
demarcor@sullcrom.com
stemplerl@sullcrom.com

Sheila N. Swaroop
John L. Paik
KNOBBE, MARTENS, OLSON & BEAR, LLP
2sns@knobbe.com
2jlp@knobbe.com