# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| OCADO INNOVATION LTD. and <br> OCADO SOLUTIONS LTD., <br><br> Plaintiffs, <br> v. <br><br> AUTOSTORE AS and <br> AUTOSTORE SYSTEM INC., <br><br> Defendants. | Case No. 1:21-cv-00041-JL <br><br> **Hon. Joseph N. Laplante** |

## ASSENTED-TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSES TO CERTAIN OF THE COURT'S *MARKMAN* HEARING QUESTIONS

Plaintiffs Ocado Innovation Ltd. and Ocado Solutions Ltd. (together, "Ocado") respectfully move the Court for leave to file supplemental responses to certain questions that the Court posed during the September 29, 2022 *Markman* hearing ("*Markman* Hearing") regarding U.S. Patent No. 10,913,602 ("'602 Patent"). More specifically, during the *Markman* Hearing, the Court asked the parties (i) how the Court should construe claims that are broader than a single embodiment described and depicted in the specification, (ii) how certain prior art robots compare to the invention of the '602 Patent, including the large robot that AutoStore identified as "Hognaland" during the *Markman* Hearing (*see* AutoStore's Claim Construction Presentation at 11), and (iii) how the Court should construe the indefinite article "a" in the "occupy a grid space" limitation. For example, the Court expressly requested that the parties submit images or videos of the "Hognaland" robot "in action," and Ocado's proposed supplemental responses to the Court's questions include such images.

With regard to the Court's first question, Ocado seeks leave to provide the Court with numerous precedents in which this Court and other courts have addressed the same issue (*i.e.*, claim language that is broader than a single embodiment disclosed in the specification). In those cases, courts have repeatedly held that a preferred embodiment in the specification does not limit the claims, even when the specification discloses only one embodiment. Those cases recognize that an inventive concept is broader than an embodiment of the invention, and U.S. patent law permits the patentee to claim the full breadth of the invention as defined by the claims.

With regard to the Court's second question, Ocado seeks leave to provide the Court with additional images, videos, and information regarding the prior art robots, including the "Hognaland" robot. These submissions further show the practical significance of the parties' dispute and the ways in which Ocado's invention improved upon the prior art—including photographs showing that prior art rails accommodated the wheels of ***only one*** robot, such that it was not possible for prior art robots to pass each other on an adjacent grid space in any direction (in the case of "single/single" rails). Even when the prior art robots operated on "single/double" rails, passing on an adjacent grid space was possible only in one direction (X or Y), but not both. Among other reasons, Ocado believes these submissions are necessary to correct certain misstatements that AutoStore made during the *Markman* Hearing.

With regard to the Court's third question, Ocado seeks leave to provide the Court with excerpts from a brief that AutoStore filed mere days after the *Markman* Hearing in AutoStore's appeal to the Federal Circuit concerning its losses in parallel proceedings before the U.S. International Trade Commission. The position that AutoStore took in the Federal Circuit appeal directly contradicts several statements that AutoStore made during the *Markman* Hearing regarding the meaning of the indefinite article "a" in the "occupy a grid space" limitation.

-3-

The supplemental briefing that Ocado would submit, should the Court grant leave, is included as Exhibit A to this motion with accompanying exhibits. Ocado respectfully submits that this additional briefing and evidence will help address important and complex issues on a more complete and clear record, and thus respectfully requests that the Court take this information into account when resolving the parties' claim construction disputes for the '602 and '051 Patents. Pursuant to Local Civil Rule 7.1(a)(2), no memorandum of law in support of this motion is necessary because the relief requested herein is within the sound discretion of the Court.

Before filing this motion, Ocado conferred with AutoStore, and AutoStore indicated that it does not oppose this motion so long as Ocado will not oppose a commensurate supplemental submission from AutoStore. Ocado will not oppose such a submission, and thus AutoStore has assented to the relief requested herein. After AutoStore assented to the relief requested in this motion, AutoStore indicated the next day that although it assents to Ocado's request for supplemental briefing, AutoStore may object to certain evidence that Ocado submits as exhibits to its proposed supplemental responses, and AutoStore requested that Ocado inform the Court that AutoStore reserves its "rights to object to the supplemental evidence once [it] ha[s] a chance to review it."

-4-

Date: October 12, 2022					Respectfully submitted,

*/s/ Henry C. Quillen*
Henry C. Quillen
New Hampshire Bar No. 265420
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, New Hampshire
Tel: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com


Garrard R. Beeney
Marc De Leeuw
Dustin F. Guzior
Stephen J. Elliott
Laurie N. Stempler
Alexander N. Gross
Mark C. Bennett
Michael T. Lemanski
Austin P. Mayron
Navraj S. Dhillon
*Admitted pro hac vice*
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
Fax: (212) 558-3588
Email: Ocado_DNH@sullcrom.com

*Counsel for Plaintiffs Ocado Innovation Ltd. and Ocado Solutions Ltd.*