**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

|  |  |  |
|---|---|---|
| OCADO INNOVATION LTD. and OCADO SOLUTIONS LTD., | ) ) ) | Case No. 1:21-cv-00041-JL |
| Plaintiffs, | ) ) ) | **Hon. Joseph N. Laplante** |
| v. | ) ) | **Expedited Treatment Requested Pursuant to LR 7.1(f)** |
| AUTOSTORE AS and AUTOSTORE SYSTEM INC., | ) ) ) | |
| | ) ) | |
| Defendants. | ) ) | |

**OCADO'S MOTION TO STRIKE AUTOSTORE'S
UNTIMELY IDENTIFICATION OF ALLEGED PRIOR ART**

Plaintiffs Ocado Innovation Ltd. and Ocado Solutions Ltd. (together, "Ocado"), by and through their undersigned counsel and pursuant to Rule 16(f) of the Federal Rules of Civil Procedure and Supplemental Patent Rule 5.1(c), move this Court to enter an Order striking four prior art references untimely identified by Defendants AutoStore AS and AutoStore System Inc. (together, "AutoStore") in their November 10, 2022 Third Supplemental Preliminary Invalidity Contentions. As grounds for the Motion to Strike, Ocado relies on its Memorandum of Law in Support, and the exhibits thereto, submitted herewith. Pursuant to LR 7.1(c), Ocado certifies that it made a good-faith attempt to obtain concurrence in the relief sought, and AutoStore did not concur. Ocado respectfully requests that the Court enter the attached proposed order granting its Motion to Strike.

Ocado also requests expedited treatment under LR 7.1(f). Although this motion is not an emergency, the motion warrants expedited treatment relative to a normal motion schedule because delay in resolution of the motion will, at least in part, exacerbate the prejudice that the motion

-2-

seeks to avoid.   As explained in the accompanying Memorandum of Law, if AutoStore is permitted, at this late stage of the case, to change its invalidity defenses fundamentally, Ocado will be forced to invest significant time and resources into addressing the new art and re-doing substantial work that already has been completed, leading to a significant expenditure of resources. Thus, Ocado respectfully submits that good cause exists for expedited treatment of this Motion to Strike, which will establish the scope of the invalidity issues to be litigated during the next 3-4 months.

AutoStore's counsel indicated that AutoStore opposes expedited treatment, although no explanation was provided.   In light of AutoStore's contention that Ocado was trying to "ruin everyone's Thanksgiving" (Ex. F at 1), Ocado waited to file this motion until November 28.[*]

Finally, Ocado notes that it had originally proposed to AutoStore's counsel that this issue be addressed in a teleconference with the Court (Ex. B at 1; Ex. F at 6-7. *See generally* Dkt. No. 80 at 3), but AutoStore took the position that this was not a "discovery" dispute and it needed to be addressed through a formal motion.   Ocado was willing to proceed that way, but Ocado stands ready to participate in a teleconference with the Court should the Court prefer that path.

---

[*] The referenced exhibits are the exhibits to the Declaration of Marc De Leeuw in Support of Ocado's Motion to Strike AutoStore's Untimely Identification of Alleged Prior Art, filed herewith.

-3-

Date:  November 28, 2022

Respectfully submitted,

*/s/ Henry C. Quillen*
Henry C. Quillen
New Hampshire Bar No. 265420
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, New Hampshire
Tel:  (603) 294-1591
Fax:  (800) 922-4851
Email:  hquillen@whatleykallas.com


Garrard R. Beeney
Marc De Leeuw
Dustin F. Guzior
Stephen J. Elliott
Laurie N. Stempler
Alexander N. Gross
Mark C. Bennett
Michael T. Lemanski
Austin P. Mayron
Navraj S. Dhillon
*Admitted pro hac vice*
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Tel:  (212) 558-4000
Fax:  (212) 558-3588
Email:  Ocado_DNH@sullcrom.com

*Counsel for Plaintiffs Ocado Innovation Ltd.*
*and Ocado Solutions Ltd.*