## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| OCADO INNOVATION LTD. and OCADO SOLUTIONS LTD., | ) ) ) | Case No. 1:21-cv-00041-JL |
| Plaintiffs, | ) ) ) | **Hon. Joseph N. Laplante** |
| v. | ) ) | **Expedited Treatment Requested Pursuant to LR 7.1(f)** |
| AUTOSTORE AS and AUTOSTORE SYSTEM INC., | ) ) ) | |
| Defendants. | ) ) ) | |

### OCADO'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE AUTOSTORE'S UNTIMELY IDENTIFICATION OF ALLEGED PRIOR ART

Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, Supplemental Patent Rule ("SPR") 5.1, and the Court's November 30, 2021 Scheduling Order, as amended (Dkt. Nos. 80, 95, 95-1, 96, 96-1, 98, and 98-1, the "Scheduling Order"),[1] Ocado moves to strike untimely prior art references identified by AutoStore.

### INTRODUCTION AND SUMMARY

AutoStore's untimely identification of additional prior art references threatens to fundamentally change the invalidity defenses in this nearly two-year old case, after deadlines established by this Court's rules and orders, and without good cause. Notwithstanding (i) the March 10, 2022 deadline to identify prior art set by the Scheduling Order and the SPRs and (ii) the Court's June 30, 2022 deadline for limited supplementation, on November 10, 2022, AutoStore identified four new prior art references asserted against the '404 and '770 Patents, referred to by

---

[1] In most cases, the Court's endorsed order does not have its own docket number. The above citations are to the relevant motion, which was followed by an endorsed order from the Court.

AutoStore as Orita, Gawrilow, Vivaldini 1, and Vivaldini 2 (the "New References").   (Ex. A (AutoStore's Third Supplemental Preliminary Invalidity Contentions) at 85-88, 98, 101.)[2]  The New References were public and available to AutoStore well before the scheduling deadlines, and AutoStore's tardy attempt to materially change its defenses, if permitted, will substantially prejudice Ocado.  As explained in detail below, the late disclosures—after claim construction in part based on AutoStore's disclosed prior art, Ocado's work with experts, and other case preparation—would change the scope of the case that the prior art identification deadlines were intended to fix so that each party can prepare with an understanding of the scope of the claims and defenses raised by the other.

As also shown below, sister courts in patent-heavy jurisdictions—California, Delaware, and Texas—frequently strike prior art that is not timely disclosed because notice of prior art is fundamental to a patent case and untimely disclosure significantly disturbs case preparation, as it would here.  Ocado's requested relief is based on the following four unassailable points.

*First*, AutoStore's identification of new prior art violates the Scheduling Order and rules. The Scheduling Order and SPR 5.1 established March 10, 2022 as the deadline for identification of prior art, and the Court ordered June 30, 2022 as the deadline for limited supplementation.  By the March 10 deadline, AutoStore asserted several hundred prior art combinations, including twenty-four individual references and thirty-four obviousness combinations against the '404 and '770 Patents.  Those references did not change when AutoStore purported to update its disclosures on May 16, 2022 and again on June 30, 2022.  There is no dispute that the November 10 identification of the New References is an untimely violation of this Court's rules and Scheduling Order.

---

[2] The referenced exhibits are the exhibits to the Declaration of Marc De Leeuw in Support of Ocado's Motion to Strike AutoStore's Untimely Identification of Alleged Prior Art, filed herewith.

*Second*, AutoStore's untimely disclosures are not supported by good cause as required under the Federal Rules (and if the scheduling deadlines are to have meaning).  One of the New References is identified on the face of the '770 Patent, asserted for *more than a year* before AutoStore first attempted to rely on the reference—and the other three are publicly available documents, as shown below.  This is not a case of prior art "hiding" in an unavailable location; the New References were readily available to AutoStore in March and June 2022, but it either chose not to look for them or knew of them but strategically chose not to assert them for months.[3] AutoStore concedes it has no good cause.  In the words of AutoStore's counsel:  "AutoStore will not argue that it would have been impossible to find the prior art references at issue."  (Ex. F at 5.) For these reasons, there is no good cause for AutoStore's tardy disclosures.

