**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| OCADO INNOVATION LTD. and OCADO SOLUTIONS LTD., | Case No.: 1:21-cv-00041-JL |
| *Plaintiffs*, | Hon. Joseph Laplante |
| v. | |
| AUTOSTORE AS and AUTOSTORE SYSTEM INC., | |
| *Defendants*. | |

**<u>AUTOSTORE'S OPPOSITION TO OCADO'S MOTION TO STRIKE (DKT. 151)</u>**

## TABLE OF CONTENTS

I.    INTRODUCTION..............................................................................................................1

II.   ARGUMENT....................................................................................................................2

    A.    AutoStore's Supplemental Contentions Do Not Violate the Local Rules ..........................3

    B.    Even If the Local Rules So Required, AutoStore Has Good Cause to Amend...................6

    C.    Ocado Has Not and Will Not Suffer Prejudice From AutoStore's Supplemental Contentions ...............................................................................................................10

    D.    AutoStore's Supplemental Contentions Do Not Violate the Parties' Stipulation.............15

III.  CONCLUSION ..............................................................................................................15

**TABLE OF AUTHORITIES**

**Cases**

**Page(s)**

*Alcatel USA Res., Inc. v. Microsoft Corp.*,
Case No. 6:06-cv-500, 2008 WL 11348444 (E.D. Tex. Oct. 3, 2008)....................................................6

*Baxter Healthcare Corp. v. Mylan Labs. Ltd.*,
346 F. Supp. 3d 643 (D.N.J. 2016)..........................................................................................6

*British Telecommc'ns PLC v. IAC/InterActiveCorp*,
Case No. 18-366-WCB, 2020 WL 3047989 (D. Del. Jun. 8, 2020)......................................................14

*Carsar, LLC v. Deroyal Indus., Inc.*,
Case No. SACV 14-1141, 2015 WL 13915038 (C.D. Cal. Sept. 9, 2015).........................................12

*CellCast Techs. v LLC v. United States*,
Case No. 15-1307, 2019 WL 5959571 (Fed. Cl. Oct. 30, 2019).........................................................11

*Collaborative Agreements, LLC v. Adobe Sys. Inc.*,
No. 15-cv-03853-EMC, 2016 WL 1461487 (N.D. Cal. Apr. 14, 2016)..........................................5, 10

*Days Corp. v. Lippert Components, Inc.*,
No. 3:17CV208-PPS/MGG, 2019 WL 6876634 (N.D. Ind. Dec. 17, 2019)......................................13

*Forrester Env't Servs., Inc. v. Wheelabrator Techs., Inc.*,
No. 10-CV-154-JL, 2011 WL 839694 (D.N.H. Mar. 7, 2011)..........................................................7, 10

*FullView, Inc. v. Polycom, Inc.*,
Case No. 18-cv-00510-EMC, 2021 WL 5584766 (N.D. Cal. Nov. 30, 2021) .......................................8

*GeoTag, Inc. v. Starbucks Corp.*,
Case No. 2:10-CV-572-MHS-RSP, 2013 WL 12172629 (E.D. Tex. Sept. 9, 2013) ............................6

*Golf Tech, LLC v. Edens Techs., LLC*,
Case No. 07-194-P-H, 2009 WL 10681806 (D. Me. Apr. 30, 2009) .......................................................9

*Illumina Inc. v. BGI Genomics Co., Ltd.*,
Case No. 20-cv-01464-WHO, 2021 WL 1022865 (N.D. Cal. Mar. 17, 2021) .....................................14

*Imperium IP Holdings, Ltd. v. Samsung Elecs., Co.*,
Case No. 4:14-CV-371, 2016 WL 3854700 (E.D. Tex. Mar. 28, 2016) ...............................................12

*Innovative Display Techs. LLC v. Acer Inc.*,
Case No. 2:13-cv-00522-JRG, 2014 WL 2796555 (E.D. Tex. Jun. 19, 2014)................................10, 12

*Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*,
Case No. 14-cv-02864-JD, 2016 WL 6836965 (N.D. Cal. Mar. 10, 2016)............................................8

*In re Katz Interactive Call Processing Pat. Litig.*,
   639 F.3d 1303 (Fed. Cir. 2011) ................................................................................................. 3

*L.C. Eldridge Sales Co. v. Azen Mfg. Pte., Ltd.*,
   Case No. 6:11cv599, 2013 WL 7937026 (E.D. Tex. Oct. 11, 2013) ......................................... 8

*MacroSolve, Inc. v. Antenna Software, Inc.*,
   Case No. 6:11-cv-287-MHS-JDL, 2013 WL 3833079 (E.D. Tex. July 23, 2013) ..................... 9

*MASS Engineered Design, Inc. v. Ergotron, Inc.*,
   250 F.R.D. 284 (E.D. Tex. May 30, 2008) ......................................................................... 14, 15

*Mathews v. Eldridge*,
   424 U.S. 319 (1976) .................................................................................................................. 4

*Maytag Corp. v. Electrolux Home Prod., Inc.*,
   411 F. Supp. 2d 1008 (N.D. Iowa 2006) ................................................................................... 6

