**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

|  |  |
|---|---|
| OCADO INNOVATION LTD. and OCADO SOLUTIONS LTD., | ) Case No. 1:21-cv-00041-JL ) ) ) **Hon. Joseph N. Laplante** |
| Plaintiffs, | ) |
| v. | ) ) |
| AUTOSTORE AS and AUTOSTORE SYSTEM INC., | ) ) ) |
| Defendants. | ) ) ) ) |

**OCADO'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE (DKT. NO. 151)**

Court-ordered deadlines have meaning, and AutoStore does not have an unconstrained right to supplement its invalidity contentions in violation of those deadlines and the local rules. Federal Rule of Civil Procedure 6(b) requires AutoStore to establish good cause and excusable neglect for its untimely supplementation, which it has not done. That is fatal to its belated attempt to assert new prior art references ("New References") on top of the more than 60 references that it timely identified. Eight points cut through the fog of AutoStore's opposition and show that the New References should be struck.

1. AutoStore wrongly asserts that granting Ocado's motion would be "extreme" punishment. (Dkt. No. 155 ("Opp.") at 2-3, 10.) In patent cases, however, it is commonplace for courts to enforce deadlines and grant motions to strike untimely disclosures. (*See* Ex. U.)[1]

2. AutoStore argues that good cause and excusable neglect are not required for its untimely disclosures. That is wrong for two reasons. *First*, the Court *ordered* the deadlines for prior art disclosures to assure orderly progress of the case. (*See* Dkt. No. 151-1 ("Mem.") at 1-2, 6-7.) Thus, Rule 6(b) *requires* AutoStore to show good cause and excusable neglect for untimely disclosures. *See* Fed. R. Civ. P. 6(b). AutoStore does not address this issue in its opposition, and the Court need not go further because Rule 6(b) provides the governing standard.

*Second*, the Supplemental Patent Rules ("SPRs") also should be read to require good cause for supplementation of preliminary contentions. (Mem. at 5-7.) Another court examined the same issue and read functionally identical rules to require good cause. *See XY, LLC* v. *Trans Ova*

---

[1] Exhibit U is a collection of 100 examples in which a court granted a motion to strike untimely invalidity contentions (or denied leave to amend). *See also Webasto Thermo* v. *BesTop, Inc.*, 2019 WL 2171262, at *9 (E.D. Mich. May 20, 2019) (permitting untimely contentions absent a good cause requirement "would swallow every rule of patent litigation that aims to force parties to crystalize theories and defenses as early as possible"); *Nordstrom Consulting* v. *Innova Sys.*, 2022 WL 16744177, at *2 n.2 (N.D. Ill. Nov. 4, 2022) (striking is "not disfavored" as courts have "broad discretion to decide motions to strike a party's invalidity contentions").

*Genetics*, 2018 WL 11000694, at *8-9 (D. Colo. May 14, 2018). That decision is persuasive and the same reasoning should prevail here.[2] Moreover, AutoStore conceded that SPR 7.1(b)—which expressly includes a "good cause" requirement—applies to the New References, and thus the question of AutoStore's lack of diligence in disclosing them only in November 2022 will need to be decided in any event, and it makes no sense to wait. (Dkt. No. 152 at 1, 4; Opp. at 5.)

3. Unable to establish diligence (which is dispositive), AutoStore seeks to reverse the applicable burden and argues that Ocado must establish prejudice. (Opp. at 1, 10 & n.9.) That is not the law.[3] The Federal Circuit has held that "it is unnecessary to examine . . . potential prejudice," if the untimely party cannot establish diligence. *Allvoice Devs. US, LLC* v. *Microsoft Corp.*, 612 F. App'x 1009, 1015 (Fed. Cir. 2015); *O2 Micro Int'l Ltd.* v. *Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006). AutoStore relies on *Collaborative Agreements* for the proposition that "the Court must still consider prejudice" even if diligence is lacking (Opp. at 10 & n.9), but *Collaborative Agreements* actually held the opposite: courts are "not required to consider prejudice where the diligence prong has not been satisfied." 2016 WL 1461487, at *5 (N.D. Cal. Apr. 14, 2016). The sole legally relevant question is whether AutoStore carried its burden to establish good cause and excusable neglect.

