**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| OCADO INNOVATION LTD. and<br>OCADO SOLUTIONS LTD.,<br><br>*Plaintiffs*,<br><br>v.<br><br>AUTOSTORE AS and<br>AUTOSTORE SYSTEM INC.,<br><br>*Defendants*. | Case No. 1:21-cv-00041-JL<br><br>Hon. Joseph Laplante |

**AUTOSTORE'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO**
**OCADO'S MOTION TO STRIKE (DKT. NO. 151)**

Ocado's motion should be denied. The SPRs do not impose a "good cause" requirement for AutoStore's supplementation. Even under a "good cause" standard, AutoStore was diligent to supplement, and Ocado cannot show prejudice. Nor did AutoStore violate the parties' stipulation.

Striking invalidity contentions is akin to excluding evidence and is thus an extreme remedy reserved for "unreasonable delay and prejudice." *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, 2020 WL 1275786, at *2 (E.D. Tex. Mar. 17, 2020). Unable to show either factor, Ocado declares striking contentions is "commonplace," but its case collection (Dkt. 156-1) confirms anything but.[1] The cases Ocado cites span 16 years, averaging to less than seven per year. Over the same period, an average of 4,102 patent infringement cases were filed annually, with 11,106 cases pending. Ex. 4. Ocado's 100 cases amount to 0.06% of the pending cases. Ocado also does not contend (because it cannot) that those cases are analogous to this one, which speaks volumes.

### A. AutoStore's Supplemental Contentions Do Not Violate the Local Rules

AutoStore's Supplemental Contentions were proper under the SPRs and do not require "good cause." Ocado does not dispute that the SPRs explicitly require "good cause" only for Final Invalidity Contentions, not Preliminary Invalidity Contentions. *See* Dkt. 156 ("Reply") at 1–2; *see also* Dkt. 155 ("Opp.") at 3. Nor does Ocado argue "exceptional circumstances warranting" departure from the SPRs or that such departure lacks fair notice to AutoStore and violates due process. *See* Reply at 2; Opp. at 3, n.1. Instead, it seeks to graft on a "good cause" requirement by relying on *XY, LLC v. Trans Ova Genetics*. The magistrate judge's opinion in *XY* interpreted the

[1] Ocado's collected cases are also distinguishable. *See* Ex. 5. Additionally, *Webasto* and *Nordstrom* are inapplicable. Unlike here, in *Webasto* the defendant sought an "unlimited" right to amend its contentions. *Webasto Thermo & Comfort N.A., Inc., v. BesTop, Inc.*, 2019 WL 2171262, at *9 (May 20, 2019). In *Nordstrom Consulting, Inc. v. Innova Sys, Inc.*, the court acknowledged that many courts, such as patent-heavy Eastern District of Texas, disfavor striking contentions without unreasonable delay and prejudice. 2022 WL 16744177, at *2 n.2 (N.D. Ill. Nov. 4, 2022).

court's local rules as requiring "a separate statement of good cause" to amend preliminary invalidity contentions. 2018 WL 11000694, at *8–*9 (D. Colo. May 14, 2018). Relying on other District of Colorado case law analogizing contentions to interrogatory responses, the magistrate read in a timeliness (and hence "good cause") requirement into any change from the preliminary invalidity contentions. *Id.* at *9. Ocado cites no in-district or in-circuit case imposing this requirement. It falsely asserts "AutoStore conceded that SPR 7.1(b)—which expressly includes a 'good cause' requirement—applies to the New References." Reply at 2. Not so. AutoStore argued that ***even if*** good cause were necessary (which it is not), the standard is met. *See* Opp. at 6.

Ocado's FRCP 6(b) argument fares no better, because as AutoStore explained, the SPRs supplant the FRCP in this situation. Opp. at 4. The assertion that AutoStore "does not address" the issue (Reply at 1) is false. *See id.* Ocado simply has no answer. *See* Reply at 1.

### B. Even If the Local Rules So Required, AutoStore Has Good Cause to Amend

If the Court finds that the rules require "good cause," AutoStore meets the requirement because it diligently searched for and found the supplemental prior art references once Ocado revealed its previously withheld claim constructions for at least three disputed claim terms—"real time," "potential for a collision," and "route/path." Opp. at 6–10. Ocado has no effective response.

