UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Ocado Innovation Ltd., et al.

    v.                                    Civil No. 21-cv-00041-JL

AutoStore AS, et al.

## SUMMARY ORDER

Ocado moves to strike four allegedly untimely prior art references from AutoStore's preliminary invalidity contentions, arguing that: (1) AutoStore waited too long to disclose the known references; and (2) the timing of the disclosure will cause it undue prejudice.[1] AutoStore objects, contending that while the prior art was known and discoverable at an earlier stage, it only became pertinent to its invalidity positions after Ocado belatedly clarified its claim construction position on certain terms and raised a new infringement theory.[2] AutoStore further argues that Ocado's claims of prejudice are overstated, if not non-existent. For the following reasons, and after careful consideration of the parties' submissions, the court denies Ocado's motion.

**Background.** Although this case has been pending since January 2021, it began in earnest (from the court's perspective) about 13 months ago when the court issued the original scheduling order. See doc. no. 80.[3] Since then, the parties have thrice agreed to extend certain deadlines. See doc. nos. 95, 96, and 98. Each side served their respective preliminary infringement and invalidity contentions[4] and, again by agreement, the parties supplemented or

---

[1] See doc. nos. 151, 156.

[2] See doc. nos. 155, 158.

[3] The procedural posture and history of this case is material to the present dispute, so the court repeats its view of that history for emphasis.

[4] See D.N.H. Supplemental Patent Rule (SPR) 5.1.

amended these preliminary contentions.  <u>See</u> doc. nos. 96-1 and 98-1.  The parties also exchanged and filed the required claim construction documents, with further agreements to supplement or extend certain claim construction related deadlines.  <u>See</u> SPR 6.1.[5]

The court held the <u>Markman</u> hearing over two days, beginning on September 29 and concluding on November 18.  Eight days before the second portion of the <u>Markman</u> hearing, AutoStore served its Third Supplemental Preliminary Invalidity Contentions, containing the four new prior art references.[6]  AutoStore did not seek Ocado's agreement or the court's leave to further supplement its preliminary invalidity contentions.  The court has not issued its order construing the terms at issue (22 disputed terms across several claims in the five patents-in-suit).  That order will trigger the remaining deadlines in the scheduling order, including final infringement and invalidity contentions, the close of fact discovery and non-claim construction expert discovery, and motions for summary judgment.  According to the parties, no fact depositions have occurred.

**Analysis.**  The parties' dispute exposes a gray area in this court's local patent rules.  SPR 5.1 does not allow for supplementation or amendment to preliminary infringement and invalidity contentions.  The parties did that by agreement.  Nor do the rules include a "good cause" or other

---

[5] The parties have shown exemplary cooperation in this case to date, including, for example, resolving a personal jurisdiction dispute, resolving prior cross-motions to strike (doc. nos. 99, 101, and 119), agreeing to the supplementations and extensions noted above, among others (<u>see</u> doc. no. 70), and stipulating to attempt to limit the number of asserted claims and invalidity arguments (doc. no. 119), all of which the court appreciates.

[6] The parties refer to the new references as "Orita," "Gawrilow," "Vivaldini 1," and "Vivaldini 2."  AutoStore argues that these references, among many others (which it timely disclosed), anticipate or, alone or in combination with other references, render obvious one or more of the asserted claims of Ocado's '404 and '770 patents.  The new references therefore do not appear to change AutoStore's invalidity arguments, but add support to its previously disclosed arguments.

standard for when a party wants to belatedly amend its contentions or add references to them.[7] In this situation, the Federal Rules of Civil Procedure fill the gap.  See SPR 1.1(d) ("For all matters not addressed by the Supplemental Patent Rules, the Federal Rules of Civil Procedure, other applicable Local Rules, and any applicable judicial orders shall govern.") (emphasis added).  Ocado argues that the "good cause and excusable neglect" standard found in Fed. R. Civ. P. 6(b)(1) applies.  AutoStore argues that no good cause standard applies.  The court instead views this situation as more analogous to an attempt to modify a deadline in the scheduling order, governed by the good cause standard of Rule 16(b)(4).[8]

Rule 16(b)'s "good cause" standard focuses on "the diligence of the party seeking" to modify a deadline.  O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir. 2004); see also Mortg. Grader, Inc. v. First Choice Loan Servs. Inc., 811 F.3d 1314, 1321 (Fed. Cir. 2016) ("[A] prerequisite to good cause is a showing of diligence.").  "Prejudice to the opposing party" is also a "relevant" criterion.  O'Connell, 357 F.3d at 155.  The court addresses each factor in turn.

**Diligence.**  Ocado asserts that AutoStore was not diligent in supplementing its invalidity contentions because the newly added prior art references were readily available and accessible to it from the outset.  AutoStore agrees that the art was publicly available and easy to locate, but contends that the references only became relevant after Ocado explained some of its claim construction positions on the terms "potential for collision," "real time," and "route/path" (in

---

[7] SPR 7.1(b)(2), however, provides that if the accused infringer's final invalidity contentions "identify additional prior art, such amendment must be supported by good cause (e.g., discovery of previously unavailable information) and the accused infringer must include a separate statement providing the specific grounds establishing such good cause."

[8] The differences between the Rule 16(b)(4) and Rule 6(b) "good cause" standards are largely a matter of semantics.

