**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| OCADO INNOVATION LTD. and OCADO SOLUTIONS LTD., | Case No. 1:21-cv-00041-JL |
| *Plaintiffs*, | Hon. Joseph Laplante |
| v. | |
| AUTOSTORE AS and AUTOSTORE SYSTEM INC., | |
| *Defendants*. | |

**AUTOSTORE'S SUPPLEMENTAL BRIEF IN RESPONSE TO
OCADO'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF (DKT. 161)**

At a high level, Ocado's supplemental brief (Dkt. 161; "OBr.") argument should be rejected for two reasons. *First,* its premise—that since AutoStore could make invalidity arguments under *Ocado's* understanding of the claim terms, the terms cannot be indefinite—is legally wrong. Court after court has recognized that a defendant can (and sometimes *should*) make alternative invalidity arguments. *Second,* there is nothing inconsistent between the prior art references in AutoStore's Third Supplemental Invalidity Contentions and AutoStore's indefiniteness positions.

A.    **AutoStore's Invalidity Contentions Are Properly Based on Ocado's Claim Construction Positions**

Ocado incorrectly argues that if AutoStore's indefiniteness arguments have merit, then "AutoStore and its experts would not have been able to discern the scope of the at-issue terms with reasonable certainty and thus would not … have been able to identify alleged prior art that satisfies the terms."[1] OBr. at 2. Not so. In its Third Supplemental Invalidity Contentions, AutoStore relied on Ocado's interpretation of the claims. Dkt. 151-3 at 2, 82, 97, 98. The logic is clear:  AutoStore has demonstrated that the claims are indefinite, but if the Court disagrees and adopts Ocado's interpretation, then the prior art invalidates them. Such alternative invalidity arguments are common. *E.g.*, *Saso Golf, Inc. v. Nike, Inc.*, No. 08 C 1110, 2013 WL 4804835, at *6 n.8 (N.D. Ill. Sept. 9, 2013) (explaining that accused infringers who make an indefiniteness argument "ought to seriously consider proposing a construction in the alternative," and that "courts routinely consider alternative arguments as just that—alternatives—without hurting the party's primary argument").

Thus, there is no "inconsistency" between AutoStore arguing that the at-issue terms are indefinite and, alternatively, *if* the Court were to adopt Ocado's interpretation of the terms, the

---

[1] Ocado refers to AutoStore's "experts" in this context, but has adduced no evidence about the understanding of AutoStore's experts of the relevant prior art. Ocado seeks to distract from the infirmity in its own position—arguing about the content of the prior art—without expert support.

asserted claims are invalid in light of prior art. Perhaps recognizing the weakness of its position, Ocado asserts "there was no construction for AutoStore to 'adopt' in identifying [the] prior art." OBr. at 2. This is flat wrong—at *Markman* Ocado belatedly proposed the meaning for the terms at issue:

    **_"Route"/"path"_**:  Later than it should have during *Markman*, Ocado argued that "route" and "path" as used in the clams are synonymous. Dkt. 128 at 32 ("Ocado contends that the term 'route,' as used in claim 20 [of the '404 patent], has the plain and ordinary meaning of that word, which is synonymous with 'path.'"); Dkt. 160 at 66:9–67:11, 68:16–19. In its supplemental invalidity contentions, AutoStore adopts this interpretation.

    **_"Potential for a collision"_**:  During *Markman*, Ocado argued that this term meant a "yes or no" decision as to whether a collision might occur. Dkt. 128 at 46 ("A POSITA would understand that this determination is a binary, 'yes or no' decision 'regarding whether a collision might occur based on the information available to it.'"); Dkt. 157 at 16:7–8. AutoStore adopts this interpretation for its supplemental invalidity contentions.

