**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

OCADO INNOVATION LTD. and
OCADO SOLUTIONS LTD.,

     *Plaintiffs,*

     v.

AUTOSTORE AS and
AUTOSTORE SYSTEM INC.,

     *Defendants*.

Case No.: 1:21-cv-00041-JL

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants AutoStore AS and AutoStore System Inc. (collectively, "AutoStore"), by and through their undersigned counsel, hereby respectfully provide this notice of supplemental authority that is relevant to the resolution of the parties' claim construction disputes. On January 23, 2023, Ocado filed a non-contingent motion to amend ("Motion to Amend") certain claims of U.S. Patent No. 10,961,051 ("'051 patent") in response to an *inter partes* review petition AutoStore filed against the '051 patent. Ocado's Motion to Amend is attached as Exhibit 1.[1] Ocado's amendments in the Motion to Amend are relevant to the construction of the following disputed terms of the '051 patent:

| Disputed Term | Amendment |
|---|---|
| "A housing footprint" (claims 1 and 13) | "a housing footprint of the first load handling device <u>encompasses both a footprint of the first housing and a footprint of the cantilever arm</u>." Ex. 1 at A-5. |

---

[1] Highlighting added to the referenced passages in Exhibit 1 for the Court's convenience.

| Disputed Term | Amendment |
|---|---|
| "The first set of rails is part of a first set of tracks, and the second set of rails is part of a second set of tracks" (claims 9 and 18) | "The method of claim [[13]] 25, wherein the first set of rails is part of a first set of tracks, and the second set of rails is part of a second set of tracks, <u>such that each set of tracks comprises paired rails.</u>"  Ex. 1 at A-13. |

With respect to the term "a housing footprint," claims 1 and 13 require the "first load handling device" to have "a housing footprint that occupies twice an area of the grid space."  Ex. 2 ('051 patent) at claim 1.  AutoStore argues "a housing footprint" should be given its plain and ordinary meaning, i.e., "the footprint of the load handling device's housing and not extensions from the housing." *See* Dkt. 131, Ex. A at 19.  Ocado contends that the "'housing footprint' of the cantilevered robot includes the space taken up by its cantilever arm."  Dkt. 133 at 24; *see also* Dkt. 131, Ex. A at 19.  Below is an illustration of the parties' disagreement:



Ex. 3 (Excerpts of AutoStore's *Markman* Presentation) at slide 39.

In proposed substitute claim 21, Ocado "amend[ed] the Housing Footprint Limitation" to include that "a housing footprint of the first load handling device encompasses both a footprint of the first housing and a footprint of the cantilever arm."  Ex. 1 at A-5.  Ocado contends this amendment was to "clarify that the 'housing footprint' of the first load handling device—the

cantilever robot—comprises both the footprint of the housing and the footprint of the cantilever arm such that its 'housing footprint' occupies two grid spaces." Ex. 1 at 8, n.2. This is further support that the plain and ordinary meaning of "a housing footprint" in claims 1 and 13—which lack this additional language—is "the footprint of the load handling device's housing and not extensions from the housing."

With respect to "[t]he first set of rails is part of a first set of tracks, and the second set of rails is part of a second set of tracks," AutoStore argues that the term is indefinite, while Ocado contends that "no construction [is] necessary." *See* Dkt. 131, Ex. A at 25. In its Motion to Amend, Ocado moved to substitute claim 18 (but not claim 9) with proposed claim 27, which added the language "such that each set of tracks comprises paired rails." Ex. 1 at A-13. Ocado argued that this limitation was added "to address potential § 112 issues that Petitioner has raised in the parallel NH Litigation," and to "clarify that each track comprises paired rails consistent with [Ocado's] claim construction." *Id.* at 8; *id.* at 9, n.2. That Ocado added this additional language in substitute claim 27 "to address potential § 112 issues" further supports AutoStore's position that claim 9—which contains the same language as claim 18 and thus lacks the additional language of proposed substitute claim 27—is indefinite.

Dated: February 2, 2023

Respectfully submitted,

AUTOSTORE SYSTEM INC. & AUTOSTORE AS,

By their attorneys,

*/s/ Robert R. Lucic*

Robert R. Lucic (NH Bar #9062)
Bryanna K. Devonshire (NH Bar #269462)
Michael J. Lambert (NH Bar # 11310)
Abbygale S. Martinen (NH Bar #272938)

3

SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street, PO Box 3701
Manchester, NH 03105
(603) 627-8188
rlucic@sheehan.com
bdevonshire@sheehan.com
mlambert@sheehan.com
amartinen@sheehan.com

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
glocascio@kirkland.com
emily.scott@kirkland.com

Joseph A. Loy, P.C. (admitted *pro hac vice*)
Nathaniel DeLucia (admitted *pro hac vice*)
Matt Hershkowitz (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
jloy@kirkland.com
nathaniel.delucia@kirkland.com

Ali-Reza Boloori (admitted *pro hac vice*)
Joshua Glucoft (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East Suite 3700,
Los Angeles, CA 90067
(310) 552-4200
ali-reza.boloori@kirkland.com
josh.glucoft@kirkland.com

Kristina R. Cary (admitted *pro hac vice*)
Tiffany Marie Knapp (admitted *pro hac vice)*
KIRKLAND & ELLIS LLP
200 Claredon Street
Boston, MA 02116
(617) 385-7500
kristina.cary@kirkland.com
tiffany.knapp@kirkland.com

4