*Third*, Ocado will be unfairly prejudiced in at least two ways if the New References—on top of hundreds of prior art combinations identified by AutoStore which have shaped Ocado's strategy and case preparation—are allowed at this stage.  First, the parties exchanged opening expert claim construction declarations on May 27, 2022 and claim construction discovery closed on July 22, 2022.  (June 13, 2022 Endorsed Order.)  The parties then completed briefing on August 22, 2022.  (Dkt. Nos. 132, 133.)  This Court's SPR 5.1 implicitly acknowledges the obvious:  early identification of prior art references on which a defendant intends to rely is critical to identification of claims to be construed, as well as forming the constructions offered and the arguments made.  As shown below, sister district courts have repeatedly acknowledged this connection as a basis for scheduling orders and requiring adherence to them.  Absent an extremely

---

[3] As explained below, there are inconsistencies between the New References and the claim construction positions and arguments that AutoStore presented, particularly with respect to the "real time," "potential for a collision," and "route/path" terms in the '404 Patent and '770 Patent. AutoStore prevented timely identification of these inconsistencies by its late disclosure.

wasteful and prejudicial re-do of the nearly nine-month claim construction process,[4] Ocado will have no opportunity to propose constructions in light of AutoStore's New References or to develop arguments and expert testimony based on them.  The answer of course is *not* to re-start the case because of AutoStore's violation of deadlines, rather the answer is to strike the New References.

Ocado also will be prejudiced because of the significant time and resources devoted to development of its case based on AutoStore's timely-identified prior art.  After the Court issues its claim construction order, Ocado will have **less than three months** to complete fact discovery and serve opening expert reports.  Given that short duration, Ocado already has spent substantial time and resources working with its experts on their reports based on the prior art that AutoStore timely identified.  Additionally, Ocado already has identified January 2023 to begin the taking of numerous fact depositions (Ex. E (Nov. 13, 2022 Letter from A. Gross to A. Boloori) at 3), and to prepare for them, Ocado has reviewed nearly 100,000 documents produced in this litigation, identifying relevant material based in substantial part on its expectation that AutoStore's invalidity defenses would be disclosed when required.  AutoStore's New References fundamentally change those defenses and it is no exaggeration that Ocado will have to re-do significant portions of the above-described work if the New References are allowed.

*Fourth*, on June 22, 2022, the parties entered into a stipulation that addressed—among other things—the parties working in good faith to **reduce** the number of asserted patent claims in this case and to **reduce** the number of asserted prior art references and invalidity defenses.  (Dkt. No. 119 ¶ 4.)  Ocado has agreed to reduce substantially the number of asserted claims within five business days after the Court's claim construction order.  (Ex. E at 2-3.)  By contrast, AutoStore

---

[4] Pursuant to SPR 6.1(a), the parties identified terms for construction on March 24, 2022 (Ex. C (Ocado's Mar. 24, 2022 List of Proposed Terms for Construction); Ex. D (AutoStore's Mar. 24, 2022 List of Proposed Terms for Construction), and the last day of the claim construction hearing was November 18, 2022 (Nov. 18, 2022 Minute Entry).

has only ***increased*** the number of asserted prior art references and obviousness combinations on top of the large number of references and combinations timely identified. At a minimum, AutoStore's ***addition*** of prior art references is inconsistent with the written stipulation, and Ocado respectfully submits that the parties' stipulation is an independent reason to grant this motion to strike.