*MediaTek, Inc. v. Freescale Semiconductor, Inc.*,
   Case No. 11-5341 YGR (JSC), 2013 WL 5236709 (N.D. Cal. Sept. 17, 2013) ....................... 8

*Mortgage Grader, Inc. v. First Choice Loan Servs., Inc.*,
   811 F.3d 1314 (Fed. Cir. 2016) ................................................................................................ 3

*No Spill, LLC v. Scepter Canada, Inc.*,
   Case No. 2:18-cv-2681, 2022 WL 1773309 (N.D. Cal. Jun. 1, 2022) .................................... 11

*Noco Co., Inc. v. SmarTech Prod., Inc.*,
   Case No. 1:18cv2780, 2020 WL 1890696 (N.D. Ohio Apr. 16, 2020) ..................................... 3

*O'Connell v. Hyatt Hotels*,
   357 F.3d 152 (1st Cir. 2004) ............................................................................................... 8, 10

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) ................................................................................................ 5

*Orexo AB v. Sun Pharms. Indus. Ltd.*,
   Civ. No. 20-12588 (ZNQ) (DEA), ECF No. 65, 2–3 (D.N.J. Sept. 24, 2021) ................... 9, 11

*Paice, LLC v. Toyota Motor Corp.*,
   Case No. 2:07-CV-180 (DF), 2008 WL 11278039 (E.D. Tex. Nov. 17, 2008) ....................... 9

*Positive Techs., Inc. v. Sony Elecs., Inc.*,
   Case No. C 11-2226 SI, 2013 WL 322556 (N.D. Cal. Jan. 28, 2013) ............................... 9, 11

*SAP Aktiengesellschaft v. i2 Techs., Inc.*,
   250 F.R.D. 472 (N.D. Cal. 2008) ............................................................................................. 6

*Sol IP, LLC v. AT&T Mobility LLC*,
   2020 WL 87134 (E.D. Tex. Jan. 7, 2020) ................................................................................ 8

*Va. Innovation Scis., Inc. v. Amazon.com, Inc.*,
Case No. 4:18-CV-474, 2020 WL 1275786 (E.D. Tex. Mar. 17, 2020) .................................................. 3

*XY, LLC v. Trans Ova Genetics, LLC*,
Case No. 17-cv-00944-WJM-NYM, 2018 WL 11000694 (D. Colo. May 14, 2018) ............................ 5

**Local Patent Rules**

E.D. Tex. P. R. 3–3 .............................................................................................................................. 6, 12

N.D. Cal. Patent L. R. 3-3 ................................................................................................................... 6, 12

SPR 1.1 ........................................................................................................................................... 3, 4, 5

SPR 5.1 ..................................................................................................................................................... 1

SPR 5.1(c) ................................................................................................................................................ 8

SPR 5.1(c)(1) ........................................................................................................................................... 3

SPR 7.1 .............................................................................................................................................. 3, 12

SPR 8.1 .................................................................................................................................................. 13

I.    INTRODUCTION

Faced with serious issues regarding the validity of its patents, Ocado moves to strike AutoStore's Second Supplemental Preliminary Invalidity Contentions ("SSPIC").  But the motion should be denied for multiple, independent reasons.

*First,* the Supplemental Patent Rules ("SPR") do not require "good cause" to supplement preliminary invalidity contentions.  *See* SPR 5.1(c).  That stands in stark contrast with SPR 7.1(b), which governs ***final*** contentions and *does* require "good cause" to add references ***after*** the Court's claim construction, expressly providing a procedure for moving to strike such references.  Thus, it would be unfair to import a "good cause" requirement into rules that do not expressly require one.

*Second,* even if the Court were to require "good cause," AutoStore's SSPIC would meet such a requirement.  Courts that conduct "good cause" inquiries consider both the diligence of the party supplementing (AutoStore meets this prong) *and* any unfair prejudice to the opposing party (Ocado does not meet this prong).  Ocado's motion fails on both scores.

AutoStore also was diligent: It supplemented based on Ocado's belated claim constructions.  In the mandatory pre-*Markman* briefing disclosures, Ocado asserted "plain and ordinary meaning" for certain claim terms yet ***refused*** to disclose what those meanings were until expert discovery closed and briefing was completed.  These untimely disclosures caused AutoStore to search for art that would address Ocado's intentionally withheld positions, shortly after which AutoStore supplemented its invalidity contentions.  Ocado calls this dilatory, but ignores the fact that the intervening three-months included searching for, analyzing, and charting the art.

Of course, Ocado's own behavior demonstrates that when supplementation benefited Ocado, it interpreted the Local Rules the same way as AutoStore does now.  Specifically, Ocado supplemented its infringement contentions in September 2022, ***more than six months*** after serving its initial infringement contentions without seeking leave or demonstrating "good cause."  In those

supplemental Preliminary Infringement Contentions, Ocado for the first time accused of infringement a prior art AutoStore product ("Planner") that AutoStore had much earlier asserted as an invalidity reference in its March 2022 Preliminary Invalidity Contentions.  Indeed, Ocado purchased the Planner in 2012 for use in their automated storage and retrieval facility and used it to impermissibly derive patent protection covering the Planner.  Ocado then sat on its unclean hands for over six months after AutoStore's Preliminary Invalidity Contentions before accusing of infringement the very Planner that predates its alleged invention.  It is incomprehensible how Ocado disregards its own belated supplementation, yet challenges AutoStore's more expedient supplementation.