4. When it comes to that question, AutoStore offers a single excuse: Ocado purportedly disclosed its claim construction positions for three claim terms *after* the deadline for invalidity contentions. (Opp. at 6). That does not establish good cause or excusable neglect for at least two

---

[2] AutoStore's representation to the Court (Opp. at 5) that the local rules in the *XY* case are distinguishable because they provided for "amendments between the Preliminary and Final Invalidity Contentions" is not correct. A side-by-side comparison shows the rules are materially the same. (*See* Ex. V.)

[3] Even with respect to prejudice, AutoStore misplaces the burden. (Opp. at 1.) AutoStore—as the untimely party—has the burden to show a "lack of prejudice" to Ocado. *Seven Networks, LLC* v. *Google LLC*, 2018 WL 4501952, at *3 (E.D. Tex. July 11, 2018).

reasons.  *First*, with respect to the three terms—"potential for a collision," "real time," and "route/path"—*AutoStore* did not offer constructions.  Instead, it argued each term was "indefinite" without elaboration.  (Dkt. No. 131-1 at 34, 40, 43.)  Ocado responded, arguing that each term was not indefinite.  There was no interpretation dispute that would prompt a new prior art search, and courts frequently reject this type of contrived excuse.[4]  (Mem. at 9.)

*Second*, in any event, Ocado fully disclosed its positions for the three terms no later than May 27, 2022 (the date of its expert *Markman* declarations).  That was more than one month *before* the June 30 deadline for AutoStore's updated contentions.  (Dkt. No. 151-22 at 1.)  AutoStore provides no explanation for its nearly six-month delay (May 27 to November 10, 2022).  Even crediting AutoStore's mistaken math—that it delayed three months instead of six—there still is no excuse for the three-month delay.

5.  AutoStore argues that Ocado's decision to accuse AutoStore's earlier generation control system ("Planner") of patent infringement allows AutoStore to disclose more prior art.  That is wrong for two reasons.  *First*, *AutoStore* asserted that Planner met the limitations of Ocado's patent claims in its March 2022 preliminary invalidity contentions.  At the time, AutoStore perceived that argument as advantageous for its invalidity defenses, and it knew of Planner's infringement at least eight months before its disclosure of the New References.  There is no excuse for the delay.

*Second*, AutoStore mischaracterizes Ocado's supplementation.  Ocado did not assert *any* new patent claims.  Instead, at AutoStore's invitation, Ocado agreed to accuse Planner of infringement via updated preliminary contentions rather than waiting for the final contentions

---

[4] *Gree, Inc.* v. *Supercell Oy*, 2020 WL 3605618, at *2-3 (E.D. Tex. July 2, 2020) (later disclosure of purportedly "new and surprising" claim construction positions for terms was no excuse for new prior art search and amended invalidity contentions); *Catch a Wave Techs., Inc.* v. *Sirius XM Radio, Inc.*, 2014 WL 186405, at *2 (N.D. Cal. Jan. 16, 2014) (same).

(when Ocado could have added Planner as accused software for good cause). Supplementation by consent—when there is good cause because of an ongoing review of *confidential* source code—obviously is different from a unilateral decision to add new publicly available prior art after the deadlines. (Mem. at 10-11.) Moreover, if AutoStore thought Ocado's supplementation was problematic, it should have timely moved to strike, which it did not do because the supplementation was proper and consented to. The fact that Ocado accused Planner of infringement—*without* new or materially different infringement theories—simply is not an excuse for AutoStore's unrelated and tardy disclosure of the New References. *See, e.g., Barkan IP* v. *Samsung Elect.*, 2019 WL 8647997, at *1-2 (E.D. Tex. 2019) (plaintiff accusing additional, similar products of infringement did not create good cause to amend invalidity contentions). This also is a contrived excuse with no logical connection to the untimely disclosures.