*First*, it is irrelevant that AutoStore contended those terms are indefinite. Because *Ocado* contended the terms take their "plain and ordinary meaning," it needed (and failed) to provide its proposed definitions. *See id.* at 6–7. AutoStore's invalidity contentions account for the possibility that the Court applies Ocado's proposed constructions. This is common. *See, e.g.*, *Carsar, LLC v. Deroyal Indus., Inc.*, 2015 WL 13915038, at *1 (C.D. Cal. Sept. 9, 2015); *Cave Consulting Grp., Inc. v. Optuminsight, Inc.*, 2014 WL 4467256, at *2 (N.D. Cal. Sept. 10, 2014).[2]

[2] In *Gree*, the plaintiff did not explain its good cause, but AutoStore has. *Gree, Inc. v. Supercell OY*, 2020 WL 3605618, at *3 (E.D. Tex. July 2, 2020). In *Sirius*, unlike here, the plaintiff did not

*Second,* Ocado contends it "fully disclosed its positions for the three terms no later than May 27, 2022," earlier than what AutoStore explained. Reply at 3. Not so. The Ocado expert declaration served on May 27 said ***nothing*** about the "route/path" term. Ex. 6 at 7–20. As for the other two terms, it is unreasonable for Ocado to expect AutoStore to wait until expert discovery concludes to learn Ocado's full position. After May 27, Ocado submitted two more expert reports, filed two claim construction briefs, and its expert testified at a deposition. Throughout, Ocado expanded its claim construction positions.[3] Once AutoStore received Ocado's full *Markman* contentions, it searched for and analyzed additional prior art, and supplemented its invalidity contentions. Opp. at 6–8.

Even assuming May 27 was when Ocado fully disclosed its position (it did not), AutoStore supplemented within 5 months and before the *Markman* hearing and any fact depositions. Ocado gripes that the time goes unexplained, yet ignores AutoStore's explanations. *See* Opp. at 6–7. AutoStore had to search for and analyze prior art under Ocado's newly disclosed positions, while working on two expert declarations (June 24 and July 12; *see* Jun. 13, 2022 Endorsed Order; Jun. 3, 2022 Endorsed Order re Dkt. 98), a deposition (July 20), and two *Markman* briefs.

Ocado's own conduct in accusing AutoStore's prior art Planner gives context. As explained, Ocado sat on its hands for ***six months*** after receiving AutoStore's extensive detail about why Planner practiced the asserted claims. Opp. at 7–8. Ocado's criticisms make no sense. It first contends *AutoStore* initially asserted that the Planner practiced the asserted claims. Reply at 3.

---

withhold its position on the plain and ordinary meaning. *Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*, 2014 WL 186405, at *2 (N.D. Cal. Jan. 16, 2014). Ocado withheld its positions.

[3] Ocado demanded the chance to offer rebuttal expert declarations. *See* Ex. 7 at 1; Jun. 13, 2022 Endorsed Order. It did so because it believed it needed ***even more*** explanations about its *Markman* positions.

AutoStore did so in its ***invalidity*** contentions, to prove Planner invalidates the asserted clams. That is no answer to why *Ocado* waited six months to accuse Planner of infringement.

Ocado states that it supplemented its infringement contentions "by consent." Reply at 4. That is patently false. AutoStore never consented—Ocado unilaterally did it after AutoStore raised Planner as an *anticipatory* reference. Opp. at 7–8, 7 n.6. Moreover, Ocado had access to AutoStore's source code and analyses proving that Planner practices the asserted claims since March 2022. Ocado did not need "ongoing review of *confidential* source code" and cannot establish "good cause." *Barkan* is not germane. AutoStore does not argue "good cause" because Ocado accused a similar product—that is Ocado's strawman—but that, Ocado cannot at once contend *its* delay in accusing the Planner was reasonable, and that the time needed for AutoStore to supplement was not.

*Third,* Ocado again argues that AutoStore could have discovered the references sooner. Reply at 4. But that is not the relevant standard.[4] Opp. at 8–9. Ocado also incorrectly claims that the supplemental grounds "are cumulative" to other prior art. Reply at 4 n.5. But AutoStore stated the grounds are "highly similar and involve common issues," not cumulative. Opp. at 4, 13 n.15.

### C. Ocado Has Not and Will Not Suffer Prejudice

Ocado's failure to show *any* prejudice also bolsters AutoStore's "good cause." Ocado has ample time for any fact or expert discovery it seeks. It identifies no claim construction it would have changed and no reason why ***at least 172 days*** would be insufficient to address the grounds.

[4] *Contour IP* and *West* are consistent with this. Ocado omits crucial language from *Contour IP*, which stated the "critical issue" to be "whether [the party seeking to amend] *could have* discovered [the reference] earlier ***had it acted with the requisite diligence***." *Contour IP Holding, LLC v. GoPro, Inc.*, 2020 WL 109063, at *4 (N.D. Cal. Jan. 9, 2020) (emphasis added); *compare id. with* Reply at 4. *West* states that the party must have been diligent in discovering the basis for the supplementation. *West v. Jewelry Innovations*, 2008 WL 4532558, at *2 (N.D. Cal. Oct. 8, 2008). AutoStore was diligent by requesting Ocado to disclose its claim constructions. *See* Dkt. 155-2.