July and August 2022)[9] and added a new infringement contention (in September 2022). AutoStore thus believes that only these recent events necessitated disclosing the new art and it acted diligently under the circumstances.

The court sees no basis to reject AutoStore's asserted justification for its delayed disclosure. Though the prior art was readily accessible, and likely known to AutoStore, it appears that AutoStore had no reason to disclose it up until that point.[10] The local patent rules do not require parties to anticipate all possible infringement theories and disclose all remotely responsive invalidity theories and supporting prior art, even when there is no basis to assert them. AutoStore's reasons for the delay are certainly not contrived, as Ocado contends. Nor does it appear that AutoStore is flaunting case deadlines or playing by its own rules. See Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that "bad faith or dilatory motive on the part of the movant" is a relevant consideration on a motion to amend a pleading under R. 15(a)).[11] While AutoStore could have amended sooner, the intervening months included claim construction

---

[9] Ocado argues that it explained its claim construction positions on these terms in May 2022, giving AutoStore a month before the agreed-upon deadline for supplementing disclosures to locate the new prior art. It is difficult to discern from the parties' briefing whether Ocado's constructions of the terms at issue were fully crystallized by May 2022 or some later point, as AutoStore contends.

[10] The court qualifies its acceptance of AutoStore's explanation for its delayed disclosure because AutoStore did not fully explain *why* Ocado's supposedly delayed explanation of its claim construction position and new infringement theory as to the "planner" necessitated disclosure of the new prior art. The court cautions AutoStore that it must seek Ocado's consent or leave of court before attempting to amend its preliminary invalidity contentions again.

[11] It appears that Ocado supplemented its infringement contentions well after the parties' self-imposed deadline. While AutoStore did not move to strike those tardy contentions, it strikes the court as unfair to allow one side to amend after the deadline and not the other, especially when, as discussed below, AutoStore's conduct will not materially prejudice Ocado.

deadlines and hearing preparation, requiring significant work and attention.  AutoStore's delay

was thus not unreasonable.  Though a close call, AutoStore was sufficiently diligent.[12]

**Prejudice.**  AutoStore showed a minimally acceptable level of diligence here, but even if

it had not, the court would still find good cause for relief from the amended disclosure deadline

because AutoStore will suffer negligible prejudice as a result.  See Facebook, Inc. v. BlackBerry

Ltd., No. 18CV05434JSWJSC, 2020 WL 864934, at *3 (N.D. Cal. Feb. 13, 2020), report and

recommendation adopted, No. 18-CV-05434-JSW, 2020 WL 9422395 (N.D. Cal. Mar. 30, 2020)

(noting that even in the absence of diligence, the court "retains discretion to" grant relief from a

deadline "if there is no undue prejudice to the opposing party.").

First, the current procedural posture belies Ocado's claim that it will have to "re-do"

substantial work in this case as a result of the new prior art.  The court has not yet issued its

claim construction order, no fact depositions have occurred, final infringement and invalidity

contentions will not be served for some time, no non-claim construction expert disclosures or

discovery has occurred, no summary judgment motions have been filed, and trial is a year away.

Ocado has also had the new prior art references since early November.  Ocado's concerns about

the allegedly limited amount of time it and its experts will have to address the new prior art thus

ring hollow.  Second, the court is not convinced that the new prior art affects Ocado's claim

construction positions at all.  AutoStore's invalidity arguments based on the new prior art

references rely on Ocado's construction of the terms at issue.  Ocado has not shown that it would

---

[12] The parties cite volumes of out-of-district decisions in support of their arguments and go to great lengths to distinguish the other side's cases.  See doc. nos. 156-1 and 158-2.  The court welcomes this authority, but none of the decisions are directly analogous to the present dispute for any number of reasons, including, differences in the local patent rules, different procedural postures, whether a claim construction order had issued or not, and varying degrees of diligence and prejudice.

need to change its claim construction positions on these terms (or explained how its positions would change) based on the new references.

Finally, as a result of this dispute, the court is now aware of the alleged inconsistencies between the new references and AutoStore's claim construction positions on "real time," "potential for a collision," and "route/path." See Doc. no. 151-1, at n. 3 and 13-14. If Ocado believes that AutoStore's belated prior art disclosures prevented it from explaining those inconsistencies to the court during claim construction briefing, Ocado may submit, **on or before January 11, 2023**, a brief not exceeding ten pages addressing them in more detail. Moreover, the court will consider reasonable requests to modify the scheduling order if such a request becomes necessary as a result of this order.[13]

**Conclusion.** Having weighed all of the relevant considerations, the court concludes that AutoStore had good cause to belatedly add the four prior art references to its preliminary invalidity contentions and the additional references will not unduly prejudice Ocado. Ocado's motion to strike[14] is accordingly denied.

  **SO ORDERED.**

Joseph N. Laplante
United States District Judge

Dated: December 28, 2022
cc: Counsel of Record

---

[13] See Gree, Inc. v. Supercell Oy, No. 219CV00070JRGRSP, 2020 WL 3605618, at *2 (E.D. Tex. July 2, 2020) (noting that courts in the Eastern District of Texas "consider four factors to determine whether good cause has been shown: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice.") (emphasis added). Had the court adopted these factors, three of the four would have favored AutoStore to some degree.

[14] Doc. no. 151.