    **_"Real time"_**:  Ocado argues "there was nothing for AutoStore to 'adopt' [from Ocado's proposed definition] that would 'fix'" the indefiniteness problem that AutoStore identified in its *Markman* briefing. OBr. at 2 n.*. That misstates the issue:[2] At claim construction, Ocado contended that a POSITA would understand "real time" as "requir[ing] the system to issue instructions quickly enough to affect the robot current movement, while avoiding collisions and

---

[2] Ocado also misstates AutoStore's claim construction position. The problem is not that the specification does not identify a specific latency period for "real time" control, but that it does not disclose the scope of "real time" with any objectivity. *See* Dkt. 127 at 48–49; Dkt. 132 at 50. The patent introduces both "real time" and "near real time," but does not distinguish between them. Indeed, Ocado's expert testified that a "near real time" system can operate like a "real time" system, further adding to the confusion. *See* Dkt. 127 at 48–49; Dkt. 132 at 49–50.

responding to operational changes on the grid." Dkt. 128 at 48–50. AutoStore adopts that understanding for purposes of its invalidity contentions.

### B.      The Indefiniteness Arguments Are Not Inconsistent with the Prior Art

Ocado cannot show any "inconsistency" between AutoStore's indefiniteness and prior art arguments. At bottom, Ocado's bid is a thinly veiled attempt to pile on more of the same kind of extrinsic evidence that it raised at *Markman*. Preliminarily, Ocado fails to give any expert evidence about the disclosure of the at-issue prior art and how they relate to the central question in the indefiniteness inquiry—the POSITA's understanding of the scope of claims. This failure should factor into the Court's weighing of the evidence. Beyond that problem, the prior art is not inconsistent with AutoStore's indefiniteness contentions:

#### 1.      ***"Route"***

Ocado's argument about "route" echoes what it already argued based on Dr. Ioannou's testimony about the usage of "route" and "path."  In that instance, Ocado relied on evidence about the usage of the two terms *outside* of the context of the patent. *See* Dkt. 132 at 40. But as AutoStore explained, the term "route" is indefinite due to the inconsistency between its use *inside* the patent's specification (as synonymous with "path") and in the claims (as distinct from "path").[3] *See* Dkt. 127 at 36–37; Dkt. 132 at 37–41; *Infinity Comput. Prod., Inc. v. Oki Data Am., Inc.*, 987 F.3d 1053, 1062 (Fed. Cir. 2021) (claim is indefinite when a POSITA cannot determine when a term

---

[3] Even Ocado's latest assertion—"['route'] refers to a particular set of grid coordinates that is determined for the robot to traverse, while ['path'] refers to **a possibly different (e.g., more limited) set of grid coordinates that is reserved 'based on' the first set**" (OBr. at 4) (emphasis added)— demonstrates that the two terms are used differently in the claim and thus strongly supports a finding by this Court of indefiniteness. AutoStore notes the change in Ocado's position. *Compare id. with* Dkt. 128 at 32 (emphasis added) ("Ocado contends that the term 'route,' as used in claim 20, has the plain and ordinary meaning of that word, which is **synonymous with 'path.'**").

stops and another starts). Whether Vivaldini 2 uses "route" and "path" interchangeably is irrelevant to the indefiniteness inquiry for the same reason. Even if, as Ocado argues, Vivaldini 2 supports the point that others in the field may use "route" and "path" synonymously, that does not speak to the controlling question—how the terms are used *in the '404 patent*.

### 2.    *"Potential for a collision"*

AutoStore argued "potential for a collision" is indefinite because the patent does not explain how high the probability of collision must be for there to be "a potential for a collision." Without a minimum, any determination of a chance for collision—including a near-zero probability, or a subjective determination—meets the claim language. A POSITA would not understand the limitation this way, as it would render it meaningless. *See* Dkt. 127 at 45. Ocado asserts Orita undermines this argument as it refers to a "possibility of collision" without referring to any threshold. OBr. at 4–5. This argument misses the mark.