## ARGUMENT

**I.     AutoStore Untimely Disclosed Four New References in Violation of this Court's Rules and the Scheduling Order.**

Under SPR 5.1(c) and the Court's endorsement of the deadline set by that Rule, AutoStore was required by March 10, 2022, to identify "[e]ach item of prior art that allegedly anticipates each asserted claim or renders it obvious" in its Preliminary Invalidity Contentions. (Dkt. No. 80.) The Court subsequently ordered that any supplementation of those disclosures was due no later than June 30, 2022. (Dkt. No. 98.) During the meet-and-confer process related to this motion, AutoStore claimed there was no good cause requirement to ignore the scheduling deadlines. (Ex. F at 4-5 (Emails between R. Leonard, D. Guzior, A. Boloori, and R. Lucic, dated Nov. 17, 18, 21, and 22, 2022) ("[U]nder the applicable local rule(s) of the District of New Hampshire, AutoStore does not need 'good cause.'").) AutoStore is wrong for two main reasons.

*First*, if a party violates a deadline after the deadline has passed, the party must show "good cause" *and* "excusable neglect" under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 6(b)(1). The very latest date on which AutoStore could disclose additional prior art was June 30, 2022 (Dkt. No. 98-1), and when AutoStore asserted the New References on November 10, 2022, it was required to show good cause and excusable neglect.

*Second*, AutoStore was required to show good cause for violating SPR 5.1(c) independent of the Court's Scheduling Order. During the meet-and-confer process, AutoStore contended that good cause is required only when it adds new prior art to its Final Invalidity Contentions, under

SPR 7.1(b), and AutoStore further contended that Ocado must wait for the final contentions to challenge the new prior art—after the parties already will have sunk significant resources into litigating it. This obviously makes no sense. Although this Court's rules explicitly address only Preliminary and Final Invalidity Contentions, SPR 5.1(c) and 7.1(b), that does not mean that AutoStore can assert additional prior art references significantly after the explicit deadline for disclosing them. Indeed, the practical consequence of AutoStore's position is that a party could assert dozens of new prior art references two months before Final Invalidity Contentions are due— as purported "supplements" to the Preliminary Invalidity Contentions—and that party would evade the good cause requirement in SPR 7.1(b). That cannot be correct as a matter of common sense. The purpose of early disclosures in patent cases—typically complex as is the case here—is "to get the parties to commit to positions early on in the litigation and stick to them absent good cause." *Collaborative Agreements, LLC* v. *Adobe Sys. Inc.*, 2016 WL 1461487, at *3 (N.D. Cal. Apr. 14, 2016); *see O2 Micro Int'l Ltd.* v. *Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) (same).

Case law rejects AutoStore's claim that it can ignore scheduling deadlines. A sister district court addressed the issue presented here and concluded that good cause was required to supplement preliminary contentions with additional prior art. In *XY, LLC* v. *Trans Ova Genetics, LC*, the local patent rules explicitly addressed preliminary and final contentions, but they were silent regarding supplementation of preliminary contentions. 2018 WL 11000694, at *8-9 (D. Colo. May 14, 2018). After analyzing the local rules and the Rules of Civil Procedure, the court held that the accused infringer could not make "unfettered amendments as a matter of right." *Id.* at *9. Instead, the court held that the accused infringer had to establish good cause as to "each proposed supplementation or amendment" of its preliminary invalidity contentions. *Id.* at *10.[5]

---

[5] As relevant here, the local rules at issue in *XY, LLC* mirror this Court's SPRs.