There is also no prejudice to Ocado because AutoStore's supplemental references and invalidity contentions raise theories that are entirely consistent with Ocado's claim construction positions.  Ocado does not argue otherwise.  Indeed, besides generalities, Ocado has not raised any specific prejudice (*e.g.*, a required change in claim construction position).  Of course, Ocado has had and will have ample time to address the minor supplemental invalidity grounds—fact discovery will not close until almost 90 days after the Court issues its *Markman* order, and no fact depositions have occurred.  Even if the Court issued its *Markman* order today, Ocado would have 162 days (five months) to address the references.  Ocado does not explain why this is insufficient.

Finally, AutoStore's supplementation does not violate any stipulation between the parties. The parties agreed that they would meet and confer to reduce the number of asserted claims and invalidity grounds after the Court's *Markman* order, but they did not agree to limit amending contentions if warranted.  Indeed, Ocado itself added infringement contentions to accuse AutoStore's prior art "Planner" ***three months after*** the parties' stipulation.

## II.    ARGUMENT

Courts routinely recognize that striking invalidity contentions "is an ***extreme decision***

comparable to determining whether evidence should be excluded for discovery violations," and thus "courts are hesitant to strike contentions absent evidence of unreasonable delay and prejudice." *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, Case No. 4:18-CV-474, 2020 WL 1275786, at *2 (E.D. Tex. Mar. 17, 2020) (internal quotations and citations omitted); *see also Noco Co., Inc. v. SmarTech Prod., Inc.*, Case No. 1:18cv2780, 2020 WL 1890696, at *5 (N.D. Ohio Apr. 16, 2020).  Such an extreme remedy is especially unwarranted here.

### A.       AutoStore's Supplemental Contentions Do Not Violate the Local Rules

AutoStore's SSPIC were proper under the rules and do not require "good cause."  This alone dooms Ocado's motion.  The Supplemental Patent Rules expressly impose a "good cause" requirement only for Final Invalidity Contentions, a requirement absent from the Preliminary Invalidity Contentions rule.  SPR 7.1(b)(2) states: "[t]o the extent the *Final* Invalidity Contentions identify additional prior art, such amendment must be supported by *good cause* (e.g., discovery of previously unavailable information)[.]"  By contrast, SPR 5.1(c)(1), which governs *Preliminary* Infringement Contentions, does not preclude supplemental contentions and does not impose a "good cause" requirement.  *See Mortgage Grader, Inc. v. First Choice Loan Servs., Inc.*, 811 F.3d 1314, 1323 (Fed. Cir. 2016) (affirming district court decision holding that a patent rule not mentioning "prejudice" did not require consideration of prejudice because, by contrast, another patent rule recited such a requirement).  Ocado wants the Court to depart from the SPR to add "good cause," but there are no "exceptional circumstances warranting such departure."  *See* SPR 1.1(b).  If anything, it would be unfair to penalize AutoStore with a requirement that is not even mentioned in the SPR.[1]

---

[1] To the extent a "good cause" requirement is read into SPR 5.1(c)(1), it would violate AutoStore's due process rights because such a requirement is not mentioned in the SPR and not grounded in the common law (indeed, Ocado cites no cases supporting that such a rule exists in this District).

3

Ocado's attempt to contrive a new patent rule should be rejected. *First,* Ocado invokes Fed. R. Civ. P. ("FRCP") 6(b)(1) to read in a "good cause" requirement that is not in SPR 5.1(c). *See* Dkt. 151-1 ("Memo") at 5. But the Supplemental Patent Rules displace the Federal Rules of Civil Procedure for matters specifically addressed by the SPR: "For all matters ***not addressed*** by the Supplemental Patent Rules, the Federal Rules of Civil Procedure, other applicable Local Rules, and any applicable judicial orders shall govern." SPR 1.1(d) (emphasis added). FRCP 6(b)(1) speaks to extension of the Court-ordered deadline to serve Preliminary Infringement Contentions, not to whether "good cause" is needed to supplement them. Because the Supplemental Patent Rules impose no "good cause" requirement for supplementing Preliminary Invalidity Contentions, Ocado cannot invoke FRCP 6(b)(1) to graft on such a requirement.[2]

*Second,* Ocado argues that "good cause" is needed to supplement Preliminary Invalidity Contentions, as otherwise a party could "assert dozens of new prior art references two months before Final Invalidity Contentions are due…." Memo at 6. But that hypothetical is not the issue here. AutoStore's supplement raises similar invalidity grounds, none of which raises new claim constructions, and all of which are consistent with Ocado's positions. Ocado also conveniently ignores that the *Markman* order in this case has not issued, that ***Ocado*** belatedly disclosed its claim construction positions, that depositions have not even been scheduled yet, and that just this week (two years into the case) Ocado produced more than 15,000 documents. Ocado will have had much more time to address the few supplemental grounds than its hypothetical two months. Thus,

---

*See In re Katz Interactive Call Processing Pat. Litig.*, 639 F.3d 1303, 1311 (Fed. Cir. 2011) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

[2] Of course, Ocado's Preliminary Infringement Contentions supplementation violated its own reading of FRCP 6(b)(1) because it never sought leave to show "good cause" or "excusable neglect," as required by the FRCP. Such hypocrisy should not be rewarded.