6. AutoStore does not dispute that it easily could have discovered the publicly available New References before the Court-ordered deadlines, and consistent with precedent, that should be dispositive. *See Contour IP* v. *GoPro, Inc.*, 2020 WL 109063, at *4 (N.D. Cal. Jan. 9, 2020) (the "critical issue" is whether party seeking to add new prior art "*could have* discovered it earlier" (emphasis in original)). (Mem. at 3, 8-9.)[5] Nor does AutoStore disclose the vital details of (i) when or how it or its experts first became aware of the New References or (ii) why it did not search for and locate them sooner. *West* v. *Jewelry Innovations*, 2008 WL 4532558, at *3 (N.D. Cal. Oct. 8, 2008). AutoStore cannot raise those arguments for the first time in its sur-reply, and there are no facts to sustain a finding that AutoStore acted with diligence.

---

[5] AutoStore repeatedly contends that the New References are cumulative and add nothing to its timely disclosed prior art. (Opp. at 4, 13 n.15; *see also* Dkt. No. 152 at 3 n.4.) Ocado does not agree, but if the Court credits that argument then *cumulativeness* is an independent basis to strike. *See Uniloc 2017 LLC* v. *Google*, 2020 WL 709557, at *3 (E.D. Tex. Feb. 10, 2020).

7.    Although the Court need not reach the issue, AutoStore also has not shown lack of prejudice to Ocado.  *First*, many courts have found prejudice when, as here, new prior art is identified after claim construction briefing.[6]  (Mem. at 13-14.)  There are many ways in which the New References are inconsistent with AutoStore's claim construction positions, as AutoStore admitted (Opp. at 2, 4, 10-11), and if AutoStore had timely identified the references, Ocado would have addressed them with expert testimony and in its briefing.

*Second*, AutoStore fails to address Ocado's other prejudice:  the parties are scheduling depositions for January, and potentially December, and Ocado has put significant work into preparing for those depositions and into working with its experts on case theories and reports. AutoStore argues that the available time should be sufficient for Ocado to re-work its case, but when there is a lack of diligence or prejudice, the answer is that the untimely disclosures are struck, not that the prejudiced party makes do with the available time.  AutoStore timely identified more than 60 alleged prior art references—24 references for the '404 and '770 Patents specifically— and that already is an unmanageable number for the parties to litigate.

8.    AutoStore contends that it can violate the parties' stipulation because Ocado purportedly violated it first.  (Opp. at 15 n.18.)  That is wrong.  Ocado did not assert a single new patent claim after the stipulation.  AutoStore, on the other hand, has directly violated the agreement:  having originally identified more than 60 prior art references—and more than one hundred purported obviousness combinations—AutoStore belatedly seeks to *increase* the number of references.  That is not consistent with the parties' docketed agreement.

Ocado respectfully requests that the Court grant its motion to strike.

---

[6] *Allure Energy, Inc.* v. *Nest Labs, Inc.*, 84 F. Supp. 3d 538, 542 (E.D. Tex. 2015) (introduction of new prior art after "all crucial pre-*Markman* deadlines had passed" amounts to "unfair prejudice"); *Tech Pharmacy Servs.* v. *Alixa Rx LLC*, 2017 WL 2833460, at *5 (E.D. Tex. Jan. 19, 2017) (same).

Date:  December 14, 2022

Respectfully submitted,

*/s/ Henry C. Quillen*
Henry C. Quillen
New Hampshire Bar No. 265420
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, New Hampshire  03801
Tel:  (603) 294-1591
Fax:  (800) 922-4851
Email:  hquillen@whatleykallas.com


Garrard R. Beeney
Marc De Leeuw
Dustin F. Guzior
Stephen J. Elliott
Laurie N. Stempler
Alexander N. Gross
Mark C. Bennett
Michael T. Lemanski
Austin P. Mayron
Navraj S. Dhillon
*Admitted pro hac vice*
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Tel:  (212) 558-4000
Fax:  (212) 558-3588
Email:  Ocado_DNH@sullcrom.com

*Counsel for Plaintiffs Ocado Innovation Ltd.*
*and Ocado Solutions Ltd.*