*First*, Ocado argues the Court need not consider prejudice if it finds no diligence. In the First Circuit, prejudice is part of the "good cause" analysis. *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004).[5] But also, this is irrelevant, for AutoStore was diligent. *Second*, unable to show prejudice, Ocado contends that AutoStore must prove Ocado is not prejudiced. Reply at 2. But Ocado is in a better position to show prejudice—it has not and cannot.[6] More importantly, while not the standard, AutoStore ***has shown*** Ocado is not prejudiced. *See* Opp. at 10–15. *Third,* it is irrelevant whether the supplemental grounds "are inconsistent with AutoStore's claim construction[s] positions" (Reply at 5). Those grounds apply ***Ocado's*** constructions. Opp. at 11–12. Ocado identifies no discovery it would have sought or position it would have taken based on the supplemental grounds. *Fourth*, AutoStore does not ignore Ocado's argument that it would be forced to redo deposition preparation and work with its expert. *See* Opp. at 12–14.

### D. AutoStore's Supplemental Grounds Do Not Violate the Parties' Stipulation

The parties agreed to confer about dates when Ocado would narrow its claims (currently, ***81***), and AutoStore would narrow invalidity. Dkt. 119, ¶ 4. Nothing limited the parties' ability to supplement. *Id.* AutoStore's supplemental contentions are proper if Ocado's were.

---

[5] *Collaborative Agreements, LLC v. Adobe Sys. Inc.* is not inconsistent as it left it to the district court's discretion whether to consider prejudice. 2016 WL 1461487, at *4–*5 (N.D. Cal. Apr. 14, 2016). Other patent-heavy district courts also consider prejudice in determining "good cause." *E.g.*, *Innovative Display Techs. LLC v. Acer Inc.*, 2014 WL 2796555, at *1 (E.D. Tex. Jun. 19, 2014). *O2 Micro* and *Allvoice* courts did not consider prejudice because, unlike here, there was ***no*** diligence. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1361, 1368 (Fed. Cir. 2006); *Allvoice Dev. US, LLC v. Microsoft Corp.*, 612 F. App'x 1009, 1016 (Fed. Cir. 2015).

[6] *Mortgage Grader, Inc. v. First Choice Loan Servs.*, 811 F.3d 1314, 1323 (Fed. Cir. 2016) (affirming denial of motion to strike, for plaintiff did not show prejudice); *No Spill, LLC v. Scepter Ca., Inc.*, 2022 WL 1773309, at *4 (N.D. Cal. Jun. 1, 2022) (not striking invalidity contentions when plaintiff did not show "unfair prejudice"). The plaintiff in *Seven Networks, LLC v. Google LLC*, had no burden in light of the defendant's "conclusory assertion of no prejudice." 2018 WL 4501952, at *3 (E.D. Tex. Jul. 11, 2018). AutoStore explained why Ocado is not prejudiced.

Dated: December 19, 2022

Respectfully submitted,

AUTOSTORE SYSTEM INC. and
AUTOSTORE AS,

By their attorneys,

*/s/ Robert R. Lucic*

Robert R. Lucic (NH Bar #9062)
Bryanna K. Devonshire (NH Bar #269462)
Michael J. Lambert (NH Bar # 11310)
Abbygale S. Martinen (NH Bar #272938)
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street, PO Box 3701
Manchester, NH 03105
Tel. (603) 627-8188
rlucic@sheehan.com
bdevonshire@sheehan.com
mlambert@sheehan.com
amartinen@sheehan.com

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
Emily M. Scott (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel. (202) 389-5000
glocascio@kirkland.com
emily.scott@kirkland.com

Joseph A. Loy, P.C. (admitted *pro hac vice*)
Nathaniel DeLucia (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel. (212) 446-4800
jloy@kirkland.com
nathaniel.delucia@kirkland.com

Ali-Reza Boloori (admitted *pro hac vice*)
Joshua Glucoft (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East Suite 3700,
Los Angeles, CA 90067
Tel. (310) 552-4200
ali-reza.boloori@kirkland.com

josh.glucoft@kirkland.com

Kristina R. Cary (admitted *pro hac vice*)
Tiffany M. Knapp (admitted *pro hac vice)*
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Tel. (617) 385-7500
kristina.cary@kirkland.com
tiffany.knapp@kirkland.com

*Attorneys for Defendants AutoStore AS and AutoStore System Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 19th day of December 2022.

*/s/ Robert R. Lucic*
ROBERT R. LUCIC