**First,** Orita's disclosure about "possibility of a collision" is irrelevant to whether "potential for a collision" is indefinite *in the context of the '770 patent*. There is no objective standard *in the '770 patent* for ascertaining the scope of "potential for a collision" with reasonable certainty. Dkt. 147 at 45–46; Dkt. 132 at 48–49. Ocado does not even try to explain how Orita's disclosure informs the POSITA's understanding of the disclosure of the '770 patent. Indeed, it is well established that merely because a prior art reference can be determined to be within the scope of a limitation does ***not*** necessarily mean that the limitation is definite. *E.g.*, *Cloudflare, Inc. v. Sable Networks, Inc.*, No. IPR2021-00909, 2022 WL 10676467, at *9 (P.T.A.B. Oct. 18, 2022) (finding that a prior art reference met a limitation despite patent challenger arguing elsewhere that the limitation is indefinite). **Second,** Orita is *consistent* with AutoStore's position:  Although it does not refer to a specific probability threshold, it does give *objective criteria* for the determination of

4

the "possibility of a collision."  It explains that the "collision possibility" that two robots may collide is determined based on whether a specific variable ("arrival time") is within a predetermined time interval. Dkt. 151-9 ¶¶ [0228]–[0231]. This is exactly the kind of objective guidance lacking from the '770 patent that is needed to give reasonable certainty about the scope of "determine there is a potential for a collision[.]"

            3.       ***"Real time"***

Ocado's arguments about "real time" also miss the mark for similar reasons. ***First,*** Vivaldini 2's disclosure about "real time" is irrelevant to whether "real time" is indefinite in the '770 patent. Ocado asserts Vivaldini 2 undermines AutoStore's position because it refers to "real time control" and "real time" without referencing any latency. OBr. at 5. Not so. AutoStore does not argue that "real time" is indefinite because the '770 patent fails to specify a "latency period." *See* Dkt. 132 at 49–50. The term, *in the context of the '770 patent,* is indefinite because the specification does not distinguish "real time" from "near real time" (indeed, under Ocado's and its expert's position, the two can be indistinguishable). Dkt. 127 at 49; Dkt. 132 at 49–50. Whether Vivaldini 2 refers to latency or not is irrelevant to that question. That Vivaldini 2 discloses "real time" does not obviate the problem with the *scope* of "real time" as disclosed in the '770 patent. *See Cloudflare*, 2022 WL 10676467, at *9. ***Second,*** as a technical matter Vivaldini 2 does not undermine AutoStore's argument:  Vivaldini 2 does not refer to "near real time" systems, so there is no indication that it sought to make the same distinction between "real time" and "near real time" that the '770 makes without explanation.

5

Dated: January 10, 2023

Respectfully submitted,

AUTOSTORE SYSTEM INC. and
AUTOSTORE AS,

By their attorneys,

*/s/ Robert R. Lucic*

Robert R. Lucic (NH Bar #9062)
Bryanna K. Devonshire (NH Bar #269462)
Michael J. Lambert (NH Bar # 11310)
Abbygale S. Martinen (NH Bar #272938)
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street, PO Box 3701
Manchester, NH 03105
Tel. (603) 627-8188
rlucic@sheehan.com
bdevonshire@sheehan.com
mlambert@sheehan.com
amartinen@sheehan.com

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
Emily M. Scott (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel. (202) 389-5000
glocascio@kirkland.com
emily.scott@kirkland.com

Joseph A. Loy, P.C. (admitted *pro hac vice*)
Nathaniel DeLucia (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel. (212) 446-4800
jloy@kirkland.com
nathaniel.delucia@kirkland.com

Ali-Reza Boloori (admitted *pro hac vice*)
Joshua Glucoft (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East Suite 3700,
Los Angeles, CA 90067
Tel. (310) 552-4200
ali-reza.boloori@kirkland.com

josh.glucoft@kirkland.com

Kristina R. Cary (admitted *pro hac vice*)
Tiffany M. Knapp (admitted *pro hac vice)*
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Tel. (617) 385-7500
kristina.cary@kirkland.com
tiffany.knapp@kirkland.com

*Attorneys for Defendants AutoStore AS
and AutoStore System Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 10th day of January, 2023.

 */s/ Robert R. Lucic*
ROBERT R. LUCIC