Reinforcing this conclusion, in several jurisdictions with heavy patent dockets,[6] the local rules expressly require good cause to supplement preliminary contentions with new prior art. *See, e.g., SAP Aktiengesellschaft* v. *i2 Techs., Inc.*, 250 F.R.D. 472, 475 (N.D. Cal. 2008) ("[T]he patent local rules recognize that the preliminary contentions may be amended by court order 'upon a showing of good cause'" (citation omitted)). Courts in those jurisdictions almost universally strike or disallow new prior art when the defendant cannot clearly demonstrate good cause. *See, e.g.*, *Alcatel USA Res., Inc.* v. *Microsoft Corp.*, 2008 WL 11348444, at *2-3 (E.D. Tex. Oct. 3, 2008) (striking prior art that was discovered before the Markman hearing and added in supplemental contentions because "[s]uch a delay—with no reasonable explanation—appears to be the sort of gamesmanship this Court does not tolerate"); *GeoTag, Inc.* v. *Starbucks Corp.*, 2013 WL 12172629, at *1 (E.D. Tex. Sept. 9, 2013) (denying request to supplement because "happen[ing] upon" a new prior art reference without further excuse "does not demonstrate the diligence necessary to support the late supplementation now requested").

Contrary to AutoStore's position—that it can assert new prior art past the deadlines set by the SPRs and the Court's Scheduling Order—AutoStore's significantly tardy disclosure must be supported by good cause and excusable neglect.

## II.    AutoStore Has No Good Cause to Assert Publicly Available Prior Art References Many Months After the Relevant Deadlines.

"The focus of the good cause inquiry is the diligence of the party seeking the amendment." *Forrester Env't Servs., Inc.* v. *Wheelabrator Techs., Inc.*, 2012 WL 928080, at *2 (D.N.H. Mar. 19, 2012) (Laplante, J.) (quotation marks and citation omitted). During the meet-and-confer process,

---

[6] For guidance in patent cases, courts often consider decisions from the Eastern District of Texas, Northern District of California, Western District of Texas, District of Delaware, and Eastern District of Virginia due to their major and active patent dockets. Andrei Iancu & Jay Chung, *Real Reasons the Eastern District of Texas Draws Patent Cases-Beyond Lore and Anecdote*, 14 SMU Sci. & Tech. L. Rev. 299, 310 (2011).

AutoStore claimed that its late disclosure was made: (i) because "we decided to raise them now," (ii) to respond to Ocado's September 2022 infringement contentions regarding an early generation of AutoStore's control software ("Planner"), and (iii) to respond to Ocado's claim construction positions, which supposedly "only became apparent in briefing." (Ex. F at 6.) None of these positions establishes the requisite good cause and excusable neglect.

*First*, the New References are all publicly available documents. On its face, each reference has a purported publication date between 2006 and 2010, and each can be found by a simple Google search.[7] Moreover, one of the references (Orita) is listed on the face of the '770 Patent (Ex. O ('770 Patent) at 2), which has been asserted in this case since October 2021. It is abundantly clear that a reasonably diligent prior art search—at any time in the one-year period since the '770 Patent was asserted in this case—would have readily revealed the New References. There can be no good cause under these circumstances. *See TA Instruments, Inc.* v. *Perkin-Elmer Corp.*, 2000 WL 152130, at *5 (D. Del. Jan. 24, 2000) ("A diligent prior art search . . . would have included on-line electronic searches of databases containing technical literature relevant to the issues at bar.").

Importantly, AutoStore conceded it could not meet this good cause requirement: "AutoStore will not argue that it would have been impossible to find the prior art references at issue." (Ex. F at 5.) This admission is dispositive, and new prior art is disallowed when the accused infringer "concedes" it "could have been discovered in an earlier search for prior art," or the art is cited in the asserted patent, as here. *See Johnstech Int'l Corp.* v. *JF Microtechnology*

---

[7] *See* Ex. G (U.S. Patent Pub. No. 2006/0095160 ("Orita")); Ex. H (E. Gawrilow, et al., *Dynamic Routing of Automated Guided Vehicles in Real-Time*, Springer (2008) ("Gawrilow")); Ex. I (K. C.T. Vivaldini, et al., *Robotic Forklifts for Intelligent Warehouses: Routing, Path Planning, and Auto-localization*, IEEE (2010) ("Vivaldini 1")); Ex. J (K. T. Vivaldini, et al., *Automatic Routing System for Intelligent Warehouses*, IEEE (2010) ("Vivaldini 2")); Ex. K (Google Patent search for Orita); Ex. L (Google search for Gawrilow); Ex. M (Google search for Vivaldini 1); Ex. N (Google search for Vivaldini 2).