4

Ocado's hypothetical seeks nothing more than to distract from AutoStore's respect for the rules.

Moreover, Ocado's motion leapfrogged the timing in the Supplemental Patent Rules, which contemplate moving to strike ***final*** invalidity contentions. Ocado complains that waiting until final contentions to move to strike will be wasteful.[3] Memo at 5–6. Even if true (which Ocado has not shown), it does not merit reading into the rules a requirement that is not there. *See* SPR 1.1(b).

Ocado's reliance on *Collaborative Agreements* and *O2 Micro* is misplaced. In both, the contentions at issue were akin to the *final* contentions in this case because the applicable local rules expressly required "good cause" to amend the contentions. *See Collaborative Agreements, LLC v. Adobe Sys. Inc.*, No. 15-cv-03853-EMC, 2016 WL 1461487, at *4 (N.D. Cal. Apr. 14, 2016); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1361, 1361 n.7 (Fed. Cir. 2006). The "good cause" requirement is absent from SPR 5.1(c). Further, in *Collaborative Agreements* and *O2 Micro*, the party seeking amendment lacked diligence. *Collaborative Agreements*, 2016 WL 1461487, at *4; *O2 Micro*, 467 F.3d at 1367–68. By contrast, Ocado willfully withheld claim constructions and supplemented its own infringement contentions without seeking leave. *XY, LLC v. Trans Ova Genetics, LLC* is likewise distinguishable, as the local rules there required "a separate statement of good cause" for "amendments between the Preliminary and Final Invalidity Contentions." Case No. 17-cv-00944-WJM-NYM, 2018 WL 11000694, at *8–*9 (D. Colo. May 14, 2018). The Supplemental Patent Rules here do not so specify.

Ocado also argues that "in several jurisdictions with heavy patent dockets, the local rules expressly require good cause to supplement preliminary contentions with new prior art." Memo

---

[3] Unlike many district courts with heavy patent dockets, the SPRs do not mandate Ocado to narrow the asserted claims early enough to avoid wasting AutoStore's "significant resources." Indeed, the resources needed to address three additional invalidity grounds that are similar and involve many of the same issues pale in comparison to the "significant resources" required to litigate ***81 claims*** across ***five patents*** at Ocado's insistence this far into the two years this case has been pending.

5

at 7.  In marked difference with *this* jurisdiction, those local rules not only expressly require "good cause" but also restrict contentions to a single round.  *See SAP Aktiengesellschaft v. i2 Techs., Inc.*, 250 F.R.D. 472, 475 (N.D. Cal. 2008) (applying local patent rules that allowed only one set of contentions); *Alcatel USA Res., Inc. v. Microsoft Corp.*, Case No. 6:06-cv-500, 2008 WL 11348444, at \*2–\*3 (E.D. Tex. Oct. 3, 2008) (same); *GeoTag, Inc. v. Starbucks Corp.*, Case No. 2:10-CV-572-MHS-RSP, 2013 WL 12172629, at \*1 (E.D. Tex. Sept. 9, 2013) (same); *see also* N.D. Cal. Patent L. R. 3-3; E.D. Tex. P. R. 3–3.

Because the SPRs do not require AutoStore to show "good cause" at this juncture and because such a requirement should not be read into the Rules, Ocado's Motion should be denied.

**B.      Even If the Local Rules So Required, AutoStore Has Good Cause to Amend**

Even if the Court were to find "good cause" is required, AutoStore would meet that standard.  This again dooms Ocado's motion.

*First,* Ocado's belated claim construction disclosures prompted AutoStore to search for and disclose the supplemental references.  During the pre-*Markman* disclosure process, Ocado contended that certain terms—"potential for collision," "real time," and "route/path"—should take their "plain and ordinary meaning" but then ***affirmatively refused*** to disclose its position on those meanings as required by the Supplemental Patent Rules.  *See* Dkts. 107-1, 131-1 (Ocado proposing that the terms should be given their "ordinary meaning"); Ex. 2[4] at 1–5; *see also Baxter Healthcare Corp. v. Mylan Labs. Ltd.*, 346 F. Supp. 3d 643, 653 (D.N.J. 2016) (stating that a party cannot propose a "plain and ordinary meaning" without explaining that meaning); *Maytag Corp. v. Electrolux Home Prod., Inc.*, 411 F. Supp. 2d 1008, 1037 (N.D. Iowa 2006) (rejecting argument

---

[4] "Ex." refers to exhibits to the Declaration of Ali-Reza Boloori in Support of AutoStore's Opposition to Ocado's Motion to Strike ("Boloori Decl.")

that "the terms to be given their 'ordinary meaning' do not require any construction"). Ocado delayed disclosing the "plain and ordinary" meaning until its expert declarations for *Markman* (served by July 22) and its briefs (filed by August 22). *See* Dkt. 128 at 32, 45, 47. Taking Ocado's previously concealed positions into account, AutoStore searched for and identified a few additional references and promptly supplemented its invalidity contentions within three months.