*SDN BHD*, 2016 WL 6836965, at *1 (N.D. Cal. Mar. 10, 2016) (quotation marks omitted); *Sol IP, LLC* v. *AT&T Mobility LLC*, 2020 WL 87134, at *2 (E.D. Tex. Jan. 7, 2020) (lack of diligence "because the [newly added reference] was publicly available"); *FullView, Inc.* v. *Polycom, Inc.*, 2021 WL 5584766, at *10 (N.D. Cal. Nov. 30, 2021) (same); *Golf Tech, LLC* v. *Edens Techs., LLC*, 2009 WL 10681806, at *2 (D. Me. Apr. 30, 2009) (conducting new prior art search, without any "explanation as to why . . . a similar investigation" earlier in the case would not have uncovered the new prior art was an insufficient explanation); *MediaTek, Inc.* v. *Freescale Semiconductor, Inc.*, 2013 WL 5236709, at *5 (N.D. Cal. Sept. 17, 2013) (same); *L.C. Eldridge Sales Co.* v. *Azen Mfg. Pte., Ltd.*, 2013 WL 7937026, at *2, 4 (E.D. Tex. Oct. 11, 2013) (no good cause to amend invalidity contentions because, among other things, the prior art was "listed on the face of the patent in suit").[8]

In short, AutoStore was not diligent in asserting the New References—asserting them nearly 21 months after the '404 Patent was added to this case, nine months after the original contentions deadline, and five months after the extended June 30, 2022 deadline—and this alone is a sufficient reason to grant Ocado's motion. *See C & C Jewelry Mfg., Inc.* v. *West*, 2011 WL 835821, at *1 (N.D. Cal. Mar. 4, 2011) ("When a court examines the question of good cause to amend invalidity contentions, the 'critical issue' is whether the moving party has exercised diligence in discovering the prior art." (citation omitted)); *Alcatel*, 2008 WL 11348444, at *2 ("The delay addressed by this factor is the delay . . . from the date the invalidity contentions were due to

---

[8] AutoStore's boilerplate reservation of rights in its Preliminary Invalidity Contentions does not lead to a contrary conclusion. *See Innovative Display Techs. LLC* v. *Acer Inc.*, 2014 WL 2796555, at *1 (E.D. Tex. June 19, 2014) ("Defendants' unilateral 'reservation of rights,' . . . cannot trump" the local patent rules and the court's scheduling order, nor can it "excuse . . . late supplementation.").

the date [defendant] sought to supplement them, not the time between discovering the prior art and disclosing it.").[9]

*Second*, in its invalidity contentions, AutoStore took the position that its older control system software, called "Planner," infringed Ocado's '404 and '770 Patents. AutoStore took that position as part of an incorrect argument that Planner constitutes invalidating prior art. On August 24, *AutoStore* inquired whether Ocado would accuse Planner of infringement. (Ex. P (Aug. 24, 2022 Letter from N. DeLucia to M. Bennett).) On September 14, Ocado responded that it agreed that Planner infringed. (Ex. Q (Sept. 14, 2022 Letter from S. Elliott to N. DeLucia).) Ocado then provided updated contentions for Planner on September 26. (Ex. R (Ocado's Second Supplemental Preliminary Infringement Contentions Regarding U.S. Patent Nos. 10,901,404 and 11,079,770).)