Ocado contends this is unjustifiable. Memo at 12. But Ocado does not recognize that the period included searching for prior art and preparing invalidity contentions, while also preparing for the *Markman* hearing. AutoStore's supplementation is also reasonable compared with Ocado's supplementation of its infringement contentions without "good cause." On September 26, 2022, Ocado served supplemental infringement contentions that for the first time accused AutoStore's "Planner"—an invalidating prior art product—of infringing the '404 and '770 patents. Ocado did not demonstrate "good cause" for its new contentions, which came more than ***seven months*** after the deadline for Ocado's Preliminary Infringement Contentions. *See* Dkt. 80. Ocado's delay was particularly unreasonable in view of two considerations. The first is that Ocado had access to the Planner source code and AutoStore's invalidity claim charts detailing how it met each asserted claim of the '404 and '770 patents since March 10 (*i.e.*, for more than six months).[5] The second is that Ocado filed this case accusing another AutoStore product (the Router) with far less evidence and certainly without access to the Router source code. This is hardly diligence, and thus Ocado did not have the "good cause" needed for its supplementation.[6] *Forrester Env't Servs., Inc. v.*

---

[5] Indeed, Ocado even supplemented its infringement contentions in May 2022 without accusing "Planner," yet Ocado had known of Planner since 2012, when it acquired the product for its own use and then improperly sought patent protection over it.

[6] Ocado falsely contends that "*AutoStore* inquired whether Ocado would accuse Planner of infringement." Memo at 10 (citing Dkt. 151-18). The August 24 AutoStore letter to which Ocado cites related to Ocado's response to AutoStore's Interrogatory No. 7, which asked Ocado for its full contentions about why the prior art identified by AutoStore (including the Planner) does not

7

*Wheelabrator Techs., Inc.*, No. 10-CV-154-JL, 2011 WL 839694, at *1 (D.N.H. Mar. 7, 2011) (quoting *O'Connell v. Hyatt Hotels*, 357 F.3d 152, 155 (1st Cir. 2004)) ("The main focus of the 'good cause' inquiry is 'the diligence of the party seeking the amendment.'").

To the extent Ocado needed "good cause" to supplement its Preliminary Infringement Contentions, and claims to have it, so too does AutoStore for its supplementation. Ocado cannot explain why it could properly supplement its contentions after having had AutoStore's detailed contentions showing how Planner practices the asserted claims for *six months*, but AutoStore should not be permitted to supplement its invalidity contentions three months after Ocado clarified its claim construction positions. AutoStore supplemented its invalidity contentions in much less time—45 days after Ocado's supplementation, consistent with the SPRs. *See* SPR 5.1(c).

*Second,* Ocado constructs a false *per se* rule that "good cause" cannot exist when the supplemental references were publicly available and not impossible to find.[7] *See* Memo at 8–9.

---

invalidate the asserted claims under 35 U.S.C. §§ 102–103. Dkt. 151-18 at 1–2. In its response, Ocado did not contend that the prior art Planner does not practice most of the asserted claims of the '404 and '770 patents. Ocado only contended that the Planner is not prior art as a matter of law. AutoStore's August 24 letter only asked Ocado to confirm that it was making no other arguments that the Planner does not invalidate the asserted claims. *See* Dkt. 151-18 at 2. AutoStore does contend that the Planner constitutes prior art and anticipates all asserted claims of the '404 and '770 patents; it will raise that issue for adjudication at the appropriate time.

[7] Ocado's cases are inapposite. In *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, Case No. 14-cv-02864-JD, 2016 WL 6836965, at *1 (N.D. Cal. Mar. 10, 2016), the local rules allowed only one round of contentions, fact discovery **had closed**, and the Court had issued its claim construction order. Both *MediaTek, Inc. v. Freescale Semiconductor, Inc.*, Case No. 11-5341 YGR (JSC), 2013 WL 5236709, at *5 (N.D. Cal. Sept. 17, 2013), and *L.C. Eldridge Sales Co. v. Azen Mfg. Pte., Ltd.*, Case No. 6:11cv599, 2013 WL 7937026, at *3 (E.D. Tex. Oct. 11, 2013), presented similar facts: In *MediaTek*, local rules allowed only one round of contentions, fact discovery had closed, and the defendants identified no new information justifying the supplement. In *Azen*, the local rules allowed only one round of contentions, the claim construction order had issued, and the defendants' explanation for the delay in disclosure was "inconsistent with the local rules." In *Sol IP, LLC v. AT&T Mobility LLC*, 2020 WL 87134, at *2 (E.D. Tex. Jan. 7, 2020), defendants had known of the supplemental references. In *FullView, Inc. v. Polycom, Inc.*, Case No. 18-cv-00510-EMC, 2021 WL 5584766, at *10 (N.D. Cal. Nov. 30, 2021), defendant could not explain its delay in supplementing the invalidity contentions. In *Golf Tech, LLC v. Edens Techs., LLC*, Case No.