AutoStore's claim that the above-described facts somehow constitute good cause for its untimely New References is entirely specious. Before August 2022, *AutoStore* contended that Planner satisfied each of the asserted claims—as Ocado construed them—and based on those admissions, Ocado accused Planner of infringement at AutoStore's invitation. Those facts do not logically connect to AutoStore's untimely identification of *more* prior art on November 10, 2022. Nor could they. AutoStore admitted that Planner's operation is "materially the same" as that of the originally accused Router software (a later generation of AutoStore's control system software). (Ex. S (Oct. 3, 2022 Letter from N. DeLucia to M. Bennett) at 4.) Consistent with that admission,

---

[9] *See also Symantec Corp.* v. *Acronis Corp.*, 2013 WL 5368053, at \*5 (N.D. Cal. Sept. 25, 2013) ("[T]he critical issue is whether [defendant] exercised diligence in discovering the prior art." (quotation marks and citation omitted)). The cases cited here are merely exemplary as dozens-upon-dozens of cases can be found in patent-heavy jurisdictions in which the court disallowed untimely prior art.

when Ocado agreed that Planner infringed there was nothing materially new that could excuse AutoStore's untimely identification of new prior art nearly two months later.[10]

*MacroSolve, Inc.* v. *Antenna Software, Inc.*, 2013 WL 3833079 (E.D. Tex. July 23, 2013), presents a nearly identical fact pattern:  defendants moved for leave to supplement their invalidity contentions to include seven additional prior art references, arguing amendment was justified because plaintiff had amended its infringement contentions.  *Id.* at *1.  The Court found the argument to be "unpersuasive" and held that plaintiff's amendment of infringement contentions did not allow defendants to escape their own lack of diligence in identifying publicly available prior art.  *Id*. at *3.  Respectfully, the Court should reject AutoStore's argument for substantially the same reasons:  AutoStore provides no explanation or excuse for not searching for and asserting the New References at the appropriate time, and Ocado's infringement contentions with respect to Planner are no excuse.

*Third*, the claim construction timeline is not an excuse for AutoStore's untimely disclosure.  The parties exchanged opening expert declarations for claim construction on May 27 (Dkt. No. 98-1), and at a minimum, AutoStore was fully aware of Ocado's claim construction positions by May 31, when its counsel addressed them in e-mail correspondence (Ex. T (Emails between L. Stempler and A. Boloori, dated May 27 and 31, 2022)).  Even assuming there was something about Ocado's claim construction positions that would excuse untimely disclosure of prior art— there is not—AutoStore has no explanation for its nearly *six month* delay in asserting the new references.    Moreover, claim construction discovery ended on July 22, 2022 and briefing

---

[10] Moreover, AutoStore's admissions that Planner infringes the '404 and '770 Patents pre-date August 2022, and AutoStore provided no explanation for the significant delay—*i.e.*, asserting the new prior art references only on November 10, 2022.  That also is an independent basis to reject AutoStore's argument even assuming there was something about the Planner contentions that somehow could justify identification of new prior art (there is not).

concluded on August 22, 2022. Again, even crediting AutoStore's contention, why did AutoStore wait nearly *three months* to disclose the New References? There is no conceivable good cause.

Respectfully, AutoStore's final "good cause" argument makes no sense. In the words of AutoStore's counsel, AutoStore purportedly has good cause because Ocado did not reveal "its claim construction positions *before the hearing* (including its proposed plain and ordinary meaning for 'real time,' 'potential for a collision,' and 'route/path')." (Ex. F at 5.) But AutoStore asserted the new prior art on November 10, 2022, and the hearing on claim construction for the '404 and '770 Patents occurred later on November 18. Knowledge AutoStore purportedly first gained on the 18th does not justify a late disclosure eight days *earlier* on the 10th. Moreover, the Court will recall that the parties deferred argument on the term "real time," submitting it on the papers. Ocado's arguments during a November 18 hearing cannot provide good cause for the significantly tardy New References disclosed on November 10.[11]

AutoStore provides no good cause and there can be no good cause on the facts here. Ocado therefore respectfully requests that the Court grant the motion to strike.