Critically, Ocado does not explain why AutoStore would have had reason to look for these references given that Ocado withheld its proposed "plain and ordinary meanings" for certain claim terms. Ocado's late disclosure provided AutoStore with previously unknown and ***intentionally withheld*** information (Ocado's actual positions) and thus any requisite good cause to supplement its invalidity contentions. Without having known Ocado's positions, it would be unfair to require AutoStore to exhaust its prior art search. *Orexo AB v. Sun Pharms. Indus. Ltd.*, Civ. No. 20-12588 (ZNQ) (DEA), ECF No. 65, 2–3 (D.N.J. Sept. 24, 2021)[8] (granting leave to supplement invalidity contentions where defendant learned of plaintiff's proposed claim construction positions after serving its invalidity contentions); *Positive Techs., Inc. v. Sony Elecs., Inc.*, Case No. C 11-2226 SI, 2013 WL 322556, at *3–*4 (N.D. Cal. Jan. 28, 2013) (granting motion to amend invalidity contentions due to plaintiff's statements during *Markman* briefing); *see also Paice, LLC v. Toyota Motor Corp.*, Case No. 2:07-CV-180 (DF), 2008 WL 11278039, at *2 (E.D. Tex. Nov. 17, 2008) (granting motion to amend infringement contentions to add four references in response to changes in invalidity contentions and an expert report in a related case, when claim construction briefing and oral argument were complete but the amendments would not affect claim construction).

Ocado's reliance on *MacroSolve, Inc. v. Antenna Software, Inc.*, Case No. 6:11-cv-287-MHS-JDL, 2013 WL 3833079 (E.D. Tex. July 23, 2013), is misplaced. There, the defendants did not specify any new information in the infringement contentions that they needed to address in the supplemental invalidity contentions. 2013 WL 3833079, at *3. By contrast, Ocado intentionally delayed disclosing its claim construction positions contrary to the rules and governing case law.

---

07-194-P-H, 2009 WL 10681806, at *2 (D. Me. Apr. 30, 2009), the Court refused to reopen its summary judgment decision on the "eve of a damages trial." None of these issues exist here.

[8] This unreported decision is attached as Ex. 3.

9

AutoStore diligently supplemented its contentions once Ocado revealed its claim constructions. Nor could the defendants in *MacroSolve* show lack of prejudice to the plaintiff or that a continuance of the case deadlines would alleviate the prejudice. Here, as explained below Ocado is not prejudiced by AutoStore's supplementation, and no case deadlines need adjustment. Thus, the Court should not extremely punish AutoStore by striking its supplemental contentions.

### C. Ocado Has Not and Will Not Suffer Prejudice From AutoStore's Supplemental Contentions

Even if the Court finds that AutoStore was not sufficiently diligent, the "good cause" balance further favors AutoStore because the Court must still consider any prejudice to Ocado,[9] and Ocado has not incurred any. *See O'Connell*, 357 F.3d at 155 (stating that prejudice is a relevant consideration in the "good cause" inquiry); *Innovative Display Techs. LLC v. Acer Inc.*, Case No. 2:13-cv-00522-JRG, 2014 WL 2796555, at \*1 (E.D. Tex. Jun. 19, 2014). In *Forrester*, for example, this Court found "good cause" for a pleading amendment in part because there was no unfair prejudice to the opposing party, as sufficient time remained for fact discovery. 2011 WL 839694, at \*2. Likewise, Ocado has not and will not suffer unfair prejudice from the supplemental contentions because: (i) the references are consistent with Ocado's claim construction positions; and (ii) Ocado has plenty of time for any fact or expert discovery that it seeks. Indeed, no deposition has occurred or is likely to occur before the parties substantially complete their document productions (just this week, Ocado produced over 15,000 documents).

Ocado contends AutoStore's SSPIC prevented it from "stak[ing] out claim construction

---

[9] Ocado's cases confirm this point. *Innovative Display*, 2014 WL 2796555, at \*1 (lack of prejudice and availability of a continuance to address any prejudice are factors in determining "good cause"); *Collaborative Agreements*, 2016 WL 1461487, at \*4 ("Good cause under the local rules is subject to a two-part inquiry, which considers whether: (i) the moving party has shown diligence in amending its contentions, and (ii) the non-moving party will not suffer undue prejudice.").

positions" because it came after claim construction discovery and briefing.[10]   Memo at 13–14.

This is demonstrably wrong because AutoStore's supplemental references are consistent with

Ocado's own proposed claim constructions.[11]   The references use the claim terms "possibility of

collision," "route/path," and "real time" (*i.e.*, the terms for which Ocado hid its "ordinary meaning"

until expert declarations and claim construction briefing) **consistent with** Ocado's proposed

constructions.  Ex. 1 illustrates this point.

Tellingly, Ocado does not give a single example of a claim construction that it would

change in light of the supplemental references.  *See* Memo at 13–14; Dkt. 151-8 at 4.  Thus, the

references cause no prejudice to Ocado, as there is no legitimate reason for it to "re-litigat[e] claim

construction or re-do[] prior work" (Memo at 13).  *See CellCast Techs. v LLC v. United States*,

Case No. 15-1307, 2019 WL 5959571, at *7 (Fed. Cl. Oct. 30, 2019) (concluding that the plaintiff

would not suffer prejudice as none of the claim construction terms would be affected by the

defendants' supplemental invalidity contentions); *Orexo*, ECF No. 65, at 2–3; *Positive Techs.*,

2013 WL 322556, at *3–*4; *No Spill, LLC v. Scepter Canada, Inc.*, Case No. 2:18-cv-2681, 2022

WL 1773309, at *4 (N.D. Cal. Jun. 1, 2022) (denying motion to strike invalidity contentions

because plaintiff failed to show it would suffer "unfair prejudice").