## III.    Ocado Will Be Prejudiced Unless The Court Strikes the New References

As shown above, AutoStore cannot show good cause, and Ocado's motion should be granted on that basis alone. *See O2 Micro*, 467 F.3d at 1368 (holding that once a lack of diligence is established, there is "no need to consider the question of prejudice"). If the Court considers prejudice, *Forrester*, 2012 WL 928080, at *2 (recognizing "prejudice" as relevant consideration for good cause, but that the standard "is less concerned with prejudice . . . than it is with . . . diligence"), significant prejudice is present here for two main reasons.

---

[11] Even if AutoStore's counsel meant to refer to the disclosure of Ocado's claim construction hearing slides on September 27, 2022, there is nothing in the slides that deviates from Ocado's briefs, which were submitted in August 2022. AutoStore provides no explanation of why it waited until November 10, 2022 to reveal the New References in any event.

*First*, "[i]t is clear that amendments to invalidity contentions after parties have disclosed and argued for their claim construction positions is prejudicial." *Imperium IP Holdings (Cayman), Ltd.* v. *Samsung Elecs. Co.*, 2016 WL 3854700, at *2 (E.D. Tex. Mar. 28, 2016). Claim construction here was fully briefed by August 22 and AutoStore's identification of the New References prejudiced Ocado's ability to assess claim construction positions in light of those references. *MacroSolve*, 2013 WL 3833079, at *3 (finding prejudice when amended contentions were served after plaintiff had filed its claim construction brief); *Innovative Display Techs.*, 2014 WL 2796555, at *2 (same).

During the meet-and-confer process, AutoStore's counsel unreasonably demanded that Ocado articulate all of the ways that it would have litigated this case differently if AutoStore had timely identified the New References, but this demand misses the point. Ocado is not required to "rewind" to the beginning, study and take into account AutoStore's late disclosures, re-do the work it has done, and then explain all of the ways it would have litigated the case differently. Rather, the fundamental truth recognized in the above-cited cases is that AutoStore's untimely disclosures deprived Ocado of the ability to stake out claim construction positions and case theories in light of the full set of prior art on which AutoStore intended to rely. Without fully re-litigating claim construction or re-doing prior work, one exemplary and obvious way in which AutoStore's untimely disclosures prejudiced Ocado during claim construction is that AutoStore's New References are fundamentally incompatible with numerous AutoStore claim construction arguments. Orita discusses "a possibility of a collision" without reference to a probability threshold (Ex. G at [0104]); and Vivaldini 2 uses "route" and "path" interchangeably (Ex. J at 1 ("The routing task may be understood as the process of simultaneously selecting appropriate paths"); *id.* at 6 ("It also guarantees optimized routes before sending the final paths to the robotic forklifts")). That reference also refers to "real time control" as a well-understood term without a

specific amount of latency.  (*Id*. at 1.)   Ocado did not have the opportunity to argue these inconsistencies, nor did Ocado have the opportunity to assess how its proposed claim constructions might be tweaked in light of them.

*Second*, prejudice extends beyond claim construction.  After the Court issues its claim construction order, Ocado will have less than three months to complete fact discovery and serve its expert reports. (Dkt. No. 98-1.)  Because of that short time, Ocado diligently has been preparing its case, including, for example, expert reports on invalidity and fact witness deposition preparation.   Ocado undertook this work on the understanding that AutoStore had met the requirement to identify all prior art no later than June 30, 2022.  Again, each prior art reference is unique, and the asserted prior art is fundamental to the course of any patent case.  If AutoStore is allowed to assert the New References, Ocado will be forced to go back and reconsider and reframe the bulk of the issues in dispute.   Other courts have disallowed amendments to invalidity contentions in circumstances leading to similar prejudice.  *See, e.g., Brit. Telecomms. PLC* v. *IAC/InterActiveCorp*, 2020 WL 3047989, at \*4 (D. Del. June 8, 2020) (*even one* untimely prior art reference can cause prejudice "in the form of additional work during the expert discovery part of the case, and [in] expanding the case"); *MASS Engineered Design, Inc.* v. *Ergotron, Inc.*, 250 F.R.D.  284, 286-87 (E.D. Tex. 2008) (amended invalidity contentions would be "highly prejudicial" due to a lack of "timely and complete prior art disclosures early on in the litigation").