Ocado tries to escape this dispositive point by arguing that AutoStore's supplemental

contentions are inconsistent with *AutoStore's* claim constructions on three claim terms.[12]   But that

---

[10] Just as Ocado refused to timely provide its "plain and ordinary" meaning for certain disputed claim terms (Ex. 2 at 1–5), Ocado omits any explanation of what its "stake[d] out" positions would have been in light of the supplemental references.  Rhetoric cannot replace substantive descriptions about how Ocado's positions would have differed; Ocado's silence speaks volumes.

[11] AutoStore raised this point to Ocado during meet-and-confers.  *See* Dkt. 151-8 at 5 (point 1 in 11/21/2022 e-mail from A. Boloori to D. Guzior).

[12] Ocado recycles the same arguments from the second *Markman* hearing, when its counsel argued that AutoStore's preliminary invalidity contentions contradict AutoStore's indefiniteness

is not a flaw, because AutoStore's invalidity contentions merely apply *Ocado's* interpretation of the terms. Dkt. 151-3 at 2, 82, 97, 98. Patent defendants often assert invalidity theories under the plaintiff's interpretation of the claims. *See, e.g.*, *Carsar, LLC v. Deroyal Indus., Inc.*, Case No. SACV 14-1141, 2015 WL 13915038, at *1 (C.D. Cal. Sept. 9, 2015).

Ocado's cases also do not support its alleged prejudice. In *Imperium IP Holdings, Ltd. v. Samsung Elecs., Co.*, Case No. 4:14-CV-371, 2016 WL 3854700 (E.D. Tex. Mar. 28, 2016), the defendant could not amend its invalidity contentions because it had no reason for its delay and sought to amend well after the claim construction order had issued. *Id.* at *2. The Court held that was prejudicial because the defendant did not even identify the reference and combinations it would have asserted, leaving it open to assert new theories. *Id.* Here, AutoStore supplemented *before* the Court's claim construction hearing **and** *Markman* order. More importantly, the supplemental contentions could not have changed Ocado's claim constructions because they relied on Ocado's positions. Ocado does not argue otherwise. In *Innovative Display Techs.*, 2014 WL 2796555, the local rules limited the parties to a single round of infringement and invalidity contentions, which is not the case here.[13] Moreover, the plaintiff in *Innovative Display* would have been prejudiced because it would have been "forced to spend more time and resources in modifying its existing construction." But here, Ocado would not have an excuse to readjust its claim construction positions.

Next, Ocado argues it will be prejudiced because it will have "less than three months to

---

positions. As AutoStore explained then, its preliminary invalidity contentions merely apply Ocado's interpretation of the claims.

[13] Ocado's reliance on Eastern District of Texas and Northern District of California cases is equally misplaced. Both Districts' local patent pules require a single set of infringement and invalidity contentions. *See* N.D. Cal. Patent L. R. 3-3; E.D. Tex. P. R. 3–3. By contrast, the SPRs allow two rounds of contentions, including supplements to both with differing standards for each. SPR 7.1.

complete fact discovery and serve its expert reports." Memo at 14. This argument also fails.[14]

Behind the generalities that "each prior art reference is unique, and the asserted prior art is fundamental to the course of any patent case," (*id.*), Ocado provides no explanation why it lacks sufficient time—particularly where that time is enumerated in the rules. Indeed, it cannot, as the supplemental references constitute only three invalidity grounds.[15] Once the Court issues its claim construction order, Ocado will have 87 days (virtually three months) to complete fact discovery and to serve opening expert reports. Dkt. 98-1 at 2. In practice, Ocado will have significantly longer: It received AutoStore's supplemental contentions on November 10 (a month ago), the Court has not issued its *Markman* order, and Ocado will not be addressing the supplemental references until its rebuttal expert reports (45 days after the opening expert reports; *see* Dkt. 98-1 at 2; SPR 8.1(a)(1)–(2)). In total, even if the Court were to rule on claim construction today, Ocado will have had 162 days to address the supplement in its rebuttal validity expert report. As for fact discovery, not a single deposition has been scheduled, let alone completed. And Ocado has not even identified a single fact witness relating to the supplemental references.

Ocado has not explained why it cannot address the references in 162 days. *See Days Corp. v. Lippert Components, Inc.*, No. 3:17CV208-PPS/MGG, 2019 WL 6876634, at *3 (N.D. Ind. Dec. 17, 2019) (finding no prejudice where new invalidity contentions caused nonmoving party to have to conduct additional discovery and work with experts under a "compressed schedule"); *Illumina*

---

[14] The Court already rejected this argument (*see* Motion at 2) when it denied Ocado's request for expedited treatment. *See* 11/29/2022 Endorsed Order re: Dkt. No. 151 ("Ocado has not shown good cause for expedited consideration of its latest motion to strike[.]").

[15] These grounds are highly similar and involve common issues. AutoStore asserts: (i) the "Vivaldini" references as anticipatory; (ii) the Vivaldini references with the "Kunzig" and "Orita" references as obvious; and (iii) the Vivaldini references with the "Gawrilow" and "Hognaland" references as obvious. Dkt. 151-3 at 98, 101.