## IV.     AutoStore's Addition of Prior Art Is Inconsistent with the Parties' Stipulation.

An independent basis for granting Ocado's motion is that AutoStore's addition of substantial new prior art to this case is a violation of the parties' stipulation regarding ***reduction*** of the complexity of this case.  On June 22, 2022, among other things, the parties stipulated to the following (Dkt. No. 119 ¶ 4) (emphasis added):

> The Parties will meet and confer in good faith to reach agreement on dates after the issuance of the Court's claim construction order by which Plaintiffs will decrease

the number of asserted claims, and Defendants will *decrease* the number of asserted prior art references and invalidity arguments.

It is inconsistent with spirit—if not the letter—of the parties' stipulation for AutoStore to substantially *increase* the number of asserted prior art references during a period when it had committed to engage with Ocado in good faith for a process to *decrease* the number of asserted references. Before the date of the stipulation, Ocado already had substantially reduced the number of asserted patent claims, and since the date of the stipulation, Ocado has not asserted any new patent claims. In fact, Ocado has committed to reduce the number of asserted claims substantially shortly after the Court issues its claim construction order. (Ex. E at 2-3.) By contrast, AutoStore has *never* reduced the number of asserted prior art references and invalidity defenses. To the contrary, AutoStore has *increased* the number of references and obviousness combinations substantially by adding the New References.

Ocado respectfully submits that the parties' stipulation is an independent reason to disallow AutoStore's assertion of new, additional prior art. At a minimum, Ocado respectfully requests that the Court take the stipulation into account when ruling on Ocado's meritorious motion.[12]

## CONCLUSION

AutoStore should not be permitted to alter the case schedule—proceeding towards 2023 trial—with an untimely assertion of publicly available prior art. There is no dispute that the disclosure was significantly tardy and a violation of the SPRs and Scheduling Order, and there is no dispute that AutoStore could have located and asserted the at-issue references in a timely fashion. There is no good cause, but there is significant prejudice to Ocado, and for the reasons provided above, Ocado respectfully requests that the Court grant its motion to strike.

---

[12] In the abstract, the addition of four New References might not sound like a large number. But that number needs to be placed in context. It is extremely common for a patent case to go to trial with fewer than five asserted prior art references—for anticipation and obviousness—and the addition of four new references—on top of many others—is very significant.

Date:  November 28, 2022                    Respectfully submitted,

                                           */s/ Henry C. Quillen*
                                           Henry C. Quillen
                                           New Hampshire Bar No. 265420
                                           WHATLEY KALLAS, LLP
                                           159 Middle Street, Suite 2C
                                           Portsmouth, New Hampshire
                                           Tel:  (603) 294-1591
                                           Fax:  (800) 922-4851
                                           Email:  hquillen@whatleykallas.com

                                           Garrard R. Beeney
                                           Marc De Leeuw
                                           Dustin F. Guzior
                                           Stephen J. Elliott
                                           Laurie N. Stempler
                                           Alexander N. Gross
                                           Mark C. Bennett
                                           Michael T. Lemanski
                                           Austin P. Mayron
                                           Navraj S. Dhillon
                                           *Admitted pro hac vice*
                                           SULLIVAN & CROMWELL LLP
                                           125 Broad Street
                                           New York, New York  10004
                                           Tel:  (212) 558-4000
                                           Fax:  (212) 558-3588
                                           Email:  Ocado_DNH@sullcrom.com

                                           *Counsel for Plaintiffs Ocado Innovation Ltd.*
                                           *and Ocado Solutions Ltd.*