*Inc. v. BGI Genomics Co., Ltd.*, Case No. 20-cv-01464-WHO, 2021 WL 1022865, at \*4–\*5 (N.D. Cal. Mar. 17, 2021) (finding no prejudice even where a new invalidity contention required new discovery and the close of fact discovery was "imminently approaching," because the opposing party was aware of the new contention since the moving party first filed its motion to amend to conduct the needed discovery).[16]

The cases cited by Ocado to argue that amendments to invalidity contentions are prejudicial are facially inapposite. In *British Telecommc'ns PLC v. IAC/InterActiveCorp*, Case No. 18-366-WCB, 2020 WL 3047989 (D. Del. Jun. 8, 2020), the court rejected the bid to amend *final* (not preliminary) invalidity contentions using a "strict standard of good cause." *Id.* at \*2. The court found the plaintiff would be prejudiced because the supplementation would require additional work, and adjustment of the schedule was not an option. *Id.* at \*4. But here, no adjustment to the case schedule is necessary (the present schedule allows sufficient room); the prejudice that justified the denial of the motion to amend in *British Telecommc'ns* is absent here.[17] In *MASS Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 284, 286 (E.D. Tex. May 30, 2008), the court denied defendant's motion for leave to serve invalidity contentions where the defendant did not serve invalidity contentions by the court-ordered deadline and then moved for leave to serve them over nine months later, *after* the court had issued its claim construction opinion. The Court found the contentions highly prejudicial because "the additional prior art references may give rise to new

---

[16] To the extent Ocado has inadequate time to address the issues in this case in its expert reports, it is a direct result of its own choice to assert ***81 claims*** across five patents. Ocado knows it cannot assert anywhere near that many claims at trial, yet it needlessly delays the inevitable—decreasing the number of asserted claims to a manageable number. If Ocado reduces the number of claims, the number of invalidity issues at play will automatically reduce.

[17] The case also confirms that merely because "some additional work may be required does not constitute undue prejudice." *British Telecomm'ns*, 2020 WL 3047989, at \*4.

claim construction issues" requiring "[e]xtensive additional research" and "additional experts." *Id.* at 287. AutoStore's supplemental contentions come before the Court's *Markman* order and raise no "new" theories—they apply *Ocado's* proposed claim constructions.

### D.    AutoStore's Supplemental Contentions Do Not Violate the Parties' Stipulation

As a last-ditch effort, Ocado argues AutoStore's supplemental contentions violate the "parties' stipulation regarding *reduction* of the complexity of this case." Memo at 14. This is also wrong. The parties stipulated to "meet and confer in good faith to reach agreement on dates after the issuance of the Court's claim construction order by which Plaintiffs will decrease the number of asserted claims, and Defendants will decrease the number of asserted prior art references and invalidity arguments." Dkt. 119 at 1–2. The agreement does not preclude AutoStore—expressly or in "spirit"—from supplementing its invalidity contentions.[18] Nor has AutoStore "substantially increase[d]" (Memo at 15) the number of invalidity grounds: It adds three grounds, which are largely similar and do not pose new claim construction issues. AutoStore has abided by and will continue to abide by the parties' stipulation, and will meet and confer with Ocado to identify dates on which Ocado will decrease the number of asserted claims and thereafter, AutoStore will decrease the number of asserted prior art references and invalidity arguments.

## III.    CONCLUSION

For the foregoing reasons, the Court should deny Ocado's motion to strike.

---

[18] Notably, if this were true, Ocado *also* violated the stipulation "in spirit" three months after signing it, when it added the Planner in its supplemental Preliminary Infringement Contentions.

Dated: December 9, 2022

Respectfully submitted,

AUTOSTORE SYSTEM INC. and
AUTOSTORE AS,

By their attorneys,

*/s/ Robert R. Lucic*

Robert R. Lucic (NH Bar #9062)
Bryanna K. Devonshire (NH Bar #269462)
Michael J. Lambert (NH Bar # 11310)
Abbygale S. Martinen (NH Bar #272938)
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street, PO Box 3701
Manchester, NH 03105
(603) 627-8188
rlucic@sheehan.com
bdevonshire@sheehan.com
mlambert@sheehan.com
amartinen@sheehan.com

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
Emily M. Scott (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
glocascio@kirkland.com
emily.scott@kirkland.com

Joseph A. Loy, P.C. (admitted *pro hac vice*)
Nathaniel DeLucia (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
jloy@kirkland.com
nathaniel.delucia@kirkland.com

Ali-Reza Boloori (admitted *pro hac vice*)
Joshua Glucoft (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East Suite 3700,
Los Angeles, CA 90067
(310) 552-4200
ali-reza.boloori@kirkland.com

16

josh.glucoft@kirkland.com

Kristina R. Cary (admitted *pro hac vice*)
Tiffany M. Knapp (admitted *pro hac vice)*
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500
kristina.cary@kirkland.com
tiffany.knapp@kirkland.com

*Attorneys for Defendants AutoStore AS and AutoStore System Inc.*

17

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 9th day of December 2022.

*/s/ Robert R. Lucic*
ROBERT R. LUCIC